UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—————————————————————

THE LAW OFFICE OF
PHILIPPE J. GERSCHEL,

                                                    COMPLAINT

                              *Plaintiff,*

        -against-
                                                    Case No. 25-cv-00930

NEW YORK CITY
DEPARTMENT OF EDUCATION,

                              *Defendant.*
—————————————————————

        Plaintiff the Law Office of Philippe J. Gerschel, by and through its attorneys, CUDDY

LAW FIRM, PLLC, for its complaint hereby alleges:

1.      This is an action brought pursuant to the fee-shifting provisions of the Individuals with

Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3), following 256 separate IDEA due

process hearings involving Defendant New York City Department of Education's ("DOE") denial

of a free appropriate public education ("FAPE") to children with disabilities whose services were

governed under Individualized Education Service Programs ("IESPs").

                                    **<u>PARTIES</u>**

2.      Plaintiff the Law Office of Philippe J. Gerschel offers a range of legal services, including,

among other things, representing students and families in the Greater New York City area facing

issues with IESPs and tuition reimbursement.

3.      Plaintiff the Law Office of Philippe J. Gerschel holds a principal office at 570 Lexington

Avenue, 43rd Floor, New York, NY 10022.

4.      Defendant DOE is a local educational agency ("LEA") as defined by IDEA, 20 U.S.C.

§1401(19).

5.      Defendant DOE is obligated to provide educational and related programs and services to

its students in compliance with the applicable federal and state statutes, regulations, and the U.S.

Constitution, and is subject to the requirements of the IDEA (20 U.S.C. § 1400 *et seq*.), and the

State and Federal regulations promulgated thereunder.

6.      Defendant's principal office is located at 52 Chambers Street, New York, NY 10007.

## FAMILIES REPRESENTED BY PLAINTIFF IN IDEA HEARINGS

### A.G. (Parent) and S.G.ii (Child)

7.      S.G.ii, the biological child of A.G., was born in 2010.

8.      Plaintiff A.G. and S.G.ii reside in the County of Kings, State of New York.

9.      DOE has classified S.G.ii with Autism.

### A.L. (Parent) and Y.L.iii (Child)

10.     Y.L.iii, the biological child of A.L., was born in 2006.

11.     Plaintiff A.L. and Y.L.iii reside in the County of Kings, State of New York.

12.     DOE has classified Y.L.iii with Learning Disability.

### A.S.(1) (Parent) and Y.Y.S. (Child)

13.     Y.Y.S., the biological child of A.S.(1), was born in 2005.

14.     Plaintiff A.S.(1) and Y.Y.S. reside in the County of Kings, State of New York.

15.     DOE has classified Y.Y.S. with Learning Disability.

### A.S.(2) (Parent) and C.S.i (Child)

16.     C.S.i, the biological child of A.S.(2), was born in 2016.

17.     Plaintiff A.S.(2) and C.S.i reside in the County of Kings State of New York.

18.     DOE has classified C.S.i with Speech or Language Impairment.

### B.E. (Parent) and B.E. (Child)

19.    B.E., the biological child of B.E., was born in 2009.

20.    Plaintiff B.E. and B.E. reside in the County of Kings, State of New York.

21.    DOE has classified B.E. with Intellectual Disability.

***B.F. (Parent) and C.F. (Child)***

22.    C.F., the biological child of B.F., was born in 2007.

23.    Plaintiff B.F. and C.F. reside in the County of Kings, State of New York.

24.    DOE has classified C.F. with Speech or Language Impairment.

***B.H. (Parent) and M.H.ii (Child)***

25.    M.H.ii, the biological child of B.H., was born in 2002.

26.    Plaintiff B.H. and M.H.ii reside in the County of Kings, State of New York.

27.    DOE has classified M.H.ii with Other Health Impairment.

***B.K.(1) (Parent) and S.K.ii (Child)***

28.    S.K.ii, the biological child of B.K.(1), was born in 2009.

29.    Plaintiff B.K.(1) and S.K.ii reside in the County of Kings, State of New York.

30.    DOE has classified S.K.ii with Learning Disability.

***B.K.(2) and I.K. (Parent) and R.K.i (Child)***

31.    R.K.i, the biological child of B.K.(2) and I.K., was born in 2011.

32.    Plaintiff B.K.(2) and I.K. and R.K.i reside in the County of Kings, State of New York.

33.    DOE has classified R.K.i with Learning Disability.

***B.L.(1) (Parent) and Y.L.ii (Child)***

34.    Y.L.ii, the biological child of B.L.(1), was born in 2013.

35.    Plaintiff B.L.(1) and Y.L.ii reside in the County of Kings, State of New York.

36.    DOE has classified Y.L.ii with Speech or Language Impairment.

***B.L.(2) (Parent) and Y.L.i (Child)***

37.    Y.L.i, the biological child of B.L.(2), was born in 2010.

38.    Plaintiff B.L.(2) and Y.L.i reside in the County of Kings, State of New York.

39.    DOE has classified Y.L.i with Learning Disability.

***B.M. (Parent) and B.M. (Child)***

40.    B.M., the biological child of B.M., was born in 2008.

41.    Plaintiff B.M. and B.M. reside in the County of Kings, State of New York.

42.    DOE has classified B.M. with Learning Disability.

***B.S. (Parent) and E.S.ii (Child)***

43.    E.S.ii, the biological child of B.S., was born in 2015.

44.    Plaintiff B.S. and E.S.ii reside in the County of Kings, State of New York.

45.    DOE has classified E.S.ii with Speech or Language Impairment.

***B.Y. (Parent) and N.S. (Child)***

46.    N.S., the biological child of B.Y., was born in 2015.

47.    Plaintiff B.Y. and N.S. reside in the County of Kings, State of New York.

48.    DOE has classified N.S. with Learning Disability.

***B.Z. (Parent) and M.Z. (Child)***

49.    M.Z., the biological child of B.Z., was born in 2008.

50.    Plaintiff B.Z. and M.Z. reside in the County of Kings, State of New York.

51.    DOE has classified M.Z. with Speech or Language Impairment.

***C.B. (Parent) and Y.B.iii (Child)***

52.    Y.B.iii, the biological child of C.B., was born in 2011.

53.    Plaintiff C.B. and Y.B.iii reside in the County of Kings State of New York.

54.     DOE has classified Y.B.iii with Learning Disability.

***C.C. (Parent) and S.C. and C.C.ii (Children)***

55.     S.C., the biological child of C.C., was born in 2009.

56.     C.C.ii, the biological child of C.C., was born in 2014.

57.     Plaintiff C.C., S.C., and C.C.ii reside in the County of Kings, State of New York.

58.     DOE has classified S.C. with Learning Disability.

59.     DOE has classified C.C.ii with Speech or Language Impairment.

***C.F. (Parent) and M.F.ii (Child)***

60.     M.F.ii, the biological child of C.F., was born in 2016.

61.     Plaintiff C.F. and M.F.ii reside in the County of Kings, State of New York.

62.     DOE has classified M.F.ii with Speech or Language Impairment.

***C.G. (Parent) and D.G.ii (Child)***

63.     D.G.ii, the biological child of C.G., was born in 2005.

64.     Plaintiff C.G. and D.G.ii reside in the County of Kings, State of New York.

65.     DOE has classified D.G.ii with Learning Disability.

***C.H.(1) (Parent) and S.H.i (Child)***

66.     S.H.i, the biological child of C.H.(1), was born in 2009.

67.     Plaintiff C.H.(1) and S.H.i reside in the County of Kings, State of New York.

68.     DOE has classified S.H.i with Learning Disability.

***C.H.(2) (Parent) and Y.H.iii (Child)***

69.     Y.H.iii, the biological child of C.H.(2), was born in 2015.

70.     Plaintiff C.H.(2) and Y.H.iii reside in the County of Kings, State of New York.

71.     DOE has classified Y.H.iii with Speech or Language Impairment.

### C.H.(3) (Parent) and R.H. (Child)

72.     R.H., the biological child of C.H.(3), was born in 2007.

73.     Plaintiff C.H.(3) and R.H. reside in the County of Kings, State of New York.

74.     DOE has classified R.H. with Learning Disability.

### C.K.(1) (Parent) and M.K.ii (Child)

75.     M.K.ii, the biological child of C.K.(1), was born in 2013.

76.     Plaintiff C.K.(1) and M.K.ii reside in the County of Kings, State of New York.

77.     DOE has classified M.K.ii with Speech or Language Impairment.

### C.K.(2) (Parent) and N.K.i (Child)

78.     N.K.i, the biological child of C.K.(2), was born in 2015.

79.     Plaintiff C.K.(2) and N.K.i reside in the County of Kings, State of New York.

80.     DOE has classified N.K.i with Preschool Student with a Disability.

### C.K.(3) (Parent) and Y.Y.K. (Child)

81.     Y.Y.K., the biological child of C.K.(3), was born in 2013.

82.     Plaintiff C.K.(3) and Y.Y.K. reside in the County of Kings, State of New York.

83.     DOE has classified Y.Y.K. with Learning Disability.

### C.K.(4) (Parent) and E.K. (Child)

84.     E.K., the biological child of C.K.(4), was born in 2014.

85.     Plaintiff C.K.(4) and E.K. reside in the County of Kings, State of New York.

86.     DOE has classified E.K. with Other Health Impairment.

### C.K.(5) (Parent) and S.K.iv (Child)

87.     S.K.iv, the biological child of C.K.(5), was born in 2015.

88.     Plaintiff C.K.(5) and S.K.iv reside in the County of Kings, State of New York.

89.     DOE has classified S.K.iv with Speech or Language Impairment.

### C.L. (Parent) and F.L.L. (Child)

90.     F.L.L., the biological child of C.L., was born in 2014.

91.     Plaintiff C.L. and F.L.L. reside in the County of Kings, State of New York.

92.     DOE has classified F.L.L. with Learning Disability.

### C.M.(1) (Parent) and F.M. (Child)

93.     F.M., the biological child of C.M.(1), was born in 2015.

94.     Plaintiff C.M.(1) and F.M. reside in the County of Kings State of New York.

95.     DOE has classified F.M. with Hearing Impairment.

### C.M.(2) (Parent) and S.M.iii (Child)

96.     S.M.iii, the biological child of C.M.(2), was born in 2015.

97.     Plaintiff C.M.(2) and S.M.iii reside in the County of Kings, State of New York.

98.     DOE has classified S.M.iii with Speech or Language Impairment.

### C.P.W. (Parent) and S.W.iii (Child)

99.     S.W.iii, the biological child of C.P.W., was born in 2008.

100.    Plaintiff C.P.W. and S.W.iii reside in the County of Kings, State of New York.

101.    DOE has classified S.W.iii with Speech or Language Impairment.

### C.R.(1) (Parent) and Y.R.ii (Child)

102.    Y.R.ii, the biological child of C.R.(1), was born in 2008.

103.    Plaintiff C.R.(1) and Y.R.ii reside in the County of Kings, State of New York.

104.    DOE has classified Y.R.ii with Autism.

### C.R.(2) (Parent) and R.R. (Child)

105.    R.R., the biological child of C.R.(2), was born in 2011.

106.   Plaintiff C.R.(2) and R.R. reside in the County of Richmond, State of New York.

107.   DOE has classified R.R. with Learning Disability.

***C.R.(3) (Parent) and M.R.ii (Child)***

108.   M.R.ii, the biological child of C.R.(3), was born in 2016.

109.   Plaintiff C.R.(3) and M.R.ii reside in the County of Kings, State of New York.

110.   DOE has classified M.R.ii with Intellectual Disability.

***C.R.M. (Parent) and Y.M.ii (Child)***

111.   Y.M.ii, the biological child of C.R.M., was born in 2014.

112.   Plaintiff C.R.M. and Y.M.ii reside in the County of Kings, State of New York.

113.   DOE has classified Y.M.ii with Speech or Language Impairment.

***C.S.(1) (Parent) and L.S. (Child)***

114.   L.S., the biological child of C.S.(1), was born in 2014.

115.   Plaintiff C.S.(1) and L.S. reside in the County of Kings, State of New York.

116.   DOE has classified L.S. with Learning Disability.

***C.S.(2) (Parent) and M.S.v (Child)***

117.   M.S.v, the biological child of C.S.(2), was born in 2006.

118.   Plaintiff C.S.(2) and M.S.v reside in the County of Kings, State of New York.

119.   DOE has classified M.S.v with Autism.

***C.S.(3) (Parent) and F.S. (Child)***

120.   F.S., the biological child of C.S.(3), was born in 2016.

121.   Plaintiff C.S.(3) and F.S. reside in the County of Kings, State of New York.

122.   DOE has classified F.S. with Learning Disability.

***C.W.(1) (Parent) and N.W. (Child)***

123.    N.W., the biological child of C.W.(1), was born in 2011.

124.    Plaintiff C.W.(1) and N.W. reside in the County of Kings, State of New York.

125.    DOE has classified N.W. with Speech or Language Impairment.

### C.W.(2) and J.W. (Parent) and M.W-B. (Child)

126.    M.W-B., the biological child of C.W.(2) and J.W., was born in 2016.

127.    Plaintiff C.W.(2) and J.W. and M.W-B. reside in the County of Kings, State of New York.

128.    DOE has classified M.W-B. with Speech or Language Impairment.

### C.W.(3) (Parent) and M.W.i (Child)

129.    M.W.i, the biological child of C.W.(3), was born in 2012.

130.    Plaintiff C.W.(3) and M.W.i reside in the County of Richmond, State of New York.

131.    DOE has classified M.W.i with Speech or Language Impairment.

### D.A. (Parent) and M.A.i (Child)

132.    M.A.i, the biological child of D.A., was born in 2005.

133.    Plaintiff D.A. and M.A.i reside in the County of Kings State of New York.

134.    DOE has classified M.A.i with Speech or Language Impairment.

### D.G.(1) (Parent) and A.G.ii (Child)

135.    A.G.ii, the biological child of D.G.(1), was born in 2006.

136.    Plaintiff D.G.(1) and A.G.ii reside in the County of Kings, State of New York.

137.    DOE has classified A.G.ii with Autism.

### D.G.(2) (Parent) and M.G.i (Child)

138.    M.G.i, the biological child of D.G.(2), was born in 2012.

139.    Plaintiff D.G.(2) and M.G.i reside in the County of Kings, State of New York.

140.    DOE has classified M.G.i with Speech or Language Impairment.

***D.G.(3) (Parent) and S.G.iv (Child)***

141.    S.G.iv, the biological child of D.G.(3), was born in 2013.

142.    Plaintiff D.G.(3) and S.G.iv reside in the County of Kings, State of New York.

143.    DOE has classified S.G.iv with Speech or Language Impairment.

***D.H. (Parent) and S.H.iii (Child)***

144.    S.H.iii, the biological child of D.H., was born in 2005.

145.    Plaintiff D.H. and S.H.iii reside in the County of Kings, State of New York.

146.    DOE has classified S.H.iii with Speech or Language Impairment.

***D.W. (Parent) and Y.W.ii (Child)***

147.    Y.W.ii, the biological child of D.W., was born in 2010.

148.    Plaintiff D.W. and Y.W.ii reside in the County of Kings, State of New York.

149.    DOE has classified Y.W.ii with Speech or Language Impairment.

***E.B.(1) (Parent) and F.B. (Child)***

150.    F.B., the biological child of E.B.(1), was born in 2014.

151.    Plaintiff E.B.(1) and F.B. reside in the County of Kings, State of New York.

152.    DOE has classified F.B. with Speech or Language Impairment.

***E.B.(2) (Parent) and L.B. (Child)***

153.    L.B., the biological child of E.B.(2), was born in 2016.

154.    Plaintiff E.B.(2) and L.B. reside in the County of Kings, State of New York.

155.    DOE has classified L.B. with Speech or Language Impairment.

***E.K.(1) (Parent) and M.K.i (Child)***

156.    M.K.i, the biological child of E.K.(1), was born in 2014.

157.    Plaintiff E.K.(1) and M.K.i reside in the County of Kings, State of New York.

158.    DOE has classified M.K.i with Speech or Language Impairment.

### E.K.(2) (Parent) and C.K. (Child)

159.    C.K., the biological child of E.K.(2), was born in 2009.

160.    Plaintiff E.K.(2) and C.K. reside in the County of Kings, State of New York.

161.    DOE has classified C.K. with Speech or Language Impairment.

### E.L. (Parent) and T.L.V. (Child)

162.    T.L.V., the biological child of E.L., was born in 2015.

163.    Plaintiff E.L. and T.L.V. reside in the County of Kings, State of New York.

164.    DOE has classified T.L.V. with Autism.

### E.M. (Parent) and C.M. (Child)

165.    C.M., the biological child of E.M., was born in 2011.

166.    Plaintiff E.M. and C.M. reside in the County of Kings, State of New York.

167.    DOE has classified C.M. with Speech or Language Impairment.

### E.O. (Parent) and Y.O. (Child)

168.    Y.O., the biological child of E.O., was born in 2005.

169.    Plaintiff E.O. and Y.O. reside in the County of Kings State of New York.

170.    DOE has classified Y.O. with Learning Disability.

### E.R.(1) (Parent) and T.R. (Child)

171.    T.R., the biological child of E.R.(1), was born in 2015.

172.    Plaintiff E.R.(1) and T.R. reside in the County of Richmond State of New York.

173.    DOE has classified T.R. with Speech or Language Impairment.

### E.R.(2) (Parent) and B.R. (Child)

174.    B.R., the biological child of E.R.(2), was born in 2012.

175.    Plaintiff E.R.(2) and B.R. reside in the County of Kings, State of New York.

176.    DOE has classified B.R. with Speech or Language Impairment.

### E.R.(3) (Parent) and S.R.v (Child)

177.    S.R.v, the biological child of E.R.(3), was born in 2013.

178.    Plaintiff E.R.(3) and S.R.v reside in the County of Kings, State of New York.

179.    DOE has classified S.R.v with Speech or Language Impairment.

### E.R.G. (Parent) and N.G.ii (Child)

180.    N.G.ii, the biological child of E.R.G., was born in 2010.

181.    Plaintiff E.R.G. and N.G.ii reside in the County of Richmond, State of New York.

182.    DOE has classified N.G.ii with Speech or Language Impairment.

### E.S.(1) (Parent) and M.S.i (Child)

183.    M.S.i, the biological child of E.S.(1), was born in 2015.

184.    Plaintiff E.S.(1) and M.S.i reside in the County of Kings, State of New York.

185.    DOE has classified M.S.i with Speech or Language Impairment.

### E.S.(2) (Parent) and C.S.ii (Child)

186.    C.S.ii, the biological child of E.S.(2), was born in 2005.

187.    Plaintiff E.S.(2) and C.S.ii reside in the County of Kings, State of New York.

188.    DOE has classified C.S.ii with Speech or Language Impairment.

### E.S.(3) (Parent) and M.S.iv (Child)

189.    M.S.iv, the biological child of E.S.(3), was born in 2012.

190.    Plaintiff E.S.(3) and M.S.iv reside in the County of Kings, State of New York.

191.    DOE has classified M.S.iv with Learning Disability.

### E.T.(1) (Parent) and B.T. (Child)

192.    B.T., the biological child of E.T.(1), was born in 2016.

193.    Plaintiff E.T.(1) and B.T. reside in the County of Kings, State of New York.

194.    DOE has classified B.T. with Speech or Language Impairment.

***E.T.(2) (Parent) and S.T.i (Child)***

195.    S.T.i, the biological child of E.T.(2), was born in 2008.

196.    Plaintiff E.T.(2) and S.T.i reside in the County of Kings, State of New York.

197.    DOE has classified S.T.i with Speech or Language Impairment.

***E.W.(1) (Parent) and M.W.iv (Child)***

198.    M.W.iv, the biological child of E.W.(1), was born in 2016.

199.    Plaintiff E.W.(1) and M.W.iv reside in the County of Kings, State of New York.

200.    DOE has classified M.W.iv with Speech or Language Impairment.

***E.W.(2) (Parent) and L.W.i (Child)***

201.    L.W.i, the biological child of E.W.(2), was born in 2012.

202.    Plaintiff E.W.(2) and L.W.i reside in the County of Kings, State of New York.

203.    DOE has classified L.W.i with Speech or Language Impairment.

***E.W.(3) (Parent) and R.W. (Child)***

204.    R.W., the biological child of E.W.(3), was born in 2014.

205.    Plaintiff E.W.(3) and R.W. reside in the County of Kings State of New York.

206.    DOE has classified R.W. with Speech or Language Impairment.

***F.B. (Parent) and E.B.i (Child)***

207.    E.B.i, the biological child of F.B., was born in 2003.

208.    Plaintiff F.B. and E.B.i reside in the County of Kings, State of New York.

209.    DOE has classified E.B.i with Learning Disability.

### *F.F. (Parent) and R.F.i (Child)*

210.    R.F.i, the biological child of F.F., was born in 2014.

211.    Plaintiff F.F. and R.F.i reside in the County of Kings, State of New York.

212.    DOE has classified R.F.i with Speech or Language Impairment.

### *F.G.(1) and A.G. (Parent) and L.G. (Child)*

213.    L.G., the biological child of F.G.(1) and A.G., was born in 2013.

214.    Plaintiff F.G.(1) and A.G. and L.G. reside in the County of Kings, State of New York.

215.    DOE has classified L.G. with Speech or Language Impairment.

### *F.G.(2) (Parent) and S.G.i (Child)*

216.    S.G.i, the biological child of F.G.(2), was born in 2014.

217.    Plaintiff F.G.(2) and S.G.i reside in the County of Kings, State of New York.

218.    DOE has classified S.G.i with Speech or Language Impairment.

### *F.K. (Parent) and N.K.iv (Child)*

219.    N.K.iv, the biological child of F.K., was born in 2007.

220.    Plaintiff F.K. and N.K.iv reside in the County of Kings, State of New York.

221.    DOE has classified N.K.iv with Learning Disability.

### *F.P. (Parent) and N.P. (Child)*

222.    N.P., the biological child of F.P., was born in 2008.

223.    Plaintiff F.P. and N.P. reside in the County of Kings, State of New York.

224.    DOE has classified N.P. with Speech or Language Impairment.

### *F.S.(1) (Parent) and M.S.ii (Child)*

225.    M.S.ii, the biological child of F.S.(1), was born in 2012.

226.    Plaintiff F.S.(1) and M.S.ii reside in the County of Kings, State of New York.

227.    DOE has classified M.S.ii with Speech or Language Impairment.

### F.S.(2) (Parent) and E.S.i (Child)

228.    E.S.i, the biological child of F.S.(2), was born in 2009.

229.    Plaintiff F.S.(2) and E.S.i reside in the County of Kings, State of New York.

230.    DOE has classified E.S.i with Learning Disability.

### F.S.(3) (Parent) and A.S.i (Child)

231.    A.S.i, the biological child of F.S.(3), was born in 2011.

232.    Plaintiff F.S.(3) and A.S.i reside in the County of Kings, State of New York.

233.    DOE has classified A.S.i with Learning Disability.

### F.W. (Parent) and D.W. (Child)

234.    D.W., the biological child of F.W., was born in 2003.

235.    Plaintiff F.W. and D.W. reside in the County of Kings, State of New York.

236.    DOE has classified D.W. with Speech or Language Impairment.

### G.B. (Parent) and E.B.ii (Child)

237.    E.B.ii, the biological child of G.B., was born in 2011.

238.    Plaintiff G.B. and E.B.ii reside in the County of Kings, State of New York.

239.    DOE has classified E.B.ii with Learning Disability.

### G.E. (Parent) and Y.E.i (Child)

240.    Y.E.i, the biological child of G.E., was born in 2016.

241.    Plaintiff G.E. and Y.E.i reside in the County of Kings, State of New York.

242.    DOE has classified Y.E.i with Learning Disability.

### G.F. (Parent) and D.F.ii (Child)

243.    D.F.ii, the biological child of G.F., was born in 2007.

244.    Plaintiff G.F. and D.F.ii reside in the County of Kings State of New York.

245.    DOE has classified D.F.ii with Speech or Language Impairment.

### G.G. (Parent) and C.G. (Child)

246.    C.G., the biological child of G.G., was born in 2012.

247.    Plaintiff G.G. and C.G. reside in the County of Kings, State of New York.

248.    DOE has classified C.G. with Learning Disability.

### G.K.(1) (Parent) and Y.K.i (Child)

249.    Y.K.i, the biological child of G.K.(1), was born in 2015.

250.    Plaintiff G.K.(1) and Y.K.i reside in the County of Kings State of New York.

251.    DOE has classified Y.K.i with Speech or Language Impairment.

### G.K.(2) (Parent) and R.K.ii (Child)

252.    R.K.ii, the biological child of G.K.(2), was born in 2008.

253.    Plaintiff G.K.(2) and R.K.ii reside in the County of Kings, State of New York.

254.    DOE has classified R.K.ii with Other Health Impairment.

### G.S. (Parent) and S.S.iv (Child)

255.    S.S.iv, the biological child of G.S., was born in 2013.

256.    Plaintiff G.S. and S.S.iv reside in the County of Kings, State of New York.

257.    DOE has classified S.S.iv with Speech or Language Impairment.

### G.W. (Parent) and C.W. (Child)

258.    C.W., the biological child of G.W., was born in 2012.

259.    Plaintiff G.W. and C.W. reside in the County of Richmond, State of New York.

260.    DOE has classified C.W. with Speech or Language Impairment.

### G.Z. (Parent) and S.Z.ii (Child)

261.    S.Z.ii, the biological child of G.Z., was born in 2013.

262.    Plaintiff G.Z. and S.Z.ii reside in the County of Kings, State of New York.

263.    DOE has classified S.Z.ii with Speech or Language Impairment.

### H.F. (Parent) and Y.F.ii (Child)

264.    Y.F.ii, the biological child of H.F., was born in 2004.

265.    Plaintiff H.F. and Y.F.ii reside in the County of Kings, State of New York.

266.    DOE has classified Y.F.ii with Other Health Impairment.

### H.G. (Parent) and M.G.ii (Child)

267.    M.G.ii, the biological child of H.G., was born in 2006.

268.    Plaintiff H.G. and M.G.ii reside in the County of Kings, State of New York.

269.    DOE has classified M.G.ii with Learning Disability.

### H.H.(1) (Parent) and Y.H.ii (Child)

270.    Y.H.ii, the biological child of H.H.(1), was born in 2012.

271.    Plaintiff H.H.(1) and Y.H.ii reside in the County of Kings, State of New York.

272.    DOE has classified Y.H.ii with Speech or Language Impairment.

### H.H.(2) (Parent) and T.H. (Child)

273.    T.H., the biological child of H.H.(2), was born in 2012.

274.    Plaintiff H.H.(2) and T.H. reside in the County of Kings, State of New York.

275.    DOE has classified T.H. with Learning Disability.

### H.K. (Parent) and S.K.v (Child)

276.    S.K.v, the biological child of H.K., was born in 2016.

277.    Plaintiff H.K. and S.K.v reside in the County of Kings, State of New York.

278.    DOE has classified S.K.v with Speech or Language Impairment.

*H.M. (Parent) and S.M.iv (Child)*

279.    S.M.iv, the biological child of H.M., was born in 2010.

280.    Plaintiff H.M. and S.M.iv reside in the County of Kings, State of New York.

281.    DOE has classified S.M.iv with Learning Disability.

*J.B. (Parent) and C.B.ii (Child)*

282.    C.B.ii, the biological child of J.B., was born in 2012.

283.    Plaintiff J.B. and C.B.ii reside in the County of Kings, State of New York.

284.    DOE has classified C.B.ii with Speech or Language Impairment.

*J.E. (Parent) and J.E. (Child)*

285.    J.E., the biological child of J.E., was born in 2011.

286.    Plaintiff J.E. and J.E. reside in the County of Kings, State of New York.

287.    DOE has classified J.E. with Speech or Language Impairment.

*J.F.(1) (Parent) and B.F.ii (Child)*

288.    B.F.ii, the biological child of J.F.(1), was born in 2015.

289.    Plaintiff J.F.(1) and B.F.ii reside in the County of Kings, State of New York.

290.    DOE has classified B.F.ii with Learning Disability.

*J.F.(2) (Parent) and M.F.i (Child)*

291.    M.F.i, the biological child of J.F.(2), was born in 2014.

292.    Plaintiff J.F.(2) and M.F.i reside in the County of Kings, State of New York.

293.    DOE has classified M.F.i with Speech or Language Impairment.

*J.W.(1) (Parent) and M.W.ii (Child)*

294.    M.W.ii, the biological child of J.W.(1), was born in 2009.

295.    Plaintiff J.W.(1) and M.W.ii reside in the County of Kings, State of New York.

296.    DOE has classified M.W.ii with Speech or Language Impairment.

**J.W.(2) (Parent) and A.W.i (Child)**

297.    A.W.i, the biological child of J.W.(2), was born in 2006.

298.    Plaintiff J.W.(2) and A.W.i reside in the County of Kings, State of New York.

299.    DOE has classified A.W.i with Learning Disability.

**K.N. (Parent) and A.N. (Child)**

300.    A.N., the biological child of K.N., was born in 2011.

301.    Plaintiff K.N. and A.N. reside in the County of Kings, State of New York.

302.    DOE has classified A.N. with Speech or Language Impairment.

**K.Z. (Parent) and S.Z.i (Child)**

303.    S.Z.i, the biological child of K.Z., was born in 2010.

304.    Plaintiff K.Z. and S.Z.i reside in the County of Kings, State of New York.

305.    DOE has classified S.Z.i with Learning Disability.

**L.A.(1) (Parent) and E.Y. (Child)**

306.    E.Y., the biological child of L.A.(1), was born in 2016.

307.    Plaintiff L.A.(1) and E.Y. reside in the County of Kings, State of New York.

308.    DOE has classified E.Y. with Speech or Language Impairment.

**L.A.(2) (Parent) and Y.A. (Child)**

309.    Y.A., the biological child of L.A.(2), was born in 2014.

310.    Plaintiff L.A.(2) and Y.A. reside in the County of Kings, State of New York.

311.    DOE has classified Y.A. with Learning Disability.

**L.F. (Parent) and A.F. (Child)**

312.    A.F., the biological child of L.F., was born in 2012.

313.    Plaintiff L.F. and A.F. reside in the County of Kings State of New York.

314.    DOE has classified A.F. with Learning Disability.

### L.I. (Parent) and A.I. (Child)

315.    A.I., the biological child of L.I., was born in 2014.

316.    Plaintiff L.I. and A.I. reside in the County of Kings, State of New York.

317.    DOE has classified A.I. with Speech or Language Impairment.

### L.K.(1) (Parent) and S.K.ii (Child)

318.    S.K.ii, the biological child of L.K.(1), was born in 2010.

319.    Plaintiff L.K.(1) and S.K.ii reside in the County of Richmond, State of New York.

320.    DOE has classified S.K.ii with Intellectual Disability.

### L.K.(2) (Parent) and S.K.iii (Child)

321.    S.K.iii, the biological child of L.K.(2), was born in 2007.

322.    Plaintiff L.K.(2) and S.K.iii reside in the County of Kings, State of New York.

323.    DOE has classified S.K.iii with Speech or Language Impairment.

### L.M.(1) (Parent) and I.M. (Child)

324.    I.M., the biological child of L.M.(1), was born in 2013.

325.    Plaintiff L.M.(1) and I.M. reside in the County of Kings, State of New York.

326.    DOE has classified I.M. with Learning Disability.

### L.M.(2) (Parent) and E.M.ii (Child)

327.    E.M.ii, the biological child of L.M.(2), was born in 2011.

328.    Plaintiff L.M.(2) and E.M.ii reside in the County of Kings, State of New York.

329.    DOE has classified E.M.ii with Speech or Language Impairment.

### L.M.(3) (Parent) and M.M.i (Child)

330.    M.M.i, the biological child of L.M.(3), was born in 2006.

331.    Plaintiff L.M.(3) and M.M.i reside in the County of Kings, State of New York.

332.    DOE has classified M.M.i with Learning Disability.

***L.W. (Parent) and L.W.ii (Child)***

333.    L.W.ii, the biological child of L.W., was born in 2014.

334.    Plaintiff L.W. and L.W.ii reside in the County of Kings State of New York.

335.    DOE has classified L.W.ii with Other Health Impairment.

***L.Z.(1) and K.Z. (Parent) and B.Z. (Child)***

336.    B.Z., the biological child of L.Z.(1) and K.Z., was born in 2007.

337.    Plaintiff L.Z.(1) and K.Z. and B.Z. reside in the County of Kings, State of New York.

338.    DOE has classified B.Z. with Speech or Language Impairment.

***L.Z.(2) (Parent) and R.Z. (Child)***

339.    R.Z., the biological child of L.Z.(2), was born in 2015.

340.    Plaintiff L.Z.(2) and R.Z. reside in the County of Kings, State of New York.

341.    DOE has classified R.Z. with Speech or Language Impairment.

***M.A. (Parent) and C.A. (Child)***

342.    C.A., the biological child of M.A., was born in 2013.

343.    Plaintiff M.A. and C.A. reside in the County of Kings State of New York.

344.    DOE has classified C.A. with Autism.

***M.B.(1) (Parent) and A.B.i (Child)***

345.    A.B.i, the biological child of M.B.(1), was born in 2015.

346.    Plaintiff M.B.(1) and A.B.i reside in the County of Kings State of New York.

347.    DOE has classified A.B.i with Speech or Language Impairment.

### M.B.(2) (Parent) and Z.B. (Child)

348.    Z.B., the biological child of M.B.(2), was born in 2011.

349.    Plaintiff M.B.(2) and Z.B. reside in the County of Kings, State of New York.

350.    DOE has classified Z.B. with Speech or Language Impairment.

### M.B.(3) (Parent) and S.B.i (Child)

351.    S.B.i, the biological child of M.B.(3), was born in 2007.

352.    Plaintiff M.B.(3) and S.B.i reside in the County of Kings, State of New York.

353.    DOE has classified S.B.i with Learning Disability.

### M.D. (Parent) and A.D. (Child)

354.    A.D., the biological child of M.D., was born in 2013.

355.    Plaintiff M.D. and A.D. reside in the County of Kings, State of New York.

356.    DOE has classified A.D. with Speech or Language Impairment.

### M.E. (Parent) and A.E. (Child)

357.    A.E., the biological child of M.E., was born in 2013.

358.    Plaintiff M.E. and A.E. reside in the County of Kings, State of New York.

359.    DOE has classified A.E. with Learning Disability.

### M.F. (Parent) and Y.F.i (Child)

360.    Y.F.i, the biological child of M.F., was born in 2013.

361.    Plaintiff M.F. and Y.F.i reside in the County of Kings State of New York.

362.    DOE has classified Y.F.i with Speech or Language Impairment.

### M.G.(1) (Parent) and D.G.i (Child)

363.    D.G.i, the biological child of M.G.(1), was born in 2010.

364.    Plaintiff M.G.(1) and D.G.i reside in the County of Kings, State of New York.

365.    DOE has classified D.G.i with Speech or Language Impairment.

***M.G.(2) (Parent) and N.G.iii (Child)***

366.    N.G.iii, the biological child of M.G.(2), was born in 2009.

367.    Plaintiff M.G.(2) and N.G.iii reside in the County of Kings, State of New York.

368.    DOE has classified N.G.iii with Speech or Language Impairment.

***M.G.(3) (Parent) and S.G.v (Child)***

369.    S.G.v, the biological child of M.G.(3), was born in 2010.

370.    Plaintiff M.G.(3) and S.G.v reside in the County of Kings, State of New York.

371.    DOE has classified S.G.v with Speech or Language Impairment.

***M.G.(4) (Parent) and G.G. (Child)***

372.    G.G., the biological child of M.G.(4), was born in 2005.

373.    Plaintiff M.G.(4) and G.G. reside in the County of Rockland, State of New York.

374.    DOE has classified G.G. with Speech or Language Impairment.

***M.G.(5) (Parent) and P.G. (Child)***

375.    P.G., the biological child of M.G.(5), was born in 2012.

376.    Plaintiff M.G.(5) and P.G. reside in the County of Kings, State of New York.

377.    DOE has classified P.G. with Learning Disability.

***M.G.(6) (Parent) and J.G. (Child)***

378.    J.G., the biological child of M.G.(6), was born in 2015.

379.    Plaintiff M.G.(6) and J.G. reside in the County of Kings, State of New York.

380.    DOE has classified J.G. with Learning Disability.

***M.H. (Parent) and B.H. (Child)***

381.    B.H., the biological child of M.H., was born in 2009.

382.    Plaintiff M.H. and B.H. reside in the County of Kings, State of New York.

383.    DOE has classified B.H. with Learning Disability.

### M.K.(1) (Parent) and F.K. (Child)

384.    F.K., the biological child of M.K.(1), was born in 2013.

385.    Plaintiff M.K.(1) and F.K. reside in the County of Kings, State of New York.

386.    DOE has classified F.K. with Learning Disability.

### M.K.(2) (Parent) and L.K. (Child)

387.    L.K., the biological child of M.K.(2), was born in 2014.

388.    Plaintiff M.K.(2) and L.K. reside in the County of Kings, State of New York.

389.    DOE has classified L.K. with Other Health Impairment.

### M.L.(1) (Parent) and S.L.ii (Child)

390.    S.L.ii, the biological child of M.L.(1), was born in 2007.

391.    Plaintiff M.L.(1) and S.L.ii reside in the County of Richmond, State of New York.

392.    DOE has classified S.L.ii with Other Health Impairment.

### M.L.(2) (Parent) and K.Z.H. (Child)

393.    K.Z.H., the biological child of M.L.(2), was born in 2016.

394.    Plaintiff M.L.(2) and K.Z.H. reside in the County of Kings State of New York.

395.    DOE has classified K.Z.H. with Preschool Student with a Disability.

### M.L.(3) (Parent) and B.L. and R.L.ii (Children)

396.    B.L., the biological child of M.L.(3), was born in 2010.

397.    R.L.ii, the biological child of M.L.(3), was born in 2007.

398.    Plaintiff M.L.(3), B.L., and R.L.ii reside in the County of Kings, State of New York.

399.    DOE has classified B.L. with Speech or Language Impairment.

400.    DOE has classified R.L.ii with Speech or Language Impairment.

***M.M. (Parent) and S.M.i (Child)***

401.    S.M.i, the biological child of M.M., was born in 2012.

402.    Plaintiff M.M. and S.M.i reside in the County of Kings, State of New York.

403.    DOE has classified S.M.i with Speech or Language Impairment.

***M.N. (Parent) and S.N. (Child)***

404.    S.N., the biological child of M.N., was born in 2008.

405.    Plaintiff M.N. and S.N. reside in the County of Kings, State of New York.

406.    DOE has classified S.N. with Speech or Language Impairment.

***M.R.(1) (Parent) and M.R.i (Child)***

407.    M.R.ii, the biological child of M.R.(1), was born in 2011.

408.    Plaintiff M.R.(1) and M.R.i reside in the County of Kings, State of New York.

409.    DOE has classified M.R.i with Learning Disability.

***M.R.(2) (Parent) and F.R. (Child)***

410.    F.R., the biological child of M.R.(2), was born in 2008.

411.    Plaintiff M.R.(2) and F.R. reside in the County of Kings, State of New York.

412.    DOE has classified F.R. with Learning Disability.

***M.R.(3) (Parent) and S.R.i (Child)***

413.    S.R.i, the biological child of M.R.(3), was born in 2014.

414.    Plaintiff M.R.(3) and S.R.i reside in the County of Kings, State of New York.

415.    DOE has classified S.R.i with Speech or Language Impairment.

***M.R.(4) (Parent) and Y.R.i (Child)***

416.    Y.R.i, the biological child of M.R.(4), was born in 2010.

417.    Plaintiff M.R.(4) and Y.R.i reside in the County of Kings, State of New York.

418.    DOE has classified Y.R.i with Speech or Language Impairment.

### M.S. (Parent) and B.S. (Child)

419.    B.S., the biological child of M.S., was born in 2014.

420.    Plaintiff M.S. and B.S. reside in the County of Kings, State of New York.

421.    DOE has classified B.S. with Speech or Language Impairment.

### N.H. (Parent) and J.H. (Child)

422.    J.H., the biological child of N.H., was born in 2005.

423.    Plaintiff N.H. and J.H. reside in the County of Kings, State of New York.

424.    DOE has classified J.H. with Speech or Language Impairment.

### N.L. (Parent) and C.L. (Child)

425.    C.L., the biological child of N.L., was born in 2009.

426.    Plaintiff N.L. and C.L. reside in the County of Kings, State of New York.

427.    DOE has classified C.L. with Learning Disability.

### N.M. (Parent) and A.M. (Child)

428.    A.M., the biological child of N.M., was born in 2010.

429.    Plaintiff N.M. and A.M. reside in the County of Kings, State of New York.

430.    DOE has classified A.M. with Learning Disability.

### O.B. (Parent) and Y.B.iv (Child)

431.    Y.B.iv, the biological child of O.B., was born in 2005.

432.    Plaintiff O.B. and Y.B.iv reside in the County of Queens, State of New York.

433.    DOE has classified Y.B.iv with Autism.

### O.H. and B.H. (Parent) and M.H.i (Child)

434.    M.H.i, the biological child of O.H. and B.H., was born in 2011.

435.    Plaintiff O.H. and B.H. and M.H.i reside in the County of Kings State of New York.

436.    DOE has classified M.H.i with Speech or Language Impairment.

***O.L. and T.L. (Parent) and R.L.iii (Child)***

437.    R.L.iii, the biological child of O.L. and T.L., was born in 2016.

438.    Plaintiff O.L. and T.L. and R.L.iii reside in the County of Kings, State of New York.

439.    DOE has classified R.L.iii with Speech or Language Impairment.

***P.G.(1) (Parent) and S.G.iii (Child)***

440.    S.G.iii, the biological child of P.G.(1), was born in 2012.

441.    Plaintiff P.G.(1) and S.G.iii reside in the County of Kings, State of New York.

442.    DOE has classified S.G.iii with Speech or Language Impairment.

***P.G.(2) (Parent) and S.G.vi (Child)***

443.    S.G.vi, the biological child of P.G.(2), was born in 2013.

444.    Plaintiff P.G.(2) and S.G.vi reside in the County of Kings, State of New York.

445.    DOE has classified S.G.vi with Speech or Language Impairment.

***P.G.(3) (Parent) and B.G. (Child)***

446.    B.G., the biological child of P.G.(3), was born in 2008.

447.    Plaintiff P.G.(3) and B.G. reside in the County of Kings, State of New York.

448.    DOE has classified B.G. with Deafness.

***P.H.(1) (Parent) and M.H.iii (Child)***

449.    M.H.iii, the biological child of P.H.(1), was born in 2011.

450.    Plaintiff P.H.(1) and M.H.iii reside in the County of Kings, State of New York.

451.    DOE has classified M.H.iii with Speech or Language Impairment.

***P.H.(2) (Parent) and Y.H.i (Child)***

452.    Y.H.i, the biological child of P.H.(2), was born in 2015.

453.    Plaintiff P.H.(2) and Y.H.i reside in the County of Kings, State of New York.

454.    DOE has classified Y.H.i with Speech or Language Impairment.

***P.H.(3) (Parent) and K.H. (Child)***

455.    K.H., the biological child of P.H.(3), was born in 2010.

456.    Plaintiff P.H.(3) and K.H. reside in the County of Kings, State of New York.

457.    DOE has classified K.H. with Speech or Language Impairment.

***P.K. (Parent) and Y.K.ii (Child)***

458.    Y.K.ii, the biological child of P.K., was born in 2013.

459.    Plaintiff P.K. and Y.K.ii reside in the County of Kings, State of New York.

460.    DOE has classified Y.K.ii with Learning Disability.

***P.L.(1) (Parent) and S.L.i (Child)***

461.    S.L.i, the biological child of P.L.(1), was born in 2016.

462.    Plaintiff P.L.(1) and S.L.i reside in the County of Kings, State of New York.

463.    DOE has classified S.L.i with Speech or Language Impairment.

***P.L.(2) (Parent) and T.L. (Child)***

464.    T.L., the biological child of P.L.(2), was born in 2012.

465.    Plaintiff P.L.(2) and T.L. reside in the County of Kings, State of New York.

466.    DOE has classified T.L. with Learning Disability.

***P.M.(p) (Parent) and P.M.(s) (Child)***

467.    P.M.(s), the biological child of P.M.(p), was born in 2015.

468.    Plaintiff P.M.(p) and P.M.(s) reside in the County of Kings, State of New York.

469.    DOE has classified P.M.(s) with Speech or Language Impairment.

***P.S.(1) (Parent) and J.S.iii (Child)***

470.    J.S.iii, the biological child of P.S.(1), was born in 2010.

471.    Plaintiff P.S.(1) and J.S.iii reside in the County of Kings, State of New York.

472.    DOE has classified J.S.iii with Learning Disability.

***P.S.(2) (Parent) and A.S.ii (Child)***

473.    A.S.ii, the biological child of P.S.(2), was born in 2014.

474.    Plaintiff P.S.(2) and A.S.ii reside in the County of Kings, State of New York.

475.    DOE has classified A.S.ii with Learning Disability.

***R.A. (Parent) and M.A.ii (Child)***

476.    M.A.ii, the biological child of R.A., was born in 2011.

477.    Plaintiff R.A. and M.A.ii reside in the County of Kings, State of New York.

478.    DOE has classified M.A.ii with Learning Disability.

***R.B.(1) (Parent) and H.B.i (Child)***

479.    H.B.i, the biological child of R.B.(1), was born in 2014.

480.    Plaintiff R.B.(1) and H.B.i reside in the County of Kings, State of New York.

481.    DOE has classified H.B.i with Other Health Impairment.

***R.B.(2) (Parent) and F.B. (Child)***

482.    F.B., the biological child of R.B.(2), was born in 2013.

483.    Plaintiff R.B.(2) and F.B. reside in the County of Kings, State of New York.

484.    DOE has classified F.B. with Speech or Language Impairment.

***R.B.(3) (Parent) and S.B.ii (Child)***

485.    S.B.ii, the biological child of R.B.(3), was born in 2015.

486.    Plaintiff R.B.(3) and S.B.ii reside in the County of Kings, State of New York.

487.    DOE has classified S.B.ii with Speech or Language Impairment.

***R.B.(4) (Parent) and A.B.ii (Child)***

488.    A.B.ii, the biological child of R.B.(4), was born in 2013.

489.    Plaintiff R.B.(4) and A.B.ii reside in the County of Kings, State of New York.

490.    DOE has classified A.B.ii with Speech or Language Impairment.

***R.B.(5) (Parent) and C.B.i (Child)***

491.    C.B.i, the biological child of R.B.(5), was born in 2014.

492.    Plaintiff R.B.(5) and C.B.i reside in the County of Kings, State of New York.

493.    DOE has classified C.B.i with Speech or Language Impairment.

***R.E.(1) (Parent) and Y.E.ii (Child)***

494.    Y.E.ii, the biological child of R.E.(1), was born in 2016.

495.    Plaintiff R.E.(1) and Y.E.ii reside in the County of Kings, State of New York.

496.    DOE has classified Y.E.ii with Speech or Language Impairment.

***R.E.(2) (Parent) and S.E. (Child)***

497.    S.E., the biological child of R.E.(2), was born in 2014.

498.    Plaintiff R.E.(2) and S.E. reside in the County of Kings, State of New York.

499.    DOE has classified S.E. with Learning Disability.

***R.E.(3) (Parent) and C.E. (Child)***

500.    C.E., the biological child of R.E.(3), was born in 2012.

501.    Plaintiff R.E.(3) and C.E. reside in the County of Kings, State of New York.

502.    DOE has classified C.E. with Learning Disability.

***R.F.(1) (Parent) and E.F. (Child)***

503.    E.F., the biological child of R.F.(1), was born in 2005.

504.    Plaintiff R.F.(1) and E.F. reside in the County of Kings, State of New York.

505.    DOE has classified E.F. with Speech or Language Impairment.

### R.F.(2) (Parent) and S.Y. (Child)

506.    S.Y., the biological child of R.F.(2), was born in 2016.

507.    Plaintiff R.F.(2) and S.Y. reside in the County of Queens, State of New York.

508.    DOE has classified S.Y. with Speech or Language Impairment.

### R.F.(3) (Parent) and T.F. (Child)

509.    T.F., the biological child of R.F.(3), was born in 2009.

510.    Plaintiff R.F.(3) and T.F. reside in the County of Kings, State of New York.

511.    DOE has classified T.F. with Speech or Language Impairment.

### R.F.(4) (Parent) and D.F.i (Child)

512.    D.F.i, the biological child of R.F.(4), was born in 2016.

513.    Plaintiff R.F.(4) and D.F.i reside in the County of Kings, State of New York.

514.    DOE has classified D.F.i with Speech or Language Impairment.

### R.G. (Parent) and Y.G. (Child)

515.    Y.G., the biological child of R.G., was born in 2016.

516.    Plaintiff R.G. and Y.G. reside in the County of Kings, State of New York.

517.    DOE has classified Y.G. with Speech or Language Impairment.

### R.H.(1) (Parent) and E.H. (Child)

518.    E.H., the biological child of R.H.(1), was born in 2014.

519.    Plaintiff R.H.(1) and E.H. reside in the County of Richmond, State of New York.

520.    DOE has classified E.H. with Other Health Impairment.

### *R.H.(2) (Parent) and L.H. (Child)*

521.    L.H., the biological child of R.H.(2), was born in 2016.

522.    Plaintiff R.H.(2) and L.H. reside in the County of Kings, State of New York.

523.    DOE has classified L.H. with Speech or Language Impairment.

### *R.K.(1) (Parent) and S.K.i (Child)*

524.    S.K.i, the biological child of R.K.(1), was born in 2008.

525.    Plaintiff R.K.(1) and S.K.i reside in the County of Kings, State of New York.

526.    DOE has classified S.K.i with Speech or Language Impairment.

### *R.K.(2) (Parent) and A.K. (Child)*

527.    A.K., the biological child of R.K.(2), was born in 2010.

528.    Plaintiff R.K.(2) and A.K. reside in the County of Kings, State of New York.

529.    DOE has classified A.K. with Speech or Language Impairment.

### *R.K.(3) (Parent) and D.K. (Child)*

530.    D.K., the biological child of R.K.(3), was born in 2015.

531.    Plaintiff R.K.(3) and D.K. reside in the County of Kings, State of New York.

532.    DOE has classified D.K. with Speech or Language Impairment.

### *R.K.(4) (Parent) and H.K.ii (Child)*

533.    H.K.ii, the biological child of R.K.(4), was born in 2013.

534.    Plaintiff R.K.(4) and H.K.ii reside in the County of Kings, State of New York.

535.    DOE has classified H.K.ii with Other Health Impairment.

### *R.L.(1) (Parent) and D.L. (Child)*

536.    D.L., the biological child of R.L.(1), was born in 2015.

537.    Plaintiff R.L.(1) and D.L. reside in the County of Kings, State of New York.

538.    DOE has classified D.L. with Other Health Impairment.

### R.L.(2) (Parent) and R.L.i (Child)

539.    R.L.i, the biological child of R.L.(2), was born in 2010.

540.    Plaintiff R.L.(2) and R.L.i reside in the County of Kings, State of New York.

541.    DOE has classified R.L.i with Other Health Impairment.

### R.L.S. (Parent) and S.S.ii (Child)

542.    S.S.ii, the biological child of R.L.S., was born in 2015.

543.    Plaintiff R.L.S. and S.S.ii reside in the County of Kings, State of New York.

544.    DOE has classified S.S.ii with Orthopedic Impairment.

### R.M.(1) (Parent) and E.M.i (Child)

545.    E.M.i, the biological child of R.M.(1), was born in 2014.

546.    Plaintiff R.M.(1) and E.M.i reside in the County of Kings, State of New York.

547.    DOE has classified E.M.i with Speech or Language Impairment.

### R.M.(2) (Parent) and S.M.ii (Child)

548.    S.M.ii, the biological child of R.M.(2), was born in 2014.

549.    Plaintiff R.M.(2) and S.M.ii reside in the County of Kings, State of New York.

550.    DOE has classified S.M.ii with Speech or Language Impairment.

### R.N. (Parent) and R.N. (Child)

551.    R.N., the biological child of R.N., was born in 2014.

552.    Plaintiff R.N. and R.N. reside in the County of Kings, State of New York.

553.    DOE has classified R.N. with Learning Disability.

### R.P.(1) (Parent) and L.P. (Child)

554.    L.P., the biological child of R.P.(1), was born in 2016.

555.    Plaintiff R.P.(1) and L.P. reside in the County of Kings, State of New York.

556.    DOE has classified L.P. with Speech or Language Impairment.

### R.P.(2) (Parent) and R.P-L. (Child)

557.    R.P-L., the biological child of R.P.(2), was born in 2011.

558.    Plaintiff R.P.(2) and R.P-L. reside in the County of Kings State of New York.

559.    DOE has classified R.P-L. with Learning Disability.

### R.R.(1) (Parent) and L.R. (Child)

560.    L.R., the biological child of R.R.(1), was born in 2012.

561.    Plaintiff R.R.(1) and L.R. reside in the County of Kings, State of New York.

562.    DOE has classified L.R. with Learning Disability.

### R.R.(2) (Parent) and S.R.iii (Child)

563.    S.R.iii, the biological child of R.R.(2), was born in 2011.

564.    Plaintiff R.R.(2) and S.R.iii reside in the County of Kings, State of New York.

565.    DOE has classified S.R.iii with Speech or Language Impairment.

### R.R.(3) and Y.R. (Parent) and V.R. (Child)

566.    V.R., the biological child of R.R.(3) and Y.R., was born in 2013.

567.    Plaintiff R.R.(3) and Y.R. and V.R. reside in the County of Kings, State of New York.

568.    DOE has classified V.R. with Speech or Language Impairment.

### R.S.(1) (Parent) and S.S.v (Child)

569.    S.S.v, the biological child of R.S.(1), was born in 2015.

570.    Plaintiff R.S.(1) and S.S.v reside in the County of Richmond, State of New York.

571.    DOE has classified S.S.v with Learning Disability.

### R.S.(2) (Parent) and Y.S.ii (Child)

572.    Y.S.ii, the biological child of R.S.(2), was born in 2015.

573.    Plaintiff R.S.(2) and Y.S.ii reside in the County of Kings, State of New York.

574.    DOE has classified Y.S.ii with Speech or Language Impairment.

***R.S.(3) (Parent) and J.S.i (Child)***

575.    J.S.i, the biological child of R.S.(3), was born in 2009.

576.    Plaintiff R.S.(3) and J.S.i reside in the County of Kings, State of New York.

577.    DOE has classified J.S.i with Intellectual Disability.

***R.S.(4) (Parent) and J.S.ii (Child)***

578.    J.S.ii, the biological child of R.S.(4), was born in 2012.

579.    Plaintiff R.S.(4) and J.S.ii reside in the County of Kings, State of New York.

580.    DOE has classified J.S.ii with Speech or Language Impairment.

***R.S.(5) (Parent) and R.S.ii (Child)***

581.    R.S.ii, the biological child of R.S.(5), was born in 2009.

582.    Plaintiff R.S.(5) and R.S.ii reside in the County of Kings, State of New York.

583.    DOE has classified R.S.ii with Learning Disability.

***R.S.(6) (Parent) and N.T.S. (Child)***

584.    N.T.S., the biological child of R.S.(6), was born in 2014.

585.    Plaintiff R.S.(6) and N.T.S. reside in the County of Kings, State of New York.

586.    DOE has classified N.T.S. with Speech or Language Impairment.

***R.S.(7) (Parent) and S.S.iii (Child)***

587.    S.S.iii, the biological child of R.S.(7), was born in 2013.

588.    Plaintiff R.S.(7) and S.S.iii reside in the County of Kings, State of New York.

589.    DOE has classified S.S.iii with Other Health Impairment.

***R.W.(1) (Parent) and S.W.ii (Child)***

590.    S.W.ii, the biological child of R.W.(1), was born in 2011.

591.    Plaintiff R.W.(1) and S.W.ii reside in the County of Kings, State of New York.

592.    DOE has classified S.W.ii with Speech or Language Impairment.

***R.W.(2) (Parent) and S.W.i (Child)***

593.    S.W.i, the biological child of R.W.(2), was born in 2016.

594.    Plaintiff R.W.(2) and S.W.i reside in the County of Kings, State of New York.

595.    DOE has classified S.W.i with Speech or Language Impairment.

***R.W.(3) (Parent) and Y.W.i (Child)***

596.    Y.W.i, the biological child of R.W.(3), was born in 2016.

597.    Plaintiff R.W.(3) and Y.W.i reside in the County of Kings, State of New York.

598.    DOE has classified Y.W.i with Speech or Language Impairment.

***S.A. (Parent) and N.A. (Child)***

599.    N.A., the biological child of S.A., was born in 2015.

600.    Plaintiff S.A. and N.A. reside in the County of Kings State of New York.

601.    DOE has classified N.A. with Speech or Language Impairment.

***S.B.(1) (Parent) and Y.B.i (Child)***

602.    Y.B.i, the biological child of S.B.(1), was born in 2010.

603.    Plaintiff S.B.(1) and Y.B.i reside in the County of Kings, State of New York.

604.    DOE has classified Y.B.i with Learning Disability.

***S.B.(2) (Parent) and H.B.ii (Child)***

605.    H.B.ii, the biological child of S.B.(2), was born in 2014.

606.    Plaintiff S.B.(2) and H.B.ii reside in the County of Kings State of New York.

607.    DOE has classified H.B.ii with Speech or Language Impairment.

*S.F.(1) (Parent) and R.F.ii (Child)*

608.    R.F.ii, the biological child of S.F.(1), was born in 2015.

609.    Plaintiff S.F.(1) and R.F.ii reside in the County of Kings, State of New York.

610.    DOE has classified R.F.ii with Speech or Language Impairment.

*S.F.(2) (Parent) and B.F.i (Child)*

611.    B.F.i, the biological child of S.F.(2), was born in 2015.

612.    Plaintiff S.F.(2) and B.F.i reside in the County of Kings, State of New York.

613.    DOE has classified B.F.i with Speech or Language Impairment.

*S.G. (Parent) and A.G.i (Child)*

614.    A.G.i, the biological child of S.G., was born in 2011.

615.    Plaintiff S.G. and A.G.i reside in the County of Kings, State of New York.

616.    DOE has classified A.G.i with Speech or Language Impairment.

*S.H. (Parent) and F.H. (Child)*

617.    F.H., the biological child of S.H., was born in 2016.

618.    Plaintiff S.H. and F.H. reside in the County of Kings, State of New York.

619.    DOE has classified F.H. with Other Health Impairment.

*S.J.(1) (Parent) and R.J. (Child)*

620.    R.J., the biological child of S.J.(1), was born in 2012.

621.    Plaintiff S.J.(1) and R.J. reside in the County of Kings, State of New York.

622.    DOE has classified R.J. with Speech or Language Impairment.

*S.J.(2) (Parent) and A.J. (Child)*

623.    A.J., the biological child of S.J.(2), was born in 2014.

624.    Plaintiff S.J.(2) and A.J. reside in the County of Richmond, State of New York.

625.    DOE has classified A.J. with Speech or Language Impairment.

### S.J.(3) (Parent) and S.J. (Child)

626.    S.J., the biological child of S.J.(3), was born in 2010.

627.    Plaintiff S.J.(3) and S.J. reside in the County of Kings, State of New York.

628.    DOE has classified S.J. with Speech or Language Impairment.

### S.L.(1) (Parent) and S.L.iii (Child)

629.    S.L.iii, the biological child of S.L.(1), was born in 2015.

630.    Plaintiff S.L.(1) and S.L.iii reside in the County of Kings, State of New York.

631.    DOE has classified S.L.iii with Speech or Language Impairment.

### S.L.(2) (Parent) and H.L. (Child)

632.    H.L., the biological child of S.L.(2), was born in 2007.

633.    Plaintiff S.L.(2) and H.L. reside in the County of Kings, State of New York.

634.    DOE has classified H.L. with Learning Disability.

### S.L.C. (Parent) and C.C.i (Child)

635.    C.C.i, the biological child of S.L.C., was born in 2008.

636.    Plaintiff S.L.C. and C.C.i reside in the County of Kings, State of New York.

637.    DOE has classified C.C.i with Speech or Language Impairment.

### S.O. (Parent) and E.O. and R.O. (Children)

638.    E.O., the biological child of S.O., was born in 2014.

639.    R.O., the biological child of S.O., was born in 2008.

640.    Plaintiff S.O., E.O., and R.O. reside in the County of Kings State of New York.

641.    DOE has classified E.O. with Intellectual Disability.

642.    DOE has classified R.O. with Speech or Language Impairment.

***S.R. (Parent) and N.R. and S.R.ii (Children)***

643.    N.R., the biological child of S.R., was born in 2011.

644.    S.R.ii, the biological child of S.R., was born in 2016.

645.    Plaintiff S.R. and N.R. reside in the County of Kings State of New York.

646.    DOE has classified N.R. with Speech or Language Impairment.

647.    DOE has classified S.R.ii with Speech or Language Impairment.

***S.S. (Parent) and Y.S.i (Child)***

648.    Y.S.i, the biological child of S.S., was born in 2006.

649.    Plaintiff S.S. and Y.S.i reside in the County of Kings, State of New York.

650.    DOE has classified Y.S.i with Speech or Language Impairment.

***S.T. (Parent) and E.T. and S.T.ii (Children)***

651.    E.T., the biological child of S.T., was born in 2012.

652.    S.T.ii, the biological child of S.T., was born in 2015.

653.    Plaintiff S.T., E.T., and S.T.ii reside in the County of Kings, State of New York.

654.    DOE has classified E.T. with Hearing Impairment.

655.    DOE has classified S.T.ii with Speech or Language Impairment.

***S.W.(1) (Parent) and E.W. (Child)***

656.    E.W., the biological child of S.W.(1), was born in 2007.

657.    Plaintiff S.W.(1) and E.W. reside in the County of Kings, State of New York.

658.    DOE has classified E.W. with Learning Disability.

***S.W.(2) (Parent) and M.W.iii (Child)***

659.    M.W.iii, the biological child of S.W.(2), was born in 2009.

660.    Plaintiff S.W.(2) and M.W.iii reside in the County of Kings, State of New York.

661.    DOE has classified M.W.iii with Speech or Language Impairment.

### S.W.(3) (Parent) and A.W.ii (Child)

662.    A.W.ii, the biological child of S.W.(3), was born in 2013.

663.    Plaintiff S.W.(3) and A.W.ii reside in the County of Kings, State of New York.

664.    DOE has classified A.W.ii with Speech or Language Impairment.

### T.B. (Parent) and Y.B.ii (Child)

665.    Y.B.ii, the biological child of T.B., was born in 2011.

666.    Plaintiff T.B. and Y.B.ii reside in the County of Kings State of New York.

667.    DOE has classified Y.B.ii with Speech or Language Impairment.

### T.F.G. (Parent) and N.G.i (Child)

668.    N.G.i, the biological child of T.F.G., was born in 2016.

669.    Plaintiff T.F.G. and N.G.i reside in the County of Kings, State of New York.

670.    DOE has classified N.G.i with Other Health Impairment.

### T.G.(1) (Parent) and M.M.ii (Child)

671.    M.M.ii, the biological child of T.G.(1), was born in 2013.

672.    Plaintiff T.G.(1) and M.M.ii reside in the County of Kings, State of New York.

673.    DOE has classified M.M.ii with Speech or Language Impairment.

### T.G.(2) (Parent) and E.G. (Child)

674.    E.G., the biological child of T.G.(2), was born in 2010.

675.    Plaintiff T.G.(2) and E.G. reside in the County of Kings, State of New York.

676.    DOE has classified E.G. with Speech or Language Impairment.

### T.I. (Parent) and H.I. (Child)

677.    H.I., the biological child of T.I., was born in 2016.

678.    Plaintiff T.I. and H.I. reside in the County of Kings State of New York.

679.    DOE has classified H.I. with Learning Disability.

### T.K.(1) (Parent) and S.K.iii (Child)

680.    S.K.iii, the biological child of T.K.(1), was born in 2011.

681.    Plaintiff T.K.(1) and S.K.iii reside in the County of Kings, State of New York.

682.    DOE has classified S.K.iii with Speech or Language Impairment.

### T.K.(2) (Parent) and H.K.i (Child)

683.    H.K.i, the biological child of T.K.(2), was born in 2016.

684.    Plaintiff T.K.(2) and H.K.i reside in the County of Kings State of New York.

685.    DOE has classified H.K.i with Speech or Language Impairment.

### T.N. (Parent) and H.N. and Y.N. (Children)

686.    H.N., the biological child of T.N., was born in 2015.

687.    Y.N., the biological child of T.N., was born in 2015.

688.    Plaintiff T.N., H.N., and Y.N. reside in the County of Kings, State of New York.

689.    DOE has classified H.N. with Visual Impairment.

690.    DOE has classified Y.N. with Visual Impairment.

### T.P. (Parent) and R.P. (Child)

691.    R.P., the biological child of T.P., was born in 2013.

692.    Plaintiff T.P. and R.P. reside in the County of Kings, State of New York.

693.    DOE has classified R.P. with Speech or Language Impairment.

### T.S. (Parent) and S.S.vi (Child)

694.    S.S.vi, the biological child of T.S., was born in 2014.

695.    Plaintiff T.S. and S.S.vi reside in the County of Kings, State of New York.

696.    DOE has classified S.S.vi with Speech or Language Impairment.

**V.K.(1) (Parent) and I.K. (Child)**

697.    I.K., the biological child of V.K.(1), was born in 2012.

698.    Plaintiff V.K.(1) and I.K. reside in the County of Kings, State of New York.

699.    DOE has classified I.K. with Learning Disability.

**V.K.(2) (Parent) and N.K.ii and S.K.i (Children)**

700.    N.K.ii, the biological child of V.K.(2), was born in 2008.

701.    S.K.i, the biological child of V.K.(2), was born in 2011.

702.    Plaintiff V.K.(2), N.K.ii, and S.K.i reside in the County of Kings State of New York.

703.    DOE has classified N.K.ii with Speech or Language Impairment.

704.    DOE has classified S.K.i with Learning Disability.

**V.S.(1) (Parent) and H.S. (Child)**

705.    H.S., the biological child of V.S.(1), was born in 2005.

706.    Plaintiff V.S.(1) and H.S. reside in the County of Kings, State of New York.

707.    DOE has classified H.S. with Speech or Language Impairment.

**V.S.(2) (Parent) and R.S.i (Child)**

708.    R.S.i, the biological child of V.S.(2), was born in 2014.

709.    Plaintiff V.S.(2) and R.S.i reside in the County of Kings, State of New York.

710.    DOE has classified R.S.i with Speech or Language Impairment.

**Y.A. (Parent) and P.A. (Child)**

711.    P.A., the biological child of Y.A., was born in 2014.

712.    Plaintiff Y.A. and P.A. reside in the County of Kings, State of New York.

713.    DOE has classified P.A. with Learning Disability.

***Y.D. (Parent) and S.D. (Child)***

714.    S.D., the biological child of Y.D., was born in 2009.

715.    Plaintiff Y.D. and S.D. reside in the County of Kings, State of New York.

716.    DOE has classified S.D. with Learning Disability.

***Y.G. (Parent) and A.L.G. (Child)***

717.    A.L.G., the biological child of Y.G., was born in 2013.

718.    Plaintiff Y.G. and A.L.G. reside in the County of Kings, State of New York.

719.    DOE has classified A.L.G. with Learning Disability.

***Y.H. (Parent) and S.H.ii (Child)***

720.    S.H.ii, the biological child of Y.H., was born in 2012.

721.    Plaintiff Y.H. and S.H.ii reside in the County of Kings State of New York.

722.    DOE has classified S.H.ii with Speech or Language Impairment.

***Y.K. (Parent) and N.K.iii (Child)***

723.    N.K.iii, the biological child of Y.K., was born in 2015.

724.    Plaintiff Y.K. and N.K.iii reside in the County of Kings, State of New York.

725.    DOE has classified N.K.iii with Speech or Language Impairment.

***Y.L.(1) (Parent) and S.L.v (Child)***

726.    S.L.v, the biological child of Y.L.(1), was born in 2015.

727.    Plaintiff Y.L.(1) and S.L.v reside in the County of Kings, State of New York.

728.    DOE has classified S.L.v with Speech or Language Impairment.

***Y.L.(2) (Parent) and S.L.iv (Child)***

729.    S.L.iv, the biological child of Y.L.(2), was born in 2010.

730.    Plaintiff Y.L.(2) and S.L.iv reside in the County of Kings, State of New York.

731.    DOE has classified S.L.iv with Speech or Language Impairment.

### Y.M. (Parent) and Y.M.i (Child)

732.    Y.M.i, the biological child of Y.M., was born in 2010.

733.    Plaintiff Y.M. and Y.M.i reside in the County of Kings, State of New York.

734.    DOE has classified Y.M.i with Other Health Impairment.

### Y.R.(1) (Parent) and S.R.iv (Child)

735.    S.R.iv, the biological child of Y.R.(1), was born in 2016.

736.    Plaintiff Y.R.(1) and S.R.iv reside in the County of Kings, State of New York.

737.    DOE has classified S.R.iv with Speech or Language Impairment.

### Y.R.(2) (Parent) and S.R.vi (Child)

738.    S.R.vi, the biological child of Y.R.(2), was born in 2014.

739.    Plaintiff Y.R.(2) and S.R.vi reside in the County of Kings, State of New York.

740.    DOE has classified S.R.vi with Speech or Language Impairment.

### Y.S.(1) (Parent) and Y.S.iv (Child)

741.    Y.S.iv, the biological child of Y.S.(1), was born in 2012.

742.    Plaintiff Y.S.(1) and Y.S.iv reside in the County of Kings, State of New York.

743.    DOE has classified Y.S.iv with Other Health Impairment.

### Y.S.(2) (Parent) and Y.S.iii (Child)

744.    Y.S.iii, the biological child of Y.S.(2), was born in 2013.

745.    Plaintiff Y.S.(2) and Y.S.iii reside in the County of Kings, State of New York.

746.    DOE has classified Y.S.iii with Speech or Language Impairment.

### Y.S.(3) (Parent) and C.M.S. (Child)

747.    C.M.S., the biological child of Y.S.(3), was born in 2012.

748.    Plaintiff Y.S.(3) and C.M.S. reside in the County of Kings, State of New York.

749.    DOE has classified C.M.S. with Speech or Language Impairment.

### Z.K. (Parent) and B.K. (Child)

750.    B.K., the biological child of Z.K., was born in 2014.

751.    Plaintiff Z.K. and B.K. reside in the County of Richmond, State of New York.

752.    DOE has classified B.K. with Speech or Language Impairment.

### Z.S. (Parent) and S.S.i (Child)

753.    S.S.i, the biological child of Z.S., was born in 2014.

754.    Plaintiff Z.S. and S.S.i reside in the County of Kings, State of New York.

755.    DOE has classified S.S.i with Speech or Language Impairment.

## JURISDICTION AND VENUE

756.    Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, including the procedural safeguards of IDEA, 20 U.S.C. § 1415, regardless of the amount in controversy.

757.    Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the defendant.

## IESP FRAMEWORK

758.    Under Congress' Spending Clause authority, the IDEA establishes a program providing funds to New York (among other States) to assist in their efforts to educate children with disabilities. *See* 20 U.S.C. § 1400 *et seq.*; *see also* U.S. Const. art. I § 8, cl. 1.

759.    New York State's statutory efforts to abide by the IDEA are promogulated under New York Education Law Article 89 (§§ 4401 – 4410-c), in conjunction with related provisions under, among others, New York Education Law Article 73 § 3602-c.

760.    Under New York State's "dual enrollment" statute (N.Y. Educ. L. § 3602-c), when a student who resides in New York is eligible for special education services and attends a nonpublic school, they may receive an IESP.

761.    The same Committee on Special Education ("CSE") tasked with developing the common Individualized Education Program ("IEP") is also tasked with creating, when appropriate, an IESP. N.Y. Educ. L. § 3602-c; 20 U.S.C. § 1414(d)(1)(A)-(B); 34 C.F.R. §§ 300.320, 300.321; 8 N.Y.C.R.R. §§ 200.3, 200.4(d)(2).

762.    When an IESP-related dispute occurs between a parent and school district, N.Y. Educ. L. § 3602-c(2)(b)(1) provides that: "Review of the recommendation of the committee on special education may be obtained by the parent or person in parental relation of the pupil pursuant to the provisions of [N.Y. Educ. L. § 4404]," which effectuates the due process provisions summoned by the IDEA.

763.    New York State has implemented a two-tiered system of administrative review to address disputed matters between parents and school districts regarding "any matter relating to the identification, evaluation or educational placement of a student with a disability, or a student suspected of having a disability, or the provision of a free appropriate public education to such student." 8 N.Y.C.R.R. § 200.5(i)(1); 20 U.S.C. § 1415(b)(6)-(7); 34 C.F.R. §§ 300.503(a)(1)-(2), 300.507(a)(1).

764.    After opportunity for a resolution process, the parties' first level of review is before an Impartial Hearing Officer ("IHO") who conducts a trial-type hearing regarding the matters in

dispute. N.Y. Educ. L. § 4404(1)(a); 8 N.Y.C.R.R. § 200.5(j); 20 U.S.C. § 1415(f)(2)(A), (h)(1)-(3); 34 C.F.R. § 300.512(a)(1)-(4).

765.    The decision of the IHO is binding upon the parties unless appealed. N.Y. Educ. L. § 4404(1).

766.    A party aggrieved by the decision of an IHO may subsequently appeal to a State Review Officer ("SRO"). N.Y. Educ. L. § 4404(2); 20 U.S.C. § 1415(g)(1); 34 C.F.R. § 300.514(b)(1); 8 N.Y.C.R.R. § 200.5(k).

767.    Any party who does not have the right to an appeal to an SRO but is aggrieved by the decision of an IHO has the right to bring a civil action with respect to the due process complaint, in a district court of the United States, without regard to the amount in controversy. 20 U.S.C. § 1415(i)(2)(A).

768.    After a final binding decision on the substance of a matter, the district courts of the United States have original jurisdiction of actions concerning attorneys' fees, without regard to the amount in controversy. 20 U.S.C. § 1415(i)(3)(A).

## **FACTUAL BACKGROUND**

### *A.G., individually and on behalf of S.G.ii – Case No. 224262*

769.    On February 2, 2022, A.G., via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.G.ii, by submitting a DPC to DOE's Impartial Hearing Office.

770.    A.G.'s DPC alleged how DOE denied S.G.ii FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

771.    A.G.'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

772.  This case was assigned Impartial Hearing Office Case No. 224262.

773.  As to FAPE, DOE did not concede.

774.  As to relief, DOE did not concede.

775.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

776.  On June 30, 2022, DOE failed to appear for the hearing, whereupon A.G.'s counsel presented the case and the IHO advising that a decision would issue.

777.  On June 30, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.G.ii a FAPE for the 2021-22 school year.

778.  The FOFD's findings of fact and conclusions of law were in A.G.'s favor.

779.  The IHO awarded relief, including:

    a.  SETSS (10 hours/week, direct group, Yiddish);

    b.  ST (1x30, 1:1, Yiddish);

    c.  ST (1x30, group, Yiddish);

    d.  OT (1x30, 1:1);

    e.  PT (2x30, 1:1);

    f.  counseling (1x30, 1:1, Yiddish);

    g.  counseling (1x30, group, Yiddish);

    h.  parent counseling and training (1x60, group).

780.  The FOFD's awarded relief was in the A.G.'s favor.

781.  Neither side appealed from the FOFD.

782.  On March 10, 2024, A.G., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

783.    The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

784.    The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

785.    The attorney's hours worked at the time of the fee demand were 4.3 (Philippe Gerschel).

786.    The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith) and 1.4 (Alexander Sprei).

787.    The fee demand was in the amount of $2,510.00.

788.    As to review of the fee demand, DOE denied that it owes any fees.

### A.L., individually and on behalf of Y.L.iii – Case No. 203431

789.    On November 2, 2020, A.L., via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.L.iii, by submitting a DPC to DOE's Impartial Hearing Office.

790.    A.L.'s DPC alleged how DOE denied Y.L.iii FAPE for the 2020-21 and 2021-22 school years, including via DOE's failures to:

    a.    offer an appropriate program;

    b.    recommend sufficient SETSS and related services to enable the success of the LRE placement;

    c.    recommend SETSS as an "individual service";

    d.    implement its recommendations.

791.    A.L.'s DPC proposed various relief, including an order that:

    a.    the SETSS mandate be changed from group to individual service;

    b.    DOE fund the SETSS periods and related services at the providers' prevailing rate;

      c.      DOE fund a bank of compensatory periods of SETSS and related services.

792.    This case was assigned Impartial Hearing Office Case No. 203431.

793.    As to FAPE, DOE did not concede.

794.    As to relief, DOE did not concede.

795.    Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, seven  parent exhibits, and one parent witness.

796.    On October 22, 2021, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

797.    On December 6, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

798.    On January 18, 2022, upon presentation of A.L.'s case, the IHO advised that a final decision would soon issue.

799.    On February 13, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.L.iii a FAPE for the 2020-21 and 2021-22 school years.

800.    The FOFD's findings of fact and conclusions of law were in A.L.'s favor.

801.    The IHO awarded relief, including:

      a.      a bank of SETSS periods DOE failed to provide;

      b.      a bank of counseling periods DOE failed to provide.

802.    The FOFD's awarded relief was in the A.L.'s favor.

803.    Neither side appealed from the FOFD.

804.    On June 13, 2022, A.L., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

805.     The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

806.     The paralegal staff, whose rate was $200, consisted of Shira Flusberg and Alexander Sprei.

807.     The attorney's hours worked at the time of the fee demand were 5.2 (Philippe Gerschel).

808.     The paralegals' hours worked at the time of the fee demand were 0.4 (Shira Flusberg) and 3.0 (Alexander Sprei).

809.     The fee demand was in the amount of $3,280.00.

810.     As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### A.S.(1), individually and on behalf of Y.Y.S. – Case No. 223472

811.     On January 5, 2022, A.S.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.Y.S., by submitting a DPC to DOE's Impartial Hearing Office.

812.     A.S.(1)'s DPC alleged how DOE denied Y.Y.S. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

813.     A.S.(1)'s DPC proposed various relief, including an order that DOE fund:

     a.     located providers at their prevailing rate;

     b.     a bank of compensatory periods of SETSS or related services.

814.     This case was assigned Impartial Hearing Office Case No. 223472.

815.     As to FAPE, DOE did not concede.

816.     As to relief, DOE did not concede.

817.     Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

818.    On June 22, 2022, DOE failed to appear for the hearing, whereupon A.S.(1)'s counsel presented the case and the IHO advising that a decision would issue.

819.    On June 22, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.Y.S. a FAPE for the 2021-22 school year.

820.    The FOFD's findings of fact and conclusions of law were in A.S.(1)'s favor.

821.    The IHO awarded relief, including SETSS (5 periods/week, 1:1, Yiddish, at market rate).

822.    The FOFD's awarded relief was in the A.S.(1)'s favor.

823.    Neither side appealed from the FOFD.

824.    On January 4, 2024, A.S.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

825.    The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

826.    The paralegal staff, whose rate was $200, consisted of Gracie Reilzig and Alexander Sprei.

827.    The attorney's hours worked at the time of the fee demand were 4.7 (Philippe Gerschel).

828.    The paralegals' hours worked at the time of the fee demand were 0.4 (Gracie Reilzig) and 1.6 (Alexander Sprei).

829.    The fee demand was in the amount of $2,750.00.

830.    As to review of the fee demand, DOE denied that it owes any fees.

### A.S.(2), individually and on behalf of C.S.i – Case No. 215966

831.    On September 9, 2021, A.S.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, C.S.i, by submitting a DPC to DOE's Impartial Hearing Office.

832.    A.S.(2)'s DPC alleged how DOE denied C.S.i FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    offer an appropriate program;

    b.    recommend the continuation of a SEIT program;

    c.    recommend an appropriate placement.

833.    A.S.(2)'s DPC proposed various relief, including an order that:

    a.    DOE continue to fund the prior IEP;

    b.    absent providers, DOE fund a bank of compensatory education equivalent to the missed services.

834.    This case was assigned Impartial Hearing Office Case No. 215966.

835.    As to FAPE, DOE did not concede.

836.    As to relief, DOE did not concede.

837.    Over the course of six hearing dates, the evidence included no DOE exhibits, no DOE witnesses, nine parent exhibits, and two parent witnesses.

838.    On October 20, 2021, DOE failed to appear, leading to the IHO granting pendency and rescheduling the merits hearing.

839.    On November 18, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

840.    On December 17, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

841.    On February 15, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

842.    On April 4, 2022, upon presentation of A.S.(2)'s case, the IHO advised that a final decision would soon issue.

843. On May 24, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered C.S.i a FAPE for the 2021-22 school year.

844. The FOFD's findings of fact and conclusions of law were in A.S.(2)'s favor.

845. The IHO awarded relief, including:

    a.    SETSS (5 periods/week, at $165/hour);

    b.    ST (3x30, 1:1, at market rate);

    c.    OT (2x30, 1:1, at market rate);

    d.    a bank of OT (40 hours).

846. The FOFD's awarded relief was in the A.S.(2)'s favor.

847. Neither side appealed from the FOFD.

848. On February 1, 2024, A.S.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

849. The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

850. The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

851. The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Sara Goldsmith, Miriam Leonorovitz, and Alexander Sprei.

852. The attorneys' hours worked at the time of the fee demand were 7.7 (Philippe Gerschel) and 0.3 (Patrick Keogh).

853. The paralegals' hours worked at the time of the fee demand were 0.4 (Margaret Rice), 0.2 (Sara Goldsmith), 3.9 (Miriam Leonorovitz), 3.2 (Alexander Sprei).

854.    The fee demand was in the amount of $5,570.00.

855.    As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

**B.E., individually and on behalf of B.E. – Case No. 223508**

856.    On January 6, 2022, B.E., via Plaintiff, initiated an impartial due process hearing on behalf of her child, B.E., by submitting a DPC to DOE's Impartial Hearing Office.

857.    B.E.'s DPC alleged how DOE denied B.E. FAPE for the 2021-22 school year, including via DOE's failures to:

a.    convene an IEP/IESP meeting;

b.    recommend placement or services.

858.    B.E.'s DPC proposed various relief, including an order that:

a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

b.    DOE fund a bank of compensatory periods of all services.

859.    This case was assigned Impartial Hearing Office Case No. 223508.

860.    As to FAPE, DOE did not concede.

861.    As to relief, DOE did not concede.

862.    Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

863.    On June 22, 2022, DOE failed to appear for the hearing, whereupon B.E.'s counsel presented the case and the IHO advising that a decision would issue.

864.    On June 22, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered B.E. a FAPE for the 2021-22 school year.

865. The FOFD's findings of fact and conclusions of law were in B.E.'s favor.

866. The IHO awarded relief, including SETSS (5 periods/week, direct group, Yiddish, at market rate).

867. The FOFD's awarded relief was in the B.E.'s favor.

868. Neither side appealed from the FOFD.

869. On January 18, 2024, B.E., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

870. The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

871. The paralegal staff, whose rate was $200, consisted of Gracie Reilzig and Alexander Sprei.

872. The attorney's hours worked at the time of the fee demand were 4.4 (Philippe Gerschel).

873. The paralegals' hours worked at the time of the fee demand were 0.4 (Gracie Reilzig) and 1.3 (Alexander Sprei).

874. The fee demand was in the amount of $2,540.00.

875. As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### B.F., individually and on behalf of C.F. – Case No. 207694

876. On April 6, 2021, B.F., via Plaintiff, initiated an impartial due process hearing on behalf of her child, C.F., by submitting a DPC to DOE's Impartial Hearing Office.

877. B.F.'s DPC alleged how DOE denied C.F. FAPE for the 2020-21 school year, including via DOE's failures to:

    a.      recommend an appropriate placement or sufficient services to support a mainstream placement;

    b.      implement its recommendations.

878.    B.F.'s DPC proposed various relief, including an order that:

    a.      absent an up-to-date program, DOE continue funding the prior IESP at the provider's prevailing rate;

    b.      DOE fund a bank of compensatory periods of all services.

879.    This case was assigned Impartial Hearing Office Case No. 207694.

880.    As to FAPE, DOE did not concede.

881.    As to relief, DOE did not concede.

882.    Over the course of five hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and one parent witness.

883.    On January 4, 2022, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

884.    On February 8, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

885.    On April 27, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

886.    On June 15, 2022, upon DOE's failure to appear, B.F.'s counsel presented the case, and the IHO advised that a final decision would soon issue.

887.    On June 29, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered C.F. a FAPE for the 2020-21 school year.

888.    The FOFD's findings of fact and conclusions of law were in B.F.'s favor.

889.    The IHO awarded relief, including:

    a.    SETSS (5 periods/week, group, direct, Yiddish);

    b.    a bank of SETSS (160 periods, at market rate).

890.    The FOFD's awarded relief was in the B.F.'s favor.

891.    Neither side appealed from the FOFD.

892.    On November 21, 2023, B.F., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

893.    The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

894.    The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Sasha Karimova, Sara Goldsmith, and Alexander Sprei.

895.    The attorney's hours worked at the time of the fee demand were 5.2 (Philippe Gerschel).

896.    The paralegals' hours worked at the time of the fee demand were 1.0 (Margaret Rice), 0.7 (Sasha Karimova), 0.3 (Sara Goldsmith), and 3.9 (Alexander Sprei).

897.    The fee demand was in the amount of $3,930.00.

898.    As to review of the fee demand, DOE denied that it owes any fees.

### B.H., individually and on behalf of M.H.ii – Case No. 203535

899.    On November 4, 2020, B.H., via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.H.ii, by submitting a DPC to DOE's Impartial Hearing Office.

900.    B.H.'s DPC alleged how DOE denied M.H.ii FAPE for the 2020-21 school year, including via DOE's failures to:

a.     reconvene an IEP/IESP team; offer an appropriate program; recommend sufficient SETSS and related services to enable the success of the LRE placement;

b.     recommend SETSS as an "individual service";

c.     implement its recommendations.

901.    B.H.'s DPC proposed various relief, including an order that:

a.     DOE authorize and fund the requested IEEs;

b.     CSE implement the findings of said IEEs;

c.     the SETSS mandate be changed from group to individual service;

d.     DOE fund the SETSS periods and related services at the providers' prevailing rate;

e.     DOE fund a bank of compensatory periods of SETSS and related services.

902.    This case was assigned Impartial Hearing Office Case No. 203535.

903.    As to FAPE, DOE did not concede.

904.    As to relief, DOE did not concede.

905.    Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

906.    On October 22, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

907.    On November 30, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

908.    On January 14, 2022, upon DOE's failure to appear, B.H.'s counsel presented the case, and the IHO advised that a final decision would soon issue.

909.    On February 13, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.H.ii a FAPE for the 2020-21 school year.

910.    The FOFD's findings of fact and conclusions of law were in B.H.'s favor.

911.    The IHO awarded relief, including a bank of SETSS (40 hours, at market rate).

912.    The FOFD's awarded relief was in the B.H.'s favor.

913.    Neither side appealed from the FOFD.

914.    On January 5, 2024, B.H., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

915.    The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

916.    The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

917.    The attorney's hours worked at the time of the fee demand were 8.0 (Philippe Gerschel).

918.    The paralegals' hours worked at the time of the fee demand were 1.0 (Margaret Rice), 0.5 (Miriam Leonorovitz), and 1.6 (Alexander Sprei).

919.    The fee demand was in the amount of $4,770.00.

920.    As to review of the fee demand, DOE has not made a substantive response.

### B.K.(1), individually and on behalf of S.K.ii – Case No. 206090

921.    On January 19, 2021, B.K.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.K.ii, by submitting a DPC to DOE's Impartial Hearing Office.

922.    B.K.(1)'s DPC alleged how DOE denied S.K.ii FAPE for the 2020-21 school year, including via DOE's failures to:

a.    offer an appropriate program;

b.    recommend sufficient SETSS and related services to enable the success of the LRE placement;

c.    recommend SETSS as an "individual service";

    d.      implement its recommendations.

923.    B.K.(1)'s DPC proposed various relief, including an order that:

    a.      DOE authorize and fund the requested IEEs;

    b.      CSE implement the findings of said IEEs;

    c.      the SETSS mandate be changed from group to individual service;

    d.      DOE fund the SETSS periods and related services at the providers' prevailing rate;

    e.      DOE fund a bank of compensatory periods of SETSS and related services.

924.    This case was assigned Impartial Hearing Office Case No. 206090.

925.    As to FAPE, DOE did not concede.

926.    As to relief, DOE did not concede.

927.    Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

928.    On January 4, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

929.    On February 3, 2022, upon DOE's failure to appear, B.K.(1)'s counsel presented a case and the IHO advised that a final decision would soon issue.

930.    On February 23, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.K.ii a FAPE for the 2020-21 school year.

931.    The FOFD's findings of fact and conclusions of law were in B.K.(1)'s favor.

932.    The IHO awarded relief, including SETSS (85 hours, at $175/hour).

933.    The FOFD's awarded relief was in the B.K.(1)'s favor.

934.    Neither side appealed from the FOFD.

935.    On February 24, 2024, B.K.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

936.    The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

937.    The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

938.    The attorney's hours worked at the time of the fee demand were 8.9 (Philippe Gerschel).

939.    The paralegals' hours worked at the time of the fee demand were 0.4 (Miriam Leonorovitz) and 1.7 (Alexander Sprei).

940.    The fee demand was in the amount of $4,870.00.

941.    As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### B.K.(2) and I.K., individually and on behalf of R.K.i – Case No. 204554

942.    On December 3, 2020, B.K.(2) and I.K., via Plaintiff, initiated an impartial due process hearing on behalf of her child, R.K.i, by submitting a DPC to DOE's Impartial Hearing Office.

943.    B.K.(2) and I.K.'s DPC alleged how DOE denied R.K.i FAPE for the 2020-21 school year, including via DOE's failures to:

a.    offer an appropriate program;

b.    recommend sufficient SETSS and related services to enable the success of the LRE placement; recommend SETSS as an "individual service";

c.    implement its recommendations.

944.    B.K.(2) and I.K.'s DPC proposed various relief, including an order that:

a.    DOE authorize and fund the requested IEEs;

b.    the SETSS mandate be changed from group to individual service;

      c.      DOE fund the SETSS periods and related services at the providers' prevailing rate;

      d.      DOE fund a bank of compensatory periods of SETSS and related services.

945.    This case was assigned Impartial Hearing Office Case No. 204554.

946.    As to FAPE, DOE did not concede.

947.    As to relief, DOE did not concede.

948.    Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

949.    On March 9, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

950.    On March 28, 2022, upon presentation of B.K.(2)'s case, the IHO advised that a final decision would soon issue.

951.    On May 10, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered R.K.i a FAPE for the 2020-21 school year.

952.    The FOFD's findings of fact and conclusions of law were in B.K.(2) and I.K.'s favor.

953.    The IHO awarded relief, including:

      a.      SETSS (7 periods/week, group, direct, Yiddish, at market rate);

      b.      OT (2x30, 1:1, English);

      c.      counseling (1x30, group, Yiddish).

954.    The FOFD's awarded relief was in the B.K.(2) and I.K.'s favor.

955.    Neither side appealed from the FOFD.

956.    On July 8, 2022, B.K.(2) and I.K., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

957.    The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

958.    The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

959.    The attorney's hours worked at the time of the fee demand were 4.2 (Philippe Gerschel).

960.    The paralegals' hours worked at the time of the fee demand were 0.4 (Margaret Rice), 0.9 (Miriam Leonorovitz), and 1.6 (Alexander Sprei).

961.    The fee demand was in the amount of $2,740.00.

962.    As to review of the fee demand, negotiations reached a standstill.

### B.L.(1), individually and on behalf of Y.L.ii – Case No. 217342

963.    On September 13, 2021, B.L.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.L.ii, by submitting a DPC to DOE's Impartial Hearing Office.

964.    B.L.(1)'s DPC alleged how DOE denied Y.L.ii FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

965.    B.L.(1)'s DPC proposed various relief, including an order that:

    a.    DOE fund located providers at their prevailing rate;

    b.    DOE fund a bank of compensatory periods of SETSS or related services.

966.    This case was assigned Impartial Hearing Office Case No. 217342.

967.    As to FAPE, DOE did not concede.

968.    As to relief, DOE did not concede.

969.    Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and no parent witnesses.

970.    On November 5, 2021, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

971.    On December 15, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

972.    On January 20, 2022, upon presentation of B.L.(1)'s case, the IHO advised that a final decision would soon issue.

973.    On February 13, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.L.ii a FAPE for the 2021-22 school year.

974.    The FOFD's findings of fact and conclusions of law were in B.L.(1)'s favor.

975.    The IHO awarded relief, including:

    a.    SETSS (5 periods/week, group, bilingual Yiddish, at $150/hour);

    b.    ST (2x30, individual, bilingual Yiddish, at market rate).

976.    The FOFD's awarded relief was in the B.L.(1)'s favor.

977.    Neither side appealed from the FOFD.

978.    On January 21, 2024, B.L.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

979.    The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

980.    The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

981.    The attorney's hours worked at the time of the fee demand were 9.9 (Philippe Gerschel).

982.    The paralegals' hours worked at the time of the fee demand were 0.4 (Margaret Rice), 0.5 (Miriam Leonorovitz), and 1.3 (Alexander Sprei).

983.    The fee demand was in the amount of $5,450.00.

984.    As to review of the fee demand, DOE has not made a substantive response.

### *B.L.(2), individually and on behalf of Y.L.i*

### Case No. 223264

985.    On December 29, 2021, B.L.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.L.i, by submitting a DPC to DOE's Impartial Hearing Office.

986.    B.L.(2)'s DPC alleged how DOE denied Y.L.i FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

987.    B.L.(2)'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

988.    This case was assigned Impartial Hearing Office Case No. 223264.

989.    As to FAPE, DOE did not concede.

990.    As to relief, DOE did not concede.

991.    Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

992.    On June 17, 2022, upon presentation of B.L.(2)'s case, the IHO advised that a decision would soon issue.

993. On June 17, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.L.i a FAPE for the 2021-22 school year.

994. The FOFD's findings of fact and conclusions of law were in B.L.(2)'s favor.

995. The IHO awarded relief, including:

    a.    SETSS (4 periods/week, direct group);

    b.    ST (1x30, 1:1, at market rate).

996. The FOFD's awarded relief was in the B.L.(2)'s favor.

997. Neither side appealed from the FOFD.

998. On January 31, 2024, B.L.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

999. The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

1000. The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1001. The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

1002. The attorneys' hours worked at the time of the fee demand were 4.1 (Philippe Gerschel) and 0.5 (Patrick Keogh).

1003. The paralegal's hours worked at the time of the fee demand were 1.9 (Alexander Sprei).

1004. The fee demand was in the amount of $2,630.00.

1005. As to review of the fee demand, DOE has not made a substantive response.

**Case No. 224629**

1006. On February 22, 2022, B.L.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.L.i, by submitting a DPC to DOE's Impartial Hearing Office.

1007.  B.L.(2)'s DPC alleged how DOE denied Y.L.i FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

1008.  B.L.(2)'s DPC proposed various relief, including an order that DOE fund a bank of SETSS and related services.

1009.  This case was assigned Impartial Hearing Office Case No. 224629.

1010.  As to FAPE, DOE did not concede.

1011.  As to relief, DOE did not concede.

1012.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

1013.  On June 17, 2022, upon presentation of B.L.(2)'s case, the IHO advised that a decision would soon issue.

1014.  On June 17, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.L.i a FAPE for the 2021-22 school year.

1015.  The FOFD's findings of fact and conclusions of law were in B.L.(2)'s favor.

1016.  The IHO awarded relief, including SETSS (64 hours).

1017.  The FOFD's awarded relief was in the B.L.(2)'s favor.

1018.  Neither side appealed from the FOFD.

1019.  On March 3, 2024, B.L.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1020.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

1021.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1022. The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

1023. The attorneys' hours worked at the time of the fee demand were 4.3 (Philippe Gerschel) and 1.1 (Patrick Keogh).

1024. The paralegal's hours worked at the time of the fee demand were 0.4 (Alexander Sprei).

1025. The fee demand was in the amount of $2,670.00.

1026. As to review of the fee demand, DOE has not made a substantive response.

### B.M., individually and on behalf of B.M. – Case No. 219719

1027. On October 18, 2021, B.M., via Plaintiff, initiated an impartial due process hearing on behalf of her child, B.M., by submitting a DPC to DOE's Impartial Hearing Office.

1028. B.M.'s DPC alleged how DOE denied B.M. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

1029. B.M.'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

1030. This case was assigned Impartial Hearing Office Case No. 219719.

1031. As to FAPE, DOE did not concede.

1032. As to relief, DOE did not concede.

1033. Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

1034. On April 19, 2022, the parties and IHO convened, leading to scheduling the pendency hearing.

1035. On May 27, 2022, DOE failed to appear, whereupon the IHO reviewed and granted pendency.

1036.   On June 10, 2022, upon presentation of B.M.'s case, the IHO advised that a final decision would soon issue.

1037.   On June 13, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered B.M. a FAPE for the 2021-22 school year.

1038.   The FOFD's findings of fact and conclusions of law were in B.M.'s favor.

1039.   The IHO awarded relief, including SETSS (3 hours/week, direct group).

1040.   The FOFD's awarded relief was in the B.M.'s favor.

1041.   Neither side appealed from the FOFD.

1042.   On January 29, 2024, B.M., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1043.   The lead attorney was Philippe Gerschel, with occasional assistance from Jie Luo and Patrick Keogh.

1044.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel), $400 (Jie Luo), and $400 (Patrick Keogh), were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1045.   The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

1046.   The attorneys' hours worked at the time of the fee demand were 4.2 (Philippe Gerschel), 0.6 (Jie Luo), and 1.0 (Patrick Keogh).

1047.   The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith) and 1.7 (Alexander Sprei).

1048.   The fee demand was in the amount of $3,160.00.

1049.   As to review of the fee demand, DOE has not made a substantive response.

### *B.S., individually and on behalf of E.S.ii – Case No. 216867*

1050.   On September 13, 2021, B.S., via Plaintiff, initiated an impartial due process hearing on behalf of her child, E.S.ii, by submitting a DPC to DOE's Impartial Hearing Office.

1051.   B.S.'s DPC alleged how DOE denied E.S.ii FAPE for the 2021-22 school year, including via DOE's failures to:

      a.     offer an appropriately updated program;

      b.     recommend the continuation of a SEIT program;

      c.     recommend an appropriate placement.

1052.   B.S.'s DPC proposed various relief, including an order that:

      a.     DOE continue to fund the prior IEP;

      b.     absent providers, DOE fund a bank of compensatory education equivalent to the missed services.

1053.   This case was assigned Impartial Hearing Office Case No. 216867.

1054.   As to FAPE, DOE did not concede.

1055.   As to relief, DOE did not concede.

1056.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, ten parent exhibits, and two parent witnesses.

1057.   On February 24, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

1058.   On March 9, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

1059.   On March 21, 2022, upon DOE's failure to appear, B.S.'s counsel presented the case, and the IHO advised that a final decision would soon issue.

1060.   On March 31, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered E.S.ii a FAPE for the 2021-22 school year.

1061.   The FOFD's findings of fact and conclusions of law were in B.S.'s favor.

1062.   The IHO awarded relief, including:

      a.      SEIT (5 hours/week, 2:1, Yiddish language);

      b.      ST (2x30, 2:1, Yiddish language);

      c.      PT (2x30, 2:1);

      d.      OT (2x30, 2:1).

1063.   The FOFD's awarded relief was in the B.S.'s favor.

1064.   Neither side appealed from the FOFD.

1065.   On February 3, 2024, B.S., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1066.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

1067.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1068.   The paralegal staff, whose rate was $200, consisted of Sara Goldsmith, Miriam Leonorovitz, and Alexander Sprei.

1069.   The attorneys' hours worked at the time of the fee demand were 6.8 (Philippe Gerschel) and 1.8 (Patrick Keogh).

1070.   The paralegals' hours worked at the time of the fee demand were 0.7 (Sara Goldsmith), 3.1 (Miriam Leonorovitz), and 3.0 (Alexander Sprei).

1071.   The fee demand was in the amount of $5,480.00.

1072.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### *B.Y., individually and on behalf of N.S. – Case No. 220989*

1073.   On November 5, 2021, B.Y., via Plaintiff, initiated an impartial due process hearing on behalf of her child, N.S., by submitting a DPC to DOE's Impartial Hearing Office.

1074.   B.Y.'s DPC alleged how DOE denied N.S. FAPE for the 2021-22 school year, including via DOE's failures to:

      a.     offer an appropriately updated program;

      b.     recommend the continuation of a SEIT program;

      c.     recommend an appropriate placement.

1075.   B.Y.'s DPC proposed various relief, including an order that:

      a.     absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

      b.     DOE fund a bank of compensatory periods of all services.

1076.   This case was assigned Impartial Hearing Office Case No. 220989.

1077.   As to FAPE, DOE did not concede.

1078.   As to relief, DOE did not concede.

1079.   Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

1080.   On May 23, 2022, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

1081.   On June 24, 2022, upon presentation of B.Y.'s case, the IHO advised that a final decision would soon issue.

1082.   On June 24, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered N.S. a FAPE for the 2021-22 school year.

1083.   The FOFD's findings of fact and conclusions of law were in B.Y.'s favor.

1084.   The IHO awarded relief, including:

     a.    SETSS (10 periods/week, 1:1);

     b.    ST (3x30, 1:1, at market rate).

1085.   The FOFD's awarded relief was in the B.Y.'s favor.

1086.   Neither side appealed from the FOFD.

1087.   On February 17, 2024, B.Y., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1088.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1089.   The paralegal staff, whose rate was $200, consisted of Sara Goldsmith, Miriam Leonorovitz, and Alexander Sprei.

1090.   The attorney's hours worked at the time of the fee demand were 5.9 (Philippe Gerschel).

1091.   The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith), 0.3 (Miriam Leonorovitz), and 1.6 (Alexander Sprei).

1092.   The fee demand was in the amount of $3,410.00.

1093.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### *B.Z., individually and on behalf of M.Z. – Case No. 221115*

1094.   On November 8, 2021, B.Z., via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.Z., by submitting a DPC to DOE's Impartial Hearing Office.

1095.   B.Z.'s DPC alleged how DOE denied M.Z. FAPE for the 2021-22 school year, including via DOE's failures to:

a.      offer an appropriate program;

b.      recommend an appropriate placement.

1096.   B.Z.'s DPC proposed various relief, including an order that:

a.      continue the prior FOFD's recommendations for the school year;

b.      DOE fund a bank of compensatory education.

1097.   This case was assigned Impartial Hearing Office Case No. 221115.

1098.   As to FAPE, DOE did not concede.

1099.   As to relief, DOE did not concede.

1100.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, nine parent exhibits, and two parent witnesses.

1101.   On December 28, 2021, upon DOE's failure to appear, the IHO reviewed and granted B.Z.'s pendency request.

1102.   On February 18, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

1103.   On April 6, 2022, upon DOE's failure to appear, B.Z.'s counsel presented the case, and the IHO advised that a final decision would soon issue.

1104.   On April 20, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.Z. a FAPE for the 2021-22 school year.

1105.   The FOFD's findings of fact and conclusions of law were in B.Z.'s favor.

1106.   The IHO awarded relief, including that DOE fund the private SETSS.

1107.   The FOFD's awarded relief was in the B.Z.'s favor.

1108.   Neither side appealed from the FOFD.

1109.   On June 29, 2022, B.Z., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1110.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

1111.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1112.   The paralegal staff, whose rate was $200, consisted of Shira Flusberg, Miriam Leonorovitz, and Alexander Sprei.

1113.   The attorneys' hours worked at the time of the fee demand were 5.0 (Philippe Gerschel) and 0.4 (Patrick Keogh).

1114.   The paralegals' hours worked at the time of the fee demand were 0.2 (Shira Flusberg), 3.4 (Miriam Leonorovitz), and 2.0 (Alexander Sprei).

1115.   The fee demand was in the amount of $3,580.00.

1116.   As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### *C.B., individually and on behalf of Y.B.iii – Case No. 212834*

1117.   On September 2, 2021, C.B., via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.B.iii, by submitting a DPC to DOE's Impartial Hearing Office.

1118.   C.B.'s DPC alleged how DOE denied Y.B.iii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.        convene an IEP/IESP meeting;

    b.        recommend placement or services.

1119.   C.B.'s DPC proposed various relief, including an order that:

    a.        absent an up-to-date program, DOE continue funding the prior IEP at the provider's

prevailing rate;

    b.        DOE fund a bank of compensatory periods of all services.

1120.   This case was assigned Impartial Hearing Office Case No. 212834.

1121.   As to FAPE, DOE did not concede.

1122.   As to relief, DOE did not concede.

1123.   Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, eight parent exhibits, and two parent witnesses.

1124.   On February 2, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

1125.   On March 2, 2022, upon presentation of C.B.'s case, the IHO advised that a final decision would soon issue.

1126.   On March 18, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.B.iii a FAPE for the 2021-22 school year.

1127.   The FOFD's findings of fact and conclusions of law were in C.B.'s favor.

1128.   The IHO awarded relief, including:

    a.        SETSS (5 hours/week, at market rate);

    b.        a bank of compensatory SETSS (42 hours, at market rate).

1129.   The FOFD's awarded relief was in the C.B.'s favor.

1130.   Neither side appealed from the FOFD.

1131. On January 27, 2024, C.B., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1132. The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1133. The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

1134. The attorney's hours worked at the time of the fee demand were 8.9 (Philippe Gerschel).

1135. The paralegals' hours worked at the time of the fee demand were 3.9 (Miriam Leonorovitz) and 2.0 (Alexander Sprei).

1136. The fee demand was in the amount of $5,630.00.

1137. As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### C.C., individually and on behalf of C.C.ii – Case No. 220266

1138. On October 25, 2021, C.C., via Plaintiff, initiated an impartial due process hearing on behalf of her child, C.C.ii, by submitting a DPC to DOE's Impartial Hearing Office.

1139. C.C.'s DPC alleged how DOE denied C.C.ii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    offer an appropriate program;

    b.    recommend the continuation of a SEIT program;

    c.    recommend an appropriate placement.

1140. C.C.'s DPC proposed various relief, including an order that:

a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

b.      DOE fund a bank of compensatory periods of all services.

1141.   This case was assigned Impartial Hearing Office Case No. 220266.

1142.   As to FAPE, DOE did not concede.

1143.   As to relief, DOE did not concede.

1144.   Over the course of one hearing date, the evidence included one  DOE exhibit, no DOE witnesses, four parent exhibits, and no parent witnesses.

1145.   On May 5, 2022, upon presentation of C.C.'s case, the IHO advised that a decision would soon issue.

1146.   On May 5, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered C.C.ii a FAPE for the 2021-22 school year.

1147.   The FOFD's findings of fact and conclusions of law were in C.C.'s favor.

1148.   The IHO awarded relief, including:

a.      SETSS (5 hours/ week, 2:1, Yiddish);

b.      ST (3x30, 1:1, Yiddish, at market rate).

1149.   The FOFD's awarded relief was in the C.C.'s favor.

1150.   Neither side appealed from the FOFD.

1151.   On May 22, 2024, C.C., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1152.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1153.  The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

1154.  The attorney's hours worked at the time of the fee demand were 4.4 (Philippe Gerschel).

1155.  The paralegals' hours worked at the time of the fee demand were 0.5 (Sara Goldsmith) and 1.8 (Alexander Sprei).

1156.  The fee demand was in the amount of $2,660.00.

1157.  As to review of the fee demand, DOE denied that it owes any fees.

### C.C., individually and on behalf of S.C. – Case No. 219805

1158.  On October 19, 2021, C.C., via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.C., by submitting a DPC to DOE's Impartial Hearing Office.

1159.  C.C.'s DPC alleged how DOE denied S.C. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

1160.  C.C.'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

1161.  This case was assigned Impartial Hearing Office Case No. 219805.

1162.  As to FAPE, DOE did not concede.

1163.  As to relief, DOE did not concede.

1164.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

1165.   On April 28, 2022, upon presentation of C.C.'s case, the IHO advised that a decision would soon issue.

1166.   On April 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.C. a FAPE for the 2021-22 school year.

1167.   The FOFD's findings of fact and conclusions of law were in C.C.'s favor.

1168.   The IHO awarded relief, including SETSS (5 hours/week, direct group, Yiddish, at market rate).

1169.   The FOFD's awarded relief was in the C.C.'s favor.

1170.   Neither side appealed from the FOFD.

1171.   On February 4, 2024, C.C., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1172.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

1173.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1174.   The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

1175.   The attorneys' hours worked at the time of the fee demand were 3.7 (Philippe Gerschel) and 0.4 (Patrick Keogh).

1176.   The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith) and 1.5 (Alexander Sprei).

1177.   The fee demand was in the amount of $2,390.00.

1178.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### C.F., individually and on behalf of M.F.ii – Case No. 212642

1179.  On September 1, 2021, C.F., via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.F.ii, by submitting a DPC to DOE's Impartial Hearing Office.

1180.  C.F.'s DPC alleged how DOE denied M.F.ii FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

1181.  C.F.'s DPC proposed various relief, including an order that:

     a.     DOE fund located providers at their prevailing rate;

     b.     DOE fund a bank of compensatory periods of SETSS or related services.

1182.  This case was assigned Impartial Hearing Office Case No. 212642.

1183.  As to FAPE, DOE did not concede.

1184.  As to relief, DOE did not concede.

1185.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

1186.  On January 31, 2022, DOE failed to appear for the hearing, whereupon C.F.'s counsel presented the case and the IHO advising that a decision would issue.

1187.  On January 31, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.F.ii a FAPE for the 2021-22 school year.

1188.  The FOFD's findings of fact and conclusions of law were in C.F.'s favor.

1189.  The IHO awarded relief, including:

     a.     SETSS (4 periods/week, direct group, bilingual, Yiddish);

     b.     ST (2x30, 1:1, bilingual, Yiddish);

      c.      OT (2x30, 1:1).

1190.   The FOFD's awarded relief was in the C.F.'s favor.

1191.   Neither side appealed from the FOFD.

1192.   On January 13, 2024, C.F., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1193.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

1194.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1195.   The paralegal staff, whose rate was $200, consisted of Shira Flusberg and Alexander Sprei.

1196.   The attorneys' hours worked at the time of the fee demand were 4.1 (Philippe Gerschel) and 1.1 (Patrick Keogh).

1197.   The paralegals' hours worked at the time of the fee demand were 0.4 (Shira Flusbeg) and 0.9 (Alexander Sprei).

1198.   The fee demand was in the amount of $2,750.00.

1199.   As to review of the fee demand, DOE denied that it owes any fees.

### C.G., individually and on behalf of D.G.ii – Case No. 216852

1200.   On September 13, 2021, C.G., via Plaintiff, initiated an impartial due process hearing on behalf of her child, D.G.ii, by submitting a DPC to DOE's Impartial Hearing Office.

1201.   C.G.'s DPC alleged how DOE denied D.G.ii FAPE for the 2021-22 school year, including via DOE's failures to:

      a.      convene an IEP/IESP meeting;

      b.      recommend placement or services.

1202.   C.G.'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior pendency agreement at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

1203.   This case was assigned Impartial Hearing Office Case No. 216852.

1204.   As to FAPE, DOE did not concede.

1205.   As to relief, DOE did not concede.

1206.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, eleven parent exhibits, and two parent witnesses.

1207.   On November 5, 2021, the parties and IHO convened for a pre-hearing conference with opening statements, leading to scheduling a merits hearing.

1208.   On January 18, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

1209.   On February 14, 2022, upon presentation of C.G.'s case, the IHO advised that a final decision would soon issue.

1210.   On March 27, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered D.G.ii a FAPE for the 2021-22 school year.

1211.   The FOFD's findings of fact and conclusions of law were in C.G.'s favor.

1212.   The IHO awarded relief, including SETSS (10 periods/week, group, bilingual, Yiddish).

1213.   The FOFD's awarded relief was in the C.G.'s favor.

1214.   Neither side appealed from the FOFD.

1215.   On March 2, 2024, C.G., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1216.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1217.  The paralegal staff, whose rate was $200, consisted of Shira Flusberg and Alexander Sprei.

1218.  The attorney's hours worked at the time of the fee demand were 10.7 (Philippe Gerschel).

1219.  The paralegals' hours worked at the time of the fee demand were 1.3 (Shira Flusberg) and 4.7 (Alexander Sprei).

1220.  The fee demand was in the amount of $6,550.00.

1221.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### *C.H.(1), individually and on behalf of S.H.i*

#### Case No. 220413

1222.  On October 26, 2021, C.H.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.H.i, by submitting a DPC to DOE's Impartial Hearing Office.

1223.  C.H.(1)'s DPC alleged how DOE denied S.H.i FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

1224.  C.H.(1)'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

1225.  This case was assigned Impartial Hearing Office Case No. 220413.

1226.  As to FAPE, DOE did not concede.

1227.  As to relief, DOE did not concede.

1228.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

1229.  On May 9, 2022, upon presentation of C.H.(1)'s case, the IHO advised that a decision would soon issue.

1230.  On May 9, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.H.i a FAPE for the 2021-22 school year.

1231.  The FOFD's findings of fact and conclusions of law were in C.H.(1)'s favor.

1232.  The IHO awarded relief, including:

    a.    SETSS (3 hours/ week, direct group, at market rate);

    b.    OT (2x30, 1:1);

    c.    counseling (1x30, 1:1).

1233.  The FOFD's awarded relief was in the C.H.(1)'s favor.

1234.  Neither side appealed from the FOFD.

1235.  On February 12, 2024, C.H.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1236.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1237.  The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

1238.  The attorney's hours worked at the time of the fee demand were 5.4 (Philippe Gerschel).

1239.  The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith) and 2.7 (Alexander Sprei).

1240.   The fee demand was in the amount of $3,320.00.

1241.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

**Case No. 220632**

1242.   On November 1, 2021, C.H.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.H.i, by submitting a DPC to DOE's Impartial Hearing Office.

1243.   C.H.(1)'s DPC alleged how DOE denied S.H.i FAPE for the 2020-21 school year, including via DOE's failure to implement its recommendations.

1244.   C.H.(1)'s DPC proposed various relief, including an order that DOE fund a bank of SETSS and related services.

1245.   This case was assigned Impartial Hearing Office Case No. 220632.

1246.   As to FAPE, DOE did not concede.

1247.   As to relief, DOE did not concede.

1248.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and one parent witness.

1249.   On May 9, 2022, upon presentation of C.H.(1)'s case, the IHO advised that a decision would soon issue.

1250.   On May 9, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.H.i a FAPE for the 2020-21 school year.

1251.   The FOFD's findings of fact and conclusions of law were in C.H.(1)'s favor.

1252.   The IHO awarded relief, including a bank of SETSS (240 hours, direct group).

1253.   The FOFD's awarded relief was in the C.H.(1)'s favor.

1254.   Neither side appealed from the FOFD.

1255.  On July 8, 2022, C.H.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1256.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

1257.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1258.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

1259.  The attorneys' hours worked at the time of the fee demand were 3.0 (Philippe Gerschel) and 0.2 (Patrick Keogh).

1260.  The paralegals' hours worked at the time of the fee demand were 1.0 (Margaret Rice) and 1.7 (Alexander Sprei).

1261.  The fee demand was in the amount of $2,270.00.

1262.  As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### C.H.(2), individually and on behalf of Y.H.iii – Case No. 210315

1263.  On July 6, 2021, C.H.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.H.iii, by submitting a DPC to DOE's Impartial Hearing Office.

1264.  C.H.(2)'s DPC alleged how DOE denied Y.H.iii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.     offer an appropriate program;

    b.     recommend the continuation of a SEIT program;

    c.     recommend an appropriate placement.

1265.  C.H.(2)'s DPC proposed various relief, including an order that:

    a.     DOE continue to fund the prior IEP;

    b.     DOE reimburse other related services;

    c.     absent providers, DOE fund a bank of compensatory education equivalent to the missed services.

1266.  This case was assigned Impartial Hearing Office Case No. 210315.

1267.  As to FAPE, DOE did not concede.

1268.  As to relief, DOE did not concede.

1269.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, eight parent exhibits, and two parent witnesses.

1270.  On April 11, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

1271.  On June 13, 2022, upon presentation of C.H.(2)'s case, the IHO advised that a final decision would soon issue.

1272.  On June 24, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.H.iii a FAPE for the 2021-22 school year.

1273.  The FOFD's findings of fact and conclusions of law were in C.H.(2)'s favor.

1274.  The IHO awarded relief, including:

    a.     SETSS (13x60);

    b.     OT (3x30, individual);

    c.     ST (2x30);

    d.     counseling (2x30, individual).

1275.  The FOFD's awarded relief was in the C.H.(2)'s favor.

1276.  Neither side appealed from the FOFD.

1277.   On November 13, 2023, C.H.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1278.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1279.   The paralegal staff, whose rate was $200, consisted of Shira Flusberg, Joshua Machlin, and Alexander Sprei.

1280.   The attorney's hours worked at the time of the fee demand were 8.3 (Philippe Gerschel).

1281.   The paralegals' hours worked at the time of the fee demand were 0.4 (Shira Flusberg), 3.7 (Joshua Machlin), and 2.4 (Alexander Sprei).

1282.   The fee demand was in the amount of $5,450.00.

1283.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### C.H.(3), individually and on behalf of R.H. – Case No. 217552

1284.   On September 13, 2021, C.H.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, R.H., by submitting a DPC to DOE's Impartial Hearing Office.

1285.   C.H.(3)'s DPC alleged how DOE denied R.H. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

1286.   C.H.(3)'s DPC proposed various relief, including an order that DOE fund:

      a.     located providers at their prevailing rate;

      b.     a bank of compensatory periods of SETSS or related services.

1287.   This case was assigned Impartial Hearing Office Case No. 217552.

1288.   As to FAPE, DOE did not concede.

1289. As to relief, DOE did not concede.

1290. Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

1291. On May 27, 2022, upon presentation of C.H.(3)'s case, the IHO advised that a decision would soon issue.

1292. On May 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered R.H. a FAPE for the 2021-22 school year.

1293. The FOFD's findings of fact and conclusions of law were in C.H.(3)'s favor.

1294. The IHO awarded relief, including SETSS (9 periods, direct individual, Yiddish, at market rate).

1295. The FOFD's awarded relief was in the C.H.(3)'s favor.

1296. Neither side appealed from the FOFD.

1297. On January 29, 2024, C.H.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1298. The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1299. The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

1300. The attorney's hours worked at the time of the fee demand were 5.0 (Philippe Gerschel).

1301. The paralegals' hours worked at the time of the fee demand were 0.1 (Margaret Rice) and 2.7 (Alexander Sprei).

1302. The fee demand was in the amount of $3,075.00.

1303.   As to review of the fee demand, DOE has not made a substantive response.

### C.K.(1), individually and on behalf of M.K.ii – Case No. 211670

1304.   On August 17, 2021, C.K.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.K.ii, by submitting a DPC to DOE's Impartial Hearing Office.

1305.   C.K.(1)'s DPC alleged how DOE denied M.K.ii FAPE for the 2020-21 school year, including via DOE's failure to implement its recommendations.

1306.   C.K.(1)'s DPC proposed various relief, including an order that DOE fund a bank of compensatory periods of SETSS and related services.

1307.   This case was assigned Impartial Hearing Office Case No. 211670.

1308.   As to FAPE, DOE did not concede.

1309.   As to relief, DOE did not concede.

1310.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

1311.   On January 4, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

1312.   On January 13, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

1313.   On March 23, 2022, upon DOE's failure to appear, C.K.(1)'s counsel presented the case, and the IHO advised that a final decision would soon issue.

1314.   On March 24, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.K.ii a FAPE for the 2020-21 school year.

1315.   The FOFD's findings of fact and conclusions of law were in C.K.(1)'s favor.

1316.   The IHO awarded relief, including:

   a.      SETSS (340 hours);

      b.      ST (102 hours).

1317.  The FOFD's awarded relief was in the C.K.(1)'s favor.

1318.  Neither side appealed from the FOFD.

1319.  On March 2, 2024, C.K.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1320.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

1321.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1322.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

1323.  The attorneys' hours worked at the time of the fee demand were 5.5 (Philippe Gerschel) and 0.5 (Patrick Keogh).

1324.  The paralegals' hours worked at the time of the fee demand were 1.7 (Margaret Rice) and 1.9 (Alexander Sprei).

1325.  The fee demand was in the amount of $3,925.00.

1326.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### C.K.(2), individually and on behalf of N.K.i – Case No. 202648

1327.  On October 13, 2020, C.K.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, N.K.i, by submitting a DPC to DOE's Impartial Hearing Office.

1328.  C.K.(2)'s DPC alleged how DOE denied N.K.i FAPE for the 2020-21 school year, including via DOE's failure to provide services.

1329.  C.K.(2)'s DPC proposed various relief, including an order that:

    a.      DOE continue to fund the prior IEP;

    b.      DOE fund the requested IEEs;

    c.      CSE implement the recommendations of said IEEs.

1330.  This case was assigned Impartial Hearing Office Case No. 202648.

1331.  As to FAPE, DOE did not concede.

1332.  As to relief, DOE did not concede.

1333.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

1334.  On June 1, 2022, DOE failed to appear for the hearing, whereupon C.K.(2)'s counsel presented the case and the IHO advising that a decision would issue.

1335.  On June 1, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered N.K.i a FAPE for the 2020-21 school year.

1336.  The FOFD's findings of fact and conclusions of law were in C.K.(2)'s favor.

1337.  The IHO awarded relief, including:

    a.      conversion of pendency into service mandate;

    b.      SEIT services (7 hours/week, 2:1, direct);

    c.      SEIT services (1 hour/week, indirect);

    d.      OT (2x30, 1:1);

    e.      PT (2x30, 1:1);

    f.      ST (3x30, 1:1);

    g.      transpose SEIT to SETSS, at market rates.

1338.  The FOFD's awarded relief was in the C.K.(2)'s favor.

1339.   Neither side appealed from the FOFD.

1340.   On February 11, 2024, C.K.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1341.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1342.   The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

1343.   The attorney's hours worked at the time of the fee demand were 4.9 (Philippe Gerschel).

1344.   The paralegal's hours worked at the time of the fee demand were 3.3 (Alexander Sprei).

1345.   The fee demand was in the amount of $3,110.00.

1346.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### C.K.(3), individually and on behalf of Y.Y.K. – Case No. 207693

1347.   On April 6, 2021, C.K.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.Y.K., by submitting a DPC to DOE's Impartial Hearing Office.

1348.   C.K.(3)'s DPC alleged how DOE denied Y.Y.K. FAPE for the 2020-21 school year, including via DOE's failure to implement its recommendations.

1349.   C.K.(3)'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

1350.   This case was assigned Impartial Hearing Office Case No. 207693.

1351.   As to FAPE, DOE did not concede.

1352.   As to relief, DOE did not concede.

1353.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

1354.   On April 19, 2021, the parties and IHO convened for a pendency hearing, where the IHO advised that an order on pendency would issue.

1355.   On December 16, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

1356.   On February 9, 2022, upon presentation of C.K.(3)'s case, the IHO advised that a final decision would soon issue.

1357.   On February 22, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.Y.K. a FAPE for the 2020-21 school year.

1358.   The FOFD's findings of fact and conclusions of law were in C.K.(3)'s favor.

1359.   The IHO awarded relief, including a bank of SETSS (36 hours, group, at market rate).

1360.   The FOFD's awarded relief was in the C.K.(3)'s favor.

1361.   Neither side appealed from the FOFD.

1362.   On June 14, 2022, C.K.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1363.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1364.   The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

1365.   The attorney's hours worked at the time of the fee demand were 5.5 (Philippe Gerschel).

1366.   The paralegals' hours worked at the time of the fee demand were 0.6 (Miriam Leonorovitz) and 2.5 (Alexander Sprei).

1367.   The fee demand was in the amount of $3,370.00.

1368.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### C.K.(4), individually and on behalf of E.K. – Case No. 222511

1369.   On December 7, 2021, C.K.(4), via Plaintiff, initiated an impartial due process hearing on behalf of her child, E.K., by submitting a DPC to DOE's Impartial Hearing Office.

1370.   C.K.(4)'s DPC alleged how DOE denied E.K. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

1371.   C.K.(4)'s DPC proposed various relief, including an order that DOE fund:

        a.      located providers at their prevailing rate;

        b.      a bank of compensatory periods of SETSS or related services.

1372.   This case was assigned Impartial Hearing Office Case No. 222511.

1373.   As to FAPE, DOE did not concede.

1374.   As to relief, DOE did not concede.

1375.   Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

1376.   On January 7, 2022, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

1377.   On March 30, 2022, upon presentation of C.K.(4)'s case, the IHO advised that a final decision would soon issue.

1378.  On April 1, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered E.K. a FAPE for the 2021-22 school year.

1379.  The FOFD's findings of fact and conclusions of law were in C.K.(4)'s favor.

1380.  The IHO awarded relief, including:

    a.    DOE fund SETSS (5 periods/week, English, prevailing rate);

    b.    counseling (1x30).

1381.  The FOFD's awarded relief was in the C.K.(4)'s favor.

1382.  Neither side appealed from the FOFD.

1383.  On February 3, 2024, C.K.(4), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1384.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

1385.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1386.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Alexander Sprei.

1387.  The attorneys' hours worked at the time of the fee demand were 5.7 (Philippe Gerschel) and 0.8 (Patrick Keogh).

1388.  The paralegal's hours worked at the time of the fee demand were 1.5 (Alexander Sprei).

1389.  The fee demand was in the amount of $3,470.00.

1390.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

    ***C.K.(5), individually and on behalf of S.K.iv – Case No. 220539***

1391.   On October 28, 2021, C.K.(5), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.K.iv, by submitting a DPC to DOE's Impartial Hearing Office.

1392.   C.K.(5)'s DPC alleged how DOE denied S.K.iv FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

1393.   C.K.(5)'s DPC proposed various relief, including an order that DOE fund:

 a. located providers at their prevailing rate;

 b. a bank of compensatory periods of SETSS or related services.

1394.   This case was assigned Impartial Hearing Office Case No. 220539.

1395.   As to FAPE, DOE did not concede.

1396.   As to relief, DOE did not concede.

1397.   Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

1398.   On April 1, 2022, DOE failed to appear, whereupon the IHO heard and decided the pendency issue.

1399.   On May 4, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

1400.   On May 9, 2022, upon presentation of C.K.(5)'s case, the IHO advised that a final decision would soon issue.

1401.   On May 24, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.K.iv a FAPE for the 2021-22 school year.

1402.   The FOFD's findings of fact and conclusions of law were in C.K.(5)'s favor.

1403.   The IHO awarded relief, including:

 a. SETSS (5 periods/week, direct group, Yiddish);

      b.      ST (3x30, Yiddish).

1404.   The FOFD's awarded relief was in the C.K.(5)'s favor.

1405.   Neither side appealed from the FOFD.

1406.   On January 2, 2024, C.K.(5), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1407.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

1408.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1409.   The paralegal staff, whose rate was $200, consisted of Raizy Fried, Sasha Karimova, Sara Goldsmith, Miriam Leonorovitz, and Alexander Sprei.

1410.   The attorneys' hours worked at the time of the fee demand were 9.4 (Philippe Gerschel) and 1.2 (Patrick Keogh).

1411.   The paralegals' hours worked at the time of the fee demand were 0.2 (Raizy Fried), 0.4 (Sasha Karimova), 1.0 (Sara Goldsmith), 3.1 (Miriam Leonorovitz), and 3.4 (Alexander Sprei).

1412.   The fee demand was in the amount of $6,800.00.

1413.   As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### C.L., individually and on behalf of F.L.L. – Case No. 208211

1414.   On May 5, 2021, C.L., via Plaintiff, initiated an impartial due process hearing on behalf of her child, F.L.L., by submitting a DPC to DOE's Impartial Hearing Office.

1415.   C.L.'s DPC alleged how DOE denied F.L.L. FAPE for the 2020-21 school year, including via DOE's failure to implement its recommendations.

1416.   C.L.'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

1417.   This case was assigned Impartial Hearing Office Case No. 208211.

1418.   As to FAPE, DOE did not concede.

1419.   As to relief, DOE did not concede.

1420.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, five parent exhibits, and one parent witness.

1421.   On January 14, 2022, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

1422.   On February 11, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

1423.   On April 13, 2022, upon presentation of C.L.1's case, the IHO advised that a final decision would soon issue.

1424.   On April 19, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered F.L.L. a FAPE for the 2020-21 school year.

1425.   The FOFD's findings of fact and conclusions of law were in C.L.'s favor.

1426.   The IHO awarded relief, including SETSS (28 periods, Yiddish).

1427.   The FOFD's awarded relief was in the C.L.'s favor.

1428.   Neither side appealed from the FOFD.

1429.   On February 4, 2024, C.L., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1430.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1431.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Raizy Fried, and Alexander Sprei.

1432.   The attorney's hours worked at the time of the fee demand were 6.4 (Philippe Gerschel).

1433.   The paralegals' hours worked at the time of the fee demand were 2.4 (Margaret Rice), 0.2 (Raizy Fried), and 1.8 (Alexander Sprei).

1434.   The fee demand was in the amount of $4,440.00.

1435.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### C.M.(1), individually and on behalf of F.M. – Case No. 223059

1436.   On December 22, 2021, C.M.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, F.M., by submitting a DPC to DOE's Impartial Hearing Office.

1437.   C.M.(1)'s DPC alleged how DOE denied F.M. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

1438.   C.M.(1)'s DPC proposed various relief, including an order that DOE fund:

    a.      located providers at their prevailing rate;

    b.      a bank of compensatory periods of SETSS or related services.

1439.   This case was assigned Impartial Hearing Office Case No. 223059.

1440.   As to FAPE, DOE did not concede.

1441.   As to relief, DOE did not concede.

1442.   Over the course of five hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and no parent witnesses.

1443.   On February 1, 2022, DOE failed to appear, leading to rescheduling the pendency hearing.

1444.   On March 3, 2022, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

1445.   On April 11, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

1446.   On June 8, 2022, upon presentation of C.M.(1)'s case, the IHO advised that a final decision would soon issue.

1447.   On June 13, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered F.M. a FAPE for the 2021-22 school year.

1448.   The FOFD's findings of fact and conclusions of law were in C.M.(1)'s favor.

1449.   The IHO awarded relief, including:

    a.      SETTS (5 periods/week, direct group, at market rate);

    b.      ST (3x30, individual);

    c.      ST (1x30, group); an FM Unit;

    d.      a translator (full time, individual, at market rate);

    e.      hearing education (2x30, individual).

1450.   The FOFD's awarded relief was in the C.M.(1)'s favor.

1451.   Neither side appealed from the FOFD.

1452.   On March 8, 2024, C.M.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1453.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

1454.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1455.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Sara Goldsmith, and Alexander Sprei.

1456.   The attorneys' hours worked at the time of the fee demand were 6.4 (Philippe Gerschel) and 3.4 (Patrick Keogh).

1457.   The paralegals' hours worked at the time of the fee demand were 0.7 (Margaret Rice), 0.5 (Sara Goldsmith), and 1.3 (Alexander Sprei).

1458.   The fee demand was in the amount of $5,165.00.

1459.   As to review of the fee demand, DOE denied that it owes any fees.

### C.M.(2), individually and on behalf of S.M.iii – Case No. 212821

1460.   On September 2, 2021, C.M.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.M.iii, by submitting a DPC to DOE's Impartial Hearing Office.

1461.   C.M.(2)'s DPC alleged how DOE denied S.M.iii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.   offer an appropriate program; recommend the continuation of a SEIT program;

    b.   continue a bilingual program, in the absence of an evaluation for change of program;

    c.   recommend an appropriate placement.

1462.   C.M.(2)'s DPC proposed various relief, including an order that:

    a.   DOE continue to fund the prior IEP;

  b.  absent providers, DOE fund a bank of compensatory education equivalent to the missed services.

1463. This case was assigned Impartial Hearing Office Case No. 212821.

1464. As to FAPE, DOE did not concede.

1465. As to relief, DOE did not concede.

1466. Over the course of five hearing dates, the evidence included no DOE exhibits, no DOE witnesses, eight parent exhibits, and two parent witnesses.

1467. On September 15, 2021, DOE failed to appear, leading to rescheduling the pendency hearing.

1468. On December 9, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

1469. On January 13, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

1470. On January 28, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

1471. On May 16, 2022, upon DOE's failure to appear, C.M.(2)'s counsel presented the case and the IHO advised that a final decision would soon issue.

1472. On June 9, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.M.iii a FAPE for the 2021-22 school year.

1473. The FOFD's findings of fact and conclusions of law were in C.M.(2)'s favor.

1474. The IHO awarded relief, including:

  a.  SEIT (5x60,, 3:1, Yiddish);

  b.  ST (2x30, 1:1, Yiddish);

  c.  OT (2x30, 1:1, Yiddish).

1475. The FOFD's awarded relief was in the C.M.(2)'s favor.

1476.   Neither side appealed from the FOFD.

1477.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

1478.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1479.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovotz, and Alexander Sprei.

1480.   The attorneys' hours worked at the time of the fee demand were 13.0 (Philippe Gerschel) and 1.4 (Patrick Keogh).

1481.   The paralegals' hours worked at the time of the fee demand were 3.2 (Margaret Rice), 4.6 (Miriam Leonorovotz), and 3.7 (Alexander Sprei).

1482.   The total fees were in the amount of $7,440.00.

### C.P.W., individually and on behalf of S.W.iii – Case No. 206092

1483.   On January 19, 2021, C.P.W., via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.W.iii, by submitting a DPC to DOE's Impartial Hearing Office.

1484.   C.P.W.'s DPC alleged how DOE denied S.W.iii FAPE for the 2020-21 school year, including via DOE's failures to:

    a.      offer an appropriate program;

    b.      recommend sufficient SETSS and related services to enable the success of the LRE placement;

    c.      recommend SETSS as an "individual service";

    d.      implement its recommendations.

1485.   C.P.W.'s DPC proposed various relief, including an order that:

    a.      DOE authorize and fund the requested IEEs;

    b.      CSE implement the findings of said IEEs;

    c.      the SETSS services mandate be changed from group to individual service;

    d.      DOE fund the SETSS services at the provider's prevailing rate;

    e.      DOE fund a bank of compensatory periods of all services.

1486.  This case was assigned Impartial Hearing Office Case No. 206092.

1487.  As to FAPE, DOE did not concede.

1488.  As to relief, DOE did not concede.

1489.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and no parent witnesses.

1490.  On January 4, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

1491.  On February 2, 2022, upon presentation of C.P.W.'s case, the IHO advised that a final decision would soon issue.

1492.  On February 24, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.W.iii a FAPE for the 2020-21 school year.

1493.  The FOFD's findings of fact and conclusions of law were in C.P.W.'s favor.

1494.  The IHO awarded relief, including:

    a.      SETSS (35 hours);

    b.      ST (40 hours).

1495.  The FOFD's awarded relief was in the C.P.W.'s favor.

1496.  Neither side appealed from the FOFD.

1497.  On February 24, 2024, C.P.W., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1498.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1499.  The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

1500.  The attorney's hours worked at the time of the fee demand were 7.3 (Philippe Gerschel).

1501.  The paralegals' hours worked at the time of the fee demand were 0.7 (Miriam Leonorovitz) and 0.9 (Alexander Sprei).

1502.  The fee demand was in the amount of $3,970.00.

1503.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### C.R.(1), individually and on behalf of Y.R.ii – Case No. 208189

1504.  On May 3, 2021, C.R.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.R.ii, by submitting a DPC to DOE's Impartial Hearing Office.

1505.  C.R.(1)'s DPC alleged how DOE denied Y.R.ii FAPE for the 2020-21 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

1506.  C.R.(1)'s DPC proposed various relief, including an order that:

    a.    DOE authorize and fund the requested IEEs;

    b.    CSE implement the findings of said IEEs;

c.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

d.      DOE fund a bank of compensatory periods of all services.

1507.  This case was assigned Impartial Hearing Office Case No. 208189.

1508.  As to FAPE, DOE did not concede.

1509.  As to relief, DOE did not concede.

1510.  Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

1511.  On December 27, 2021, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

1512.  On January 31, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

1513.  On April 8, 2022, upon presentation of C.R.(1)'s case, the IHO advised that a final decision would soon issue.

1514.  On April 15, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.R.ii a FAPE for the 2020-21 school year.

1515.  The FOFD's findings of fact and conclusions of law were in C.R.(1)'s favor.

1516.  The IHO awarded relief, including SETSS (140 hours, at market rate).

1517.  The FOFD's awarded relief was in the C.R.(1)'s favor.

1518.  Neither side appealed from the FOFD.

1519.  On January 27, 2024, C.R.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1520.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1521.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Sara Goldsmith, Miriam Leonorovitz, and Alexander Sprei.

1522.   The attorney's hours worked at the time of the fee demand were 6.8 (Philippe Gerschel).

1523.   The paralegals' hours worked at the time of the fee demand were 0.2 (Margaret Rice), 0.5 (Sara Goldsmith), 0.7 (Miriam Leonorovitz), and 2.0 (Alexander Sprei).

1524.   The fee demand was in the amount of $4,110.00.

1525.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### C.R.(2), individually and on behalf of R.R. – Case No. 224778

1526.   On February 28, 2022, C.R.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, R.R., by submitting a DPC to DOE's Impartial Hearing Office.

1527.   C.R.(2)'s DPC alleged how DOE denied R.R. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

1528.   C.R.(2)'s DPC proposed various relief, including an order that DOE fund:

   a.      located providers at their prevailing rate;

   b.      a bank of compensatory periods of SETSS or related services.

1529.   This case was assigned Impartial Hearing Office Case No. 224778.

1530.   As to FAPE, DOE did not concede.

1531.   As to relief, DOE did not concede.

1532.  Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

1533.  On June 2, 2022, DOE failed to appear, leading to rescheduling the pendency hearing.

1534.  On June 10, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

1535.  On June 13, 2022, upon DOE's failure to appear, C.R.(2)'s counsel presented the case and the IHO advised that a final decision would issue absent word from DOE.

1536.  On June 13, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered R.R. a FAPE for the 2021-22 school year.

1537.  The FOFD's findings of fact and conclusions of law were in C.R.(2)'s favor.

1538.  The IHO awarded relief, including SETSS (5 periods/week, direct group, Yiddish, at market rate).

1539.  The FOFD's awarded relief was in the C.R.(2)'s favor.

1540.  Neither side appealed from the FOFD.

1541.  On February 23, 2024, C.R.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1542.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

1543.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1544.  The paralegal staff, whose rate was $200, consisted of Pauline Gelacio and Alexander Sprei.

1545.  The attorneys' hours worked at the time of the fee demand were 5.0 (Philippe Gerschel) and 0.9 (Patrick Keogh).

1546.   The paralegals' hours worked at the time of the fee demand were 0.4 (Pauline Gelacio) and 1.7 (Alexander Sprei).

1547.   The fee demand was in the amount of $3,280.00.

1548.   As to review of the fee demand, DOE denied that it owes any fees.

### *C.R.(3), individually and on behalf of M.R.ii – Case No. 212416*

1549.   On September 1, 2021, C.R.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.R.ii, by submitting a DPC to DOE's Impartial Hearing Office.

1550.   C.R.(3)'s DPC alleged how DOE denied M.R.ii FAPE for the 2021-22 school year, including via DOE's failures to:

      a.   offer an appropriate program;

      b.   recommend the continuation of a SEIT program;

      c.   recommend an appropriate placement.

1551.   C.R.(3)'s DPC proposed various relief, including an order that:

      a.   absent an up-to-date program, prior IEP recommendations continue;

      b.   absent providers, DOE fund a bank of compensatory education.

1552.   This case was assigned Impartial Hearing Office Case No. 212416.

1553.   As to FAPE, DOE did not concede.

1554.   As to relief, DOE did not concede.

1555.   Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, five parent exhibits, and one parent witness.

1556.   On January 10, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

1557.   On February 10, 2022, upon presentation of C.R.(3)'s case, the IHO advised that a final decision would soon issue.

1558.   On March 13, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.R.ii a FAPE for the 2021-22 school year.

1559.   The FOFD's findings of fact and conclusions of law were in C.R.(3)'s favor.

1560.   The IHO awarded relief, including:

   a.    SEIT (10 hours/week, direct individual, bilingual, Yiddish, at market rate);

   b.    ST (3x30, 2:1, bilingual, Yiddish);

   c.    OT (3x30, 2:1); PT (3x30, 2:1).

1561.   The FOFD's awarded relief was in the C.R.(3)'s favor.

1562.   Neither side appealed from the FOFD.

1563.   On February 25, 2024, C.R.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1564.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1565.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Alexander Sprei.

1566.   The attorney's hours worked at the time of the fee demand were 7.4 (Philippe Gerschel).

1567.   The paralegal's hours worked at the time of the fee demand were 3.8 (Alexander Sprei).

1568.   The fee demand was in the amount of $4,460.00.

1569.   As to review of the fee demand, DOE has not made a substantive response.

   *C.R.M., individually and on behalf of Y.M.ii – Case No. 224012*

1570.  On January 24, 2022, C.R.M., via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.M.ii, by submitting a DPC to DOE's Impartial Hearing Office.

1571.  C.R.M.'s DPC alleged how DOE denied Y.M.ii FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

1572.  C.R.M.'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

1573.  This case was assigned Impartial Hearing Office Case No. 224012.

1574.  As to FAPE, DOE did not concede.

1575.  As to relief, DOE did not concede.

1576.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

1577.  On June 27, 2022, DOE failed to appear for the hearing, whereupon C.R.M.'s counsel presented the case and the IHO advising that a decision would issue.

1578.  On June 27, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.M.ii a FAPE for the 2021-22 school year.

1579.  The FOFD's findings of fact and conclusions of law were in C.R.M.'s favor.

1580.  The IHO awarded relief, including:

    a.    SETSS (5 hours/week, direct group, Yiddish);

    b.    ST (3x30, 1:1, Yiddish);

    c.    OT (2x30, 1:1, at market rate);

    d.    PT (2x30, 1:1).

1581.  The FOFD's awarded relief was in the C.R.M.'s favor.

1582.   Neither side appealed from the FOFD.

1583.   On March 9, 2024, C.R.M., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1584.   The lead attorney was Philippe Gerschel, with occasional assistance from Jie Luo.

1585.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Jie Luo) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1586.   The paralegal staff, whose rate was $200, consisted of Gracie Reilzig and Alexander Sprei.

1587.   The attorneys' hours worked at the time of the fee demand were 4.1 (Philippe Gerschel) and 0.1 (Jie Luo).

1588.   The paralegals' hours worked at the time of the fee demand were 0.4 (Gracie Reilzig) and 1.3 (Alexander Sprei).

1589.   The fee demand was in the amount of $2,430.00.

1590.   As to review of the fee demand, DOE denied that it owes any fees.

### C.S.(1), individually and on behalf of L.S. – Case No. 223751

1591.   On January 14, 2022, C.S.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, L.S., by submitting a DPC to DOE's Impartial Hearing Office.

1592.   C.S.(1)'s DPC alleged how DOE denied L.S. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

1593.   C.S.(1)'s DPC proposed various relief, including an order that:

    a.      located providers at their prevailing rate;

    b.      a bank of compensatory periods of SETSS or related services.

1594.   This case was assigned Impartial Hearing Office Case No. 223751.

1595.   As to FAPE, DOE did not concede.

1596.   As to relief, DOE did not concede.

1597.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

1598.   On June 23, 2022, upon presentation of C.S.(1)'s case, the IHO advised that a decision would soon issue.

1599.   On June 23, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered L.S. a FAPE for the 2021-22 school year.

1600.   The FOFD's findings of fact and conclusions of law were in C.S.(1)'s favor.

1601.   The IHO awarded relief, including:

   a.      SETSS (4 periods/week, direct group);

   b.      OT (2x30, 1:1, at market rate).

1602.   The FOFD's awarded relief was in the C.S.(1)'s favor.

1603.   Neither side appealed from the FOFD.

1604.   On March 12, 2024, C.S.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1605.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1606.   The paralegal staff, whose rate was $200, consisted of Gracie Reilzig and Alexander Sprei.

1607.   The attorney's hours worked at the time of the fee demand were 4.2 (Philippe Gerschel).

1608.   The paralegals' hours worked at the time of the fee demand were 0.4 (Gracie Reilzig) and 3.2 (alexander Sprei).

1609.  The fee demand was in the amount of $2,820.00.

1610.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

**_C.S.(2), individually and on behalf of M.S.v – Case No. 217637_**

1611.  On September 14, 2021, C.S.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.S.v, by submitting a DPC to DOE's Impartial Hearing Office.

1612.  C.S.(2)'s DPC alleged how DOE denied M.S.v FAPE for the 2021-22 school year, including via DOE's failures to:

      a.      convene an IEP/IESP meeting;

      b.      recommend placement or services.

1613.  C.S.(2)'s DPC proposed various relief, including an order that:

      a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

      b.      DOE fund a bank of compensatory periods of all services.

1614.  This case was assigned Impartial Hearing Office Case No. 217637.

1615.  As to FAPE, DOE did not concede.

1616.  As to relief, DOE did not concede.

1617.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and two parent witnesses.

1618.  On March 30, 2022, DOE failed to appear for the hearing, whereupon C.S.(2)'s counsel presented the case and the IHO advising that a decision would issue.

1619.  On March 30, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.S.v a FAPE for the 2021-22 school year.

1620.   The FOFD's findings of fact and conclusions of law were in C.S.(2)'s favor.

1621.   The IHO awarded relief, including:

    a.    SETSS (10 periods/week, bilingual, at market rate);

    b.    ST (3x30, 1:1, bilingual);

    c.    OT (2x30, 1:1);

    d.    PT (1x30, group);

    e.    counseling (1x30, group, bilingual).

1622.   The FOFD's awarded relief was in the C.S.(2)'s favor.

1623.   Neither side appealed from the FOFD.

1624.   On June 22, 2022, C.S.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1625.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1626.   The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

1627.   The attorney's hours worked at the time of the fee demand were 4.4 (Philippe Gerschel).

1628.   The paralegals' hours worked at the time of the fee demand were 2.5 (Miriam Leonorovitz) and 1.6 (Alexander Sprei).

1629.   The fee demand was in the amount of $2,840.00.

1630.   As to review of the fee demand, DOE has not made a substantive response.

***C.S.(3), individually and on behalf of F.S. – Case No. 216971***

1631.   On September 13, 2021, C.S.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, F.S., by submitting a DPC to DOE's Impartial Hearing Office.

1632.   C.S.(3)'s DPC alleged how DOE denied F.S. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

1633.   C.S.(3)'s DPC proposed various relief, including an order that:

   a.   located providers at their prevailing rate; a bank of compensatory periods of SETSS or related services.

1634.   This case was assigned Impartial Hearing Office Case No. 216971.

1635.   As to FAPE, DOE did not concede.

1636.   As to relief, DOE did not concede.

1637.   Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and no parent witnesses.

1638.   On March 4, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

1639.   On May 10, 2024, upon presentation of C.S.(3)'s case, the IHO advised that a final decision would soon issue.

1640.   On June 27, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered F.S. a FAPE for the 2021-22 school year.

1641.   The FOFD's findings of fact and conclusions of law were in C.S.(3)'s favor.

1642.   The IHO awarded relief, including:

   a.   SETSS (5 periods/week, individual, Yiddish);

   b.   SETSS (5 periods/week, group, Yiddish);

   c.   ST (2x30, 1:1, Yiddish, at market rate).

1643.   The FOFD's awarded relief was in the C.S.(3)'s favor.

1644.   Neither side appealed from the FOFD.

1645.   On March 9, 2024, C.S.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1646.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1647.   The paralegal staff, whose rate was $200, consisted of Joshua Machlin and Alexander Sprei.

1648.   The attorney's hours worked at the time of the fee demand were 8.4 (Philippe Gerschel).

1649.   The paralegals' hours worked at the time of the fee demand were 0.6 (Joshua Machlin) and 1.8 (Alexander Sprei).

1650.   The fee demand was in the amount of $4,680.00.

1651.   As to review of the fee demand, DOE denied that it owes any fees.

### C.W.(1), individually and on behalf of N.W. – Case No. 220764

1652.   On November 2, 2021, C.W.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, N.W., by submitting a DPC to DOE's Impartial Hearing Office.

1653.   C.W.(1)'s DPC alleged how DOE denied N.W. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

1654.   C.W.(1)'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

      b.     DOE fund a bank of compensatory periods of all services.

1655.  This case was assigned Impartial Hearing Office Case No. 220764.

1656.  As to FAPE, DOE did not concede.

1657.  As to relief, DOE did not concede.

1658.  Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and two parent witnesses.

1659.  On April 6, 2022, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

1660.  On April 27, 2022, upon presentation of C.W.(1)'s case, the IHO advised that a final decision would soon issue.

1661.  On April 29, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered N.W. a FAPE for the 2021-22 school year.

1662.  The FOFD's findings of fact and conclusions of law were in C.W.(1)'s favor.

1663.  The IHO awarded relief, including:

      a.     SETSS (3 periods/week, direct group, Yiddish);

      b.     a bank for SETSS not received;

      c.     ST (2x30, individual, Yiddish).

1664.  The FOFD's awarded relief was in the C.W.(1)'s favor.

1665.  Neither side appealed from the FOFD.

1666.  On February 8, 2024, C.W.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1667.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1668.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Sara Goldsmith, Joshua Machlin, Miriam Leonorovitz, and Alexander Sprei.

1669.  The attorney's hours worked at the time of the fee demand were 5.7 (Philippe Gerschel).

1670.  The paralegals' hours worked at the time of the fee demand were 0.6 (Margaret Rice), 0.4 (Sara Goldsmith), 0.3 (Joshua Machlin), 3.1 (Miriam Leonorovitz), and 1.9 (Alexander Sprei).

1671.  The fee demand was in the amount of $4,200.00.

1672.  As to review of the fee demand, DOE denied that it owes any fees.

### C.W.(2) and J.W., individually and on behalf of M.W-B. – Case No. 216032

1673.  On September 9, 2021, C.W.(2) and J.W., via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.W-B., by submitting a DPC to DOE's Impartial Hearing Office.

1674.  C.W.(2) and J.W.'s DPC alleged how DOE denied M.W-B. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    offer an appropriate program; recommend the continuation of a SEIT program; recommend an appropriate placement.

1675.  C.W.(2) and J.W.'s DPC proposed various relief, including an order that:

    a.    DOE continue to fund the prior IEP;

    b.    absent providers, DOE fund a bank of compensatory education equivalent to the missed services.

1676.  This case was assigned Impartial Hearing Office Case No. 216032.

1677.   As to FAPE, DOE did not concede.

1678.   As to relief, DOE did not concede.

1679.   Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, eight parent exhibits, and two parent witnesses.

1680.   On March 7, 2022, DOE failed to appear, whereupon the IHO heard and decided the pendency issue.

1681.   On May 5, 2022, upon presentation of C.W.(2)'s case, the IHO advised that a final decision would soon issue.

1682.   On June 2, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.W-B. a FAPE for the 2021-22 school year.

1683.   The FOFD's findings of fact and conclusions of law were in C.W.(2) and J.W.'s favor.

1684.   The IHO awarded relief, including that DOE fund:

      a.      the private SEIT services;

      b.      the SETSS.

1685.   The FOFD's awarded relief was in the C.W.(2) and J.W.'s favor.

1686.   Neither side appealed from the FOFD.

1687.   On August 3, 2023, C.W.(2) and J.W., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1688.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1689.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Sara Goldsmith, Joshua Machlin, Miriam Leonorovitz, and Alexander Sprei.

1690.  The attorney's hours worked at the time of the fee demand were 4.2 (Philippe Gerschel).

1691.  The paralegals' hours worked at the time of the fee demand were 1.3 (Margaret Rice), 0.4 (Sara Goldsmith), 2.0 (Joshua Machlin), 1.9 (Miriam Leonorovitz), and 1.5 (Alexander Sprei).

1692.  The fee demand was in the amount of $3,715.00.

1693.  As to review of the fee demand, DOE denied that it owes any fees.

### *C.W.(3), individually and on behalf of M.W.i – Case No. 223145*

1694.  On December 23, 2021, C.W.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.W.i, by submitting a DPC to DOE's Impartial Hearing Office.

1695.  C.W.(3)'s DPC alleged how DOE denied M.W.i FAPE for the 2021-22 school year, including via DOE's failures to:

    a.      convene an IEP/IESP meeting;

    b.      recommend placement or services.

1696.  C.W.(3)'s DPC proposed various relief, including an order that:

    a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.      DOE fund a bank of compensatory periods of all services.

1697.  This case was assigned Impartial Hearing Office Case No. 223145.

1698.  As to FAPE, DOE did not concede.

1699.  As to relief, DOE did not concede.

1700.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

1701.  On June 15, 2022, DOE failed to appear for the hearing, whereupon C.W.(3)'s counsel presented the case and the IHO advising that a decision would issue.

1702.  On June 15, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.W.i a FAPE for the 2021-22 school year.

1703.  The FOFD's findings of fact and conclusions of law were in C.W.(3)'s favor.

1704.  The IHO awarded relief, including:

      a.     SETSS (3 periods/week, direct group);

      b.     ST (2x30, 1:1, at market rate).

1705.  The FOFD's awarded relief was in the C.W.(3)'s favor.

1706.  Neither side appealed from the FOFD.

1707.  On February 17, 2024, C.W.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1708.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1709.  The paralegal staff, whose rate was $200, consisted of Gracie Reilzig and Alexander Sprei.

1710.  The attorney's hours worked at the time of the fee demand were 4.4 (Philippe Gerschel).

1711.  The paralegals' hours worked at the time of the fee demand were 0.4 (Gracie Reilzig) and 1.3 (Alexander Sprei).

1712.  The fee demand was in the amount of $2,540.00.

1713.  As to review of the fee demand, DOE denied that it owes any fees.

**D.A., individually and on behalf of M.A.i – Case No. 205544**

1714.  On January 5, 2021, D.A., via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.A.i, by submitting a DPC to DOE's Impartial Hearing Office.

1715.  D.A.'s DPC alleged how DOE denied M.A.i FAPE for the 2020-21 school year, including via DOE's failures to:

    a.     convene an IEP/IESP meeting;

    b.     recommend placement or services.

1716.  D.A.'s DPC proposed various relief, including an order that:

    a.     DOE authorize and fund the requested IEEs;

    b.     CSE implement the findings of said IEEs;

    c.     absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    d.     DOE fund a bank of compensatory periods of all services.

1717.  This case was assigned Impartial Hearing Office Case No. 205544.

1718.  As to FAPE, DOE did not concede.

1719.  As to relief, DOE did not concede.

1720.  Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, five parent exhibits, and one parent witness.

1721.  On December 22, 2021, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

1722.  On February 3, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

1723.  On March 1, 2022, upon presentation of D.A.'s case, the IHO advised that a final decision would soon issue.

1724.   On March 5, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.A.i a FAPE for the 2020-21 school year.

1725.   The FOFD's findings of fact and conclusions of law were in D.A.'s favor.

1726.   The IHO awarded relief, including SETSS (68 hours, at prevailing rate).

1727.   The FOFD's awarded relief was in the D.A.'s favor.

1728.   Neither side appealed from the FOFD.

1729.   On January 27, 2024, D.A., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1730.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

1731.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1732.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

1733.   The attorneys' hours worked at the time of the fee demand were 6.7 (Philippe Gerschel) and 1.1 (Patrick Keogh).

1734.   The paralegals' hours worked at the time of the fee demand were 0.5 (Margaret Rice), 1.9 (Miriam Leonorovitz), and 3.0 (Alexander Sprei).

1735.   The fee demand was in the amount of $4,945.00.

1736.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

   ***D.G.(1), individually and on behalf of A.G.ii – Case No. 207246***

1737.  On March 12, 2021, D.G.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, A.G.ii, by submitting a DPC to DOE's Impartial Hearing Office.

1738.  D.G.(1)'s DPC alleged how DOE denied A.G.ii FAPE for the 2020-21 school year, including via DOE's failure to implement its recommendations.

1739.  D.G.(1)'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

1740.  This case was assigned Impartial Hearing Office Case No. 207246.

1741.  As to FAPE, DOE did not concede.

1742.  As to relief, DOE did not concede.

1743.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

1744.  On December 28, 2021, upon DOE's failure to appear, D.G.(1)'s counsel outlined the case and the IHO set a hearing date.

1745.  On February 11, 2022, upon DOE's failure to appear, D.G.(1)'s counsel presented a case and the IHO advised that a final decision would soon issue.

1746.  On March 7, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered A.G.ii a FAPE for the 2020-21 school year.

1747.  The FOFD's findings of fact and conclusions of law were in D.G.(1)'s favor.

1748.  The IHO awarded relief, including:

    a.    SETSS (480 periods);

    b.    ST (40 hours);

    c.    OT (40 hours).

1749.  The FOFD's awarded relief was in the D.G.(1)'s favor.

1750.  Neither side appealed from the FOFD.

1751.  On January 27, 2024, D.G.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1752.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1753.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

1754.  The attorney's hours worked at the time of the fee demand were 6.5 (Philippe Gerschel).

1755.  The paralegals' hours worked at the time of the fee demand were 1.6 (Margaret Rice) and 2.1 (Alexander Sprei).

1756.  The fee demand was in the amount of $4,230.00.

1757.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### D.G.(2), individually and on behalf of M.G.i – Case No. 203323

1758.  On December 17, 2020, D.G.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.G.i, by submitting a DPC to DOE's Impartial Hearing Office.

1759.  D.G.(2)'s DPC alleged how DOE denied M.G.i FAPE for the 2020-21 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend an appropriate placement with appropriate related services.

1760.  D.G.(2)'s DPC proposed various relief, including an order that:

a.    DOE authorize and fund the requested IEEs;

b.    CSE implement the findings of said IEEs;

c.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

d.    DOE fund a bank of compensatory periods of all services.

1761.  This case was assigned Impartial Hearing Office Case No. 203323.

1762.  As to FAPE, DOE did not concede.

1763.  As to relief, DOE did not concede.

1764.  Over the course of six hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

1765.  On January 21, 2021, at a prehearing conference, Mr. Gerschel outlined the issues, with the merits hearing then scheduled.

1766.  On February 25, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

1767.  On September 30, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

1768.  On October 19, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

1769.  On December 14, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

1770.  On December 17, 2021, at the merits hearing, Mr. Gerschel presented the case, with the IHO advising that a final decision would soon issue.

1771.  On February 26, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.G.i a FAPE for the 2020-21 school year.

1772.   The FOFD's findings of fact and conclusions of law were in D.G.(2)'s favor.

1773.   The IHO awarded relief, including a bank of OT (54 hours, at market rate)

1774.   The FOFD's awarded relief was in the D.G.(2)'s favor.

1775.   Neither side appealed from the FOFD.

1776.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1777.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Shifra Kiwak, and Alexander Sprei.

1778.   The attorney's hours worked at the time of the fee demand were 10.5 (Philippe Gerschel).

1779.   The paralegals' hours worked at the time of the fee demand were 1.1 (Margaret Rice), 0.2 (Shifra Kiwak), and 5.2 (Alexander Sprei).

1780.   The total fees were in the amount of $6,735.00.

### D.G.(3), individually and on behalf of S.G.iv – Case No. 212623

1781.   On September 1, 2021, D.G.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.G.iv, by submitting a DPC to DOE's Impartial Hearing Office.

1782.   D.G.(3)'s DPC alleged how DOE denied S.G.iv FAPE for the 2021-22 school year, including via DOE's failures to:

     a.     convene an IEP/IESP meeting;

     b.     recommend placement or services.

1783.   D.G.(3)'s DPC proposed various relief, including an order that:

     a.     absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

      b.      DOE fund a bank of compensatory periods of all services.

1784. This case was assigned Impartial Hearing Office Case No. 212623.

1785. As to FAPE, DOE did not concede.

1786. As to relief, DOE did not concede.

1787. Over the course of seven hearing dates, the evidence included no DOE exhibits, no DOE witnesses, five parent exhibits, and one parent witness.

1788. On October 5, 2021, the parties and IHO convened, leading to scheduling the merits hearing.

1789. On October 28, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

1790. On December 13, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

1791. On January 10, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

1792. On February 8, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

1793. On March 7, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

1794. On April 11, 2022, DOE failed to appear, whereupon D.G.(3)'s counsel presented the case and the IHO advised that a final decision would soon issue.

1795. On April 29, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.G.iv a FAPE for the 2021-22 school year.

1796. The FOFD's findings of fact and conclusions of law were in D.G.(3)'s favor.

1797. The IHO awarded relief, including:

      a.      SETSS (8 periods/week, group, Yiddish, at $150/hour);

b.      ST (2x30, individual, Yiddish, at $175/hour);

c.      OT (2x30, individual, English, at $175/hour);

d.      counseling (1x30, individual, Yiddish, at $175/hour).

1798.   The FOFD's awarded relief was in the D.G.(3)'s favor.

1799.   Neither side appealed from the FOFD.

1800.   On February 7, 2024, D.G.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1801.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

1802.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1803.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Raizy Fried, Sara Goldsmith, and Alexander Sprei.

1804.   The attorneys' hours worked at the time of the fee demand were 7.9 (Philippe Gerschel) and 0.8 (Patrick Keogh).

1805.   The paralegals' hours worked at the time of the fee demand were 0.5 (Margaret Rice), 0.1 (Raizy Fried), 0.6 (Sara Goldsmith), and 5.1 (Alexander Sprei).

1806.   The fee demand was in the amount of $5,605.00.

1807.   As to review of the fee demand, DOE denied that it owes any fees.

### D.H., individually and on behalf of S.H.iii – Case No. 214866

1808.   On September 7, 2021, D.H., via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.H.iii, by submitting a DPC to DOE's Impartial Hearing Office.

1809.  D.H.'s DPC alleged how DOE denied S.H.iii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

1810.  D.H.'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

1811.  This case was assigned Impartial Hearing Office Case No. 214866.

1812.  As to FAPE, DOE did not concede.

1813.  As to relief, DOE did not concede.

1814.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and two parent witnesses.

1815.  On January 31, 2022, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

1816.  On May 27, 2022, DOE failed to appear, whereupon D.H.'s counsel presented the case and the IHO advised that a decision would soon issue.

1817.  On June 2, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.H.iii a FAPE for the 2021-22 school year.

1818.  The FOFD's findings of fact and conclusions of law were in D.H.'s favor.

1819.  The IHO awarded relief, including SETSS (5 hours/week, at $160/hour).

1820.  The FOFD's awarded relief was in the D.H.'s favor.

1821.  Neither side appealed from the FOFD.

1822.   On January 3, 2024, D.H., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1823.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1824.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Shira Flusberg, Raizy Fried, Joshua Machlin, and Alexander Sprei.

1825.   The attorney's hours worked at the time of the fee demand were 4.8 (Philippe Gerschel).

1826.   The paralegals' hours worked at the time of the fee demand were 0.6 (Margaret Rice), 0.4 (Shira Flusberg), 0.1 (Raizy Fried), 3.4 (Joshua Machlin), and 2.5 (Alexander Sprei).

1827.   The fee demand was in the amount of $3,890.00.

1828.   As to review of the fee demand, DOE denied that it owes any fees.

### D.W., individually and on behalf of Y.W.ii – Case No. 221290

1829.   On November 12, 2021, D.W., via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.W.ii, by submitting a DPC to DOE's Impartial Hearing Office.

1830.   D.W.'s DPC alleged how DOE denied Y.W.ii FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

1831.   D.W.'s DPC proposed various relief, including an order that DOE fund:

    a.      located providers at their prevailing rate;

    b.      a bank of compensatory periods of SETSS or related services.

1832.   This case was assigned Impartial Hearing Office Case No. 221290.

1833.   As to FAPE, DOE did not concede.

1834.   As to relief, DOE did not concede.

1835.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

1836.   On May 25, 2022, upon presentation of D.W.'s case, the IHO advised that a decision would soon issue.

1837.   On May 25, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.W.ii a FAPE for the 2021-22 school year.

1838.   The FOFD's findings of fact and conclusions of law were in D.W.'s favor.

1839.   The IHO awarded relief, including:

      a.      SETSS (5 periods/week, direct group, Yiddish);

      b.      ST (2x30, 1:1, Yiddish).

1840.   The FOFD's awarded relief was in the D.W.'s favor.

1841.   Neither side appealed from the FOFD.

1842.   On February 17, 2024, D.W., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1843.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1844.   The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

1845.   The attorney's hours worked at the time of the fee demand were 4.3 (Philippe Gerschel).

1846.   The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith) and 1.3 (Alexander Sprei).

1847.   The fee demand was in the amount of $2,490.00.

1848.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### E.B.(1), individually and on behalf of F.B. – Case No. 207221

1849.   On March 11, 2021, E.B.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, F.B., by submitting a DPC to DOE's Impartial Hearing Office.

1850.   E.B.(1)'s DPC alleged how DOE denied F.B. FAPE for the 2020-21 school year, including via DOE's failure to implement their recommendations.

1851.   E.B.(1)'s DPC proposed various relief, including an order that:

a.      DOE fund located providers at their prevailing rate;

b.      DOE fund a bank of compensatory periods of SETSS or related services.

1852.   This case was assigned Impartial Hearing Office Case No. 207221.

1853.   As to FAPE, DOE did not concede.

1854.   As to relief, DOE did not concede.

1855.   Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

1856.   On December 29, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

1857.   On February 16, 2022, upon presentation of E.B.(1)'s case, the IHO advised that a final decision would soon issue.

1858.   On April 5, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered F.B. a FAPE for the 2020-21 school year.

1859.   The FOFD's findings of fact and conclusions of law were in E.B.(1)'s favor.

1860.   The IHO awarded relief, including:

      a.      a bank of ST (16 hours);

      b.      a bank of OT (16 hours).

1861. The FOFD's awarded relief was in the E.B.(1)'s favor.

1862. Neither side appealed from the FOFD.

1863. On February 4, 2024, E.B.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1864. The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1865. The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

1866. The attorney's hours worked at the time of the fee demand were 6.3 (Philippe Gerschel).

1867. The paralegals' hours worked at the time of the fee demand were 0.7 (Miriam Leonorovitz) and 2.5 (Alexander Sprei).

1868. The fee demand was in the amount of $3,790.00.

1869. As to review of the fee demand, DOE has not made a substantive response.

### E.B.(2), individually and on behalf of L.B. – Case No. 215928

1870. On September 9, 2021, E.B.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, L.B., by submitting a DPC to DOE's Impartial Hearing Office.

1871. E.B.(2)'s DPC alleged how DOE denied L.B. FAPE for the 2021-22 school year, including via DOE's failures to:

      a.      offer an appropriate program;

      b.      recommend the continuation of a SEIT program;

c.      recommend an appropriate placement.

1872.  E.B.(2)'s DPC proposed various relief, including an order that:

a.      DOE continue to fund the prior IEP;

b.      absent providers, DOE fund a bank of compensatory education equivalent to the missed services.

1873.  This case was assigned Impartial Hearing Office Case No. 215928.

1874.  As to FAPE, DOE did not concede.

1875.  As to relief, DOE did not concede.

1876.  Over the course of seven hearing dates, the evidence included three DOE exhibits, one DOE witness, ten parent exhibits, and two parent witnesses.

1877.  On October 18, 2021, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

1878.  On November 23, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

1879.  On January 10, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

1880.  On February 4, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

1881.  On March 14, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

1882.  On May 4, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

1883.   On May 31, 2022, DOE failed to appear, whereupon E.B.(2))'s counsel presented the case and the IHO advised that a final decision would soon issue.

1884.   On May 31, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered L.B. a FAPE for the 2021-22 school year.

1885.   The FOFD's findings of fact and conclusions of law were in E.B.(2)'s favor.

1886.   The IHO awarded relief, including DOE fund the SETSS.

1887.   The FOFD's awarded relief was in the E.B.(2)'s favor.

1888.   Neither side appealed from the FOFD.

1889.   On March 1, 2022, E.B.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1890.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1891.   The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

1892.   The attorney's hours worked at the time of the fee demand were 15.9 (Philippe Gerschel).

1893.   The paralegal's hours worked at the time of the fee demand were 7.8 (Alexander Sprei).

1894.   The fee demand was in the amount of $9,510.00.

1895.   As to review of the fee demand, DOE has not made a substantive response.

### E.K.(1), individually and on behalf of M.K.i – Case No. 210730

1896.   On July 6, 2021, E.K.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.K.i, by submitting a DPC to DOE's Impartial Hearing Office.

1897.   E.K.(1)'s DPC alleged how DOE denied M.K.i FAPE for the 2021-22 school year, including via DOE's failures to:

a.    offer an appropriate program;

b.    recommend the continuation of a SEIT program;

c.    recommend an appropriate placement.

1898.  E.K.(1)'s DPC proposed various relief, including an order that:

a.    DOE continue to fund the prior IEP;

b.    absent providers, DOE fund a bank of compensatory education equivalent to the missed services.

1899.  This case was assigned Impartial Hearing Office Case No. 210730.

1900.  As to FAPE, DOE did not concede.

1901.  As to relief, DOE did not concede.

1902.  Over the course of six hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and one parent witness.

1903.  On August 18, 2021, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

1904.  On October 19, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

1905.  On November 3, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

1906.  On December 15, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

1907.  On January 10, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

1908.  On February 10, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

1909.  On March 23, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.K.i a FAPE for the 2021-22 school year.

1910.   The FOFD's findings of fact and conclusions of law were in E.K.(1)'s favor.

1911.   The IHO awarded relief, including:

    a.    DOE fund an evaluation (neuropsychological, at $5,000);

    b.    pending completion of evaluation, CSE review of FOFD;

    c.    SEIT (5 hours/week, 2:1, Yiddish, at $150/hour);

    d.    ST (2x30, 1:1, Yiddish);

    e.    OT (2x30, 1:1).

1912.   The FOFD's awarded relief was in the E.K.(1)'s favor.

1913.   Neither side appealed from the FOFD.

1914.   On February 25, 2024, E.K.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1915.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1916.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

1917.   The attorney's hours worked at the time of the fee demand were 8.4 (Philippe Gerschel).

1918.   The paralegals' hours worked at the time of the fee demand were 0.3 (Margaret Rice) and 3.7 (Alexander Sprei).

1919.   The fee demand was in the amount of $5,045.00.

1920.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

    ***E.K.(2), individually and on behalf of C.K. – Case No. 212381***

1921.   On September 1, 2021, E.K.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, C.K., by submitting a DPC to DOE's Impartial Hearing Office.

1922.   E.K.(2)'s DPC alleged how DOE denied C.K. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

1923.   E.K.(2)'s DPC proposed various relief, including an order that DOE fund:

      a.     located providers at their prevailing rate;

      b.     a bank of compensatory periods of SETSS or related services.

1924.   This case was assigned Impartial Hearing Office Case No. 212381.

1925.   As to FAPE, DOE did not concede.

1926.   As to relief, DOE did not concede.

1927.   Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

1928.   On January 12, 2022, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

1929.   On February 10, 2022, DOE failed to appear, whereupon E.K.(2)'s counsel presented the case and the IHO advised that a decision would soon issue.

1930.   On February 23, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered C.K. a FAPE for the 2021-22 school year.

1931.   The FOFD's findings of fact and conclusions of law were in E.K.(2)'s favor.

1932.   The IHO awarded relief, including:

      a.     SETSS (7 periods/week, Yiddish);

      b.     related services mandated in prior IESP.

1933.   The FOFD's awarded relief was in the E.K.(2)'s favor.

1934.  Neither side appealed from the FOFD.

1935.  On February 29, 2024, E.K.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1936.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1937.  The paralegal staff, whose rate was $200, consisted of Raizy Fried, Miriam Leonorovitz, and Alexander Sprei.

1938.  The attorney's hours worked at the time of the fee demand were 7.0 (Philippe Gerschel).

1939.  The paralegals' hours worked at the time of the fee demand were 0.2 (Raizy Fried), 3.0 (Miriam Leonorovitz), and 0.9 (Alexander Sprei).

1940.  The fee demand was in the amount of $4,320.00.

1941.  As to review of the fee demand, DOE denied that it owes any fees.

### E.L., individually and on behalf of T.L.V. – Case No. 200553

1942.  On September 11, 2020, E.L., via Plaintiff, initiated an impartial due process hearing on behalf of her child, T.L.V., by submitting a DPC to DOE's Impartial Hearing Office.

1943.  E.L.'s DPC alleged how DOE denied T.L.V. FAPE for the 2020-21 school year, including via DOE's failure to implement its recommendations.

1944.  E.L.'s DPC proposed various relief, including an order that DOE fund:

    a.    the SETSS periods at the provider's prevailing rate;

    b.    a bank of compensatory periods of SETSS and the other related services.

1945.  This case was assigned Impartial Hearing Office Case No. 200553.

1946.  As to FAPE, DOE did not concede.

1947.   As to relief, DOE did not concede.

1948.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and one parent witness.

1949.   On January 11, 2022, at the merits hearing, Mr. Gerschel presented the case, with the IHO advising that a final decision would soon issue.

1950.   On March 16, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered T.L.V. a FAPE for the 2020-21 school year.

1951.   The FOFD's findings of fact and conclusions of law were in E.L.'s favor.

1952.   The IHO awarded relief, including funding for:

   a.      the school year's SETSS and related services;

   b.      the costs and expenses related to pendency.

1953.   The FOFD's awarded relief was in the E.L.'s favor.

1954.   Neither side appealed from the FOFD.

1955.   On February 29, 2024, E.L., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1956.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1957.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1958.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

1959.  The attorney's hours worked at the time of the fee demand were 5.6 (Philippe Gerschel).

1960.  The paralegals' hours worked at the time of the fee demand were 1.2 (Margaret Rice), 2.2 (Miriam Leonorovitz), and 4.4 (Alexander Sprei).

1961.  The fee demand was in the amount of $4,540.00.

1962.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### E.M., individually and on behalf of C.M. – Case No. 212334

1963.  On September 1, 2021, E.M., via Plaintiff, initiated an impartial due process hearing on behalf of her child, C.M., by submitting a DPC to DOE's Impartial Hearing Office.

1964.  E.M.'s DPC alleged how DOE denied C.M. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

1965.  E.M.'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

1966.  This case was assigned Impartial Hearing Office Case No. 212334.

1967.  As to FAPE, DOE did not concede.

1968.  As to relief, DOE did not concede.

1969.  Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six  parent exhibits, and two parent witnesses.

1970.  On January 10, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

1971.  On February 10, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

1972.   On March 4, 2022, upon presentation of E.M.'s case, the IHO advised that a final decision would soon issue.

1973.   On March 8, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered C.M. a FAPE for the 2021-22 school year.

1974.   The FOFD's findings of fact and conclusions of law were in E.M.'s favor.

1975.   The IHO awarded relief, including SETSS (3 periods/week, direct group, Yiddish, at market rate).

1976.   The FOFD's awarded relief was in the E.M.'s favor.

1977.   Neither side appealed from the FOFD.

1978.   On June 17, 2022, E.M., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

1979.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

1980.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

1981.   The attorney's hours worked at the time of the fee demand were 4.0 (Philippe Gerschel).

1982.   The paralegals' hours worked at the time of the fee demand were 0.3 (Margaret Rice), 2.2 (Miriam Leonorovitz), and 1.9 (Alexander Sprei).

1983.   The fee demand was in the amount of $2,925.00.

1984.   As to review of the fee demand, DOE denied that it owes any fees.

### E.O., individually and on behalf of Y.O. – Case No. 205548

1985.   On January 6, 2021, E.O., via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.O., by submitting a DPC to DOE's Impartial Hearing Office.

1986.   E.O.'s DPC alleged how DOE denied Y.O. FAPE for the 2020-21 school year, including via DOE's failure to implement its recommendations.

1987.   E.O.'s DPC proposed various relief, including an order that DOE fund:

     a.     located providers at their prevailing rate;

     b.     DOE fund a bank of compensatory periods of SETSS or related services.

1988.   This case was assigned Impartial Hearing Office Case No. 205548.

1989.   As to FAPE, DOE did not concede.

1990.   As to relief, DOE did not concede.

1991.   Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, five parent exhibits, and one parent witness.

1992.   On December 1, 2021, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

1993.   On January 10, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

1994.   On February 7, 2022, upon presentation of E.O.'s case, the IHO advised that a final decision would soon issue.

1995.   On February 19, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.O. a FAPE for the 2020-21 school year.

1996.   The FOFD's findings of fact and conclusions of law were in E.O.'s favor.

1997.   The IHO awarded relief, including SETSS (95 periods, at market rate).

1998.   The FOFD's awarded relief was in the E.O.'s favor.

1999.  Neither side appealed from the FOFD.

2000.  On January 27, 2024, E.O., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2001.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

2002.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2003.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

2004.  The attorneys' hours worked at the time of the fee demand were 7.3 (Philippe Gerschel) and 0.3 (Patrick Keogh).

2005.  The paralegals' hours worked at the time of the fee demand were 0.9 (Margaret Rice), 1.2 (Miriam Leonorovitz), and 1.0 (Alexander Sprei).

2006.  The fee demand was in the amount of $4,525.00.

2007.  As to review of the fee demand, DOE denied that it owes any fees.

### E.R.(1), individually and on behalf of T.R. – Case No. 217021

2008.  On September 13, 2021, E.R.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, T.R., by submitting a DPC to DOE's Impartial Hearing Office.

2009.  E.R.(1)'s DPC alleged how DOE denied T.R. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

2010.  E.R.(1)'s DPC proposed various relief, including an order that:

     a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

     b.      DOE fund a bank of compensatory periods of all services.

2011.  This case was assigned Impartial Hearing Office Case No. 217021.

2012.  As to FAPE, DOE did not concede.

2013.  As to relief, DOE did not concede.

2014.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

2015.  On March 23, 2022, upon presentation of E.R.(1)'s case, the IHO advised that a decision would soon issue.

2016.  On March 23, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered T.R. a FAPE for the 2021-22 school year.

2017.  The FOFD's findings of fact and conclusions of law were in E.R.(1)'s favor.

2018.  The IHO awarded relief, including:

     a.      SETSS (5 periods/week, direct group);

     b.      ST (2x30, 1:1);

     c.      OT (2x30, 1:1);

     d.      PT (1x30, group).

2019.  The FOFD's awarded relief was in the E.R.(1)'s favor.

2020.  Neither side appealed from the FOFD.

2021.  On March 2, 2024, E.R.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2022.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2023.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

2024.   The attorney's hours worked at the time of the fee demand were 4.3 (Philippe Gerschel).

2025.   The paralegals' hours worked at the time of the fee demand were 0.4 (Margaret Rice), 3.4 (Miriam Leonorovitz), and 1.5 (Alexander Sprei).

2026.   The fee demand was in the amount of $3,270.00.

2027.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### E.R.(2), individually and on behalf of B.R. – Case No. 220526

2028.   On October 28, 2021, E.R.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, B.R., by submitting a DPC to DOE's Impartial Hearing Office.

2029.   E.R.(2)'s DPC alleged how DOE denied B.R. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

2030.   E.R.(2)'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

2031.   This case was assigned Impartial Hearing Office Case No. 220526.

2032.   As to FAPE, DOE did not concede.

2033.   As to relief, DOE did not concede.

2034.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

2035.   On April 13, 2022, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

2036.   On April 29, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

2037.   On June 9, 2022, upon presentation of E.R.(2)'s case, the IHO advised that a final decision would soon issue.

2038.   On June 20, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered B.R. a FAPE for the 2021-22 school year.

2039.   The FOFD's findings of fact and conclusions of law were in E.R.(2)'s favor.

2040.   The IHO awarded relief, including:

      a.    SETSS (180 hours, at $165/hour);

      b.    ST (3,640 hours, individual, English, at $150/hour);

      c.    PT (3,641 hours, individual, English, at $150/hour).

2041.   The FOFD's awarded relief was in the E.R.(2)'s favor.

2042.   Neither side appealed from the FOFD.

2043.   On March 3, 2024, E.R.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2044.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

2045.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2046.  The paralegal staff, whose rate was $200, consisted of Sara Goldsmith, Joshua Machlin, and Alexander Sprei.

2047.  The attorneys' hours worked at the time of the fee demand were 7.5 (Philippe Gerschel) and 0.8 (Patrick Keogh).

2048.  The paralegals' hours worked at the time of the fee demand were 1.1 (Sara Goldsmith), 1.6 (Joshua Machlin), and 2.6 (Alexander Sprei).

2049.  The fee demand was in the amount of $5,130.00.

2050.  As to review of the fee demand, DOE has not made a substantive response.

### E.R.(3), individually and on behalf of S.R.v – Case No. 208005

2051.  On April 22, 2021, E.R.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.R.v, by submitting a DPC to DOE's Impartial Hearing Office.

2052.  E.R.(3)'s DPC alleged how DOE denied S.R.v FAPE for the 2020-21 school year, including via DOE's failure to implement its recommendations.

2053.  E.R.(3)'s DPC proposed various relief, including an order that DOE fund:

    a.      located providers at their prevailing rate;

    b.      a bank of compensatory periods of SETSS or related services.

2054.  This case was assigned Impartial Hearing Office Case No. 208005.

2055.  As to FAPE, DOE did not concede.

2056.  As to relief, DOE did not concede.

2057.  Over the course of five hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

2058.  On May 14, 2021, the parties and IHO convened for a pendency hearing, where the IHO granted pendency on a prior IESP.

2059.  On December 30, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

2060.  On February 11, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

2061.  On March 23, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

2062.  On April 27, 2022, upon DOE's failure to appear, E.R.(3)'s counsel presented the case and the IHO advised that a final decision would soon issue.

2063.  On May 7, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.R. v a FAPE for the 2020-21 school year.

2064.  The FOFD's findings of fact and conclusions of law were in E.R.(3)'s favor.

2065.  The IHO awarded relief, including:

   a.      SETSS (75 hours);

   b.      ST (35 hours).

2066.  The FOFD's awarded relief was in the E.R.(3)'s favor.

2067.  Neither side appealed from the FOFD.

2068.  On February 11, 2024, E.R.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2069.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2070.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2071.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

2072.  The attorneys' hours worked at the time of the fee demand were 6.6 (Philippe Gerschel) and 0.9 (Patrick Keogh).

2073.  The paralegals' hours worked at the time of the fee demand were 0.4 (Margaret Rice), 1.3 (Miriam Leonorovitz), and 3.9 (Alexander Sprei).

2074.  The fee demand was in the amount of $4,840.00.

2075.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### E.R.G., individually and on behalf of N.G.ii – Case No. 213579

2076.  On September 2, 2021, E.R.G., via Plaintiff, initiated an impartial due process hearing on behalf of her child, N.G.ii, by submitting a DPC to DOE's Impartial Hearing Office.

2077.  E.R.G.'s DPC alleged how DOE denied N.G.ii FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

2078.  E.R.G.'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

2079.  This case was assigned Impartial Hearing Office Case No. 213579.

2080.  As to FAPE, DOE did not concede.

2081.  As to relief, DOE did not concede.

2082.   Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

2083.   On November 1, 2021, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

2084.   On November 10, 2021, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

2085.   On December 13, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

2086.   On February 7, 2022, upon presentation of E.G.R.'s case, the IHO advised that a final decision would soon issue.

2087.   On April 21, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered N.G.ii a FAPE for the 2021-22 school year.

2088.   The FOFD's findings of fact and conclusions of law were in E.R.G.'s favor.

2089.   The IHO awarded relief, including SETSS (5 hours, at $182/hour).

2090.   The FOFD's awarded relief was in the E.R.G.'s favor.

2091.   Neither side appealed from the FOFD.

2092.   On May 29, 2024, E.R.G., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2093.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2094.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

2095.   The attorney's hours worked at the time of the fee demand were 6.5 (Philippe Gerschel).

2096.  The paralegals' hours worked at the time of the fee demand were 0.5 (Margaret Rice), 0.2 (Miriam Leonorovitz), and 4.9 (Alexander Sprei).

2097.  The fee demand was in the amount of $4,295.00.

2098.  As to review of the fee demand, DOE denied that it owes any fees.

### *E.S.(1), individually and on behalf of M.S.i – Case No. 217528*

2099.  On September 14, 2021, E.S.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.S.i, by submitting a DPC to DOE's Impartial Hearing Office.

2100.  E.S.(1)'s DPC alleged how DOE denied M.S.i FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

2101.  E.S.(1)'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

2102.  This case was assigned Impartial Hearing Office Case No. 217528.

2103.  As to FAPE, DOE did not concede.

2104.  As to relief, DOE did not concede.

2105.  Over the course of six hearing dates, the evidence included no DOE exhibits, no DOE witnesses, nine parent exhibits, and three parent witnesses.

2106.  On November 15, 2021, DOE failed to appear, leading to rescheduling the pendency hearing.

2107.  On November 18, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

2108.  On December 17, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

2109.  On February 4, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

2110.  On March 18, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

2111.  On May 5, 2022, DOE failed to appear, whereupon E.S.(1)'s counsel presented the case and the IHO advised that a final decision would soon issue.

2112.  On May 5, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.S.i a FAPE for the 2021-22 school year.

2113.  The FOFD's findings of fact and conclusions of law were in E.S.(1)'s favor.

2114.  The IHO awarded relief, including SETSS:

a.      5 periods/week, at market rate, September 2021 - March 2022;

b.      10 periods/week, at market rate, March-June 2022.

2115.  The FOFD's awarded relief was in the E.S.(1)'s favor.

2116.  Neither side appealed from the FOFD.

2117.  On February 8, 2024, E.S.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2118.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2119.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Sasha Karimova, Miriam Leonorovitz, and Alexander Sprei.

2120.  The attorney's hours worked at the time of the fee demand were 7.7 (Philippe Gerschel).

2121.  The paralegals' hours worked at the time of the fee demand were 0.2 (Margaret Rice), 0.2 (Sasha Karimova), 4.4 (Miriam Leonorovitz), and 3.7 (Alexander Sprei).

2122.  The fee demand was in the amount of $5,580.00.

2123.  As to review of the fee demand, DOE has not made a substantive response.

***E.S.(2), individually and on behalf of C.S.ii – Case No. 212607***

2124.  On September 1, 2021, E.S.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, C.S.ii, by submitting a DPC to DOE's Impartial Hearing Office.

2125.  E.S.(2)'s DPC alleged how DOE denied C.S.ii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

2126.  E.S.(2)'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

2127.  This case was assigned Impartial Hearing Office Case No. 212607.

2128.  As to FAPE, DOE did not concede.

2129.  As to relief, DOE did not concede.

2130.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

2131.  On January 31, 2022, at the merits hearing, Mr. Gerschel presented the case, with the IHO advising that a final decision would soon issue.

2132.  On January 31, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered C.S.ii a FAPE for the 2021-22 school year.

2133.  The FOFD's findings of fact and conclusions of law were in E.S.(2)'s favor.

2134.  The IHO awarded relief, including:

    a.      SETSS (10 periods/week, direct group);

    b.      ST (2x30, 1:1);

    c.      counseling (1x30, group).

2135.  The FOFD's awarded relief was in the E.S.(2)'s favor.

2136.  Neither side appealed from the FOFD.

2137.  On January 13, 2024, E.S.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2138.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2139.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Shira Flusberg, and Alexander Sprei.

2140.  The attorney's hours worked at the time of the fee demand were 4.2 (Philippe Gerschel).

2141.  The paralegals' hours worked at the time of the fee demand were 1.0 (Margaret Rice), 0.4 (Shira Flusbeg), and 0.9 (Alexander Sprei).

2142.  The fee demand was in the amount of $2,710.00.

2143.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### E.S.(3), individually and on behalf of M.S.iv – Case No. 217949

2144.  On September 20, 2021, E.S.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.S.iv, by submitting a DPC to DOE's Impartial Hearing Office.

2145.  E.S.(3)'s DPC alleged how DOE denied M.S.iv FAPE for the 2021-22 school year, including via DOE's failures to:

     a.      convene an IEP/IESP meeting;

     b.      recommend placement or services.

2146.  E.S.(3)'s DPC proposed various relief, including an order that:

     a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

     b.      DOE fund a bank of compensatory periods of all services.

2147.  This case was assigned Impartial Hearing Office Case No. 217949.

2148.  As to FAPE, DOE did not concede.

2149.  As to relief, DOE did not concede.

2150.  Over the course of five hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and no parent witnesses.

2151.  On March 4, 2022, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

2152.  On March 14, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

2153.  On April 11, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

2154.  On May 9, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

2155.  On May 31, 2022, upon presentation of E.S.(3)'s case, the IHO advised that a final decision would soon issue.

2156.  On May 31, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.S.iv a FAPE for the 2021-22 school year.

2157.  The FOFD's findings of fact and conclusions of law were in E.S.(3)'s favor.

2158.   The IHO awarded relief, including SETSS (10 periods/week, at $160/hour).

2159.   The FOFD's awarded relief was in the E.S.(3)'s favor.

2160.   Neither side appealed from the FOFD.

2161.   On February 11, 2024, E.S.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2162.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

2163.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2164.   The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

2165.   The attorneys' hours worked at the time of the fee demand were 5.3 (Philippe Gerschel) and 1.7 (Patrick Keogh).

2166.   The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith) and 2.9 (Alexander Sprei).

2167.   The fee demand was in the amount of $3,990.00.

2168.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### E.T.(1), individually and on behalf of B.T. – Case No. 216949

2169.   On September 13, 2021, E.T.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, B.T., by submitting a DPC to DOE's Impartial Hearing Office.

2170.   E.T.(1)'s DPC alleged how DOE denied B.T. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

2171. E.T.(1)'s DPC proposed various relief, including an order that:

    a.     located providers at their prevailing rate;

    b.     a bank of compensatory periods of SETSS or related services.

2172. This case was assigned Impartial Hearing Office Case No. 216949.

2173. As to FAPE, DOE did not concede.

2174. As to relief, DOE did not concede.

2175. Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

2176. On May 27, 2022, upon presentation of E.T.(1)'s case, the IHO advised that a decision would soon issue.

2177. On May 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered B.T. a FAPE for the 2021-22 school year.

2178. The FOFD's findings of fact and conclusions of law were in E.T.(1)'s favor.

2179. The IHO awarded relief, including:

    a.     SETSS (4 periods/week, direct group, bilingual);

    b.     SETSS (1 periods/week, direct individual, bilingual;

    c.     ST (2x30, group, bilingual, at market rate).

2180. The FOFD's awarded relief was in the E.T.(1)'s favor.

2181. Neither side appealed from the FOFD.

2182. On March 3, 2024, E.T.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2183.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2184.   The paralegal staff, whose rate was $200, consisted of Elane Shnaidman and Alexander Sprei.

2185.   The attorney's hours worked at the time of the fee demand were 4.5 (Philippe Gerschel).

2186.   The paralegals' hours worked at the time of the fee demand were 0.4 (Elane Shnaidman) and 2.2 (Alexander Sprei).

2187.   The fee demand was in the amount of $2,770.00.

2188.   As to review of the fee demand, DOE has not made a substantive response.

### *E.T.(2), individually and on behalf of S.T.i – Case No. 220287*

2189.   On October 25, 2021, E.T.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.T.i, by submitting a DPC to DOE's Impartial Hearing Office.

2190.   E.T.(2)'s DPC alleged how DOE denied S.T.i FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

2191.   E.T.(2)'s DPC proposed various relief, including an order that DOE fund:

      a.     located providers at their prevailing rate;

      b.     a bank of compensatory periods of SETSS or related services.

2192.   This case was assigned Impartial Hearing Office Case No. 220287.

2193.   As to FAPE, DOE did not concede.

2194.   As to relief, DOE did not concede.

2195.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, eight  parent exhibits, and one parent witness.

2196.  On May 6, 2022, DOE failed to appear for the hearing, whereupon E.T.(2)'s counsel presented the case and the IHO advising that a decision would issue.

2197.  On May 6, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.T.i a FAPE for the 2021-22 school year.

2198.  The FOFD's findings of fact and conclusions of law were in E.T.(2)'s favor.

2199.  The IHO awarded relief, including:

     a.     SETSS (5 hours/week, direct group, Yiddish);

     b.     ST (2x30, 1:1, Yiddish);

     c.     OT (2x30, 1:1);

     d.     counseling (1x30, 1:1);

     e.     counseling (1x30, group);

     f.     a bank of SETSS (40 hours, Yiddish);

     g.     a bank of OT (40 hours).

2200.  The FOFD's awarded relief was in the E.T.(2)'s favor.

2201.  Neither side appealed from the FOFD.

2202.  On July 7, 2022, E.T.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2203.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

2204.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2205.  The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

2206.  The attorneys' hours worked at the time of the fee demand were 4.0 (Philippe Gerschel) and 0.3 (Patrick Keogh).

2207.  The paralegal's hours worked at the time of the fee demand were 3.3 (Alexander Sprei).

2208.  The fee demand was in the amount of $2,780.00.

2209.  As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### *E.W.(1), individually and on behalf of M.W.iv – Case No. 215977*

2210.  On September 9, 2021, E.W.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.W.iv, by submitting a DPC to DOE's Impartial Hearing Office.

2211.  E.W.(1)'s DPC alleged how DOE denied M.W.iv FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    offer an appropriate program;

    b.    recommend the continuation of a SEIT program;

    c.    recommend an appropriate placement.

2212.  E.W.(1)'s DPC proposed various relief, including an order that:

    a.    DOE continue to fund the prior IEP;

    b.    absent providers, DOE fund a bank of compensatory education.

2213.  This case was assigned Impartial Hearing Office Case No. 215977.

2214.  As to FAPE, DOE did not concede.

2215.  As to relief, DOE did not concede.

2216.  Over the course of five hearing dates, the evidence included no DOE exhibits, no DOE witnesses, eight parent exhibits, and two parent witnesses.

2217.  On November 8, 2021, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

2218.  On February 11, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

2219.  On March 17, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

2220.  On April 28, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

2221.  On June 14, 2022, upon DOE's failure to appear, E.W.(1)'s counsel presented the case and the IHO advised that a final decision would soon issue.

2222.  On June 15, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.W.iv a FAPE for the 2021-22 school year.

2223.  The FOFD's findings of fact and conclusions of law were in E.W.(1)'s favor.

2224.  The IHO awarded relief, including:

    a.    SEIT (8 hours/week, 1:1, Yiddish);

    b.    ST (3x30, 1:1, Yiddish);

    c.    paraprofessional (360 minutes/week, 1:1).

2225.  The FOFD's awarded relief was in the E.W.(1)'s favor.

2226.  Neither side appealed from the FOFD.

2227.  On August 28, 2023, E.W.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2228.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

2229.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2230.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

2231.  The attorneys' hours worked at the time of the fee demand were 7.7 (Philippe Gerschel) and 0.4 (Patrick Keogh).

2232.  The paralegals' hours worked at the time of the fee demand were 0.4 (Margaret Rice), 3.6 (Miriam Leonorovitz), and 3.3 (Alexander Sprei).

2233.  The fee demand was in the amount of $5,530.00.

2234.  As to review of the fee demand, DOE has not made a substantive response.

### E.W.(2), individually and on behalf of L.W.i – Case No. 204566

2235.  On December 3, 2020, E.W.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, L.W.i, by submitting a DPC to DOE's Impartial Hearing Office.

2236.  E.W.(2)'s DPC alleged how DOE denied L.W.i FAPE for the 2020-21 school year, including via DOE's failures to:

a.      offer an appropriate program;

b.      reconvene an IEP/IESP.

2237.  E.W.(2)'s DPC proposed various relief, including an order that:

a.      DOE continue to fund the prior IEP;

b.      absent providers, DOE fund a bank of compensatory education equivalent to the missed services.

2238.  This case was assigned Impartial Hearing Office Case No. 204566.

2239.   As to FAPE, DOE did not concede.

2240.   As to relief, DOE did not concede.

2241.   Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and one parent witness.

2242.   On November 10, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

2243.   On December 17, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

2244.   On March 18, 2022, upon presentation of E.W.(2)'s case, the IHO advised that a final decision would soon issue.

2245.   On March 22, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered L.W.i a FAPE for the 2020-21 school year.

2246.   The FOFD's findings of fact and conclusions of law were in E.W.(2)'s favor.

2247.   The IHO awarded relief, including:

    a.    40 hours of ST (40 hours);

    b.    PT (40 hours), OT (20 hours);

    c.    SETSS (130 hours).

2248.   The FOFD's awarded relief was in the E.W.(2)'s favor.

2249.   Neither side appealed from the FOFD.

2250.   On February 25, 2024, E.W.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2251.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2252.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

2253.  The attorney's hours worked at the time of the fee demand were 7.0 (Philippe Gerschel).

2254.  The paralegals' hours worked at the time of the fee demand were 1.8 (Margaret Rice) and 2.0 (Alexander Sprei).

2255.  The fee demand was in the amount of $4,530.00.

2256.  As to review of the fee demand, DOE denied that it owes any fees.

### E.W.(3), individually and on behalf of R.W. – Case No. 203936

2257.  On November 13, 2020, E.W.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, R.W., by submitting a DPC to DOE's Impartial Hearing Office.

2258.  E.W.(3)'s DPC alleged how DOE denied R.W. FAPE for the 2020-21 school year, including via DOE's failures to:

    a.    offer an appropriate program;

    b.    recommend sufficient SETSS and related services to enable the success of the LRE placement;

    c.    recommend SETSS as an "individual service";

    d.    implement its recommendations.

2259.  E.W.(3)'s DPC proposed various relief, including an order that:

    a.    DOE authorize and fund the requested IEEs;

    b.    CSE implement the findings of said IEEs;

    c.    the SETSS services mandate be changed from group to individual service;

    d.    DOE fund the SETSS services at the provider's prevailing rate;

    e.    DOE fund a bank of compensatory periods of all services.

2260.  This case was assigned Impartial Hearing Office Case No. 203936.

2261.  As to FAPE, DOE did not concede.

2262.  As to relief, DOE did not concede.

2263.  Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and one parent witness.

2264.  On January 10, 2022, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

2265.  On January 10, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

2266.  On March 22, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

2267.  On May 6, 2022, upon DOE's failure to appear, E.W.(3)'s counsel presented the case, and the IHO advised that a final decision would soon issue.

2268.  On May 10, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered R.W. a FAPE for the 2020-21 school year.

2269.  The FOFD's findings of fact and conclusions of law were in E.W.(3)'s favor.

2270.  The IHO awarded relief, including a bank of SETSS that DOE failed to provide, at market rate.

2271.  The FOFD's awarded relief was in the E.W.(3)'s favor.

2272.  Neither side appealed from the FOFD.

2273.  On February 11, 2024, E.W.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2274.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

2275.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2276.  The paralegal staff, whose rate was $200, consisted of Joshua Machlin, Miriam Leonorovitz, and Alexander Sprei.

2277.  The attorneys' hours worked at the time of the fee demand were 7.2 (Philippe Gerschel) and 2.4 (Patrick Keogh).

2278.  The paralegals' hours worked at the time of the fee demand were 0.8 (Joshua Machlin), 0.1 (Miriam Leonorovitz), and 5.2 (Alexander Sprei).

2279.  The fee demand was in the amount of $5,780.00.

2280.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### *F.B., individually and on behalf of E.B.i – Case No. 220778*

2281.  On November 2, 2021, F.B., via Plaintiff, initiated an impartial due process hearing on behalf of her child, E.B.i, by submitting a DPC to DOE's Impartial Hearing Office.

2282.  F.B.'s DPC alleged how DOE denied E.B.i FAPE for the 2021-22 school year, including via DOE's failures to:

    a.      convene an IEP/IESP meeting;

    b.      recommend placement or services.

2283.  F.B.'s DPC proposed various relief, including an order that:

    a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.      DOE fund a bank of compensatory periods of all services.

2284.  This case was assigned Impartial Hearing Office Case No. 220778.

2285.  As to FAPE, DOE did not concede.

2286.  As to relief, DOE did not concede.

2287.  Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, eight parent exhibits, and two parent witnesses.

2288.  On December 17, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

2289.  On December 22, 2021, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

2290.  On March 15, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

2291.  On April 25, 2022, upon presentation of F.B.'s case, the IHO advised that a final decision would soon issue.

2292.  On April 25, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered E.B.i a FAPE for the 2021-22 school year.

2293.  The FOFD's findings of fact and conclusions of law were in F.B.'s favor.

2294.  The IHO awarded relief, including:

      a.     funding for school year's SETSS;

      b.     a bank of counseling (60 hours).

2295.  The FOFD's awarded relief was in the F.B.'s favor.

2296.  Neither side appealed from the FOFD.

2297.  On February 1, 2024, F.B., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2298.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

2299.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2300.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

2301.   The attorneys' hours worked at the time of the fee demand were 6.2 (Philippe Gerschel) and 0.6 (Patrick Keogh).

2302.   The paralegals' hours worked at the time of the fee demand were 1.2 (Margaret Rice), 3.4 (Miriam Leonorovitz), and 3.3 (Alexander Sprei).

2303.   The fee demand was in the amount of $5,100.00.

2304.   As to review of the fee demand, DOE denied that it owes any fees.

### F.F., individually and on behalf of R.F.i – Case No. 220533

2305.   On October 28, 2021, F.F., via Plaintiff, initiated an impartial due process hearing on behalf of her child, R.F.i, by submitting a DPC to DOE's Impartial Hearing Office.

2306.   F.F.'s DPC alleged how DOE denied R.F.i FAPE for the 2021-22 school year, including via DOE's failures to:

    a.     convene an IEP/IESP meeting;

    b.     recommend placement or services;

    c.     implement its recommendations.

2307.   F.F.'s DPC proposed various relief, including an order that:

    a.     absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.     DOE fund a bank of compensatory periods of all services.

2308.  This case was assigned Impartial Hearing Office Case No. 220533.

2309.  As to FAPE, DOE did not concede.

2310.  As to relief, DOE did not concede.

2311.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

2312.  On May 16, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

2313.  On June 17, 2022, upon presentation of F.F.'s case, the IHO advised that a final decision would soon issue.

2314.  On June 24, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered R.F.i a FAPE for the 2021-22 school year.

2315.  The FOFD's findings of fact and conclusions of law were in F.F.'s favor.

2316.  The IHO awarded relief, including SETSS (5 periods/week, direct group, Yiddish, at market rate).

2317.  The FOFD's awarded relief was in the F.F.'s favor.

2318.  Neither side appealed from the FOFD.

2319.  On March 12, 2024, F.F., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2320.  The lead attorney was Philippe Gerschel, with occasional assistance from Jie Luo.

2321.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Jie Luo) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2322.  The paralegal staff, whose rate was $200, consisted of Shira Flusberg, Sara Goldsmith, Sasha Karimova, and Alexander Sprei.

2323.   The attorneys' hours worked at the time of the fee demand were 6.6 (Philippe Gerschel) and 0.7 (Jie Luo).

2324.   The paralegals' hours worked at the time of the fee demand were 0.3 (Shira Flusberg), 0.5 (Sara Goldsmith), 1.3 (Sasha Karimova), and 4.0 (Alexander Sprei).

2325.   The fee demand was in the amount of $4,800.00.

2326.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### F.G.(1) and A.G., individually and on behalf of L.G. – Case No. 217522

2327.   On September 13, 2021, F.G.(1) and A.G., via Plaintiff, initiated an impartial due process hearing on behalf of her child, L.G., by submitting a DPC to DOE's Impartial Hearing Office.

2328.   F.G.(1) and A.G.'s DPC alleged how DOE denied L.G. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

2329.   F.G.(1) and A.G.'s DPC proposed various relief, including an order that DOE fund:

      a.    located providers at their prevailing rate;

      b.    a bank of compensatory periods of SETSS or related services.

2330.   This case was assigned Impartial Hearing Office Case No. 217522.

2331.   As to FAPE, DOE did not concede.

2332.   As to relief, DOE did not concede.

2333.   Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

2334.   On March 11, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

2335.  On May 4, 2022, upon presentation of F.G.(1)'s case, the IHO advised that a final decision would soon issue.

2336.  On June 1, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered L.G. a FAPE for the 2021-22 school year.

2337.  The FOFD's findings of fact and conclusions of law were in F.G.(1) and A.G.'s favor.

2338.  The IHO awarded relief, including:

   a.   SETSS (3 periods/week, direct group, Yiddish, at $182/hour);

   b.   ST (2x30, group, Yiddish).

2339.  The FOFD's awarded relief was in the F.G.(1) and A.G.'s favor.

2340.  Neither side appealed from the FOFD.

2341.  On February 11, 2024, F.G.(1) and A.G., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2342.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2343.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

2344.  The attorney's hours worked at the time of the fee demand were 7.9 (Philippe Gerschel).

2345.  The paralegals' hours worked at the time of the fee demand were 0.5 (Margaret Rice), 3.4 (Miriam Leonorovitz), and 1.5 (Alexander Sprei).

2346.  The fee demand was in the amount of $5,105.00.

2347.  As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

*F.G.(2), individually and on behalf of S.G.i – Case No. 217140*

2348.  On September 13, 2021, F.G.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.G.i, by submitting a DPC to DOE's Impartial Hearing Office.

2349.  F.G.(2)'s DPC alleged how DOE denied S.G.i FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

2350.  F.G.(2)'s DPC proposed various relief, including an order that DOE fund:

    a.     located providers at their prevailing rate;

    b.     a bank of compensatory periods of SETSS or related services.

2351.  This case was assigned Impartial Hearing Office Case No. 217140.

2352.  As to FAPE, DOE did not concede.

2353.  As to relief, DOE did not concede.

2354.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and two parent witnesses.

2355.  On March 10, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

2356.  On May 18, 2022, upon presentation of F.G.(2)'s case, the IHO advised that a final decision would soon issue.

2357.  On May 27, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.G.i a FAPE for the 2021-22 school year.

2358.  The FOFD's findings of fact and conclusions of law were in F.G.(2)'s favor.

2359.  The IHO awarded relief, including:

    a.     SETSS (4 periods/week, direct group, English);

    b.     ST (2x30, individual, English);

c.    ST (1x30, group, English);

d.    OT (1x30, individual, English);

e.    counseling (1x30 minutes/week, group).

2360.  The FOFD's awarded relief was in the F.G.(2)'s favor.

2361.  Neither side appealed from the FOFD.

2362.  On January 31, 2024, F.G.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2363.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2364.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Joshua Machlin, Miriam Leonorovitz, and Alexander Sprei.

2365.  The attorney's hours worked at the time of the fee demand were 5.3 (Philippe Gerschel).

2366.  The paralegals' hours worked at the time of the fee demand were 0.7 (Margaret Rice), 0.9 (Joshua Machlin), 2.4 (Miriam Leonorovitz), and 1.7 (Alexander Sprei).

2367.  The fee demand was in the amount of $3,895.00.

2368.  As to review of the fee demand, DOE has not made a substantive response.

### F.K., individually and on behalf of N.K.iv – Case No. 208549

2369.  On June 1, 2021, F.K., via Plaintiff, initiated an impartial due process hearing on behalf of her child, N.K.iv, by submitting a DPC to DOE's Impartial Hearing Office.

2370.  F.K.'s DPC alleged how DOE denied N.K.iv FAPE for the 2020-21 school year, including via DOE's failures to:

     a.     convene an IEP/IESP meeting;

     b.     recommend placement or services.

2371.  F.K.'s DPC proposed various relief, including an order that:

     a.     DOE authorize and fund the requested IEEs;

     b.     CSE implement the findings of said IEEs;

     c.     absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

     d.     DOE fund a bank of compensatory periods of all services.

2372.  This case was assigned Impartial Hearing Office Case No. 208549.

2373.  As to FAPE, DOE did not concede.

2374.  As to relief, DOE did not concede.

2375.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

2376.  On June 25, 2021, upon DOE's failure to appear, the IHO reviewed and granted F.K.'s pendency request.

2377.  On May 27, 2022, upon DOE's failure to appear, F.K.'s counsel presented a case and the IHO advised that a final decision would soon issue.

2378.  On May 29, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered N.K.iv a FAPE for the 2020-21 school year.

2379.  The FOFD's findings of fact and conclusions of law were in F.K.'s favor.

2380.  The IHO awarded relief, including:

     a.     SETSS (10 periods/week, group, direct, English);

     b.     ST (3x30, 1:1, Yiddish);

      c.      OT (3x30, 1:1, English).

2381.   The FOFD's awarded relief was in the F.K.'s favor.

2382.   Neither side appealed from the FOFD.

2383.   On January 3, 2024, F.K., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2384.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2385.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Raizy Fried and Alexander Sprei.

2386.   The attorney's hours worked at the time of the fee demand were 5.4 (Philippe Gerschel).

2387.   The paralegals' hours worked at the time of the fee demand were 0.2 (Raizy Fried) and 2.8 (Alexander Sprei).

2388.   The fee demand was in the amount of $3,300.00.

2389.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### *F.P., individually and on behalf of N.P. – Case No. 206633*

2390.   On February 10, 2021, F.P., via Plaintiff, initiated an impartial due process hearing on behalf of her child, N.P., by submitting a DPC to DOE's Impartial Hearing Office.

2391.   F.P.'s DPC alleged how DOE denied N.P. FAPE for the 2020-21 school year, including via DOE's failures to:

      a.      convene an IEP/IESP meeting;

      b.      recommend placement or services.

2392.  F.P.'s DPC proposed various relief, including an order that:

      a.      DOE authorize and fund the requested IEEs;

      b.      CSE implement the findings of said IEEs;

      c.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

      d.      DOE fund a bank of compensatory periods of all services.

2393.  This case was assigned Impartial Hearing Office Case No. 206633.

2394.  As to FAPE, DOE did not concede.

2395.  As to relief, DOE did not concede.

2396.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

2397.  On January 11, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

2398.  On February 15, 2022, upon DOE's failure to appear, F.P.'s counsel presented a case and the IHO advised that a final decision would soon issue.

2399.  On February 19, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered N.P. a FAPE for the 2020-21 school year.

2400.  The FOFD's findings of fact and conclusions of law were in F.P.'s favor.

2401.  The IHO awarded relief, including SETSS (80 hours, Yiddish, at $75/hour).

2402.  The FOFD's awarded relief was in the F.P.'s favor.

2403.  Neither side appealed from the FOFD.

2404.  On January 5, 2024, F.P., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2405.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2406.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

2407.  The attorney's hours worked at the time of the fee demand were 7.9 (Philippe Gerschel).

2408.  The paralegals' hours worked at the time of the fee demand were 1.1 (Margaret Rice) and 1.3 (Alexander Sprei).

2409.  The fee demand was in the amount of $4,595.00.

2410.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### F.S.(1), individually and on behalf of M.S.ii – Case No. 200757

2411.  On September 14, 2020, F.S.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.S.ii, by submitting a DPC to DOE's Impartial Hearing Office.

2412.  F.S.(1)'s DPC alleged how DOE denied M.S.ii FAPE for the 2020-21 school year, including via DOE's failures to:

    a.     offer an appropriate program;

    b.     recommend sufficient SETSS and related services to enable the success of the LRE placement;

    c.     recommend SETSS as an "individual service";

    d.     implement its recommendations.

2413.  F.S.(1)'s DPC proposed various relief, including an order that:

    a.     DOE authorize and fund the requested IEEs;

b.      CSE implement the findings of said IEEs;

c.      the SETSS services mandate be changed from group to individual service;

d.      DOE fund the SETSS services at the provider's prevailing rate;

e.      DOE fund a bank of compensatory periods of all services.

2414.   This case was assigned Impartial Hearing Office Case No. 200757.

2415.   As to FAPE, DOE did not concede.

2416.   As to relief, DOE did not concede.

2417.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

2418.   On October 1, 2021, at a prehearing conference, Mr. Gerschel outlined the issues, with the merits hearing then scheduled.

2419.   On November 18, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

2420.   On January 20, 2022, at the merits hearing, Mr. Gerschel presented the case, with the IHO advising that a final decision would soon issue.

2421.   On February 18, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.S.ii a FAPE for the 2020-21 school year.

2422.   The FOFD's findings of fact and conclusions of law were in F.S.(1)'s favor.

2423.   The IHO awarded relief, including ST (36 hours).

2424.   The FOFD's awarded relief was in the F.S.(1)'s favor.

2425.   Neither side appealed from the FOFD.

2426.   On January 21, 2024, F.S.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2427.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2428.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

2429.   The attorney's hours worked at the time of the fee demand were 8.0 (Philippe Gerschel).

2430.   The paralegals' hours worked at the time of the fee demand were 3.8 (Margaret Rice) and 1.1 (Alexander Sprei).

2431.   The fee demand was in the amount of $5,550.00.

2432.   As to review of the fee demand, negotiations reached a standstill.

### F.S.(2), individually and on behalf of E.S.i – Case No. 199123

2433.   On September 8, 2020, F.S.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, E.S.i, by submitting a DPC to DOE's Impartial Hearing Office.

2434.   F.S.(2)'s DPC alleged how DOE denied E.S.i FAPE for the 2020-21 school year, including via DOE's failures to:

    a.     offer an appropriate program;

    b.     recommend sufficient SETSS and related services to enable the success of the LRE placement;

    c.     implement its recommendations.

2435.   F.S.(2)'s DPC proposed various relief, including an order that:

    a.     authorizing an IEE (neuropsychological);

    b.     DOE fund the SETSS periods at the provider's prevailing rate;

    c.     DOE fund a bank of compensatory periods of SETSS.

2436.  This case was assigned Impartial Hearing Office Case No. 199123.

2437.  As to FAPE, DOE did not concede.

2438.  As to relief, DOE did not concede.

2439.  Over the course of six hearing dates, the evidence included no DOE exhibits, no DOE witnesses, five parent exhibits, and one parent witnesses.

2440.  On August 24, 2021, at a prehearing conference, Mr. Gerschel outlined the issues, with the merits hearing then scheduled.

2441.  On September 27, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

2442.  On December 3, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

2443.  On January 6, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

2444.  On February 3, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

2445.  On March 21, 2022, DOE failed to appear, leading to final case presentation and the IHO advising that a final decision would soon issue.

2446.  On April 29, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered E.S.i a FAPE for the 2020-21 school year.

2447.  The FOFD's findings of fact and conclusions of law were in F.S.(2)'s favor.

2448.  The IHO awarded relief, including funding for services referenced in IESP.

2449.  The FOFD's awarded relief was in the F.S.(2)'s favor.

2450.  Neither side appealed from the FOFD.

2451.  On May 22, 2024, F.S.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2452.   The lead attorney was Philippe Gerschel, with occasional assistance from Susan Dasch and Patrick Keogh.

2453.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel), $400 (Susan Dasch), and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2454.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

2455.   The attorneys' hours worked at the time of the fee demand were 5.7 (Philippe Gerschel), 0.5 (Susan Dasch), and 1.5 (Patrick Keogh).

2456.   The paralegals' hours worked at the time of the fee demand were 2.4 (Margaret Rice), 0.3 (Miriam Leonorovitz), and 4.4 (Alexander Sprei).

2457.   The fee demand was in the amount of $5,430.00.

2458.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### F.S.(3), individually and on behalf of A.S.i – Case No. 203920

2459.   On November 13, 2020, F.S.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, A.S.i, by submitting a DPC to DOE's Impartial Hearing Office.

2460.   F.S.(3)'s DPC alleged how DOE denied A.S.i FAPE for the 2020-21 school year, including via DOE's failures to:

    a.      offer an appropriate program;

    b.      recommend sufficient SETSS and related services to enable the success of the LRE placement;

    c.      recommend SETSS as an "individual service";

d.    implement its recommendations.

2461.  F.S.(3)'s DPC proposed various relief, including an order that:

a.    DOE authorize and fund the requested IEEs;

b.    CSE implement the findings of said IEEs;

c.    the SETSS services mandate be changed from group to individual service;

d.    DOE fund the SETSS services at the provider's prevailing rate;

e.    DOE fund a bank of compensatory periods of all services.

2462.  This case was assigned Impartial Hearing Office Case No. 203920.

2463.  As to FAPE, DOE did not concede.

2464.  As to relief, DOE did not concede.

2465.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

2466.  On November 5, 2021, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

2467.  On January 11, 2022, upon DOE's failure to appear, F.S.(3)'s counsel presented the case, and the IHO advised that a final decision would soon issue.

2468.  On February 4, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered A.S.i a FAPE for the 2020-21 school year.

2469.  The FOFD's findings of fact and conclusions of law were in F.S.(3)'s favor.

2470.  The IHO awarded relief, including:

a.    services in the IESP that DOE failed to provide;

b.    a mandate for SETSS (3 periods/week, group, direct, Yiddish).

2471.  The FOFD's awarded relief was in the F.S.(3)'s favor.

2472. Neither side appealed from the FOFD.

2473. The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2474. The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

2475. The attorney's hours worked at the time of the fee demand were 4.5 (Philippe Gerschel).

2476. The paralegals' hours worked at the time of the fee demand were 0.2 (Miriam Leonorovitz) and 2.4 (Alexander Sprei).

2477. The total fees were in the amount of $2,770.00.

### F.W., individually and on behalf of D.W. – Case No. 217973

2478. On September 20, 2021, F.W., via Plaintiff, initiated an impartial due process hearing on behalf of her child, D.W., by submitting a DPC to DOE's Impartial Hearing Office.

2479. F.W.'s DPC alleged how DOE denied D.W. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.     convene an IEP/IESP meeting;

    b.     recommend placement or services.

2480. F.W.'s DPC proposed various relief, including an order that:

    a.     absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.     DOE fund a bank of compensatory periods of all services.

2481. This case was assigned Impartial Hearing Office Case No. 217973.

2482. As to FAPE, DOE did not concede.

2483.   As to relief, DOE did not concede.

2484.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and two parent witnesses.

2485.   On April 4, 2022, upon presentation of F.W.'s case, the IHO advised that a decision would soon issue.

2486.   On April 4, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered D.W. a FAPE for the 2021-22 school year.

2487.   The FOFD's findings of fact and conclusions of law were in F.W.'s favor.

2488.   The IHO awarded relief, including:

      a.      SETSS (5 hours/week, direct group);

      b.      ST (2x30, 1:1);

      c.      counseling (1x30, group).

2489.   The FOFD's awarded relief was in the F.W.'s favor.

2490.   Neither side appealed from the FOFD.

2491.   On February 4, 2024, F.W., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2492.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2493.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

2494.   The attorney's hours worked at the time of the fee demand were 4.6 (Philippe Gerschel).

2495.  The paralegals' hours worked at the time of the fee demand were 2.3 (Margaret Rice), 0.9 (Miriam Leonorovitz), and 1.8 (Alexander Sprei).

2496.  The fee demand was in the amount of $3,645.00.

2497.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### G.B., individually and on behalf of E.B.ii – Case No. 207027

2498.  On March 2, 2021, G.B., via Plaintiff, initiated an impartial due process hearing on behalf of her child, E.B.ii, by submitting a DPC to DOE's Impartial Hearing Office.

2499.  G.B.'s DPC alleged how DOE denied E.B.ii FAPE for the 2020-21 school year, including via DOE's failures to:

    a.    offer an appropriate program;

    b.    recommend sufficient SETSS and related services to enable the success of the LRE placement;

    c.    recommend SETSS as an "individual service";

    d.    implement its recommendations.

2500.  G.B.'s DPC proposed various relief, including an order that:

    a.    DOE authorize and fund the requested IEEs;

    b.    CSE implement the findings of said IEEs;

    c.    the SETSS services mandate be changed from group to individual service;

    d.    DOE fund the SETSS services at the provider's prevailing rate;

    e.    DOE fund a bank of compensatory periods of all services.

2501.  This case was assigned Impartial Hearing Office Case No. 207027.

2502.  As to FAPE, DOE did not concede.

2503.   As to relief, DOE did not concede.

2504.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, five parent exhibits, and one parent witness.

2505.   On January 24, 2022, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

2506.   On February 14, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

2507.   On March 23, 2022, upon presentation of G.B.'s case, the IHO advised that a final decision would soon issue.

2508.   On April 9, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered E.B.ii a FAPE for the 2020-21 school year.

2509.   The FOFD's findings of fact and conclusions of law were in G.B.'s favor.

2510.   The IHO awarded relief, including SETSS (45 periods, at lowest rate paid by DOE Impartial Hearing Implementation Unit)

2511.   The FOFD's awarded relief was in the G.B.'s favor.

2512.   Neither side appealed from the FOFD.

2513.   On February 4, 2024, G.B., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2514.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

2515.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2516. The paralegal staff, whose rate was $200, consisted of Sara Goldsmith, Miriam Leonorovitz, and Alexander Sprei.

2517. The attorneys' hours worked at the time of the fee demand were 6.9 (Philippe Gerschel) and 0.7 (Patrick Keogh).

2518. The paralegals' hours worked at the time of the fee demand were 0.6 (Sara Goldsmith), 0.6 (Miriam Leonorovitz), and 2.5 (Alexander Sprei).

2519. The fee demand was in the amount of $4,470.00.

2520. As to review of the fee demand, DOE has not made a substantive response.

### *G.E., individually and on behalf of Y.E.i – Case No. 215926*

2521. On September 9, 2021, G.E., via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.E.i, by submitting a DPC to DOE's Impartial Hearing Office.

2522. G.E.'s DPC alleged how DOE denied Y.E.i FAPE for the 2021-22 school year, including via DOE's failures to:

    a.     offer an appropriate program;

    b.     recommend the continuation of a SEIT program;

    c.     recommend an appropriate placement.

2523. G.E.'s DPC proposed various relief, including an order that:

    a.     DOE continue to fund the prior IEP;

    b.     absent providers, DOE fund a bank of compensatory education equivalent to the missed services.

2524. This case was assigned Impartial Hearing Office Case No. 215926.

2525. As to FAPE, DOE did not concede.

2526. As to relief, DOE did not concede.

2527.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

2528.   On May 27, 2022, DOE failed to appear for the hearing, whereupon G.E.'s counsel presented the case and the IHO advising that a decision would issue.

2529.   On May 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.E.i a FAPE for the 2021-22 school year.

2530.   The FOFD's findings of fact and conclusions of law were in G.E.'s favor.

2531.   The IHO awarded relief, including:

    a.    SEIT (3x60, 2:1, Yiddish);

    b.    OT (2x30, 1:1, English, at market rate).

2532.   The FOFD's awarded relief was in the G.E.'s favor.

2533.   Neither side appealed from the FOFD.

2534.   On March 3, 2024, G.E., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2535.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2536.   The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

2537.   The attorney's hours worked at the time of the fee demand were 4.6 (Philippe Gerschel).

2538.   The paralegal's hours worked at the time of the fee demand were 2.3 (Alexander Sprei).

2539.   The fee demand was in the amount of $2,760.00.

2540.   As to review of the fee demand, DOE has not made a substantive response.

    *G.F., individually and on behalf of D.F.ii – Case No. 207323*

2541.  On March 16, 2021, G.F., via Plaintiff, initiated an impartial due process hearing on behalf of her child, D.F.ii, by submitting a DPC to DOE's Impartial Hearing Office.

2542.  G.F.'s DPC alleged how DOE denied D.F.ii FAPE for the 2020-21 school year, including via DOE's failure to implement its recommendations.

2543.  G.F.'s DPC proposed various relief, including an order that DOE fund:

   a.    located providers at their prevailing rate;

   b.    a bank of compensatory periods of SETSS or related services.

2544.  This case was assigned Impartial Hearing Office Case No. 207323.

2545.  As to FAPE, DOE did not concede.

2546.  As to relief, DOE did not concede.

2547.  Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, nine parent exhibits, and one parent witness.

2548.  On April 26, 2021, the parties and IHO convened, leading to scheduling briefing and a merits hearing.

2549.  On December 28, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

2550.  On February 10, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

2551.  On April 5, 2022, upon presentation of G.F.'s case, the IHO advised that a final decision would soon issue.

2552.  On April 27, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered D.F.ii a FAPE for the 2020-21 school year.

2553.  The FOFD's findings of fact and conclusions of law were in G.F.'s favor.

2554.  The IHO awarded relief, including:

    a.     SETSS (5 hours/week, direct group, Yiddish);

    b.     ST (3x30, 1:1, Yiddish);

    c.     a paraprofessional (health, 1:1, full time).

2555.   The FOFD's awarded relief was in the G.F.'s favor.

2556.   Neither side appealed from the FOFD.

2557.   On June 30, 2022, G.F., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2558.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

2559.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2560.   The paralegal staff, whose rate was $200, consisted of Patrick Keogh and Alexander Sprei.

2561.   The attorneys' hours worked at the time of the fee demand were 5.4 (Philippe Gerschel) and 0.4 (Patrick Keogh).

2562.   The paralegal's hours worked at the time of the fee demand were 3.7 (Alexander Sprei).

2563.   The fee demand was in the amount of $3,600.00.

2564.   As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### G.G., individually and on behalf of C.G. – Case No. 224581

2565.   On February 17, 2022, G.G., via Plaintiff, initiated an impartial due process hearing on behalf of her child, C.G., by submitting a DPC to DOE's Impartial Hearing Office.

2566.   G.G.'s DPC alleged how DOE denied C.G. FAPE for the 2021-22 school year, including via DOE's failures to:

     a.       convene an IEP/IESP meeting;

     b.       recommend placement or services.

2567.  G.G.'s DPC proposed various relief, including an order that:

     a.       absent an up-to-date program, DOE continue funding the prior IEP at the provider's

prevailing rate;

     b.       DOE fund a bank of compensatory periods of all services.

2568.  This case was assigned Impartial Hearing Office Case No. 224581.

2569.  As to FAPE, DOE did not concede.

2570.  As to relief, DOE did not concede.

2571.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

2572.  On June 28, 2022, DOE failed to appear for the hearing, whereupon G.G..'s counsel presented the case and the IHO advising that a decision would issue.

2573.  On June 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered C.G. a FAPE for the 2021-22 school year.

2574.  The FOFD's findings of fact and conclusions of law were in G.G.'s favor.

2575.  The IHO awarded relief, including:

     a.       SETSS (5 periods/week, direct group, Yiddish);

     b.       OT (2x30, individual, English);

     c.       counseling (2x30, individual, Yiddish).

2576.  The FOFD's awarded relief was in the G.G.'s favor.

2577.  Neither side appealed from the FOFD.

2578.  On March 10, 2024, G.G., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2579.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2580.  The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

2581.  The attorney's hours worked at the time of the fee demand were 4.9 (Philippe Gerschel).

2582.  The paralegal's hours worked at the time of the fee demand were 1.9 (Alexander Sprei).

2583.  The fee demand was in the amount of $2,830.00.

2584.  As to review of the fee demand, DOE denied that it owes any fees.

### *G.K.(1), individually and on behalf of Y.K.i – Case No. 223628*

2585.  On January 11, 2022, G.K.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.K.i, by submitting a DPC to DOE's Impartial Hearing Office.

2586.  G.K.(1)'s DPC alleged how DOE denied Y.K.i FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

2587.  G.K.(1)'s DPC proposed various relief, including an order that DOE fund:

      a.     located providers at their prevailing rate;

      b.     a bank of compensatory periods of SETSS or related services.

2588.  This case was assigned Impartial Hearing Office Case No. 223628.

2589.  As to FAPE, DOE did not concede.

2590.  As to relief, DOE did not concede.

2591.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

2592.  On June 2, 2022, DOE failed to appear for the hearing, whereupon G.K.(1)'s counsel presented the case and the IHO advising that a decision would issue.

2593.  On June 15, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.K.i a FAPE for the 2021-22 school year.

2594.  The FOFD's findings of fact and conclusions of law were in G.K.(1)'s favor.

2595.  The IHO awarded relief, including:

   a.    SETSS (3 periods/week, direct group, Yiddish);

   b.    ST (2x30, individual, Yiddish);

   c.    OT (2x30, individual, English).

2596.  The FOFD's awarded relief was in the G.K.(1)'s favor.

2597.  Neither side appealed from the FOFD.

2598.  On January 31, 2024, G.K.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2599.  The lead attorney was Philippe Gerschel, with occasional assistance from Jie Luo.

2600.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Jie Luo) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2601.  The paralegal staff, whose rate was $200, consisted of Pauline Gelacio and Alexander Sprei.

2602.  The attorneys' hours worked at the time of the fee demand were 4.3 (Philippe Gerschel) and 0.5 (Jie Luo).

2603.  The paralegals' hours worked at the time of the fee demand were 0.4 (Pauline Gelacio) and 1.3 (Alexander Sprei).

2604.   The fee demand was in the amount of $2,690.00.

2605.   As to review of the fee demand, DOE has not made a substantive response.

**G.K.(2), individually and on behalf of R.K.ii – Case No. 218151**

2606.   On September 23, 2021, G.K.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, R.K.ii, by submitting a DPC to DOE's Impartial Hearing Office.

2607.   G.K.(2)'s DPC alleged how DOE denied R.K.ii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.     convene an IEP/IESP meeting;

    b.     recommend placement or services.

2608.   G.K.(2)'s DPC proposed various relief, including an order that:

    a.     absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.     DOE fund a bank of compensatory periods of all services.

2609.   This case was assigned Impartial Hearing Office Case No. 218151.

2610.   As to FAPE, DOE did not concede.

2611.   As to relief, DOE did not concede.

2612.   Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

2613.   On April 4, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

2614.   On April 12, 2022, DOE failed to appear, whereupon G.K.(2)'s counsel presented the case and the IHO advised that a decision would soon issue.

2615.   On May 18, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered R.K.ii a FAPE for the 2021-22 school year.

2616.  The FOFD's findings of fact and conclusions of law were in G.K.(2)'s favor.

2617.  The IHO awarded relief, including:

    a.    SETSS (8 periods/week, direct group);

    b.    ST (2x30);

    c.    OT (2x30).

2618.  The FOFD's awarded relief was in the G.K.(2)'s favor.

2619.  Neither side appealed from the FOFD.

2620.  On January 16, 2024, G.K.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2621.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2622.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

2623.  The attorney's hours worked at the time of the fee demand were 4.0 (Philippe Gerschel).

2624.  The paralegals' hours worked at the time of the fee demand were 1.7 (Margaret Rice) and 2.2 (Alexander Sprei).

2625.  The fee demand was in the amount of $3,035.00.

2626.  As to review of the fee demand, DOE denied that it owes any fees.

### *G.S., individually and on behalf of S.S.iv – Case No. 220792*

2627.  On November 3, 2021, G.S., via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.S.iv, by submitting a DPC to DOE's Impartial Hearing Office.

2628. G.S.'s DPC alleged how DOE denied S.S.iv FAPE for the 2020-21 school year, including via DOE's failure to implement its recommendations.

2629. G.S.'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

2630. This case was assigned Impartial Hearing Office Case No. 220792.

2631. As to FAPE, DOE did not concede.

2632. As to relief, DOE did not concede.

2633. Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and one parent witness.

2634. On January 7, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

2635. On March 4, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

2636. On April 1, 2022, DOE failed to appear, whereupon G.S.'s counsel presented the case and the IHO advised that a decision would soon issue.

2637. On April 1, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.S.iv a FAPE for the 2020-21 school year.

2638. The FOFD's findings of fact and conclusions of law were in G.S.'s favor.

2639. The IHO awarded relief, including:

    a.    SETSS (200 sessions);

    b.    ST (40 hours).

2640. The FOFD's awarded relief was in the G.S.'s favor.

2641.   Neither side appealed from the FOFD.

2642.   On June 23, 2022, G.S., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2643.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2644.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

2645.   The attorney's hours worked at the time of the fee demand were 4.6 (Philippe Gerschel).

2646.   The paralegals' hours worked at the time of the fee demand were 1.2 (Margaret Rice), 0.8 (Miriam Leonorovitz), and 0.9 (Alexander Sprei).

2647.   The fee demand was in the amount of $3,150.00.

2648.   As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### G.W., individually and on behalf of C.W. – Case No. 212430

2649.   On September 1, 2021, G.W., via Plaintiff, initiated an impartial due process hearing on behalf of her child, C.W., by submitting a DPC to DOE's Impartial Hearing Office.

2650.   G.W.'s DPC alleged how DOE denied C.W. FAPE for the 2021-22 school year, including via DOE's failures to:

     a.     offer an appropriate program;

     b.     recommend the continuation of a SEIT program;

     c.     recommend an appropriate placement.

2651.   G.W.'s DPC proposed various relief, including an order that:

     a.      DOE continue to fund the prior IEP;

     b.      absent providers, DOE fund a bank of compensatory education equivalent to the missed services.

2652.  This case was assigned Impartial Hearing Office Case No. 212430.

2653.  As to FAPE, DOE did not concede.

2654.  As to relief, DOE did not concede.

2655.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and no parent witnesses.

2656.  On January 26, 2022, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

2657.  On March 31, 2022, DOE failed to appear, whereupon G.W.'s counsel presented the case and the IHO advised that a decision would soon issue.

2658.  On April 21, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered C.W. a FAPE for the 2021-22 school year.

2659.  The FOFD's findings of fact and conclusions of law were in G.W.'s favor.

2660.  The IHO awarded relief, including:

     a.      fund SEIT (4 hours/week, at $160/hour);

     b.      continue ST and OT.

2661.  The FOFD's awarded relief was in the G.W.'s favor.

2662.  Neither side appealed from the FOFD.

2663.  On February 1, 2024, G.W., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2664.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2665.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

2666.   The attorney's hours worked at the time of the fee demand were 7.6 (Philippe Gerschel).

2667.   The paralegals' hours worked at the time of the fee demand were 0.7 (Margaret Rice), 0.9 (Miriam Leonorovitz), and 1.5 (Alexander Sprei).

2668.   The fee demand was in the amount of $4,525.00.

2669.   As to review of the fee demand, DOE denied that it owes any fees.

### G.Z., individually and on behalf of S.Z.ii – Case No. 220258

2670.   On October 25, 2021, G.Z., via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.Z.ii, by submitting a DPC to DOE's Impartial Hearing Office.

2671.   G.Z.'s DPC alleged how DOE denied S.Z.ii FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

2672.   G.Z.'s DPC proposed various relief, including an order that DOE fund:

      a.     located providers at their prevailing rate;

      b.     a bank of compensatory periods of SETSS or related services.

2673.   This case was assigned Impartial Hearing Office Case No. 220258.

2674.   As to FAPE, DOE did not concede.

2675.   As to relief, DOE did not concede.

2676.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and two parent witnesses.

2677.  On May 11, 2022, upon presentation of G.Z.'s case, the IHO advised that a decision would soon issue.

2678.  On May 11, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.Z.ii a FAPE for the 2021-22 school year.

2679.  The FOFD's findings of fact and conclusions of law were in G.Z.'s favor.

2680.  The IHO awarded relief, including:

    a.    SETSS (4 hours/week, group, Yiddish);

    b.    ST (2x30, 1:1, Yiddish);

    c.    OT (1x30, 1:1, at market rate).

2681.  The FOFD's awarded relief was in the G.Z.'s favor.

2682.  Neither side appealed from the FOFD.

2683.  On February 6, 2024, G.Z., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2684.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2685.  The paralegal staff, whose rate was $200, consisted of Joshua Machlin, Miriam Leonorovitz, and Alexander Sprei.

2686.  The attorney's hours worked at the time of the fee demand were 4.3 (Philippe Gerschel).

2687.  The paralegals' hours worked at the time of the fee demand were 0.8 (Joshua Machlin), 2.6 (Miriam Leonorovitz), and 1.4 (Alexander Sprei).

2688.  The fee demand was in the amount of $3,110.00.

2689.  As to review of the fee demand, DOE denied that it owes any fees.

*H.F., individually and on behalf of Y.F.ii – Case No. 212837*

2690.  On September 2, 2021, H.F., via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.F.ii, by submitting a DPC to DOE's Impartial Hearing Office.

2691.  H.F.'s DPC alleged how DOE denied Y.F.ii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

2692.  H.F.'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

2693.  This case was assigned Impartial Hearing Office Case No. 212837.

2694.  As to FAPE, DOE did not concede.

2695.  As to relief, DOE did not concede.

2696.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, eight parent exhibits, and three parent witnesses.

2697.  On March 1, 2022, upon presentation of H.F.'s case, the IHO advised that a decision would soon issue.

2698.  On March 3, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.F.ii a FAPE for the 2021-22 school year.

2699.  The FOFD's findings of fact and conclusions of law were in H.F.'s favor.

2700.  The IHO awarded relief, including:

    a.    SETSS (7 periods/week, group, Yiddish, at market rate);

      b.      counseling (1x30, 1:1, Yiddish);

      c.      counseling (2x30, group, Yiddish).

2701.   The FOFD's awarded relief was in the H.F.'s favor.

2702.   Neither side appealed from the FOFD.

2703.   On June 21, 2024, H.F., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2704.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2705.   The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

2706.   The attorney's hours worked at the time of the fee demand were 5.2 (Philippe Gerschel).

2707.   The paralegals' hours worked at the time of the fee demand were 4.2 (Miriam Leonorovitz) and 1.4 (Alexander Sprei).

2708.   The fee demand was in the amount of $3,720.00.

2709.   As to review of the fee demand, DOE denied that it owes any fees.

### H.G., individually and on behalf of M.G.ii – Case No. 212781

2710.   On September 2, 2021, H.G., via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.G.ii, by submitting a DPC to DOE's Impartial Hearing Office.

2711.   H.G.'s DPC alleged how DOE denied M.G.ii FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

2712.   H.G.'s DPC proposed various relief, including an order that DOE fund:

      a.      located providers at their prevailing rate;

b.       a bank of compensatory periods of SETSS or related services.

2713.  This case was assigned Impartial Hearing Office Case No. 212781.

2714.  As to FAPE, DOE did not concede.

2715.  As to relief, DOE did not concede.

2716.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

2717.  On March 1, 2022, upon presentation of H.G.'s case, the IHO advised that a decision would soon issue.

2718.  On March 1, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.G.ii a FAPE for the 2021-22 school year.

2719.  The FOFD's findings of fact and conclusions of law were in H.G.'s favor.

2720.  The IHO awarded relief, including SETSS (7 periods/week, group, Yiddish, at market rate).

2721.  The FOFD's awarded relief was in the H.G.'s favor.

2722.  Neither side appealed from the FOFD.

2723.  On June 15, 2022, H.G., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2724.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2725.  The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

2726.  The attorney's hours worked at the time of the fee demand were 4.2 (Philippe Gerschel).

2727.   The paralegals' hours worked at the time of the fee demand were 2.7 (Miriam Leonorovitz) and 1.8 (Alexander Sprei).

2728.   The fee demand was in the amount of $3,000.00.

2729.   As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### H.H.(1), individually and on behalf of Y.H.ii – Case No. 220401

2730.   On October 26, 2021, H.H.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.H.ii, by submitting a DPC to DOE's Impartial Hearing Office.

2731.   H.H.(1)'s DPC alleged how DOE denied Y.H.ii FAPE for the 2021-22 school year, including via DOE's failures to:

      a.   offer an appropriate program;

      b.   recommend the continuation of a SEIT program;

      c.   recommend an appropriate placement.

2732.   H.H.(1)'s DPC proposed various relief, including an order that:

      a.   absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

      b.   DOE fund a bank of compensatory periods of all services.

2733.   This case was assigned Impartial Hearing Office Case No. 220401.

2734.   As to FAPE, DOE did not concede.

2735.   As to relief, DOE did not concede.

2736.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

2737.   On May 9, 2022, upon presentation of H.H.(1)'s case, the IHO advised that a decision would soon issue.

2738.   On May 9, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.H.ii a FAPE for the 2021-22 school year.

2739.   The FOFD's findings of fact and conclusions of law were in H.H.(1)'s favor.

2740.   The IHO awarded relief, including:

    a.   SETSS (8 hours/week, 1:1, Yiddish, at market rate);

    b.   ST (2x30, 1:1, Yiddish);

    c.   ST (1x30, group, Yiddish);

    d.   OT (2x30, 1:1);

    e.   counseling (1x30, 1:1, Yiddish);

    f.   a bank of SETSS (140 hours);

    g.   a bank of OT (33 hours);

    h.    a bank of counseling (40 hours).

2741.   The FOFD's awarded relief was in the H.H.(1)'s favor.

2742.   Neither side appealed from the FOFD.

2743.   On February 12, 2024, H.H.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2744.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2745.   The paralegal staff, whose rate was $200, consisted of Pauline Gelacio and Alexander Sprei.

2746.   The attorney's hours worked at the time of the fee demand were 3.8 (Philippe Gerschel).

2747.   The paralegals' hours worked at the time of the fee demand were 0.3 (Pauline Gelacio) and 4.4 (Alexander Sprei).

2748.   The fee demand was in the amount of $2,840.00.

2749.   As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### H.H.(2), individually and on behalf of T.H. – Case No. 217026

2750.   On September 13, 2021, H.H.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, T.H., by submitting a DPC to DOE's Impartial Hearing Office.

2751.   H.H.(2)'s DPC alleged how DOE denied T.H. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.      convene an IEP/IESP meeting;

    b.      recommend placement or services.

2752.   H.H.(2)'s DPC proposed various relief, including an order that:

    a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.      DOE fund a bank of compensatory periods of all services.

2753.   This case was assigned Impartial Hearing Office Case No. 217026.

2754.   As to FAPE, DOE did not concede.

2755.   As to relief, DOE did not concede.

2756.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

2757.   On May 27, 2022, upon presentation of H.H.(2)'s case, the IHO advised that a decision would soon issue.

2758.   On May 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered T.H. a FAPE for the 2021-22 school year.

2759.   The FOFD's findings of fact and conclusions of law were in H.H.(2)'s favor.

2760.   The IHO awarded relief, including:

      a.      SETSS (7 periods/week, direct group, Yiddish);

      b.      OT (2x30, 1:1, English);

      c.      counseling (1x30, group, Yiddish).

2761.   The FOFD's awarded relief was in the H.H.(2)'s favor.

2762.   Neither side appealed from the FOFD.

2763.   On March 3, 2024, H.H.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2764.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2765.   The paralegal staff, whose rate was $200, consisted of Elane Shnaidman and Alexander Sprei.

2766.   The attorney's hours worked at the time of the fee demand were 4.4 (Philippe Gerschel).

2767.   The paralegals' hours worked at the time of the fee demand were 0.4 (Elane Shnaidman) and 2.4 (Alexander Sprei).

2768.   The fee demand was in the amount of $2,760.00.

2769.   As to review of the fee demand, DOE has not made a substantive response.

### *H.K., individually and on behalf of S.K.v – Case No. 222028*

2770.   On November 29, 2021, H.K., via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.K.v, by submitting a DPC to DOE's Impartial Hearing Office.

2771.   H.K.'s DPC alleged how DOE denied S.K.v FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

2772.   H.K.'s DPC proposed various relief, including an order that:

   a.   located providers at their prevailing rate;

   b.   a bank of compensatory periods of SETSS or related services.

2773.   This case was assigned Impartial Hearing Office Case No. 222028.

2774.   As to FAPE, DOE did not concede.

2775.   As to relief, DOE did not concede.

2776.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

2777.   On May 20, 2022, DOE failed to appear for the hearing, whereupon H.K.'s counsel presented the case and the IHO advising that a decision would issue.

2778.   On May 20, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.K.v a FAPE for the 2021-22 school year.

2779.   The FOFD's findings of fact and conclusions of law were in H.K.'s favor.

2780.   The IHO awarded relief, including:

   a.   SETSS (5 periods/week, direct group);

   b.   ST (3x30, 1:1);

   c.   OT (2x30, 1:1);

   d.   PT (3x30, 1:1).

2781.  The FOFD's awarded relief was in the H.K.'s favor.

2782.  Neither side appealed from the FOFD.

2783.  On February 7, 2024, H.K., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2784.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2785.  The paralegal staff, whose rate was $200, consisted of Shira Flusberg and Alexander Sprei.

2786.  The attorney's hours worked at the time of the fee demand were 4.4 (Philippe Gerschel).

2787.  The paralegals' hours worked at the time of the fee demand were 0.4 (Shira Flusberg) and 1.3 (Alexander Sprei).

2788.  The fee demand was in the amount of $2,540.00.

2789.  As to review of the fee demand, DOE denied that it owes any fees.

### H.M., individually and on behalf of S.M.iv – Case No. 212457

2790.  On September 1, 2021, H.M., via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.M.iv, by submitting a DPC to DOE's Impartial Hearing Office.

2791.  H.M.'s DPC alleged how DOE denied S.M.iv FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

2792.  H.M.'s DPC proposed various relief, including an order that DOE fund:

    a.     located providers at their prevailing rate;

    b.     a bank of compensatory periods of SETSS or related services.

2793.  This case was assigned Impartial Hearing Office Case No. 212457.

2794.  As to FAPE, DOE did not concede.

2795.   As to relief, DOE did not concede.

2796.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six  parent exhibits, and two parent witnesses.

2797.   On January 10, 2022, the parties convened, with a pendency hearing being scheduled.

2798.   On January 18, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

2799.   On February 17, 2022, DOE failed to appear, whereupon H.M.'s counsel presented the case and the IHO advised that a decision would soon issue.

2800.   On March 1, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.M.iv a FAPE for the 2021-22 school year.

2801.   The FOFD's findings of fact and conclusions of law were in H.M.'s favor.

2802.   The IHO awarded relief, including:

    a.     SETSS (5 periods/week, direct individual, Yiddish);

    b.     counseling (1x30, group, Yiddish).

2803.   The FOFD's awarded relief was in the H.M.'s favor.

2804.   Neither side appealed from the FOFD.

2805.   On June 16, 2022, H.M., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2806.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2807.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Shira Flusberg, Miriam Leonorovitz, and Alexander Sprei.

2808.   The attorney's hours worked at the time of the fee demand were 3.3 (Philippe Gerschel).

2809.   The paralegals' hours worked at the time of the fee demand were 0.1 (Margaret Rice), 0.2 (Shira Flusberg), 1.9 (Miriam Leonorovitz), and 1.8 (Alexander Sprei).

2810.   The fee demand was in the amount of $2,450.00.

2811.   As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### *J.B., individually and on behalf of C.B.ii – Case No. 212672*

2812.   On September 1, 2021, J.B., via Plaintiff, initiated an impartial due process hearing on behalf of her child, C.B.ii, by submitting a DPC to DOE's Impartial Hearing Office.

2813.   J.B.'s DPC alleged how DOE denied C.B.ii FAPE for the 2021-22 school year, including via DOE's failures to:

      a.      offer an appropriate program;

      b.      recommend the continuation of a SEIT program;

      c.      recommend an appropriate placement.

2814.   J.B.'s DPC proposed various relief, including an order that:

      a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

      b.      DOE fund a bank of compensatory periods of all services.

2815.   This case was assigned Impartial Hearing Office Case No. 212672.

2816.   As to FAPE, DOE did not concede.

2817.   As to relief, DOE did not concede.

2818.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and two parent witnesses.

2819.  On February 7, 2022, DOE failed to appear, whereupon the IHO heard and decided the pendency issue.

2820.  On March 15, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

2821.  On May 6, 2022, upon presentation of J.B.'s case, the IHO advised that a final decision would soon issue.

2822.  On June 6, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered C.B.ii a FAPE for the 2021-22 school year.

2823.  The FOFD's findings of fact and conclusions of law were in J.B.'s favor.

2824.  The IHO awarded relief, including SEIT (5 hours/week, bilingual, Yiddish, at prevailing market rate).

2825.  The FOFD's awarded relief was in the J.B.'s favor.

2826.  Neither side appealed from the FOFD.

2827.  On August 10, 2023, J.B., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2828.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

2829.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2830.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Shira Flusberg, Miriam Leonorovitz, and Alexander Sprei.

2831.  The attorneys' hours worked at the time of the fee demand were 5.1 (Philippe Gerschel) and 2.5 (Patrick Keogh).

2832.   The paralegals' hours worked at the time of the fee demand were 0.4 (Margaret Rice), 0.5 (Shira Flusberg), 3.5 (Miriam Leonorovitz), and 3.0 (Alexander Sprei).

2833.   The fee demand was in the amount of $5,090.00.

2834.   As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### *J.E., individually and on behalf of J.E. – Case No. 220551*

2835.   On October 28, 2021, J.E., via Plaintiff, initiated an impartial due process hearing on behalf of her child, J.E., by submitting a DPC to DOE's Impartial Hearing Office.

2836.   J.E.'s DPC alleged how DOE denied J.E. FAPE for the 2021-22 school year, including via DOE's failures to:

      a.      convene an IEP/IESP meeting;

      b.      recommend placement or services.

2837.   J.E.'s DPC proposed various relief, including an order that:

      a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

      b.      DOE fund a bank of compensatory periods of all services.

2838.   This case was assigned Impartial Hearing Office Case No. 220551.

2839.   As to FAPE, DOE did not concede.

2840.   As to relief, DOE did not concede.

2841.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, eight parent exhibits, and two parent witnesses.

2842.   On May 4, 2022, upon presentation of J.E.'s case, the IHO advised that a decision would soon issue.

2843. On May 21, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered J.E. a FAPE for the 2021-22 school year.

2844. The FOFD's findings of fact and conclusions of law were in J.E.'s favor.

2845. The IHO awarded relief, including DOE fund the private SETSS.

2846. The FOFD's awarded relief was in the J.E.'s favor.

2847. Neither side appealed from the FOFD.

2848. On March 7, 2024, J.E., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2849. The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2850. The paralegal staff, whose rate was $200, consisted of Sara Goldsmith, Miriam Leonorovitz, and Alexander Sprei.

2851. The attorney's hours worked at the time of the fee demand were 5.8 (Philippe Gerschel).

2852. The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith), 3.7 (Miriam Leonorovitz), and 1.6 (Alexander Sprei).

2853. The fee demand was in the amount of $4,040.00.

2854. As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### J.F.(1), individually and on behalf of B.F.ii – Case No. 197050

2855. On August 21, 2020, J.F.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, B.F.ii, by submitting a DPC to DOE's Impartial Hearing Office.

2856.   J.F.(1)'s DPC alleged how DOE denied B.F.ii FAPE for the 2019-20 school year, including via DOE's failures to:

    a.     offer an appropriate program;

    b.     provide an appropriate placement and related services.

2857.   J.F.(1)'s DPC proposed various relief, including an order that DOE fund SETSS (120 periods).

2858.   This case was assigned Impartial Hearing Office Case No. 197050.

2859.   As to FAPE, DOE did not concede.

2860.   As to relief, DOE did not concede.

2861.   Over the course of one hearing date, the evidence included  no DOE exhibits,  no DOE witnesses,  three parent exhibits, and  one parent witness.

2862.   On December 20, 2021, J.F.(1)'s counsel presented a case, the IHO set pendency and said that a final order would issue.

2863.   On March 3, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered B.F.ii a FAPE for the 2019-20 school year.

2864.   The FOFD's findings of fact and conclusions of law were in J.F.(1)'s favor.

2865.   The IHO awarded relief, including SETSS (108 hours).

2866.   The FOFD's awarded relief was in the J.F.(1)'s favor.

2867.   Neither side appealed from the FOFD.

2868.   On January 31, 2024, J.F.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2869.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2870.   The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

2871.   The attorney's hours worked at the time of the fee demand were 6.0 (Philippe Gerschel).

2872.   The paralegals' hours worked at the time of the fee demand were 0.4 (Miriam Leonorovitz) and 2.8 (Alexander Sprei).

2873.   The fee demand was in the amount of $3,640.00.

2874.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### J.F.(2), individually and on behalf of M.F.i – Case No. 218338

2875.   On September 6, 2021, J.F.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.F.i, by submitting a DPC to DOE's Impartial Hearing Office.

2876.   J.F.(2)'s DPC alleged how DOE denied M.F.i FAPE for the 2021-22 school year, including via DOE's failures to:

a.    convene an IEP/IESP meeting;

b.    recommend placement or services.

2877.   J.F.(2)'s DPC proposed various relief, including an order that:

a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

b.    DOE fund a bank of compensatory periods of all services.

2878.   This case was assigned Impartial Hearing Office Case No. 218338.

2879.  As to FAPE, DOE did not concede.

2880.  As to relief, DOE did not concede.

2881.  Over the course of five hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and no parent witnesses.

2882.  On January 31, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

2883.  On March 2, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

2884.  On March 7, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

2885.  On May 26, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

2886.  On June 27, 2022, upon presentation of J.F.(2)'s case, the IHO advised that a final decision would soon issue.

2887.  On June 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.F.i a FAPE for the 2021-22 school year.

2888.  The FOFD's findings of fact and conclusions of law were in J.F.(2)'s favor.

2889.  The IHO awarded relief, including SETSS (5 periods/week, at $165/hour).

2890.  The FOFD's awarded relief was in the J.F.(2)'s favor.

2891.  Neither side appealed from the FOFD.

2892.  On February 23, 2024, J.F.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2893.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

2894.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2895.   The paralegal staff, whose rate was $200, consisted of Shira Flusberg, Raizy Fried, and Alexander Sprei.

2896.   The attorneys' hours worked at the time of the fee demand were 5.4 (Philippe Gerschel) and 1.7 (Patrick Keogh).

2897.   The paralegals' hours worked at the time of the fee demand were 0.4 (Shira Flusberg), 0.3 (Raizy Fried), and 2.7 (Alexander Sprei).

2898.   The fee demand was in the amount of $4,060.00.

2899.   As to review of the fee demand, DOE denied that it owes any fees.

### *J.W.(1), individually and on behalf of M.W.ii – Case No. 211673*

2900.   On August 18, 2021, J.W.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.W.ii, by submitting a DPC to DOE's Impartial Hearing Office.

2901.   J.W.(1)'s DPC alleged how DOE denied M.W.ii FAPE for the 2019-20 and 2020-21 school years, including via DOE's failure to implement its recommendations.

2902.   J.W.(1)'s DPC proposed various relief, including an order that DOE fund a bank of compensatory periods of SETSS and related services.

2903.   This case was assigned Impartial Hearing Office Case No. 211673.

2904.   As to FAPE, DOE did not concede.

2905.   As to relief, DOE did not concede.

2906.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

2907.   On January 6, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

2908.   On February 4, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

2909.  On March 16, 2022, upon presentation of J.W.(1)'s case, the IHO advised that a final decision would soon issue.

2910.  On March 26, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.W.ii a FAPE for the 2019-20 and 2020-21 school years.

2911.  The FOFD's findings of fact and conclusions of law were in J.W.(1)'s favor.

2912.  The IHO awarded relief, including:

      a.     SETSS (400 hours);

      b.     ST (80 hours).

2913.  The FOFD's awarded relief was in the J.W.(1)'s favor.

2914.  Neither side appealed from the FOFD.

2915.  On June 21, 2022, J.W.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2916.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2917.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

2918.  The attorney's hours worked at the time of the fee demand were 4.6 (Philippe Gerschel).

2919.  The paralegals' hours worked at the time of the fee demand were 1.3 (Margaret Rice) and 2.0 (Alexander Sprei).

2920.  The fee demand was in the amount of $3,155.00.

2921. As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### J.W.(2), individually and on behalf of A.W.i – Case No. 208543

2922. On May 28, 2021, J.W.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, A.W.i, by submitting a DPC to DOE's Impartial Hearing Office.

2923. J.W.(2)'s DPC alleged how DOE denied A.W.i FAPE for the 2020-21 school year, including via DOE's failures to:

a.    implement its recommendations.

2924. J.W.(2)'s DPC proposed various relief, including an order that DOE fund:

a.    located providers at their prevailing rate;

b.    a bank of compensatory periods of SETSS or related services.

2925. This case was assigned Impartial Hearing Office Case No. 208543.

2926. As to FAPE, DOE did not concede.

2927. As to relief, DOE did not concede.

2928. Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

2929. On January 14, 2022, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

2930. On March 21, 2022, upon DOE's failure to appear, J.W.(2)'s counsel presented a case and the IHO advised that a final decision would soon issue.

2931. On April 20, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered A.W.i a FAPE for the 2020-21 school year.

2932. The FOFD's findings of fact and conclusions of law were in J.W.(2)'s favor.

2933.   The IHO awarded relief, including SETSS (26 periods, group, Yiddish).

2934.   The FOFD's awarded relief was in the J.W.(2)'s favor.

2935.   Neither side appealed from the FOFD.

2936.   On January 29, 2024, J.W.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2937.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2938.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Sara Goldsmith, and Alexander Sprei.

2939.   The attorney's hours worked at the time of the fee demand were 6.2 (Philippe Gerschel).

2940.   The paralegals' hours worked at the time of the fee demand were 0.6 (Margaret Rice), 0.4 (Sara Goldsmith), and 1.8 (Alexander Sprei).

2941.   The fee demand was in the amount of $3,750.00.

2942.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### K.N., individually and on behalf of A.N. – Case No. 211368

2943.   On July 29, 2021, K.N., via Plaintiff, initiated an impartial due process hearing on behalf of her child, A.N., by submitting a DPC to DOE's Impartial Hearing Office.

2944.   K.N.'s DPC alleged how DOE denied A.N. FAPE for the 2021-22 school year, including via DOE's failures to:

      a.      offer an appropriate program;

      b.      recommend the continuation of a SEIT program;

c.      recommend an appropriate placement.

2945.   K.N.'s DPC proposed various relief, including an order that:

a.      DOE continue funding the program in the prior IEP;

b.      DOE reimburse the other related services at the provider's prevailing rate;

c.      absent providers, DOE fund a bank of compensatory SEIT and related services.

2946.   This case was assigned Impartial Hearing Office Case No. 211368.

2947.   As to FAPE, DOE did not concede.

2948.   As to relief, DOE did not concede.

2949.   Over the course of two hearing dates, the evidence included two DOE exhibits, no DOE witnesses, six parent exhibits, and no parent witnesses.

2950.   On January 20, 2022, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

2951.   On March 22, 2022, upon presentation of K.N.'s case, the IHO advised that a final decision would soon issue.

2952.   On June 1, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered A.N. a FAPE for the 2021-22 school year.

2953.   The FOFD's findings of fact and conclusions of law were in K.N.'s favor.

2954.   The IHO awarded relief, including:

a.      SEIT (5 hours/week, 1:1, bilingual, Yiddish);

b.      a bank of ST (60 hours, 1:1, bilingual, Yiddish);

c.      a bank of OT (40 hours, 1:1).

2955.   The FOFD's awarded relief was in the K.N.'s favor.

2956.   Neither side appealed from the FOFD.

2957.   On February 11, 2024, K.N., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2958.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2959.   The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

2960.   The attorney's hours worked at the time of the fee demand were 8.9 (Philippe Gerschel).

2961.   The paralegals' hours worked at the time of the fee demand were 0.7 (Miriam Leonorovitz) and 1.5 (Alexander Sprei).

2962.   The fee demand was in the amount of $4,890.00.

2963.   As to review of the fee demand, DOE denied that it owes any fees.

### K.Z., individually and on behalf of S.Z.i – Case No. 214279

2964.   On September 3, 2021, K.Z., via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.Z.i, by submitting a DPC to DOE's Impartial Hearing Office.

2965.   K.Z.'s DPC alleged how DOE denied S.Z.i FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

2966.   K.Z.'s DPC proposed various relief, including an order that DOE fund:

      a.      located providers at their prevailing rate;

      b.      a bank of compensatory periods of SETSS or related services.

2967.   This case was assigned Impartial Hearing Office Case No. 214279.

2968.   As to FAPE, DOE did not concede.

2969.   As to relief, DOE did not concede.

2970.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

2971.   On February 10, 2022, upon presentation of K.Z.'s case, the IHO advised that a decision would soon issue.

2972.   On February 20, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.Z.i a FAPE for the 2021-22 school year.

2973.   The FOFD's findings of fact and conclusions of law were in K.Z.'s favor.

2974.   The IHO awarded relief, including SETSS (4 hours/week, group, Yiddish, at market rate).

2975.   The FOFD's awarded relief was in the K.Z.'s favor.

2976.   Neither side appealed from the FOFD.

2977.   On January 28, 2024, K.Z., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2978.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

2979.   The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

2980.   The attorney's hours worked at the time of the fee demand were 4.6 (Philippe Gerschel).

2981.   The paralegal's hours worked at the time of the fee demand were 1.4 (Alexander Sprei).

2982.   The fee demand was in the amount of $2,580.00.

2983.   As to review of the fee demand, DOE denied that it owes any fees.

### L.A.(1), individually and on behalf of E.Y. – Case No. 217134

2984.   On September 13, 2021, L.A.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, E.Y., by submitting a DPC to DOE's Impartial Hearing Office.

2985.  L.A.(1)'s DPC alleged how DOE denied E.Y. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

2986.  L.A.(1)'s DPC proposed various relief, including an order that DOE fund:

 a. located providers at their prevailing rate;

 b. a bank of compensatory periods of SETSS or related services.

2987.  This case was assigned Impartial Hearing Office Case No. 217134.

2988.  As to FAPE, DOE did not concede.

2989.  As to relief, DOE did not concede.

2990.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and two parent witnesses.

2991.  On March 10, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

2992.  On May 18, 2022, upon presentation of L.A.(1)'s case, the IHO advised that a final decision would soon issue.

2993.  On May 27, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered E.Y. a FAPE for the 2021-22 school year.

2994.  The FOFD's findings of fact and conclusions of law were in L.A.(1)'s favor.

2995.  The IHO awarded relief, including:

 a. SETSS (6 periods/week, direct group, English, at market rate);

 b. ST (2x30, individual, English);

 c. ST (1x30, group, English);

 d. PT (2x30, individual, English);

 e. counseling (1x30, group, English).

2996.   The FOFD's awarded relief was in the L.A.(1)'s favor.

2997.   Neither side appealed from the FOFD.

2998.   On January 31, 2024, L.A.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

2999.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3000.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

3001.   The attorney's hours worked at the time of the fee demand were 4.8 (Philippe Gerschel).

3002.   The paralegals' hours worked at the time of the fee demand were 0.6 (Margaret Rice), 1.4 (Miriam Leonorovitz), and 2.2 (Alexander Sprei).

3003.   The fee demand was in the amount of $3,330.00.

3004.   As to review of the fee demand, DOE has not made a substantive response.

### L.A.(2), individually and on behalf of Y.A. – Case No. 215674

3005.   On September 9, 2021, L.A.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.A., by submitting a DPC to DOE's Impartial Hearing Office.

3006.   L.A.(2)'s DPC alleged how DOE denied Y.A. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

3007.   L.A.(2)'s DPC proposed various relief, including an order that DOE fund:

    a.      located providers at their prevailing rate;

    b.      a bank of compensatory periods of SETSS or related services.

3008.   This case was assigned Impartial Hearing Office Case No. 215674.

3009.   As to FAPE, DOE did not concede.

3010.   As to relief, DOE did not concede.

3011.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

3012.   On May 27, 2022, upon presentation of L.A.(2)'s case, the IHO advised that a decision would soon issue.

3013.   On May 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.A. a FAPE for the 2021-22 school year.

3014.   The FOFD's findings of fact and conclusions of law were in L.A.(2)'s favor.

3015.   The IHO awarded relief, including SETSS (5 periods/week, bilingual, at market rate).

3016.   The FOFD's awarded relief was in the L.A.(2)'s favor.

3017.   Neither side appealed from the FOFD.

3018.   On January 28, 2024, L.A.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3019.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3020.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

3021.   The attorney's hours worked at the time of the fee demand were 4.5 (Philippe Gerschel).

3022.   The paralegals' hours worked at the time of the fee demand were 0.2 (Margaret Rice) and 1.8 (Alexander Sprei).

3023.   The fee demand was in the amount of $2,680.00.

3024.   As to review of the fee demand, DOE has not made a substantive response.

### L.F., individually and on behalf of A.F. – Case No. 208445

3025.   On May 24, 2021, L.F., via Plaintiff, initiated an impartial due process hearing on behalf of her child, A.F., by submitting a DPC to DOE's Impartial Hearing Office.

3026.   L.F.'s DPC alleged how DOE denied A.F. FAPE for the 2020-21 school year, including via DOE's failure to implement its recommendations.

3027.   L.F.'s DPC proposed various relief, including an order that DOE fund:

      a.     located providers at their prevailing rate;

      b.     a bank of compensatory periods of SETSS or related services.

3028.   This case was assigned Impartial Hearing Office Case No. 208445.

3029.   As to FAPE, DOE did not concede.

3030.   As to relief, DOE did not concede.

3031.   Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

3032.   On December 30, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

3033.   On January 5, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

3034.   On February 9, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

3035.   On March 22, 2022, upon DOE's failure to appear, L.F.'s counsel presented the case, and the IHO advised that a final decision would soon issue.

3036.   On April 1, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered A.F. a FAPE for the 2020-21 school year.

3037.   The FOFD's findings of fact and conclusions of law were in L.F.'s favor.

3038.   The IHO awarded relief, including SETSS (15 periods, group, Yiddish).

3039.   The FOFD's awarded relief was in the L.F.'s favor.

3040.   Neither side appealed from the FOFD.

3041.   On January 27, 2024, L.F., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3042.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

3043.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3044.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

3045.   The attorneys' hours worked at the time of the fee demand were 6.2 (Philippe Gerschel) and 0.4 (Patrick Keogh).

3046.   The paralegals' hours worked at the time of the fee demand were 0.7 (Margaret Rice), 1.1 (Miriam Leonorovitz), and 2.8 (Alexander Sprei).

3047.   The fee demand was in the amount of $4,285.00.

3048.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### L.I., individually and on behalf of A.I. – Case No. 219224

3049.   On October 12, 2021, L.I., via Plaintiff, initiated an impartial due process hearing on behalf of her child, A.I., by submitting a DPC to DOE's Impartial Hearing Office.

3050.   L.I.'s DPC alleged how DOE denied A.I. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

3051.   L.I.'s DPC proposed various relief, including an order that DOE fund:

    a.      located providers at their prevailing rate;

    b.      a bank of compensatory periods of SETSS or related services.

3052. This case was assigned Impartial Hearing Office Case No. 219224.

3053. As to FAPE, DOE did not concede.

3054. As to relief, DOE did not concede.

3055. Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, eight parent exhibits, and two parent witnesses.

3056. On April 13, 2022, upon presentation of L.I.'s case, the IHO advised that a decision would soon issue.

3057. On April 13, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered A.I. a FAPE for the 2021-22 school year.

3058. The FOFD's findings of fact and conclusions of law were in L.I.'s favor.

3059. The IHO awarded relief, including:

    a.      SETSS (6 hours/week, direct group, at market rate);

    b.      ST (2x30, 1:1);

    c.      OT (2x30, 1:1);

    d.      counseling (1x30, group).

3060. The FOFD's awarded relief was in the L.I.'s favor.

3061. Neither side appealed from the FOFD.

3062. On February 4, 2024, L.I., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3063.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3064.   The paralegal staff, whose rate was $200, consisted of Sara Goldsmith, Miriam Leonorovitz, and Alexander Sprei.

3065.   The attorney's hours worked at the time of the fee demand were 5.1 (Philippe Gerschel).

3066.   The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith), 2.8 (Miriam Leonnorovitz), and 1.5 (Alexander Sprei).

3067.   The fee demand was in the amount of $3,490.00.

3068.   As to review of the fee demand, DOE denied that it owes any fees.

### L.K.(1), individually and on behalf of S.K.ii – Case No. 204377

3069.   On November 30, 2020, L.K.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.K.ii, by submitting a DPC to DOE's Impartial Hearing Office.

3070.   L.K.(1)'s DPC alleged how DOE denied S.K.ii FAPE for the 2020-21 school year, including via DOE's failures to:

    a.    offer an appropriate program;

    b.    recommend sufficient SETSS and related services to enable the success of the LRE placement;

    c.    recommend SETSS as an "individual service";

    d.    implement its recommendations.

3071.   L.K.(1)'s DPC proposed various relief, including an order that:

    a.    authorizing payment for the above mentioned IEEs;

    b.    SETSS services mandate be changed from group service to individual service;

    c.      DOE fund the SETSS periods at the prevailing rates;

    d.      DOE fund a bank of compensatory periods of SETSS.

3072.  This case was assigned Impartial Hearing Office Case No. 204377.

3073.  As to FAPE, DOE did not concede.

3074.  As to relief, DOE did not concede.

3075.  Over the course of five hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

3076.  On November 4, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

3077.  On December 9, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

3078.  On January 19, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

3079.  On February 17, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

3080.  On March 17, 2022, upon presentation of L.K.(1)'s case, the IHO advised that a final decision would soon issue.

3081.  On May 1, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.K.ii a FAPE for the 2020-21 school year.

3082.  The FOFD's findings of fact and conclusions of law were in L.K.(1)'s favor.

3083.  The IHO awarded relief, including ST (72 hours, at market rate).

3084.  The FOFD's awarded relief was in the L.K.(1)'s favor.

3085.  Neither side appealed from the FOFD.

3086.  On February 10, 2024, L.K.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3087.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3088.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

3089.  The attorney's hours worked at the time of the fee demand were 4.9 (Philippe Gerschel).

3090.  The paralegals' hours worked at the time of the fee demand were 2.0 (Margaret Rice), 1.3 (Miriam Leonorovitz), and 2.7 (Alexander Sprei).

3091.  The fee demand was in the amount of $3,950.00.

3092.  As to review of the fee demand, DOE denied that it owes any fees.

### L.K.(2), individually and on behalf of S.K.iii – Case No. 218212

3093.  On September 23, 2021, L.K.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.K.iii, by submitting a DPC to DOE's Impartial Hearing Office.

3094.  L.K.(2)'s DPC alleged how DOE denied S.K.iii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

3095.  L.K.(2)'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

3096.  This case was assigned Impartial Hearing Office Case No. 218212.

3097.  As to FAPE, DOE did not concede.

3098.  As to relief, DOE did not concede.

3099.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

3100.  On May 27, 2022, DOE failed to appear for the hearing, whereupon L.K.(2)'s counsel presented the case and the IHO advising that a decision would issue.

3101.  On May 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.K.iii a FAPE for the 2021-22 school year.

3102.  The FOFD's findings of fact and conclusions of law were in L.K.(2)'s favor.

3103.  The IHO awarded relief, including:

    a.    SETSS (7 periods/week, group, bilingual, at market rates);

    b.    ST (3x30, 1:1, bilingual, at market rates);

    c.    OT (2x30, 1:1, English, at market rates).

3104.  The FOFD's awarded relief was in the L.K.(2)'s favor.

3105.  Neither side appealed from the FOFD.

3106.  On March 3, 2024, L.K.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3107.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3108.  The paralegal staff, whose rate was $200, consisted of Pauline Gelacio, Sara Goldsmith, and Alexander Sprei.

3109.   The attorney's hours worked at the time of the fee demand were 4.9 (Philippe Gerschel).

3110.   The paralegals' hours worked at the time of the fee demand were 0.4 (Pauline Gelacio), 0.2 (Sara Goldsmith), and 2.5 (Alexander Sprei).

3111.   The fee demand was in the amount of $3,070.00.

3112.   As to review of the fee demand, DOE has not made a substantive response.

### L.M.(1), individually and on behalf of I.M. – Case No. 211716

3113.   On August 23, 2021, L.M.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, I.M., by submitting a DPC to DOE's Impartial Hearing Office.

3114.   L.M.(1)'s DPC alleged how DOE denied I.M. FAPE for the 2020-21 school year, including via DOE's failure to implement its recommendations.

3115.   L.M.(1)'s DPC proposed various relief, including an order that DOE fund a bank of compensatory education.

3116.   This case was assigned Impartial Hearing Office Case No. 211716.

3117.   As to FAPE, DOE did not concede.

3118.   As to relief, DOE did not concede.

3119.   Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

3120.   On January 6, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

3121.   On February 8, 2022, DOE failed to appear, whereupon L.M.(1)'s counsel presented the case and the IHO advised that a decision would soon issue, absent word from DOE.

3122.   On March 1, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered I.M. a FAPE for the 2020-21 school year.

3123.   The FOFD's findings of fact and conclusions of law were in L.M.(1)'s favor.

3124.  The IHO awarded relief, including SETSS (320, at prevailing market rate).

3125.  The FOFD's awarded relief was in the L.M.(1)'s favor.

3126.  Neither side appealed from the FOFD.

3127.  On February 6, 2024, L.M.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3128.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3129.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

3130.  The attorney's hours worked at the time of the fee demand were 6.9 (Philippe Gerschel).

3131.  The paralegals' hours worked at the time of the fee demand were 1.9 (Margaret Rice) and 1.1 (Alexander Sprei).

3132.  The fee demand was in the amount of $4,335.00.

3133.  As to review of the fee demand, DOE denied that it owes any fees.

### L.M.(2), individually and on behalf of E.M.ii – Case No. 216904

3134.  On September 13, 2021, L.M.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, E.M.ii, by submitting a DPC to DOE's Impartial Hearing Office.

3135.  L.M.(2)'s DPC alleged how DOE denied E.M.ii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

3136.  L.M.(2)'s DPC proposed various relief, including an order that:

    a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.      DOE fund a bank of compensatory periods of all services.

3137.  This case was assigned Impartial Hearing Office Case No. 216904.

3138.  As to FAPE, DOE did not concede.

3139.  As to relief, DOE did not concede.

3140.  Over the course of seven hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and no parent witnesses.

3141.  On November 24, 2021, DOE failed to appear for the pendency hearing, whereupon the IHO advised that a pendency order would soon issue.

3142.  On November 29, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

3143.  On January 3, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

3144.  On February 1, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

3145.  On February 28, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

3146.  On March 22, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

3147.  On April 27, 2022, upon presentation of L.M.(2)'s case, the IHO advised that a final decision would soon issue.

3148.  On April 30, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered E.M.ii a FAPE for the 2021-22 school year.

3149.  The FOFD's findings of fact and conclusions of law were in L.M.(2)'s favor.

3150.  The IHO awarded relief, including SETSS (3-5 periods/week, bilingual, at $).

3151.   The FOFD's awarded relief was in the L.M.(2)'s favor.

3152.   Neither side appealed from the FOFD.

3153.   On February 10, 2024, L.M.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3154.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

3155.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3156.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Raizy Fried, and Alexander Sprei.

3157.   The attorneys' hours worked at the time of the fee demand were 6.5 (Philippe Gerschel) and 1.0 (Patrick Keogh).

3158.   The paralegals' hours worked at the time of the fee demand were 0.9 (Margaret Rice), 0.4 (Raizy Fried), and 3.5 (Alexander Sprei).

3159.   The fee demand was in the amount of $4,745.00.

3160.   As to review of the fee demand, DOE has not made a substantive response.

### L.M.(3), individually and on behalf of M.M.i – Case No. 205892

3161.   On January 13, 2021, L.M.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.M.i, by submitting a DPC to DOE's Impartial Hearing Office.

3162.   L.M.(3)'s DPC alleged how DOE denied M.M.i FAPE for the 2020-21 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

3163.  L.M.(3)'s DPC proposed various relief, including an order that:

    a.       DOE authorize and fund the requested IEEs;

    b.       CSE implement the findings of said IEEs;

    c.       absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    d.       DOE fund a bank of compensatory periods of all services.

3164.  This case was assigned Impartial Hearing Office Case No. 205892.

3165.  As to FAPE, DOE did not concede.

3166.  As to relief, DOE did not concede.

3167.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, five parent exhibits, and one parent witness.

3168.  On January 26, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

3169.  On March 14, 2021, DOE failed to appear, whereupon L.M.(3)'s counsel presented the case and the IHO advised that a decision would soon issue.

3170.  On March 25, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.M.i a FAPE for the 2020-21 school year.

3171.  The FOFD's findings of fact and conclusions of law were in L.M.(3)'s favor.

3172.  The IHO awarded relief, including SETSS (95 periods, Yiddish).

3173.  The FOFD's awarded relief was in the L.M.(3)'s favor.

3174.  Neither side appealed from the FOFD.

3175.  On January 24, 2024, L.M.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3176.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

3177.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3178.   The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

3179.   The attorneys' hours worked at the time of the fee demand were 4.0 (Philippe Gerschel) and 1.2 (Patrick Keogh).

3180.   The paralegals' hours worked at the time of the fee demand were 0.8 (Miriam Leonorovitz), and 1.9 (Alexander Sprei).

3181.   The fee demand was in the amount of $3,020.00.

3182.   As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### L.W., individually and on behalf of L.W.ii – Case No. 215191

3183.   On September 6, 2021, L.W., via Plaintiff, initiated an impartial due process hearing on behalf of her child, L.W.ii, by submitting a DPC to DOE's Impartial Hearing Office.

3184.   L.W.'s DPC alleged how DOE denied L.W.ii FAPE for the 2021-22 school year, including via DOE's failures to:

      a.      offer an appropriately updated program;

      b.      recommend the continuation of a SEIT program;

      c.      recommend an appropriate placement.

3185.   L.W.'s DPC proposed various relief, including an order that:

      a.      DOE continue to fund the prior IEP;

b.      absent providers, DOE fund a bank of compensatory education.

3186.  This case was assigned Impartial Hearing Office Case No. 215191.

3187.  As to FAPE, DOE did not concede.

3188.  As to relief, DOE did not concede.

3189.  Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and one parent witness.

3190.  On March 10, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

3191.  On April 27, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

3192.  On May 23, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

3193.  On May 31, 2022, upon DOE's failure to appear, L.W.'s counsel presented the case, and the IHO advised that a final decision would soon issue.

3194.  On June 5, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered L.W.ii a FAPE for the 2021-22 school year.

3195.  The FOFD's findings of fact and conclusions of law were in L.W.'s favor.

3196.  The IHO awarded relief, including:

a.      SETSS (8 periods/week, group, at $160/hour);

b.      OT (3x30, at $150/hour).

3197.  The FOFD's awarded relief was in the L.W.'s favor.

3198.  Neither side appealed from the FOFD.

3199.  On January 28, 2024, L.W., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3200.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

3201.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3202.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Joshua Machlin, Miriam Leonorovitz, and Alexander Sprei.

3203.  The attorneys' hours worked at the time of the fee demand were 6.9 (Philippe Gerschel) and 1.2 (Patrick Keogh).

3204.  The paralegals' hours worked at the time of the fee demand were 0.3 (Margaret Rice), 0.7 (Joshua Machlin), 0.1 (Miriam Leonorovitz), and 2.4 (Alexander Sprei).

3205.  The fee demand was in the amount of $4,675.00.

3206.  As to review of the fee demand, DOE has not made a substantive response.

### L.Z.(1) and K.Z., individually and on behalf of B.Z. – Case No. 214313

3207.  On September 3, 2021, L.Z.(1) and K.Z., via Plaintiff, initiated an impartial due process hearing on behalf of her child, B.Z., by submitting a DPC to DOE's Impartial Hearing Office.

3208.  L.Z.(1) and K.Z.'s DPC alleged how DOE denied B.Z. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

3209.  L.Z.(1) and K.Z.'s DPC proposed various relief, including an order that DOE fund:

    a.     located providers at their prevailing rate;

    b.     a bank of compensatory periods of SETSS or related services.

3210.  This case was assigned Impartial Hearing Office Case No. 214313.

3211.  As to FAPE, DOE did not concede.

3212.  As to relief, DOE did not concede.

3213.   Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

3214.   On January 26, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

3215.   On March 9, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

3216.   On April 13, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

3217.   On June 2, 2022, upon presentation of L.Z.(1)'s case, the IHO advised that a final decision would soon issue.

3218.   On June 8, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered B.Z. a FAPE for the 2021-22 school year.

3219.   The FOFD's findings of fact and conclusions of law were in L.Z.(1) and K.Z.'s favor.

3220.   The IHO awarded relief, including:

    a.      SETSS (5 hours/week, direct group, Yiddish);

    b.      ST (2x30, direct, Yiddish).

3221.   The FOFD's awarded relief was in the L.Z.(1) and K.Z.'s favor.

3222.   Neither side appealed from the FOFD.

3223.   On January 28, 2024, L.Z.(1) and K.Z., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3224.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

3225.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3226.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Joshua Machlin, Miriam Leonorovitz, and Alexander Sprei.

3227.   The attorneys' hours worked at the time of the fee demand were 5.2 (Philippe Gerschel) and 2.0 (Patrick Keogh).

3228.   The paralegals' hours worked at the time of the fee demand were 0.5 (Margaret Rice), 2.4 (Joshua Machlin), 0.7 (Miriam Leonorovitz), and 1.9 (Alexander Sprei).

3229.   The fee demand was in the amount of $4,575.00.

3230.   As to review of the fee demand, DOE has not made a substantive response.

### L.Z.(2), individually and on behalf of R.Z. – Case No. 203345

3231.   On October 29, 2020, L.Z.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, R.Z., by submitting a DPC to DOE's Impartial Hearing Office.

3232.   L.Z.(2)'s DPC alleged how DOE denied R.Z. FAPE for the 2020-21 school year, including via DOE's failures to:

  a.    offer an appropriate program;

  b.    recommend sufficient SETSS and related services to enable the success of the LRE placement;

  c.    recommend SETSS as an "individual service";

  d.    implement its recommendations.

3233.   L.Z.(2)'s DPC proposed various relief, including an order that:

  a.    DOE authorize and fund the requested IEEs;

  b.    CSE implement the findings of said IEEs;

  c.    the SETSS services mandate be changed from group to individual service;

    d.     DOE fund the SETSS services at the provider's prevailing rate;

    e.     DOE fund a bank of compensatory periods of all services.

3234.  This case was assigned Impartial Hearing Office Case No. 203345.

3235.  As to FAPE, DOE did not concede.

3236.  As to relief, DOE did not concede.

3237.  Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, five parent exhibits, and one parent witness.

3238.  On November 18, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

3239.  On December 17, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

3240.  On January 24, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

3241.  On March 4, 2022, upon presentation of L.Z.(2)'s case, the IHO advised that a final decision would soon issue.

3242.  On March 8, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered R.Z. a FAPE for the 2020-21 school year.

3243.  The FOFD's findings of fact and conclusions of law were in L.Z.(2)'s favor.

3244.  The IHO awarded relief, including:

    a.     SETSS (5 periods/week);

    b.     ST (2x30);

    c.     OT (2x30).

3245.  The FOFD's awarded relief was in the L.Z.(2)'s favor.

3246.   Neither side appealed from the FOFD.

3247.   On June 17, 2022, L.Z.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3248.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3249.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

3250.   The attorney's hours worked at the time of the fee demand were 3.4 (Philippe Gerschel).

3251.   The paralegals' hours worked at the time of the fee demand were 0.9 (Margaret Rice), 0.8 (Miriam Leonorovitz), and 2.1 (Alexander Sprei).

3252.   The fee demand was in the amount of $2,595.00.

3253.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### M.A., individually and on behalf of C.A. – Case No. 219931

3254.   On October 20, 2021, M.A., via Plaintiff, initiated an impartial due process hearing on behalf of her child, C.A., by submitting a DPC to DOE's Impartial Hearing Office.

3255.   M.A.'s DPC alleged how DOE denied C.A. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

3256.   M.A.'s DPC proposed various relief, including an order that DOE fund:

   a.     located providers at their prevailing rate;

   b.     a bank of compensatory periods of SETSS or related services.

3257.   This case was assigned Impartial Hearing Office Case No. 219931.

3258.  As to FAPE, DOE did not concede.

3259.  As to relief, DOE did not concede.

3260.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

3261.  On April 25, 2022, DOE failed to appear for the hearing, whereupon M.A.'s counsel presented the case and the IHO advising that a decision would issue.

3262.  On April 25, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered C.A. a FAPE for the 2021-22 school year.

3263.  The FOFD's findings of fact and conclusions of law were in M.A.'s favor.

3264.  The IHO awarded relief, including:

    a.    SETSS (5 hours/week, direct group);

    b.    ST (2x30, 1:1);

    c.    ST (1x30, group);

    d.    OT (1x30, 1:1);

    e.    OT (1x30, group);

    f.    counseling (1x30, 1:1);

    g.    counseling (1x30, group);

    h.    a paraprofessional (behavioral, 1:1, full time).

3265.  The FOFD's awarded relief was in the M.A.'s favor.

3266.  Neither side appealed from the FOFD.

3267.  On February 1, 2024, M.A., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3268.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3269.   The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

3270.   The attorney's hours worked at the time of the fee demand were 4.2 (Philippe Gerschel).

3271.   The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith) and 2.4 (Alexander Sprei).

3272.   The fee demand was in the amount of $2,660.00.

3273.   As to review of the fee demand, DOE denied that it owes any fees.

### M.B.(1), individually and on behalf of A.B.i – Case No. 220240

3274.   On October 22, 2021, M.B.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, A.B.i, by submitting a DPC to DOE's Impartial Hearing Office.

3275.   M.B.(1)'s DPC alleged how DOE denied A.B.i FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

3276.   M.B.(1)'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

3277.   This case was assigned Impartial Hearing Office Case No. 220240.

3278.   As to FAPE, DOE did not concede.

3279.   As to relief, DOE did not concede.

3280.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

3281.   On December 14, 2021, the parties and IHO convened, leading to scheduling the merits hearing.

3282.   On January 5, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

3283.   On March 2, 2022, upon presentation of M.B.(1)'s case, the IHO advised that a final decision would soon issue.

3284.   On March 3, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered A.B.i a FAPE for the 2021-22 school year.

3285.   The FOFD's findings of fact and conclusions of law were in M.B.(1)'s favor.

3286.   The IHO awarded relief, including:

     a.     SETSS (8 periods/week, direct group, English);

     b.     ST (2x30, individual, English);

     c.     OT (2x30, individual, English);

     d.     a paraprofessional (behavioral, individual, full time).

3287.   The FOFD's awarded relief was in the M.B.(1)'s favor.

3288.   Neither side appealed from the FOFD.

3289.   On February 25, 2024, M.B.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3290.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3291.   The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

3292. The attorney's hours worked at the time of the fee demand were 7.2 (Philippe Gerschel).

3293. The paralegals' hours worked at the time of the fee demand were 0.4 (Miriam Leonorovitz) and 0.9 (Alexander Sprei).

3294. The fee demand was in the amount of $3,860.00.

3295. As to review of the fee demand, DOE has not made a substantive response.

### M.B.(2), individually and on behalf of Z.B. – Case No. 220639

3296. On November 1, 2021, M.B.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, Z.B., by submitting a DPC to DOE's Impartial Hearing Office.

3297. M.B.(2)'s DPC alleged how DOE denied Z.B. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

3298. M.B.(2)'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

3299. This case was assigned Impartial Hearing Office Case No. 220639.

3300. As to FAPE, DOE did not concede.

3301. As to relief, DOE did not concede.

3302. Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

3303. On April 7, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

3304.   On April 13, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

3305.   On May 11, 2022, upon DOE's failure to appear, M.B.(2)'s counsel presented the case, and the IHO advised that a final decision would soon issue.

3306.   On May 13, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Z.B. a FAPE for the 2021-22 school year.

3307.   The FOFD's findings of fact and conclusions of law were in M.B.(2)'s favor.

3308.   The IHO awarded relief, including:

      a.      SETSS (8 periods/week, direct group, Yiddish, at $182/hour);

      b.      ST (2x30, individual, Yiddish);

      c.      OT (2x30, individual, English);

      d.      a bank of ST (40 sessions);

      e.      a bank of OT (40 sessions).

3309.   The FOFD's awarded relief was in the M.B.(2)'s favor.

3310.   Neither side appealed from the FOFD.

3311.   On February 12, 2024, M.B.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3312.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

3313.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3314.   The paralegal staff, whose rate was $200, consisted of Sara Goldsmith, Joshua Machlin, Miriam Leonorovitz, and Alexander Sprei.

3315.   The attorneys' hours worked at the time of the fee demand were 5.5 (Philippe Gerschel) and 0.4 (Patrick Keogh).

3316.   The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith), 0.4 (Joshua Machlin), 2.9 (Miriam Leonorovitz), and 2.7 (Alexander Sprei).

3317.   The fee demand was in the amount of $4,190.00.

3318.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### M.B.(3), individually and on behalf of S.B.i – Case No. 223851

3319.   On January 18, 2022, M.B.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.B.i, by submitting a DPC to DOE's Impartial Hearing Office.

3320.   M.B.(3)'s DPC alleged how DOE denied S.B.i FAPE for the 2021-22 school year, including via DOE's failures to:

     a.     convene an IEP/IESP meeting;

     b.     recommend placement or services.

3321.   M.B.(3)'s DPC proposed various relief, including an order that:

     a.     absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

     b.     DOE fund a bank of compensatory periods of all services.

3322.   This case was assigned Impartial Hearing Office Case No. 223851.

3323.   As to FAPE, DOE did not concede.

3324.   As to relief, DOE did not concede.

3325.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

3326.   On June 24, 2022, upon presentation of M.B.(3)'s case, the IHO advised that a decision would soon issue.

3327.   On June 24, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.B.i a FAPE for the 2021-22 school year.

3328.   The FOFD's findings of fact and conclusions of law were in M.B.(3)'s favor.

3329.   The IHO awarded relief, including SETSS (5 periods/week, direct group, Yiddish, at market rate).

3330.   The FOFD's awarded relief was in the M.B.(3)'s favor.

3331.   Neither side appealed from the FOFD.

3332.   On November 8, 2024, M.B.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3333.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3334.   The paralegal staff, whose rate was $200, consisted of Joshua Machlin and Alexander Sprei.

3335.   The attorney's hours worked at the time of the fee demand were 4.6 (Philippe Gerschel).

3336.   The paralegals' hours worked at the time of the fee demand were 0.2 (Joshua Machlin) and 5.2 (Alexander Sprei).

3337.   The fee demand was in the amount of $3,380.00.

3338.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### *M.D., individually and on behalf of A.D. – Case No. 212474*

3339.  On September 1, 2021, M.D., via Plaintiff, initiated an impartial due process hearing on behalf of her child, A.D., by submitting a DPC to DOE's Impartial Hearing Office.

3340.  M.D.'s DPC alleged how DOE denied A.D. FAPE for the 2021-22 school year, including via DOE's failures to:

      a.      convene an IEP/IESP meeting;

      b.      recommend placement or services.

3341.  M.D.'s DPC proposed various relief, including an order that:

      a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

      b.      DOE fund a bank of compensatory periods of all services.

3342.  This case was assigned Impartial Hearing Office Case No. 212474.

3343.  As to FAPE, DOE did not concede.

3344.  As to relief, DOE did not concede.

3345.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and two parent witnesses.

3346.  On February 7, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

3347.  On March 28, 2022, upon presentation of M.D.'s case, the IHO advised that a final decision would soon issue.

3348.  On April 9, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered A.D. a FAPE for the 2021-22 school year.

3349.  The FOFD's findings of fact and conclusions of law were in M.D.'s favor.

3350.  The IHO awarded relief, including:

      a.      SETSS (10 periods/week, direct individual, Yiddish);

     b.      ST (4x30, individual, Yiddish);

     c.      OT (2x30, individual).

3351.  The FOFD's awarded relief was in the M.D.'s favor.

3352.  Neither side appealed from the FOFD.

3353.  On February 4, 2024, M.D., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3354.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3355.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

3356.  The attorney's hours worked at the time of the fee demand were 5.6 (Philippe Gerschel).

3357.  The paralegals' hours worked at the time of the fee demand were 4.1 (Margaret Rice) and 1.5 (Alexander Sprei).

3358.  The fee demand was in the amount of $4,535.00.

3359.  As to review of the fee demand, DOE denied that it owes any fees.

### M.E., individually and on behalf of A.E. – Case No. 224263

3360.  On February 2, 2022, M.E., via Plaintiff, initiated an impartial due process hearing on behalf of her child, A.E., by submitting a DPC to DOE's Impartial Hearing Office.

3361.  M.E.'s DPC alleged how DOE denied A.E. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

3362.  M.E.'s DPC proposed various relief, including an order that DOE fund:

     a.      located providers at their prevailing rate;

      b.      a bank of compensatory periods of SETSS or related services.

3363.  This case was assigned Impartial Hearing Office Case No. 224263.

3364.  As to FAPE, DOE did not concede.

3365.  As to relief, DOE did not concede.

3366.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

3367.  On June 30, 2022, upon presentation of M.E.'s case, the IHO advised that a decision would soon issue.

3368.  On June 30, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered A.E. a FAPE for the 2021-22 school year.

3369.  The FOFD's findings of fact and conclusions of law were in M.E.'s favor.

3370.  The IHO awarded relief, including:

      a.      SETSS (3 hours/week, direct group, Yiddish);

      b.      counseling (1x30, 1:1, Yiddish, at market rate).

3371.  The FOFD's awarded relief was in the M.E.'s favor.

3372.  Neither side appealed from the FOFD.

3373.  On March 10, 2024, M.E., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3374.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3375.  The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

3376.  The attorney's hours worked at the time of the fee demand were 4.1 (Philippe Gerschel).

3377.  The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith) and 1.5 (Alexander Sprei).

3378.  The fee demand was in the amount of $2,430.00.

3379.  As to review of the fee demand, DOE denied that it owes any fees.

### M.F., individually and on behalf of Y.F.i – Case No. 212482

3380.  On September 1, 2021, M.F., via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.F.i, by submitting a DPC to DOE's Impartial Hearing Office.

3381.  M.F.'s DPC alleged how DOE denied Y.F.i FAPE for the 2021-22 school year, including via DOE's failures to:

    a.      convene an IEP/IESP meeting;

    b.      recommend placement or services.

3382.  M.F.'s DPC proposed various relief, including an order that:

    a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.      DOE fund a bank of compensatory periods of all services.

3383.  This case was assigned Impartial Hearing Office Case No. 212482.

3384.  As to FAPE, DOE did not concede.

3385.  As to relief, DOE did not concede.

3386.  Over the course of five hearing dates, the evidence included no DOE exhibits, no DOE witnesses, eight parent exhibits, and three parent witnesses.

3387.  On January 7, 2022, DOE failed to appear, leading to rescheduling the pendency hearing.

3388.  On January 25, 2022, DOE failed to appear, whereupon the IHO reviewed and granted pendency.

3389.  On March 9, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

3390.  On April 12, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

3391.  On May 31, 2022, DOE failed to appear, whereupon M.F.'s counsel presented the case and the IHO advised that a final decision would soon issue.

3392.  On June 1, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.F.i a FAPE for the 2021-22 school year.

3393.  The FOFD's findings of fact and conclusions of law were in M.F.'s favor.

3394.  The IHO awarded relief, including:

    a.  SETSS (5 hours/week, direct group, English);

    b.  ST (3x30, 1:1, English);

    c.  counseling (1x30, group, English).

3395.  The FOFD's awarded relief was in the M.F.'s favor.

3396.  Neither side appealed from the FOFD.

3397.  On February 11, 2024, M.F., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3398.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3399.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Shira Flusberg, Sara Goldsmith, Joshua Machlin, and Alexander Sprei.

3400.   The attorney's hours worked at the time of the fee demand were 6.6 (Philippe Gerschel).

3401.   The paralegals' hours worked at the time of the fee demand were 1.5 (Margaret Rice), 0.4 (Shira Flusberg), 0.4 (Sara Goldsmith), 4.2 (Joshua Machlin), and 2.1 (Alexander Sprei).

3402.   The fee demand was in the amount of $5,245.00.

3403.   As to review of the fee demand, DOE denied that it owes any fees.

### M.G.(1), individually and on behalf of D.G.i – Case No. 206402

3404.   On January 29, 2021, M.G.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, D.G.i, by submitting a DPC to DOE's Impartial Hearing Office.

3405.   M.G.(1)'s DPC alleged how DOE denied D.G.i FAPE for the 2020-21 school year, including via DOE's failures to:

     a.     convene an IEP/IESP meeting;

     b.     recommend placement or services.

3406.   M.G.(1)'s DPC proposed various relief, including an order that:

     a.     DOE authorize and fund the requested IEEs;

     b.     CSE implement the findings of said IEEs;

     c.     absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

     d.     DOE fund a bank of compensatory periods of all services.

3407.   This case was assigned Impartial Hearing Office Case No. 206402.

3408.   As to FAPE, DOE did not concede.

3409.   As to relief, DOE did not concede.

3410.   Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

3411.  On December 20, 2021, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

3412.  On February 11, 2022, upon presentation of M.G.(1)'s case, the IHO advised that a final decision would soon issue.

3413.  On February 25, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered D.G.i a FAPE for the 2020-21 school year.

3414.  The FOFD's findings of fact and conclusions of law were in M.G.(1)'s favor.

3415.  The IHO awarded relief, including:

      a.      SETSS (400 hours, at market rate);

      b.      ST (80 hours, at market rate); OT (80 hours, at market rate);

      c.      PT (80 hours, at market rate).

3416.  The FOFD's awarded relief was in the M.G.(1)'s favor.

3417.  Neither side appealed from the FOFD.

3418.  On January 29, 2024, M.G.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3419.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3420.  The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

3421.  The attorney's hours worked at the time of the fee demand were 7.0 (Philippe Gerschel).

3422.  The paralegals' hours worked at the time of the fee demand were 1.3 (Miriam Leonorovotz) and 1.2 (Alexander Sprei).

3423.   The fee demand was in the amount of $4,000.00.

3424.   As to review of the fee demand, DOE denied that it owes any fees.

### *M.G.(2), individually and on behalf of N.G.iii – Case No. 206088*

3425.   On January 19, 2021, M.G.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, N.G.iii, by submitting a DPC to DOE's Impartial Hearing Office.

3426.   M.G.(2)'s DPC alleged how DOE denied N.G.iii FAPE for the 2019-20 and 2020-21 school years, including via DOE's failures to:

      a.   offer an appropriate program;

      b.   recommend sufficient SETSS and related services to enable the success of the LRE placement;

      c.   recommend SETSS as an "individual service";

      d.   implement its recommendations.

3427.   M.G.(2)'s DPC proposed various relief, including an order that:

      a.   DOE authorize and fund the requested IEEs;

      b.   CSE implement the findings of said IEEs;

      c.   the SETSS services mandate be changed from group to individual service;

      d.   DOE fund the SETSS services at the provider's prevailing rate;

      e.   DOE fund a bank of compensatory periods of all services.

3428.   This case was assigned Impartial Hearing Office Case No. 206088.

3429.   As to FAPE, DOE did not concede.

3430.   As to relief, DOE did not concede.

3431.   Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

3432.   On December 23, 2021, the parties and IHO convened, leading to scheduling the merits hearing.

3433.   On February 16, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

3434.   On March 17, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

3435.   On May 24, 2022, upon DOE's failure to appear, M.G.(2)'s counsel presented the case, and the IHO advised that a final decision would soon issue.

3436.   On May 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered N.G.iii a FAPE for the 2019-20 and 2020-21 school years.

3437.   The FOFD's findings of fact and conclusions of law were in M.G.(2)'s favor.

3438.   The IHO awarded relief, including:

      a.      SETSS (117 hours);

      b.      ST (56 hours).

3439.   The FOFD's awarded relief was in the M.G.(2)'s favor.

3440.   Neither side appealed from the FOFD.

3441.   On July 19, 2023, M.G.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3442.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

3443.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3444.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

3445.   The attorneys' hours worked at the time of the fee demand were 6.6 (Philippe Gerschel) and 2.2 (Patrick Keogh).

3446.   The paralegals' hours worked at the time of the fee demand were 1.7 (Margaret Rice), 0.2 (Miriam Leonorovitz), and 2.0 (Alexander Sprei).

3447.   The fee demand was in the amount of $5,215.00.

3448.   As to review of the fee demand, DOE denied that it owes any fees.

### *M.G.(3), individually and on behalf of S.G.v – Case No. 216822*

3449.   On September 13, 2021, M.G.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.G.v, by submitting a DPC to DOE's Impartial Hearing Office.

3450.   M.G.(3)'s DPC alleged how DOE denied S.G.v FAPE for the 2021-22 school year, including via DOE's failures to:

   a.      convene an IEP/IESP meeting;

   b.      recommend placement or services.

3451.   M.G.(3)'s DPC proposed various relief, including an order that:

   a.      absent an up-to-date program, DOE continue funding the prior pendency agreement at the provider's prevailing rate;

   b.      DOE fund a bank of compensatory periods of all services.

3452.   This case was assigned Impartial Hearing Office Case No. 216822.

3453.   As to FAPE, DOE did not concede.

3454.   As to relief, DOE did not concede.

3455.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

3456.   On May 27, 2022, DOE failed to appear for the hearing, whereupon M.G.(3)'s counsel presented the case and the IHO advising that a decision would issue.

3457.   On May 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.G.v a FAPE for the 2021-22 school year.

3458.   The FOFD's findings of fact and conclusions of law were in M.G.(3)'s favor.

3459.   The IHO awarded relief, including:

    a.      SETSS (5 hours/week, group);

    b.      ST (2x30, 1:1);

    c.      ST (1x30, group);

    d.      OT (2x30, 1:1);

    e.      counseling (1x30, group, at market rate).

3460.   The FOFD's awarded relief was in the M.G.(3)'s favor.

3461.   Neither side appealed from the FOFD.

3462.   On January 29, 2024, M.G.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3463.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3464.   The paralegal staff, whose rate was $200, consisted of Elane Shnaidman and Alexander Sprei.

3465.   The attorney's hours worked at the time of the fee demand were 4.7 (Philippe Gerschel).

3466.   The paralegals' hours worked at the time of the fee demand were 0.4 (Elane Shnaidman) and 2.6 (Alexander Sprei).

3467.   The fee demand was in the amount of $2,950.00.

3468.   As to review of the fee demand, DOE has not made a substantive response.

### *M.G.(4), individually and on behalf of G.G. – Case No. 203941*

3469.   On November 13, 2020, M.G.(4), via Plaintiff, initiated an impartial due process hearing on behalf of her child, G.G., by submitting a DPC to DOE's Impartial Hearing Office.

3470.   M.G.(4)'s DPC alleged how DOE denied G.G. FAPE for the 2019-20 and 2020-21 school years, including via DOE's failures to:

   a.   offer an appropriate program;

   b.   recommend sufficient SETSS and related services to enable the success of the LRE placement;

   c.   recommend SETSS as an "individual service";

   d.   implement its recommendations.

3471.   M.G.(4)'s DPC proposed various relief, including an order that:

   a.   DOE authorize and fund the requested IEEs; CSE implement the findings of said IEEs;

   b.   the SETSS services mandate be changed from group to individual service;

   c.   DOE fund the SETSS services at the provider's prevailing rate;

   d.   DOE fund a bank of compensatory periods of all services.

3472.   This case was assigned Impartial Hearing Office Case No. 203941.

3473.   As to FAPE, DOE did not concede.

3474.   As to relief, DOE did not concede.

3475.   Over the course of six hearing dates, the evidence included no DOE exhibits, no DOE witnesses, seven  parent exhibits, and one parent witness.

3476.   On October 29, 2021, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

3477.   On December 3, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

3478.   On December 22, 2021, upon presentation of M.G.(4)'s case, the IHO adjourned the remainder of the hearing.

3479.   On February 16, 2022, after DOE failed to submit a brief on statute of limitations, the IHO adjourned the merits hearing.

3480.   On February 24, 2022, upon presentation of M.G.(4)'s case, the IHO advised that a final decision would soon issue.

3481.   On April 8, 2022, upon presentation of M.G.(4)'s case, the IHO advised that a final decision would soon issue.

3482.   On April 8, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered G.G. a FAPE for the 2019-20 and 2020-21 school years.

3483.   The FOFD's findings of fact and conclusions of law were in M.G.(4)'s favor.

3484.   The IHO awarded relief, including SETSS (220 periods, Yiddish).

3485.   The FOFD's awarded relief was in the M.G.(4)'s favor.

3486.   Neither side appealed from the FOFD.

3487.   On July 11, 2022, M.G.(4), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3488.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3489.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

3490.   The attorney's hours worked at the time of the fee demand were 7.2 (Philippe Gerschel).

3491.   The paralegals' hours worked at the time of the fee demand were 0.3 (Margaret Rice), 1.0 (Miriam Leonorovitz), and 3.3 (Alexander Sprei).

3492.   The fee demand was in the amount of $4,565.00.

3493.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### M.G.(5), individually and on behalf of P.G. – Case No. 214845

3494.   On September 7, 2021, M.G.(5), via Plaintiff, initiated an impartial due process hearing on behalf of her child, P.G., by submitting a DPC to DOE's Impartial Hearing Office.

3495.   M.G.(5)'s DPC alleged how DOE denied P.G. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

3496.   M.G.(5)'s DPC proposed various relief, including an order that DOE fund:

   a.      located providers at their prevailing rate;

   b.      a bank of compensatory periods of SETSS or related services.

3497.   This case was assigned Impartial Hearing Office Case No. 214845.

3498.   As to FAPE, DOE did not concede.

3499.   As to relief, DOE did not concede.

3500.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

3501.  On March 1, 2022, upon presentation of M.G.(6)'s case, the IHO advised that a decision would soon issue.

3502.  On March 1, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered P.G. a FAPE for the 2021-22 school year.

3503.  The FOFD's findings of fact and conclusions of law were in M.G.(5)'s favor.

3504.  The IHO awarded relief, including:

   a.    SETSS (3 periods/week, direct group, Yiddish);

   b.    a bank for SETSS (54 hours, Yiddish).

3505.  The FOFD's awarded relief was in the M.G.(5)'s favor.

3506.  Neither side appealed from the FOFD.

3507.  On January 28, 2024, M.G.(5), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3508.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3509.  The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

3510.  The attorney's hours worked at the time of the fee demand were 4.7 (Philippe Gerschel).

3511.  The paralegals' hours worked at the time of the fee demand were 2.9 (Miriam Leonorovitz) and 1.2 (Alexander Sprei).

3512.  The fee demand was in the amount of $3,170.00.

3513. As to review of the fee demand, DOE denied that it owes any fees.

**M.G.(6), individually and on behalf of J.G. – Case No. 212844**

3514. On September 1, 2021, M.G.(6), via Plaintiff, initiated an impartial due process hearing on behalf of her child, J.G., by submitting a DPC to DOE's Impartial Hearing Office.

3515. M.G.(6)'s DPC alleged how DOE denied J.G. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

3516. M.G.(6)'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

3517. This case was assigned Impartial Hearing Office Case No. 212844.

3518. As to FAPE, DOE did not concede.

3519. As to relief, DOE did not concede.

3520. Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

3521. On February 1, 2022, DOE failed to appear for the hearing, whereupon M.G.(6)'s counsel presented the case and the IHO advising that a decision would issue.

3522. On February 1, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered J.G. a FAPE for the 2021-22 school year.

3523. The FOFD's findings of fact and conclusions of law were in M.G.(6)'s favor.

3524. The IHO awarded relief, including SETSS (5 hours/week, group, Yiddish, at market rate).

3525. The FOFD's awarded relief was in the M.G.(6)'s favor.

3526. Neither side appealed from the FOFD.

3527. On January 20, 2024, M.G.(6), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3528. The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3529. The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

3530. The attorney's hours worked at the time of the fee demand were 5.9 (Philippe Gerschel).

3531. The paralegals' hours worked at the time of the fee demand were 2.1 (Miriam Leonorovitz) and 1.8 (Alexander Sprei).

3532. The fee demand was in the amount of $3,730.00.

3533. As to review of the fee demand, DOE has not made a substantive response.

### M.H., individually and on behalf of B.H. – Case No. 212496

3534. On September 1, 2021, M.H., via Plaintiff, initiated an impartial due process hearing on behalf of her child, B.H., by submitting a DPC to DOE's Impartial Hearing Office.

3535. M.H.'s DPC alleged how DOE denied B.H. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

3536. M.H.'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

3537.  This case was assigned Impartial Hearing Office Case No. 212496.

3538.  As to FAPE, DOE did not concede.

3539.  As to relief, DOE did not concede.

3540.  Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six  parent exhibits, and two parent witnesses.

3541.  On January 11, 2022, DOE failed to appear, leading to rescheduling the pendency hearing.

3542.  On February 2, 2022, DOE failed to appear, whereupon the IHO reviewed and granted pendency.

3543.  On April 13, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

3544.  On June 1, 2022, DOE failed to appear, whereupon M.H.'s counsel presented the case and the IHO advised that a final decision would soon issue.

3545.  On June 7, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered B.H. a FAPE for the 2021-22 school year.

3546.  The FOFD's findings of fact and conclusions of law were in M.H.'s favor.

3547.  The IHO awarded relief, including:

    a.    SEIT (10 hours/week, direct group);

    b.    OT (2x30, direct).

3548.  The FOFD's awarded relief was in the M.H.'s favor.

3549.  Neither side appealed from the FOFD.

3550.  On March 4, 2024, M.H., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3551.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

3552.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3553.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Shira Flusberg, Joshua Machlin, and Alexander Sprei.

3554.  The attorneys' hours worked at the time of the fee demand were 6.0 (Philippe Gerschel) and 1.9 (Patrick Keogh).

3555.  The paralegals' hours worked at the time of the fee demand were 0.5 (Margaret Rice), 0.4 (Shira Flusberg), 2.0 (Joshua Machlin), and 2.1 (Alexander Sprei).

3556.  The fee demand was in the amount of $4,835.00.

3557.  As to review of the fee demand, DOE denied that it owes any fees.

### M.K.(1), individually and on behalf of F.K. – Case No. 211629

3558.  On August 16, 2021, M.K.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, F.K., by submitting a DPC to DOE's Impartial Hearing Office.

3559.  M.K.(1)'s DPC alleged how DOE denied F.K. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services;

    c.    consider summer services.

3560.  M.K.(1)'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

3561. This case was assigned Impartial Hearing Office Case No. 211629.

3562. As to FAPE, DOE did not concede.

3563. As to relief, DOE did not concede.

3564. Over the course of five hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

3565. On January 4, 2022, DOE failed to appear, leading to rescheduling the pendency hearing.

3566. On January 11, 2022, DOE failed to appear, whereupon the IHO reviewed and granted pendency.

3567. On March 21, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

3568. On May 3, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

3569. On June 14, 2022, DOE failed to appear, whereupon M.K.(1)'s counsel presented the case and the IHO advised that a final decision would soon issue.

3570. On June 14, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered F.K. a FAPE for the 2021-22 school year.

3571. The FOFD's findings of fact and conclusions of law were in M.K.(1)'s favor.

3572. The IHO awarded relief, including:

    a.    SETSS (5 hours/week, group, Yiddish);

    b.    OT (2x30, 2:1).

3573. The FOFD's awarded relief was in the M.K.(1)'s favor.

3574. Neither side appealed from the FOFD.

3575. On March 8, 2024, M.K.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3576. The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

3577.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3578.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Shira Flusberg, and Alexander Sprei.

3579.  The attorneys' hours worked at the time of the fee demand were 6.1 (Philippe Gerschel) and 0.4 (Patrick Keogh).

3580.  The paralegals' hours worked at the time of the fee demand were 1.0 (Margaret Rice), 0.4 (Shira Flusberg), and 2.4 (Alexander Sprei).

3581.  The fee demand was in the amount of $4,120.00.

3582.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### M.K.(2), individually and on behalf of L.K. – Case No. 225133

3583.  On March 14, 2022, M.K.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, L.K., by submitting a DPC to DOE's Impartial Hearing Office.

3584.  M.K.(2)'s DPC alleged how DOE denied L.K. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

3585.  M.K.(2)'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

3586.  This case was assigned Impartial Hearing Office Case No. 225133.

3587.  As to FAPE, DOE did not concede.

3588.  As to relief, DOE did not concede.

3589.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

3590.  On June 29, 2022, DOE failed to appear for the hearing, whereupon M.K.(2)'s counsel presented the case and the IHO advising that a decision would issue.

3591.  On June 29, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered L.K. a FAPE for the 2021-22 school year.

3592.  The FOFD's findings of fact and conclusions of law were in M.K.(2)'s favor.

3593.  The IHO awarded relief, including:

      a.      SETSS (5 hours/week, direct group, Yiddish);

      b.      OT (2x30, 1:1);

      c.      counseling (1x30, group, Yiddish);

      d.      counseling (1x30, 1:1, Yiddish).

3594.  The FOFD's awarded relief was in the M.K.(2)'s favor.

3595.  Neither side appealed from the FOFD.

3596.  On August 19, 2024, M.K.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3597.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

3598.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3599.  The paralegal staff, whose rate was $200, consisted of Gracie Reilzig and Alexander Sprei.

3600.  The attorneys' hours worked at the time of the fee demand were 3.7 (Philippe Gerschel) and 0.4 (Patrick Keogh).

3601.   The paralegals' hours worked at the time of the fee demand were 0.4 (Gracie Reilzig) and 1.3 (Alexander Sprei).

3602.   The fee demand was in the amount of $2,350.00.

3603.   As to review of the fee demand, DOE denied that it owes any fees.

### M.L.(1), individually and on behalf of S.L.ii – Case No. 208899

3604.   On June 17, 2021, M.L.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.L.ii, by submitting a DPC to DOE's Impartial Hearing Office.

3605.   M.L.(1)'s DPC alleged how DOE denied S.L.ii FAPE for the 2020-21 school year, including via DOE's failures to:

      a.     implement its recommendations;

      b.     timely convene an IEP/IESP meeting.

3606.   M.L.(1)'s DPC proposed various relief, including an order that DOE fund:

      a.     located providers at their prevailing rate;

      b.     a bank of compensatory periods of SETSS or related services.

3607.   This case was assigned Impartial Hearing Office Case No. 208899.

3608.   As to FAPE, DOE did not concede.

3609.   As to relief, DOE did not concede.

3610.   Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

3611.   On June 23, 2021, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

3612.   On April 5, 2022, upon presentation of M.L.(1)'s case, the IHO advised that a final decision would soon issue.

3613.  On June 8, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.L.ii a FAPE for the 2020-21 school year.

3614.  The FOFD's findings of fact and conclusions of law were in M.L.(1)'s favor.

3615.  The IHO awarded relief, including SETSS (62 periods, group, direct).

3616.  The FOFD's awarded relief was in the M.L.(1)'s favor.

3617.  Neither side appealed from the FOFD.

3618.  On February 17, 2024, M.L.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3619.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3620.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Alexander Sprei.

3621.  The attorney's hours worked at the time of the fee demand were 7.0 (Philippe Gerschel).

3622.  The paralegal's hours worked at the time of the fee demand were 2.3 (Alexander Sprei).

3623.  The fee demand was in the amount of $3,960.00.

3624.  As to review of the fee demand, DOE denied that it owes any fees.

### M.L.(2), individually and on behalf of K.Z.H. – Case No. 218176

3625.  On September 23, 2021, M.L.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, K.Z.H., by submitting a DPC to DOE's Impartial Hearing Office.

3626.  M.L.(2)'s DPC alleged how DOE denied K.Z.H. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    appropriately classify M.L.(2);

      b.     recommend the continuation of a SEIT program; recommend an appropriate placement.

3627.  M.L.(2)'s DPC proposed various relief, including an order that:

      a.     DOE continue to fund the prior IEP;

      b.     absent providers, DOE fund a bank of compensatory education equivalent to the missed services.

3628.  This case was assigned Impartial Hearing Office Case No. 218176.

3629.  As to FAPE, DOE did not concede.

3630.  As to relief, DOE did not concede.

3631.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

3632.  On March 30, 2022, upon presentation of M.L.(2)'s case, the IHO advised that a decision would soon issue.

3633.  On March 30, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered K.Z.H. a FAPE for the 2021-22 school year.

3634.  The FOFD's findings of fact and conclusions of law were in M.L.(2)'s favor.

3635.  The IHO awarded relief, including:

      a.     SEIT (8 hours/week, 2:1);

      b.     ST (3x30, 1:1);

      c.     OT (2x30, 1:1);

      d.     PT (3x30, 1:1);

      e.     counseling (2x30, 2:1).

3636.  The FOFD's awarded relief was in the M.L.(2)'s favor.

3637. Neither side appealed from the FOFD.

3638. On January 31, 2024, M.L.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3639. The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3640. The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

3641. The attorney's hours worked at the time of the fee demand were 4.2 (Philippe Gerschel).

3642. The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith) and 2.0 (Alexander Sprei).

3643. The fee demand was in the amount of $2,580.00.

3644. As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### M.L.(3), individually and on behalf of B.L. – Case No. 208934

3645. On June 21, 2021, M.L.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, B.L., by submitting a DPC to DOE's Impartial Hearing Office.

3646. M.L.(3)'s DPC alleged how DOE denied B.L. FAPE for the 2020-21 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

3647. M.L.(3)'s DPC proposed various relief, including an order that:

    a.    DOE authorize and fund the requested IEEs;

b.     CSE implement the findings of said IEEs;

c.     absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

d.     DOE fund a bank of compensatory periods of all services.

3648.   This case was assigned Impartial Hearing Office Case No. 208934.

3649.   As to FAPE, DOE did not concede.

3650.   As to relief, DOE did not concede.

3651.   Over the course of five hearing dates, the evidence included no DOE exhibits, no DOE witnesses, five parent exhibits, and two parent witnesses.

3652.   On July 29, 2021, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

3653.   On March 14, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

3654.   On June 16, 2022, upon DOE's failure to appear, M.L.(3)'s counsel presented the case, and the IHO advised that a final decision would soon issue.

3655.   On June 30, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered B.L. a FAPE for the 2020-21 school year.

3656.   The FOFD's findings of fact and conclusions of law were in M.L.(3)'s favor.

3657.   The IHO awarded relief, including ST (2x30, at $225/hour).

3658.   The FOFD's awarded relief was in the M.L.(3)'s favor.

3659.   Neither side appealed from the FOFD.

3660.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

3661.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3662.  The paralegal staff, whose rate was $200, consisted of Joshua Machlin, Miriam Leonorovitz, and Alexander Sprei.

3663.  The attorneys' hours worked at the time of the fee demand were 5.1 (Philippe Gerschel) and 2.9 (Patrick Keogh).

3664.  The paralegals' hours worked at the time of the fee demand were 2.8 (Joshua Machlin), 1.5 (Miriam Leonorovitz), and 2.6 (Alexander Sprei).

3665.  The total fees were in the amount of $4,495.00.

### M.L.(3), individually and on behalf of R.L.ii – Case No. 225192

3666.  On March 15, 2022, M.L.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, R.L.ii, by submitting a DPC to DOE's Impartial Hearing Office.

3667.  M.L.(3)'s DPC alleged how DOE denied R.L.ii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

3668.  M.L.(3)'s DPC proposed various relief, including an order that:

    a.    DOE authorize and fund the requested IEEs;

    b.    CSE implement the findings of said IEEs;

    c.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    d.    DOE fund a bank of compensatory periods of all services.

3669. This case was assigned Impartial Hearing Office Case No. 225192.

3670. As to FAPE, DOE did not concede.

3671. As to relief, DOE did not concede.

3672. Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and one parent witness.

3673. Upon presentation of M.L.(3)'s case, the IHO advised that an FOFD would soon issue.

3674. On June 30, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered R.L.ii a FAPE for the 2021-22 school year.

3675. The FOFD's findings of fact and conclusions of law were in M.L.(3)'s favor.

3676. The IHO awarded relief, including:

   a.    ST (2x30, 1:1, Yiddish);

   b.    ST (1x30, group, Yiddish);

   c.    OT (1x30, 1:1);

   d.    PT (1x30, 1:1).

3677. The FOFD's awarded relief was in the M.L.(3)'s favor.

3678. Neither side appealed from the FOFD.

3679. The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

### *M.M., individually and on behalf of S.M.i – Case No. 217935*

3680. On September 20, 2021, M.M., via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.M.i, by submitting a DPC to DOE's Impartial Hearing Office.

3681.  M.M.'s DPC alleged how DOE denied S.M.i FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

3682.  M.M.'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

3683.  This case was assigned Impartial Hearing Office Case No. 217935.

3684.  As to FAPE, DOE did not concede.

3685.  As to relief, DOE did not concede.

3686.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

3687.  On April 4, 2022, upon presentation of M.M.'s case, the IHO advised that a decision would soon issue.

3688.  On April 4, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.M.i a FAPE for the 2021-22 school year.

3689.  The FOFD's findings of fact and conclusions of law were in M.M.'s favor.

3690.  The IHO awarded relief, including:

    a.    SETSS (5 hours/week, direct group);

    b.    ST (2x30, 1:1);

    c.    OT (3x30, 1:1).

3691.  The FOFD's awarded relief was in the M.M.'s favor.

3692.  Neither side appealed from the FOFD.

3693.  On February 4, 2024, M.M., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3694.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3695.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Sara Goldsmith, and Alexander Sprei.

3696.   The attorney's hours worked at the time of the fee demand were 4.1 (Philippe Gerschel).

3697.   The paralegals' hours worked at the time of the fee demand were 0.5 (Margaret Rice), 0.4 (Sara Goldsmith), and 1.4 (Alexander Sprei).

3698.   The fee demand was in the amount of $2,585.00.

3699.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### M.N., individually and on behalf of S.N. – Case No. 219954

3700.   On October 20, 2021, M.N., via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.N., by submitting a DPC to DOE's Impartial Hearing Office.

3701.   M.N.'s DPC alleged how DOE denied S.N. FAPE for the 2021-22 school year, including via DOE's failures to:

      a.     convene an IEP/IESP meeting;

      b.     recommend placement or services.

3702.   M.N.'s DPC proposed various relief, including an order that:

      a.     absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

      b.     DOE fund a bank of compensatory periods of all services.

3703.   This case was assigned Impartial Hearing Office Case No. 219954.

3704.  As to FAPE, DOE did not concede.

3705.  As to relief, DOE did not concede.

3706.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

3707.  On April 25, 2022, DOE failed to appear for the hearing, whereupon M.N.'s counsel presented the case and the IHO advising that a decision would issue.

3708.  On April 25, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.N. a FAPE for the 2021-22 school year.

3709.  The FOFD's findings of fact and conclusions of law were in M.N.'s favor.

3710.  The IHO awarded relief, including:

     a.     SETSS (5 hours/week, direct group, Yiddish);

     b.     ST (4x45, 1:1, Yiddish);

     c.     counseling (1x30, 1:1, Yiddish);

     d.     a bank of SETSS (200 hours);

     e.     a bank of ST (120 hours, Yiddish);

     f.     a bank of counseling (20 hours, Yiddish).

3711.  The FOFD's awarded relief was in the M.N.'s favor.

3712.  Neither side appealed from the FOFD.

3713.  On January 31, 2024, M.N., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3714.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3715.   The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

3716.   The attorney's hours worked at the time of the fee demand were 4.5 (Philippe Gerschel).

3717.   The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith) and 1.8 (Alexander Sprei).

3718.   The fee demand was in the amount of $2,690.00.

3719.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### M.R.(1), individually and on behalf of M.R.i – Case No. 220006

3720.   On October 20, 2021, M.R.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.R.i, by submitting a DPC to DOE's Impartial Hearing Office.

3721.   M.R.(1)'s DPC alleged how DOE denied M.R.i FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

3722.   M.R.(1)'s DPC proposed various relief, including an order that DOE fund:

      a.     located providers at their prevailing rate;

      b.     a bank of compensatory periods of SETSS or related services.

3723.   This case was assigned Impartial Hearing Office Case No. 220006.

3724.   As to FAPE, DOE did not concede.

3725.   As to relief, DOE did not concede.

3726.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

3727.   On April 29, 2022, upon presentation of M.R.(1)'s case, the IHO advised that a decision would soon issue.

3728.  On April 29, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.R.i a FAPE for the 2021-22 school year.

3729.  The FOFD's findings of fact and conclusions of law were in M.R.(1)'s favor.

3730.  The IHO awarded relief, including SETSS (3 periods/week, direct group, Yiddish, at market rate).

3731.  The FOFD's awarded relief was in the M.R.(1)'s favor.

3732.  Neither side appealed from the FOFD.

3733.  On February 6, 2024, M.R.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3734.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

3735.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3736.  The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

3737.  The attorneys' hours worked at the time of the fee demand were 3.7 (Philippe Gerschel) and 0.4 (Patrick Keogh).

3738.  The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith) and 1.3 (Alexander Sprei).

3739.  The fee demand was in the amount of $2,350.00.

3740.  As to review of the fee demand, DOE denied that it owes any fees.

***M.R.(2), individually and on behalf of F.R. – Case No. 203565***

3741.   On November 4, 2020, M.R.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, F.R., by submitting a DPC to DOE's Impartial Hearing Office.

3742.   M.R.(2)'s DPC alleged how DOE denied F.R. FAPE for the 2020-21 school year, including via DOE's failures to:

    a.    offer an appropriate program;

    b.    recommend sufficient SETSS and related services to enable the success of the LRE placement;

    c.    recommend SETSS as an "individual service";

    d.    implement its recommendations.

3743.   M.R.(2)'s DPC proposed various relief, including an order that:

    a.    DOE authorize and fund the requested IEEs;

    b.    CSE implement the findings of said IEEs;

    c.    the SETSS services mandate be changed from group to individual service;

    d.    DOE fund the SETSS services at the provider's prevailing rate;

    e.    DOE fund a bank of compensatory periods of all services.

3744.   This case was assigned Impartial Hearing Office Case No. 203565.

3745.   As to FAPE, DOE did not concede.

3746.   As to relief, DOE did not concede.

3747.   Over the course of six hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

3748.   On October 22, 2021, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

3749.   On December 1, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

3750.   On January 3, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

3751.   On February 4, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

3752.   On March 21, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

3753.   On April 11, 2022, upon presentation of M.R.(2)'s case, the IHO advised that a final decision would soon issue.

3754.   On April 30, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered F.R. a FAPE for the 2020-21 school year.

3755.   The FOFD's findings of fact and conclusions of law were in M.R.(2)'s favor.

3756.   The IHO awarded relief, including SETSS (50 periods, at market rate).

3757.   The FOFD's awarded relief was in the M.R.(2)'s favor.

3758.   Neither side appealed from the FOFD.

3759.   On February 10, 2024, M.R.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3760.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3761.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

3762.   The attorney's hours worked at the time of the fee demand were 5.4 (Philippe Gerschel).

3763.   The paralegals' hours worked at the time of the fee demand were 2.2 (Margaret Rice), 1.0 (Miriam Leonorovitz), and 4.0 (Alexander Sprei).

3764.   The fee demand was in the amount of $4,470.00.

3765.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

**M.R.(3), individually and on behalf of S.R.i – Case No. 217009**

3766.  On September 13, 2021, M.R.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.R.i, by submitting a DPC to DOE's Impartial Hearing Office.

3767.  M.R.(3)'s DPC alleged how DOE denied S.R.i FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

3768.  M.R.(3)'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

3769.  This case was assigned Impartial Hearing Office Case No. 217009.

3770.  As to FAPE, DOE did not concede.

3771.  As to relief, DOE did not concede.

3772.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

3773.  On March 23, 2022, upon presentation of M.R.(3)'s case, the IHO advised that a decision would soon issue.

3774.  On March 23, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.R.i a FAPE for the 2021-22 school year.

3775.  The FOFD's findings of fact and conclusions of law were in M.R.(3)'s favor.

3776.  The IHO awarded relief, including:

    a.    SETSS (4 hours/week, direct group, at market rate);

    b.    ST (2x30, 1:1, at market rate);

      c.      OT (2x30, 1:1, at market rate).

3777.  The FOFD's awarded relief was in the M.R.(3)'s favor.

3778.  Neither side appealed from the FOFD.

3779.  On January 31, 2024, M.R.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3780.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3781.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

3782.  The attorney's hours worked at the time of the fee demand were 4.5 (Philippe Gerschel).

3783.  The paralegals' hours worked at the time of the fee demand were 0.5 (Margaret Rice), 3.3 (Miriam Leonorovitz), and 1.6 (Alexander Sprei).

3784.  The fee demand was in the amount of $3,405.00.

3785.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### M.R.(4), individually and on behalf of Y.R.i – Case No. 212847

3786.  On September 1, 2021, M.R.(4), via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.R.i, by submitting a DPC to DOE's Impartial Hearing Office.

3787.  M.R.(4)'s DPC alleged how DOE denied Y.R.i FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

3788.  M.R.(4)'s DPC proposed various relief, including an order that DOE fund:

      a.      located providers at their prevailing rate;

      b.     a bank of compensatory periods of SETSS or related services.

3789.  This case was assigned Impartial Hearing Office Case No. 212847.

3790.  As to FAPE, DOE did not concede.

3791.  As to relief, DOE did not concede.

3792.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

3793.  On February 3, 2022, DOE failed to appear for the hearing, whereupon M.R.(4)'s counsel presented the case and the IHO advising that a decision would issue.

3794.  On February 3, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.R.i a FAPE for the 2021-22 school year.

3795.  The FOFD's findings of fact and conclusions of law were in M.R.(4)'s favor.

3796.  The IHO awarded relief, including:

      a.     SETSS (3 periods/week, group, Yiddish, at market rate);

      b.     ST (2x30, individual, Yiddish).

3797.  The FOFD's awarded relief was in the M.R.(4)'s favor.

3798.  Neither side appealed from the FOFD.

3799.  On June 10, 2022, M.R.(4), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3800.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3801.  The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

3802.  The attorney's hours worked at the time of the fee demand were 4.2 (Philippe Gerschel).

3803.  The paralegals' hours worked at the time of the fee demand were 2.5 (Miriam Leonorovitz) and 1.5 (Alexander Sprei).

3804.  The fee demand was in the amount of $2,900.00.

3805.  As to review of the fee demand, DOE denied that it owes any fees.

### M.S., individually and on behalf of B.S. – Case No. 218660

3806.  On October 4, 2021, M.S., via Plaintiff, initiated an impartial due process hearing on behalf of her child, B.S., by submitting a DPC to DOE's Impartial Hearing Office.

3807.  M.S.'s DPC alleged how DOE denied B.S. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    offer an appropriately updated program;

    b.    recommend the continuation of a SEIT program;

    c.    recommend an appropriate placement.

3808.  M.S.'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior pendency agreement at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

3809.  This case was assigned Impartial Hearing Office Case No. 218660.

3810.  As to FAPE, DOE did not concede.

3811.  As to relief, DOE did not concede.

3812.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and one parent witness.

3813.   On April 27, 2022, DOE failed to appear, whereupon M.S.'s counsel presented the case and the IHO advised that a decision would soon issue.

3814.   On June 29, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered B.S. a FAPE for the 2021-22 school year.

3815.   The FOFD's findings of fact and conclusions of law were in M.S.'s favor.

3816.   The IHO awarded relief, including:

     a.     SEIT (8x60, direct group, bilingual, Yiddish, at market rate);

     b.     SEIT (2x30, indirect, bilingual, Yiddish, at market rate);

     c.     ST (2x30, individual, bilingual, Yiddish).

3817.   The FOFD's awarded relief was in the M.S.'s favor.

3818.   Neither side appealed from the FOFD.

3819.   On March 10, 2024, M.S., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3820.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3821.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Shira Flusberg, and Alexander Sprei.

3822.   The attorney's hours worked at the time of the fee demand were 4.4 (Philippe Gerschel).

3823.   The paralegals' hours worked at the time of the fee demand were 3.1 (Margaret Rice), 0.2 (Shira Flusberg), and 2.5 (Alexander Sprei).

3824.   The fee demand was in the amount of $3,825.00.

3825.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### N.H., individually and on behalf of J.H. – Case No. 221282

3826.   On November 10, 2021, N.H., via Plaintiff, initiated an impartial due process hearing on behalf of her child, J.H., by submitting a DPC to DOE's Impartial Hearing Office.

3827.   N.H.'s DPC alleged how DOE denied J.H. FAPE for the 2021-22 school year, including via DOE's failures to:

      a.      convene an IEP/IESP meeting;

      b.      recommend placement or services.

3828.   N.H.'s DPC proposed various relief, including an order that:

      a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

      b.      DOE fund a bank of compensatory periods of all services.

3829.   This case was assigned Impartial Hearing Office Case No. 221282.

3830.   As to FAPE, DOE did not concede.

3831.   As to relief, DOE did not concede.

3832.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

3833.   On May 25, 2022, DOE failed to appear for the hearing, whereupon N.H.'s counsel presented the case and the IHO advising that a decision would issue.

3834.   On May 25, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered J.H. a FAPE for the 2021-22 school year.

3835.   The FOFD's findings of fact and conclusions of law were in N.H.'s favor.

3836.  The IHO awarded relief, including:

    a.      SETSS (5 periods/week, direct group, Yiddish);

    b.      ST (1x30, 1:1, Yiddish);

    c.      ST (1x30, group, Yiddish).

3837.  The FOFD's awarded relief was in the N.H.'s favor.

3838.  Neither side appealed from the FOFD.

3839.  On February 17, 2024, N.H., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3840.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3841.  The paralegal staff, whose rate was $200, consisted of Joshua Machlin and Alexander Sprei.

3842.  The attorney's hours worked at the time of the fee demand were 5.7 (Philippe Gerschel).

3843.  The paralegals' hours worked at the time of the fee demand were 3.1 (Joshua Machlin) and 2.1 (Alexander Sprei).

3844.  The fee demand was in the amount of $3,890.00.

3845.  As to review of the fee demand, DOE denied that it owes any fees.

### *N.L., individually and on behalf of C.L. – Case No. 214360*

3846.  On September 3, 2021, N.L., via Plaintiff, initiated an impartial due process hearing on behalf of her child, C.L., by submitting a DPC to DOE's Impartial Hearing Office.

3847.  N.L.'s DPC alleged how DOE denied C.L. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.      convene an IEP/IESP meeting;

    b.      recommend placement or services.

3848.  N.L.'s DPC proposed various relief, including an order that:

    a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.      DOE fund a bank of compensatory periods of all services.

3849.  This case was assigned Impartial Hearing Office Case No. 214360.

3850.  As to FAPE, DOE did not concede.

3851.  As to relief, DOE did not concede.

3852.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and no parent witnesses.

3853.  On February 14, 2022, upon presentation of N.L.'s case, the IHO advised that a decision would soon issue.

3854.  On February 14, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered C.L. a FAPE for the 2021-22 school year.

3855.  The FOFD's findings of fact and conclusions of law were in N.L.'s favor.

3856.  The IHO awarded relief, including SETSS (5 periods/week, at market rate).

3857.  The FOFD's awarded relief was in the N.L.'s favor.

3858.  Neither side appealed from the FOFD.

3859.  On January 21, 2024, N.L., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3860.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3861.   The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

3862.   The attorney's hours worked at the time of the fee demand were 5.1 (Philippe Gerschel).

3863.   The paralegal's hours worked at the time of the fee demand were 0.9 (Alexander Sprei).

3864.   The fee demand was in the amount of $2,730.00.

3865.   As to review of the fee demand, DOE denied that it owes any fees.

### N.M., individually and on behalf of A.M. – Case No. 207681

3866.   On April 5, 2021, N.M., via Plaintiff, initiated an impartial due process hearing on behalf of her child, A.M., by submitting a DPC to DOE's Impartial Hearing Office.

3867.   N.M.'s DPC alleged how DOE denied A.M. FAPE for the 2020-21 school year, including via DOE's failures to:

    a.   convene an IEP/IESP meeting;

    b.   recommend placement or services.

3868.   N.M.'s DPC proposed various relief, including an order that:

    a.   DOE authorize and fund the requested IEEs;

    b.   CSE implement the findings of said IEEs;

    c.   absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    d.   DOE fund a bank of compensatory periods of all services.

3869.   This case was assigned Impartial Hearing Office Case No. 207681.

3870.   As to FAPE, DOE did not concede.

3871.   As to relief, DOE did not concede.

3872.   Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

3873.   On April 21, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

3874.   On June 10, 2022, upon presentation of N.M.'s case, the IHO advised that a final decision would soon issue.

3875.   On June 12, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered A.M. a FAPE for the 2020-21 school year.

3876.   The FOFD's findings of fact and conclusions of law were in N.M.'s favor.

3877.   The IHO awarded relief, including SETSS (120 hours, at market rate).

3878.   The FOFD's awarded relief was in the N.M.'s favor.

3879.   Neither side appealed from the FOFD.

3880.   On March 7, 2024, N.M., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3881.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3882.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Joshua Machlin, and Alexander Sprei.

3883.   The attorney's hours worked at the time of the fee demand were 6.2 (Philippe Gerschel).

3884.   The paralegals' hours worked at the time of the fee demand were 1.1 (Margaret Rice), 1.3 (Joshua Machlin), and 1.9 (Alexander Sprei).

3885.   The fee demand was in the amount of $4,125.00.

3886.  As to review of the fee demand, DOE denied that it owes any fees.

### O.B., individually and on behalf of Y.B.iv – Case No. 212638

3887.  On September 1, 2021, O.B., via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.B.iv, by submitting a DPC to DOE's Impartial Hearing Office.

3888.  O.B.'s DPC alleged how DOE denied Y.B.iv FAPE for the 2021-22 school year, including via DOE's failure to offer sufficient SETSS.

3889.  O.B.'s DPC proposed various relief, including an order that:

   a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

   b.    DOE fund a bank of compensatory periods of all services.

3890.  This case was assigned Impartial Hearing Office Case No. 212638.

3891.  As to FAPE, DOE did not concede.

3892.  As to relief, DOE did not concede.

3893.  Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and two parent witnesses.

3894.  On January 13, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

3895.  On March 15, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

3896.  On May 3, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

3897.  On May 10, 2022, upon presentation of O.B.'s case, the IHO advised that a final decision would soon issue.

3898.  On June 12, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.B.iv a FAPE for the 2021-22 school year.

3899.  The FOFD's findings of fact and conclusions of law were in O.B.'s favor.

3900.  The IHO awarded relief, including DOE fund:

    a.    SETSS ($175/hour);

    b.    half-day paraprofessional (half-day, $60/hour).

3901.  The FOFD's awarded relief was in the O.B.'s favor.

3902.  Neither side appealed from the FOFD.

3903.  On March 7, 2024, O.B., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3904.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3905.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Shira Flusberg, Miriam Leonorovitz, and Alexander Sprei.

3906.  The attorney's hours worked at the time of the fee demand were 12.1 (Philippe Gerschel).

3907.  The paralegals' hours worked at the time of the fee demand were 0.8 (Margaret Rice), 0.4 (Shira Flusberg), 4.1 (Miriam Leonorovitz), and 2.5 (Alexander Sprei).

3908.  The fee demand was in the amount of $7,730.00.

3909.  As to review of the fee demand, DOE denied that it owes any fees.

### *O.L. and T.L., individually and on behalf of R.L.iii – Case No. 223181*

3910.  On December 27, 2021, O.L. and T.L., via Plaintiff, initiated an impartial due process hearing on behalf of her child, R.L.iii, by submitting a DPC to DOE's Impartial Hearing Office.

3911.  O.L. and T.L.'s DPC alleged how DOE denied R.L.iii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    develop an IEP addressing known delays;

    b.    provide a placement.

3912.  O.L. and T.L.'s DPC proposed various relief, including an order that DOE:

    a.    fund the requested IEE;

    b.    implement the IEE's recommendations;

    c.    fund costs of attendance at private school and related services.

3913.  This case was assigned Impartial Hearing Office Case No. 223181.

3914.  As to FAPE, DOE did not concede.

3915.  As to relief, DOE did not concede.

3916.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, twelve parent exhibits, and two parent witnesses.

3917.  On June 16, 2022, DOE failed to appear for the hearing, whereupon O.L.'s counsel presented the case and the IHO advising that a decision would issue.

3918.  On June 27, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered R.L.iii a FAPE for the 2021-22 school year.

3919.  The FOFD's findings of fact and conclusions of law were in O.L. and T.L.'s favor.

3920.  The IHO awarded relief, including:

    a.    placement at ASNY ($61,350.00);

    b.    an IEE (neuropsychological, at $5,000);

  c.  ST (31 hours);

  d.  OT (31 hours);

  e.  counseling (40 hours).

3921. The FOFD's awarded relief was in the O.L. and T.L.'s favor.

3922. Neither side appealed from the FOFD.

3923. On March 2, 2024, O.L. and T.L., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3924. The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3925. The paralegal staff, whose rate was $200, consisted of Joshua Machlin and Alexander Sprei.

3926. The attorney's hours worked at the time of the fee demand were 8.0 (Philippe Gerschel).

3927. The paralegals' hours worked at the time of the fee demand were 3.3 (Joshua Machlin) and 2.4 (Alexander Sprei).

3928. The fee demand was in the amount of $5,140.00.

3929. As to review of the fee demand, DOE has not made a substantive response.

***P.G.(1), individually and on behalf of S.G.iii – Case No. 211563***

3930. On August 11, 2021, P.G.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.G.iii, by submitting a DPC to DOE's Impartial Hearing Office.

3931. P.G.(1)'s DPC alleged how DOE denied S.G.iii FAPE for the 2020-21 school year, including via DOE's failure to implement its recommendations.

309

3932.  P.G.(1)'s DPC proposed various relief, including an order that DOE fund a bank of compensatory periods of SETSS and related services.

3933.  This case was assigned Impartial Hearing Office Case No. 211563.

3934.  As to FAPE, DOE did not concede.

3935.  As to relief, DOE did not concede.

3936.  Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

3937.  On January 11, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

3938.  On March 3, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

3939.  On March 30, 2022, DOE failed to appear, whereupon P.G.(1)'s counsel presented the case and the IHO advised that a decision would soon issue.

3940.  On March 30, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.G.iii a FAPE for the 2020-21 school year.

3941.  The FOFD's findings of fact and conclusions of law were in P.G.(1)'s favor.

3942.  The IHO awarded relief, including SETSS (40 periods).

3943.  The FOFD's awarded relief was in the P.G.(1)'s favor.

3944.  Neither side appealed from the FOFD.

3945.  On February 2, 2024, P.G.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3946.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3947.   The paralegal staff, whose rate was $200, consisted of Shira Flusberg, Sara Goldsmith, and Alexander Sprei.

3948.   The attorney's hours worked at the time of the fee demand were 6.3 (Philippe Gerschel).

3949.   The paralegals' hours worked at the time of the fee demand were 0.3 (Shira Flusberg), 0.3 (Sara Goldsmith), and 3.1 (Alexander Sprei).

3950.   The fee demand was in the amount of $3,890.00.

3951.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### P.G.(2), individually and on behalf of S.G.vi – Case No. 224746

3952.   On February 25, 2022, P.G.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.G.vi, by submitting a DPC to DOE's Impartial Hearing Office.

3953.   P.G.(2)'s DPC alleged how DOE denied S.G.vi FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

3954.   P.G.(2)'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

3955.   This case was assigned Impartial Hearing Office Case No. 224746.

3956.   As to FAPE, DOE did not concede.

3957.   As to relief, DOE did not concede.

3958.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

3959.   On May 27, 2022, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

3960.   On June 7, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

3961.   On June 8, 2022, upon presentation of P.G.(2)'s case, the IHO advised that a final decision would soon issue.

3962.   On June 16, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.G.vi a FAPE for the 2021-22 school year.

3963.   The FOFD's findings of fact and conclusions of law were in P.G.(2)'s favor.

3964.   The IHO awarded relief, including:

      a.   SETSS (3 periods/week, direct group, at market rate);

      b.   a bank of compensatory services for missed sessions.

3965.   The FOFD's awarded relief was in the P.G.(2)'s favor.

3966.   Neither side appealed from the FOFD.

3967.   On March 2, 2024, P.G.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3968.   The lead attorney was Philippe Gerschel, with occasional assistance from Jie Luo and Patrick Keogh.

3969.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel), $400 (Jie Luo), and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3970.  The paralegal staff, whose rate was $200, consisted of Pauline Gelacio and Alexander Sprei.

3971.  The attorneys' hours worked at the time of the fee demand were 4.6 (Philippe Gerschel), 0.5 (Jie Luo), and 2.2 (Patrick Keogh).

3972.  The paralegals' hours worked at the time of the fee demand were 0.4 (Pauline Gelacio) and 1.5 (Alexander Sprei).

3973.  The fee demand was in the amount of $3,760.00.

3974.  As to review of the fee demand, DOE has not made a substantive response.

### *P.G.(3), individually and on behalf of B.G.*

#### Case No. 210862

3975.  On July 7, 2021, P.G.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, B.G., by submitting a DPC to DOE's Impartial Hearing Office.

3976.  P.G.(3)'s DPC alleged how DOE denied B.G. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

3977.  P.G.(3)'s DPC proposed various relief, including an order that DOE fund located providers at their prevailing rate.

3978.  This case was assigned Impartial Hearing Office Case No. 210862.

3979.  As to FAPE, DOE did not concede.

3980.  As to relief, DOE did not concede.

3981.  Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

3982.  On August 24, 2021, the parties and IHO convened, leading to scheduling the merits hearing.

3983.   On November 9, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

3984.   On March 1, 2022, DOE failed to appear, whereupon P.G.(3)'s counsel presented the case and the IHO advised that a decision would soon issue.

3985.   On March 1, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered B.G. a FAPE for the 2021-22 school year.

3986.   The FOFD's findings of fact and conclusions of law were in P.G.(3)'s favor.

3987.   The IHO awarded relief, including:

     a.     SETSS-ELA (3 periods/week, direct group, Yiddish, at market rate);

     b.     SETSS-Math (2 periods/week, direct group, Yiddish, at market rate);

     c.     ST (3x30, individual, Yiddish);

     d.     OT (2x30, individual, English);

     e.     hearing education (5x60, individual, Yiddish);

     f.     interpreter (full-time, individual).

3988.   The FOFD's awarded relief was in the P.G.(3)'s favor.

3989.   Neither side appealed from the FOFD.

3990.   On June 16, 2022, P.G.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

3991.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

3992.   The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

3993.   The attorney's hours worked at the time of the fee demand were 4.4 (Philippe Gerschel).

3994.   The paralegals' hours worked at the time of the fee demand were 2.4 (Miriam Leonorovitz) and 2.6 (Alexander Sprei).

3995.   The fee demand was in the amount of $3,200.00.

3996.   As to review of the fee demand, DOE has not made a substantive response.

**Case No. 212441**

3997.   On September 1, 2021, P.G.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, B.G., by submitting a DPC to DOE's Impartial Hearing Office.

3998.   P.G.(3)'s DPC alleged how DOE denied B.G. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

3999.   P.G.(3)'s DPC proposed various relief, including an order that:

a.      located providers at their prevailing rate;

b.      DOE fund a bank of compensatory periods of SETSS or related services.

4000.   This case was assigned Impartial Hearing Office Case No. 212441.

4001.   As to FAPE, DOE did not concede.

4002.   As to relief, DOE did not concede.

4003.   Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

4004.   On November 16, 2021, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

4005.   On February 18, 2022, upon presentation of P.G.(3)'s case, the IHO advised that a final decision would soon issue.

4006.   On May 11, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered B.G. a FAPE for the 2021-22 school year.

4007.   The FOFD's findings of fact and conclusions of law were in P.G.(3)'s favor.

4008.   The IHO awarded relief, including:

    a.    SETSS (10 periods/week, Yiddish);

    b.    ST (3x30, 1:1, Yiddish);

    c.    ST (3x30, 1:1, Yiddish);

    d.    OT (2x30, 1:1, English);

    e.    oral translator (full-time, individual);

    f.    heaering education (5x60, 1:1, Yiddish);

    g.    FM unit.

4009.   The FOFD's awarded relief was in the P.G.(3)'s favor.

4010.   Neither side appealed from the FOFD.

4011.   On June 16, 2022, P.G.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4012.   The lead attorney was Philippe Gerschel, with occasional assistance from Susan Dasch.

4013.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Susan Dasch) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4014.   The paralegal staff, whose rate was $200, consisted of Alexander Sprei and Shira Flusberg.

4015.   The attorneys' hours worked at the time of the fee demand were 4.3 (Philippe Gerschel) and 1.5 (Susan Dasch).

4016.   The paralegals' hours worked at the time of the fee demand were 3.0 (Alexander Sprei) and 0.6 (Shira Flusberg).

4017.   The fee demand was in the amount of $3,470.00.

4018.   As to review of the fee demand, DOE has not made a substantive response.

### *P.H.(1), individually and on behalf of M.H.iii – Case No. 218156*

4019.   On September 23, 2021, P.H.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.H.iii, by submitting a DPC to DOE's Impartial Hearing Office.

4020.   P.H.(1)'s DPC alleged how DOE denied M.H.iii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    offer an appropriately updated program;

    b.    recommend the continuation of a SEIT program;

    c.    recommend an appropriate placement.

4021.   P.H.(1)'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

4022.   This case was assigned Impartial Hearing Office Case No. 218156.

4023.   As to FAPE, DOE did not concede.

4024.   As to relief, DOE did not concede.

4025.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and no parent witnesses.

4026.   On April 4, 2022, DOE failed to appear for the hearing, whereupon P.H.(1)'s counsel presented the case and the IHO advising that a decision would issue.

4027.   On April 4, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.H.iii a FAPE for the 2021-22 school year.

4028.   The FOFD's findings of fact and conclusions of law were in P.H.(1)'s favor.

4029.   The IHO awarded relief, including:

      a.     SETSS (10 periods/week, 1:1, Yiddish);

      b.     ST (2x30, 1:1, Yiddish);

      c.     OT (2x30, 1:1);

      d.     evaluations in all areas of suspected disability.

4030.   The FOFD's awarded relief was in the P.H.(1)'s favor.

4031.   Neither side appealed from the FOFD.

4032.   On February 4, 2024, P.H.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4033.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4034.   The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

4035.   The attorney's hours worked at the time of the fee demand were 4.7 (Philippe Gerschel).

4036.   The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith) and 4.4 (Alexander Sprei).

4037.   The fee demand was in the amount of $3,310.00.

4038.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

***P.H.(2), individually and on behalf of Y.H.i – Case No. 206098***

4039.  On January 18, 2021, P.H.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.H.i, by submitting a DPC to DOE's Impartial Hearing Office.

4040.  P.H.(2)'s DPC alleged how DOE denied Y.H.i FAPE for the 2020-21 school year, including via DOE's failures to:

    a.    offer an appropriate program;

    b.    recommend sufficient SETSS and related services to enable the success of the LRE placement;

    c.    recommend SETSS as an "individual service";

    d.    implement its recommendations.

4041.  P.H.(2)'s DPC proposed various relief, including an order that:

    a.    DOE authorize and fund the requested IEEs;

    b.    CSE implement the findings of said IEEs;

    c.    the SETSS services mandate be changed from group to individual service;

    d.    DOE fund the SETSS services at the provider's prevailing rate;

    e.    DOE fund a bank of compensatory periods of all services.

4042.  This case was assigned Impartial Hearing Office Case No. 206098.

4043.  As to FAPE, DOE did not concede.

4044.  As to relief, DOE did not concede.

4045.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

4046.  On December 16, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

4047.  On January 19, 2022, upon presentation of P.H.(2)'s case, the IHO advised that a final decision would soon issue.

4048.  On March 3, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.H.i a FAPE for the 2020-21 school year.

4049.  The FOFD's findings of fact and conclusions of law were in P.H.(2)'s favor.

4050.  The IHO awarded relief, including:

    a.    SETSS (90 periods);

    b.    ST (18 hours);

    c.    OT (18 hours).

4051.  The FOFD's awarded relief was in the P.H.(2)'s favor.

4052.  Neither side appealed from the FOFD.

4053.  On February 25, 2024, P.H.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4054.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4055.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

4056.  The attorney's hours worked at the time of the fee demand were 5.8 (Philippe Gerschel).

4057.  The paralegals' hours worked at the time of the fee demand were 1.2 (Margaret Rice) and 2.4 (Alexander Sprei).

4058.  The fee demand was in the amount of $3,800.00.

4059.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

**P.H.(3), individually and on behalf of K.H. – Case No. 198619**

4060.  On September 8, 2020, P.H.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, K.H., by submitting a DPC to DOE's Impartial Hearing Office.

4061.  P.H.(3)'s DPC alleged how DOE denied K.H. FAPE for the 2020-21 school year, including via DOE's failures to:

    a.    offer an appropriate program;

    b.    recommend sufficient SETSS and related services to enable the success of the LRE placement;

    c.    recommend SETSS as an "individual service";

    d.    implement its recommendations.

4062.  P.H.(3)'s DPC proposed various relief, including an order that:

    a.    authorizing an IEE (neuropsychological);

    b.    the SETSS services mandate be changed from group to individual service;

    c.    DOE fund the SETSS periods at the provider's prevailing rate;

    d.    DOE fund a bank of compensatory periods of SETSS.

4063.  This case was assigned Impartial Hearing Office Case No. 198619.

4064.  As to FAPE, DOE did not concede.

4065.  As to relief, DOE did not concede.

4066.  Over the course of seven hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

4067.   On August 19, 2021, at a prehearing conference, Mr. Gerschel outlined the issues, with the merits hearing then scheduled.

4068.   On September 20, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

4069.   On October 22, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

4070.   On November 30, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

4071.   On January 4, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

4072.   On February 7, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

4073.   On March 21, 2022, upon presentation of P.H.(3)'s case, the IHO advised that a final decision would soon issue.

4074.   On May 2, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered K.H. a FAPE for the 2020-21 school year.

4075.   The FOFD's findings of fact and conclusions of law were in P.H.(3)'s favor.

4076.   The IHO awarded relief, including:

   a.   ST (36 sessions, at market rate);

   b.   OT (18 sessions, at market rate).

4077.   The FOFD's awarded relief was in the P.H.(3)'s favor.

4078.   Neither side appealed from the FOFD.

4079.   On February 10, 2024, P.H.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4080.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4081.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

4082.  The attorney's hours worked at the time of the fee demand were 5.9 (Philippe Gerschel).

4083.  The paralegals' hours worked at the time of the fee demand were 1.5 (Margaret Rice), 1.0 (Miriam Leonorovitz), and 3.1 (Alexander Sprei).

4084.  The fee demand was in the amount of $4,295.00.

4085.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### P.K., individually and on behalf of Y.K.ii – Case No. 204840

4086.  On December 11, 2020, P.K., via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.K.ii, by submitting a DPC to DOE's Impartial Hearing Office.

4087.  P.K.'s DPC alleged how DOE denied Y.K.ii FAPE for the 2020-21 school year, including via DOE's failures to:

    a.  offer an appropriate program;

    b.  recommend sufficient SETSS and related services to enable the success of the LRE placement;

    c.  recommend SETSS as an "individual service";

    d.  implement its recommendations.

4088.  P.K.'s DPC proposed various relief, including an order that:

    a.  DOE authorize and fund the requested IEEs;

      b.      CSE implement the findings of said IEEs;

      c.      the SETSS services mandate be changed from group to individual service;

      d.      DOE fund the SETSS services at the provider's prevailing rate;

      e.      DOE fund a bank of compensatory periods of all services.

4089.  This case was assigned Impartial Hearing Office Case No. 204840.

4090.  As to FAPE, DOE did not concede.

4091.  As to relief, DOE did not concede.

4092.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

4093.  On December 21, 2021, at a prehearing conference, the parties outlined the issues, with the merits hearing then scheduled.

4094.  On February 16, 2022, upon presentation of P.K.'s case, the IHO advised that a final decision would soon issue.

4095.  On March 12, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.K.ii a FAPE for the 2020-21 school year.

4096.  The FOFD's findings of fact and conclusions of law were in P.K.'s favor.

4097.  The IHO awarded relief, including counseling (28 hours, 1:1, Yiddish).

4098.  The FOFD's awarded relief was in the P.K.'s favor.

4099.  Neither side appealed from the FOFD.

4100.  On June 20, 2022, P.K., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4101.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4102.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

4103.   The attorney's hours worked at the time of the fee demand were 4.7 (Philippe Gerschel).

4104.   The paralegals' hours worked at the time of the fee demand were 0.3 (Margaret Rice), 0.6 (Miriam Leonorovitz), and 2.3 (Alexander Sprei).

4105.   The fee demand was in the amount of $3,035.00.

4106.   As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### P.L.(1), individually and on behalf of S.L.i – Case No. 215939

4107.   On September 9, 2021, P.L.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.L.i, by submitting a DPC to DOE's Impartial Hearing Office.

4108.   P.L.(1)'s DPC alleged how DOE denied S.L.i FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

4109.   P.L.(1)'s DPC proposed various relief, including an order that DOE fund:

   a.      located providers at their prevailing rate;

   b.      a bank of compensatory periods of SETSS or related services.

4110.   This case was assigned Impartial Hearing Office Case No. 215939.

4111.   As to FAPE, DOE did not concede.

4112.   As to relief, DOE did not concede.

4113.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

4114.  On April 28, 2022, DOE failed to appear for the hearing, whereupon P.L.(1)'s counsel presented the case and the IHO advising that a decision would issue.

4115.  On April 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.L.i a FAPE for the 2021-22 school year.

4116.  The FOFD's findings of fact and conclusions of law were in P.L.(1)'s favor.

4117.  The IHO awarded relief, including:

    a.    SETSS (10 periods/week, direct group, Yiddish);

    b.    ST (2x30, group, Yiddish, at market rate);

    c.    OT (2x30, group, English).

4118.  The FOFD's awarded relief was in the P.L.(1)'s favor.

4119.  Neither side appealed from the FOFD.

4120.  On March 5, 2024, P.L.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4121.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4122.  The paralegal staff, whose rate was $200, consisted of Shira Flusberg and Alexander Sprei.

4123.  The attorney's hours worked at the time of the fee demand were 4.7 (Philippe Gerschel).

4124.  The paralegals' hours worked at the time of the fee demand were 0.4 (Shira Flusberg) and 2.2 (Alexander Sprei).

4125.  The fee demand was in the amount of $2,870.00.

4126.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### P.L.(2), individually and on behalf of T.L. – Case No. 214772

4127.  On September 7, 2021, P.L.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, T.L., by submitting a DPC to DOE's Impartial Hearing Office.

4128.  P.L.(2)'s DPC alleged how DOE denied T.L. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

4129.  P.L.(2)'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

4130.  This case was assigned Impartial Hearing Office Case No. 214772.

4131.  As to FAPE, DOE did not concede.

4132.  As to relief, DOE did not concede.

4133.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

4134.  On March 28, 2022, DOE failed to appear for the hearing, whereupon P.L.(2)'s counsel presented the case and the IHO advising that a decision would issue.

4135.  On March 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered T.L. a FAPE for the 2021-22 school year.

4136.  The FOFD's findings of fact and conclusions of law were in P.L.(2)'s favor.

4137.  The IHO awarded relief, including DOE fund T.L.'s full entitlement, at previously-ordered rates.

4138.  The FOFD's awarded relief was in the P.L.(2)'s favor.

4139.   Neither side appealed from the FOFD.

4140.   On January 28, 2024, P.L.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4141.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4142.   The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

4143.   The attorney's hours worked at the time of the fee demand were 4.7 (Philippe Gerschel).

4144.   The paralegal's hours worked at the time of the fee demand were 2.0 (Alexander Sprei).

4145.   The fee demand was in the amount of $2,750.00.

4146.   As to review of the fee demand, DOE denied that it owes any fees.

### P.M., individually and on behalf of P.M. – Case No. 202644

4147.   On October 13, 2020, P.M., via Plaintiff, initiated an impartial due process hearing on behalf of her child, P.M., by submitting a DPC to DOE's Impartial Hearing Office.

4148.   P.M.'s DPC alleged how DOE denied P.M. FAPE for the 2020-21 school year, including via DOE's failure to appropriately classify P.M

4149.   P.M.'s DPC proposed various relief, including an order that DOE continue to fund the prior IEP.

4150.   This case was assigned Impartial Hearing Office Case No. 202644.

4151.   As to FAPE, DOE did not concede.

4152.   As to relief, DOE did not concede.

4153.   Over the course of three hearing dates, the evidence included four DOE exhibits, no DOE witnesses, five parent exhibits, and one parent witness.

4154.   On November 17, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

4155.   On January 12, 2022, the parties and IHO convened for DOE's presentation of its case, leading to the remainder of the merits hearing being rescheduled.

4156.   On January 20, 2022, at the merits hearing, Mr. Gerschel presented the case, with the IHO advising that a final decision would soon issue.

4157.   On February 2, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered P.M. a FAPE for the 2020-21 school year.

4158.   The FOFD's findings of fact and conclusions of law were in P.M.'s favor.

4159.   The IHO awarded relief, including:

    a.      a combined bilingual psychoeducational evaluation (or separate psychological and educational);

    b.      a bilingual ST evaluation;

    c.      classroom observation;

    d.      a social history;

    e.      continuation of SEITS (2 hours/week, group).

4160.   The FOFD's awarded relief was in the P.M.'s favor.

4161.   Neither side appealed from the FOFD.

4162.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4163.   The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

4164.   The attorney's hours worked at the time of the fee demand were 13.2 (Philippe Gerschel).

4165.   The paralegal's hours worked at the time of the fee demand were 2.0 (Alexander Sprei).

4166.   The fee demand was in the amount of $7,000.00.

### P.S.(1), individually and on behalf of J.S.iii – Case No. 207171

4167.   On March 9, 2021, P.S.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, J.S.iii, by submitting a DPC to DOE's Impartial Hearing Office.

4168.   P.S.(1)'s DPC alleged how DOE denied J.S.iii FAPE for the 2020-21 school year, including via DOE's failures to:

  a. implement its recommendations.

4169.   P.S.(1)'s DPC proposed various relief, including an order that DOE fund:

  a. located providers at their prevailing rate;

  b. a bank of compensatory periods of SETSS or related services.

4170.   This case was assigned Impartial Hearing Office Case No. 207171.

4171.   As to FAPE, DOE did not concede.

4172.   As to relief, DOE did not concede.

4173.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

4174.   On December 29, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

4175.   On February 3, 2022, upon presentation of P.S.(1)'s case, the IHO adjourned the remainder of the hearing.

4176.   On March 7, 2022, upon presentation of P.S.(1)'s case, the IHO advised that a final decision would soon issue.

4177.   On April 2, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered J.S.iii a FAPE for the 2020-21 school year.

4178.   The FOFD's findings of fact and conclusions of law were in P.S.(1)'s favor.

4179.   The IHO awarded relief, including counseling (9 hours, at market rate).

4180.   The FOFD's awarded relief was in the P.S.(1)'s favor.

4181.   Neither side appealed from the FOFD.

4182.   On February 4, 2024, P.S.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4183.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4184.   The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

4185.   The attorney's hours worked at the time of the fee demand were 4.9 (Philippe Gerschel).

4186.   The paralegals' hours worked at the time of the fee demand were 2.0 (Miriam Leonorovitz) and 1.7 (Alexander Sprei).

4187.   The fee demand was in the amount of $3,190.00.

4188.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### P.S.(2), individually and on behalf of A.S.ii – Case No. 223167

4189.   On December 27, 2021, P.S.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, A.S.ii, by submitting a DPC to DOE's Impartial Hearing Office.

4190.  P.S.(2)'s DPC alleged how DOE denied A.S.ii FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

4191.  P.S.(2)'s DPC proposed various relief, including an order that DOE fund:

      a.     located providers at their prevailing rate;

      b.     a bank of compensatory periods of SETSS or related services.

4192.  This case was assigned Impartial Hearing Office Case No. 223167.

4193.  As to FAPE, DOE did not concede.

4194.  As to relief, DOE did not concede.

4195.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

4196.  On May 5, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

4197.  On June 2, 2022, upon presentation of P.S.(2)'s case, the IHO advised that a final decision would soon issue.

4198.  On June 2, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered A.S.ii a FAPE for the 2021-22 school year.

4199.  The FOFD's findings of fact and conclusions of law were in P.S.(2)'s favor.

4200.  The IHO awarded relief, including SETSS (4 periods/week, direct group, Yiddish, at market rate).

4201.  The FOFD's awarded relief was in the P.S.(2)'s favor.

4202.  Neither side appealed from the FOFD.

4203.  On August 3, 2023, P.S.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4204.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4205.  The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

4206.  The attorney's hours worked at the time of the fee demand were 5.7 (Philippe Gerschel).

4207.  The paralegal's hours worked at the time of the fee demand were 2.9 (Alexander Sprei).

4208.  The fee demand was in the amount of $3,430.00.

4209.  As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### R.A., individually and on behalf of M.A.ii – Case No. 220212

4210.  On October 22, 2021, R.A., via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.A.ii, by submitting a DPC to DOE's Impartial Hearing Office.

4211.  R.A.'s DPC alleged how DOE denied M.A.ii FAPE for the 2021-22 school year, including via DOE's failures to:

      a.     convene an IEP/IESP meeting;

      b.     recommend placement or services.

4212.  R.A.'s DPC proposed various relief, including an order that:

      a.     absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

      b.     DOE fund a bank of compensatory periods of all services.

4213.  This case was assigned Impartial Hearing Office Case No. 220212.

4214.  As to FAPE, DOE did not concede.

4215.  As to relief, DOE did not concede.

4216.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and two parent witnesses.

4217.  On May 12, 2022, DOE failed to appear for the hearing, whereupon R.A.'s counsel presented the case and the IHO advising that a decision would issue.

4218.  On May 18, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.A.ii a FAPE for the 2021-22 school year.

4219.  The FOFD's findings of fact and conclusions of law were in R.A.'s favor.

4220.  The IHO awarded relief, including:

    a.    SETSS (10 periods/week);

    b.    counseling (1x30).

4221.  The FOFD's awarded relief was in the R.A.'s favor.

4222.  Neither side appealed from the FOFD.

4223.  On December 26, 2023, R.A., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4224.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4225.  The paralegal staff, whose rate was $200, consisted of Sara Goldsmith, Joshua Machlin, Miriam Leonorovitz, and Alexander Sprei.

4226.  The attorney's hours worked at the time of the fee demand were 5.7 (Philippe Gerschel).

4227.  The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith), 0.8 (Joshua Machlin), 3.0 (Miriam Leonorovitz), and 1.9 (Alexander Sprei).

4228.  The fee demand was in the amount of $4,070.00.

4229.   As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### *R.B.(1), individually and on behalf of H.B.i – Case No. 221854*

4230.   On November 19, 2021, R.B.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, H.B.i, by submitting a DPC to DOE's Impartial Hearing Office.

4231.   R.B.(1)'s DPC alleged how DOE denied H.B.i FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

4232.   R.B.(1)'s DPC proposed various relief, including an order that DOE fund:

   a.     located providers at their prevailing rate;

   b.     a bank of compensatory periods of SETSS or related services.

4233.   This case was assigned Impartial Hearing Office Case No. 221854.

4234.   As to FAPE, DOE did not concede.

4235.   As to relief, DOE did not concede.

4236.   Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

4237.   On May 27, 2022, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

4238.   On June 10, 2022, upon presentation of R.B.(1)'s case, the IHO advised that a final decision would soon issue.

4239.   On June 13, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered H.B.i a FAPE for the 2021-22 school year.

4240.   The FOFD's findings of fact and conclusions of law were in R.B.(1)'s favor.

4241.   The IHO awarded relief, including:

      a.       SETSS (3 hours/week, direct group, Yiddish);

      b.       OT (2x30, direct).

4242.  The FOFD's awarded relief was in the R.B.(1)'s favor.

4243.  Neither side appealed from the FOFD.

4244.  On March 7, 2024, R.B.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4245.  The lead attorney was Philippe Gerschel, with occasional assistance from Jie Luo and Patrick Keogh.

4246.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel), $400 (Jie Luo), and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4247.  The paralegal staff, whose rate was $200, consisted of Pauline Gelacio, Joshua Machlin, and Alexander Sprei.

4248.  The attorneys' hours worked at the time of the fee demand were 4.7 (Philippe Gerschel), 0.6 (Jie Luo), and 0.4 (Patrick Keogh).

4249.  The paralegals' hours worked at the time of the fee demand were 0.4 (Pauline Gelacio), 1.7 (Joshua Machlin), and 1.9 (Alexander Sprei).

4250.  The fee demand was in the amount of $3,550.00.

4251.  As to review of the fee demand, DOE denied that it owes any fees.

### *R.B.(2), individually and on behalf of F.B. – Case No. 212475*

4252.  On September 1, 2021, R.B.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, F.B., by submitting a DPC to DOE's Impartial Hearing Office.

4253.  R.B.(2)'s DPC alleged how DOE denied F.B. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    offer an appropriately updated program;

    b.    recommend the continuation of a SEIT program;

    c.    recommend an appropriate placement.

4254.  R.B.(2)'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

4255.  This case was assigned Impartial Hearing Office Case No. 212475.

4256.  As to FAPE, DOE did not concede.

4257.  As to relief, DOE did not concede.

4258.  Over the course of seven hearing dates, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and two parent witnesses.

4259.  On September 17, 2021, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

4260.  On October 19, 2021, DOE failed to appear, leading to rescheduling the hearing.

4261.  On November 15, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

4262.  On December 13, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

4263.  On February 10, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

4264.  On March 9, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

4265.  On April 27, 2022, DOE failed to appear, whereupon R.B.(2)'s counsel presented the case and the IHO advised that a final decision would soon issue.

4266.  On May 24, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered F.B. a FAPE for the 2021-22 school year.

4267.  The FOFD's findings of fact and conclusions of law were in R.B.(2)'s favor.

4268.  The IHO awarded relief, including:

      a.      SETSS (10x60, Yiddish, at prevaling rates);

      b.      ST (3x30, 1:1, Yiddish, at prevailing rates);

      c.      OT (2x30, 1:1, Yiddish, at prevailing rates).

4269.  The FOFD's awarded relief was in the R.B.(2)'s favor.

4270.  Neither side appealed from the FOFD.

4271.  On February 7, 2024, R.B.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4272.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

4273.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4274.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

4275.  The attorneys' hours worked at the time of the fee demand were 8.8 (Philippe Gerschel) and 1.3 (Patrick Keogh).

4276.   The paralegals' hours worked at the time of the fee demand were 0.7 (Margaret Rice), 3.6 (Miriam Leonorovitz), and 4.3 (Alexander Sprei).

4277.   The fee demand was in the amount of $6,745.00.

4278.   As to review of the fee demand, DOE denied that it owes any fees.

### R.B.(3), individually and on behalf of S.B.ii – Case No. 212410

4279.   On September 1, 2021, R.B.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.B.ii, by submitting a DPC to DOE's Impartial Hearing Office.

4280.   R.B.(3)'s DPC alleged how DOE denied S.B.ii FAPE for the 2021-22 school year, including via DOE's failures to:

　　　a.　　convene an IEP/IESP meeting;

　　　b.　　recommend placement or services.

4281.   R.B.(3)'s DPC proposed various relief, including an order that:

　　　a.　　absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

　　　b.　　DOE fund a bank of compensatory periods of all services.

4282.   This case was assigned Impartial Hearing Office Case No. 212410.

4283.   As to FAPE, DOE did not concede.

4284.   As to relief, DOE did not concede.

4285.   Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six  parent exhibits, and two parent witnesses.

4286.   On January 12, 2022, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

4287.   On March 2, 2022, DOE failed to appear, leading to rescheduling the hearing.

4288.  On April 7, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

4289.  On May 20, 2022, DOE failed to appear, whereupon R.B.(3)'s counsel presented the case and the IHO advised that a final decision would soon issue.

4290.  On May 20, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.B.ii a FAPE for the 2021-22 school year.

4291.  The FOFD's findings of fact and conclusions of law were in R.B.(3)'s favor.

4292.  The IHO awarded relief, including:

    a.    SETSS (10 periods/week, group, Yiddish);

    b.    ST (2x30, group, Yiddish);

    c.    OT (2x30, group, English).

4293.  The FOFD's awarded relief was in the R.B.(3)'s favor.

4294.  Neither side appealed from the FOFD.

4295.  On March 6, 2024, R.B.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4296.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

4297.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4298.  The paralegal staff, whose rate was $200, consisted of Shira Flusberg, Joshua Machlin, and Alexander Sprei.

4299.  The attorneys' hours worked at the time of the fee demand were 7.1 (Philippe Gerschel) and 0.4 (Patrick Keogh).

4300.   The paralegals' hours worked at the time of the fee demand were 0.8 (Shira Flusberg), 0.2 (Joshua Machlin), and 4.1 (Alexander Sprei).

4301.   The fee demand was in the amount of $4,730.00.

4302.   As to review of the fee demand, DOE denied that it owes any fees.

### *R.B.(4), individually and on behalf of A.B.ii – Case No. 208212*

4303.   On May 5, 2021, R.B.(4), via Plaintiff, initiated an impartial due process hearing on behalf of her child, A.B.ii, by submitting a DPC to DOE's Impartial Hearing Office.

4304.   R.B.(4)'s DPC alleged how DOE denied A.B.ii FAPE for the 2020-21 school year, including via DOE's failure to implement its recommendations.

4305.   R.B.(4)'s DPC proposed various relief, including an order that DOE fund:

    a.      located providers at their prevailing rate;

    b.      a bank of compensatory periods of SETSS or related services.

4306.   This case was assigned Impartial Hearing Office Case No. 208212.

4307.   As to FAPE, DOE did not concede.

4308.   As to relief, DOE did not concede.

4309.   Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

4310.   On May 12, 2021, the parties and IHO convened for a pendency hearing, where the IHO granted pendency on a prior IESP.

4311.   On May 27, 2022, upon DOE's failure to appear, R.B.(4)'s counsel presented a case and the IHO advised that a final decision would soon issue.

4312.   On May 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered A.B.ii a FAPE for the 2020-21 school year.

4313. The FOFD's findings of fact and conclusions of law were in R.B.(4)'s favor.

4314. The IHO awarded relief, including:

    a.    SETSS (5 periods/week, group, bilingual Yiddish);

    b.    ST (2x30, individual, bilingual Yiddish);

    c.    OT (2x30, individual).

4315. The FOFD's awarded relief was in the R.B.(4)'s favor.

4316. Neither side appealed from the FOFD.

4317. On March 3, 2024, R.B.(4), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4318. The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4319. The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Alexander Sprei.

4320. The attorney's hours worked at the time of the fee demand were 6.1 (Philippe Gerschel).

4321. The paralegal's hours worked at the time of the fee demand were 3.2 (Alexander Sprei).

4322. The fee demand was in the amount of $3,690.00.

4323. As to review of the fee demand, DOE has not made a substantive response.

### R.B.(5), individually and on behalf of C.B.i

### Case No. 208265

4324. On May 7, 2021, R.B.(5), via Plaintiff, initiated an impartial due process hearing on behalf of her child, C.B.i, by submitting a DPC to DOE's Impartial Hearing Office.

4325. R.B.(5)'s DPC alleged how DOE denied C.B.i FAPE for the 2020-21 school year, including via DOE's failure to implement its recommendations.

4326. R.B.(5)'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

4327. This case was assigned Impartial Hearing Office Case No. 208265.

4328. As to FAPE, DOE did not concede.

4329. As to relief, DOE did not concede.

4330. Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, twelve parent exhibits, and one parent witness.

4331. On June 11, 2021, DOE failed to appear, leading to rescheduling the pendency hearing.

4332. On July 13, 2021, DOE failed to appear, leading to rescheduling the pendency hearing.

4333. On January 26, 2022, upon presentation of R.B.(5)'s case, the IHO advised that a final decision would soon issue.

4334. On February 2, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered C.B.i a FAPE for the 2020-21 school year.

4335. The FOFD's findings of fact and conclusions of law were in R.B.(5)'s favor.

4336. The IHO awarded relief, including:

    a.    SETSS (100 periods);

    b.    OT (20 hours).

4337. The FOFD's awarded relief was in the R.B.(5)'s favor.

4338. Neither side appealed from the FOFD.

4339.   On January 21, 2024, R.B.(5), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4340.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4341.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

4342.   The attorney's hours worked at the time of the fee demand were 11.5 (Philippe Gerschel).

4343.   The paralegals' hours worked at the time of the fee demand were 0.5 (Margaret Rice), 1.3 (Miriam Leonorovitz), and 2.5 (Alexander Sprei).

4344.   The fee demand was in the amount of $6,685.00.

4345.   As to review of the fee demand, DOE denied that it owes any fees.

**Case No. 222761**

4346.   On December 14, 2021, R.B.(5), via Plaintiff, initiated an impartial due process hearing on behalf of her child, C.B.i, by submitting a DPC to DOE's Impartial Hearing Office.

4347.   R.B.(5)'s DPC alleged how DOE denied C.B.i FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

4348.   R.B.(5)'s DPC proposed various relief, including an order that DOE fund:

   a.      located providers at their prevailing rate;

   b.      a bank of compensatory periods of SETSS or related services.

4349.   This case was assigned Impartial Hearing Office Case No. 222761.

4350.   As to FAPE, DOE did not concede.

4351.   As to relief, DOE did not concede.

4352.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and two parent witnesses.

4353.   On January 26, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

4354.   On March 24, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

4355.   On May 6, 2022, upon DOE's failure to appear, R.B.(5)'s counsel presented the case, and the IHO advised that a final decision would soon issue.

4356.   On May 24, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered C.B.i a FAPE for the 2021-22 school year.

4357.   The FOFD's findings of fact and conclusions of law were in R.B.(5)'s favor.

4358.   The IHO awarded relief, including that DOE fund:

    a.    the private SETSS;

    b.    the private OT;

    c.    ST (40 hours).

4359.   The FOFD's awarded relief was in the R.B.(5)'s favor.

4360.   Neither side appealed from the FOFD.

4361.   On July 14, 2023, R.B.(5), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4362.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4363.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

4364.   The attorney's hours worked at the time of the fee demand were 5.7 (Philippe Gerschel).

4365.   The paralegals' hours worked at the time of the fee demand were 5.3 (Margaret Rice), 0.2 (Miriam Leonorovitz), and 1.5 (Alexander Sprei).

4366.   The fee demand was in the amount of $5,045.00.

4367.   As to review of the fee demand, DOE denied that it owes any fees.

### R.E.(1), individually and on behalf of Y.E.ii – Case No. 212388

4368.   On September 1, 2021, R.E.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.E.ii, by submitting a DPC to DOE's Impartial Hearing Office.

4369.   R.E.(1)'s DPC alleged how DOE denied Y.E.ii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

4370.   R.E.(1)'s DPC proposed various relief, including an order that:

    a.    DOE authorize and fund the requested IEEs;

    b.    CSE implement the findings of said IEEs;

    c.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    d.    DOE fund a bank of compensatory periods of all services.

4371.   This case was assigned Impartial Hearing Office Case No. 212388.

4372.   As to FAPE, DOE did not concede.

4373.   As to relief, DOE did not concede.

4374.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

4375.  On January 10, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

4376.  On February 10, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

4377.  On February 24, 2022, upon presentation of R.E.(1)'s case, the IHO advised that a final decision would soon issue.

4378.  On February 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.E.ii a FAPE for the 2021-22 school year.

4379.  The FOFD's findings of fact and conclusions of law were in R.E.(1)'s favor.

4380.  The IHO awarded relief, including:

    a.    SEIT (5 hours/week, 3:1, Yiddish, at $150/hour);

    b.    ST (2x30, 2:1, Yiddish, at $175/hour);

    c.    OT (2x30, 2:1, English, at $175/hour).

4381.  The FOFD's awarded relief was in the R.E.(1)'s favor.

4382.  Neither side appealed from the FOFD.

4383.  On February 25, 2024, R.E.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4384.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

4385.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4386.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

4387.   The attorneys' hours worked at the time of the fee demand were 9.1 (Philippe Gerschel) and 0.5 (Patrick Keogh).

4388.   The paralegals' hours worked at the time of the fee demand were 0.4 (Margaret Rice) and 1.2 (Alexander Sprei).

4389.   The fee demand was in the amount of $5,130.00.

4390.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### R.E.(2), individually and on behalf of S.E. – Case No. 224253

4391.   On February 2, 2022, R.E.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.E., by submitting a DPC to DOE's Impartial Hearing Office.

4392.   R.E.(2)'s DPC alleged how DOE denied S.E. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

4393.   R.E.(2)'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

4394.   This case was assigned Impartial Hearing Office Case No. 224253.

4395.   As to FAPE, DOE did not concede.

4396.   As to relief, DOE did not concede.

4397.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

4398.   On June 30, 2022, DOE failed to appear for the hearing, whereupon R.E.(2)'s counsel presented the case and the IHO advising that a decision would issue.

4399.  On June 30, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.E. a FAPE for the 2021-22 school year.

4400.  The FOFD's findings of fact and conclusions of law were in R.E.(2)'s favor.

4401.  The IHO awarded relief, including SETSS (4 hours/week, direct group, at market rate).

4402.  The FOFD's awarded relief was in the R.E.(2)'s favor.

4403.  Neither side appealed from the FOFD.

4404.  On March 10, 2024, R.E.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4405.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4406.  The paralegal staff, whose rate was $200, consisted of Gracie Reilzig and Alexander Sprei.

4407.  The attorney's hours worked at the time of the fee demand were 4.3 (Philippe Gerschel).

4408.  The paralegals' hours worked at the time of the fee demand were 0.4 (Gracie Reilzig) and 1.7 (Alexander Sprei).

4409.  The fee demand was in the amount of $2,570.00.

4410.  As to review of the fee demand, DOE denied that it owes any fees.

### R.E.(3), individually and on behalf of C.E. – Case No. 213547

4411.  On September 2, 2021, R.E.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, C.E., by submitting a DPC to DOE's Impartial Hearing Office.

4412.  R.E.(3)'s DPC alleged how DOE denied C.E. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

4413.  R.E.(3)'s DPC proposed various relief, including an order that DOE fund:

a.    located providers at their prevailing rate;

b.    a bank of compensatory periods of SETSS or related services.

4414.   This case was assigned Impartial Hearing Office Case No. 213547.

4415.   As to FAPE, DOE did not concede.

4416.   As to relief, DOE did not concede.

4417.   Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

4418.   On March 14, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

4419.   On May 3, 2022, upon presentation of R.E.(3)'s case, the IHO advised that a final decision would soon issue.

4420.   On May 5, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered C.E. a FAPE for the 2021-22 school year.

4421.   The FOFD's findings of fact and conclusions of law were in R.E.(3)'s favor.

4422.   The IHO awarded relief, including SETTS (3 hours/week, Yiddish).

4423.   The FOFD's awarded relief was in the R.E.(3)'s favor.

4424.   Neither side appealed from the FOFD.

4425.   On January 27, 2024, R.E.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4426.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

4427.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4428.   The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

4429.   The attorneys' hours worked at the time of the fee demand were 8.0 (Philippe Gerschel) and 0.5 (Patrick Keogh).

4430.   The paralegals' hours worked at the time of the fee demand were 3.3 (Miriam Leonorovitz) and 1.9 (Alexander Sprei).

4431.   The fee demand was in the amount of $5,240.00.

4432.   As to review of the fee demand, DOE denied that it owes any fees.

### R.F.(1), individually and on behalf of E.F. – Case No. 221131

4433.   On November 9, 2021, R.F.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, E.F., by submitting a DPC to DOE's Impartial Hearing Office.

4434.   R.F.(1)'s DPC alleged how DOE denied E.F. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.     convene an IEP/IESP meeting;

    b.     recommend placement or services.

4435.   R.F.(1)'s DPC proposed various relief, including an order that:

    a.     absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.     DOE fund a bank of compensatory periods of all services.

4436.   This case was assigned Impartial Hearing Office Case No. 221131.

4437.   As to FAPE, DOE did not concede.

4438.   As to relief, DOE did not concede.

4439.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and three parent witnesses.

4440.   On May 17, 2022, DOE failed to appear for the hearing, whereupon R.F.(1)'s counsel presented the case and the IHO advising that a decision would issue.

4441.   On May 26, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered E.F. a FAPE for the 2021-22 school year.

4442.   The FOFD's findings of fact and conclusions of law were in R.F.(1)'s favor.

4443.   The IHO awarded relief, including:

     a.     SETSS (15 periods/week);

     b.     ST (2x30, individual);

     c.     ST (1x30, group);

     d.     OT (2x30);

     e.     counseling (2x30).

4444.   The FOFD's awarded relief was in the R.F.(1)'s favor.

4445.   Neither side appealed from the FOFD.

4446.   On August 11, 2022, R.F.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4447.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4448.   The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

4449.   The attorney's hours worked at the time of the fee demand were 3.5 (Philippe Gerschel).

4450.   The paralegals' hours worked at the time of the fee demand were 3.7 (Miriam Leonorovitz) and 1.8 (Alexander Sprei).

4451.   The fee demand was in the amount of $2,850.00.

4452.   As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### R.F.(2), individually and on behalf of S.Y. – Case No. 218053

4453.   On September 20, 2021, R.F.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.Y., by submitting a DPC to DOE's Impartial Hearing Office.

4454.   R.F.(2)'s DPC alleged how DOE denied S.Y. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.   offer an appropriate program;

    b.   recommend the continuation of a SEIT program;

    c.   recommend an appropriate placement.

4455.   R.F.(2)'s DPC proposed various relief, including an order that:

    a.   absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.   DOE fund a bank of compensatory periods of all services.

4456.   This case was assigned Impartial Hearing Office Case No. 218053.

4457.   As to FAPE, DOE did not concede.

4458.   As to relief, DOE did not concede.

4459.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, nine parent exhibits, and three parent witnesses.

4460.   On March 4, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

4461.   On March 30, 2022, DOE failed to appear, leading to rescheduling the pendency hearing.

4462.   On April 27, 2022, DOE failed to appear, whereupon R.F.(2)'s counsel presented the case and the IHO advised that a decision would soon issue.

4463.   On May 7, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.Y. a FAPE for the 2021-22 school year.

4464.   The FOFD's findings of fact and conclusions of law were in R.F.(2)'s favor.

4465.   The IHO awarded relief, including the SEIT services.

4466.   The FOFD's awarded relief was in the R.F.(2)'s favor.

4467.   Neither side appealed from the FOFD.

4468.   On February 11, 2024, R.F.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4469.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

4470.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4471.   The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

4472.   The attorneys' hours worked at the time of the fee demand were 5.7 (Philippe Gerschel) and 0.8 (Patrick Keogh).

4473.   The paralegals' hours worked at the time of the fee demand were 3.6 (Miriam Leonorovitz) and 2.3 (Alexander Sprei).

4474.   The fee demand was in the amount of $4,350.00.

4475.    As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### R.F.(3), individually and on behalf of T.F. – Case No. 215203

4476.    On September 6, 2021, R.F.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, T.F., by submitting a DPC to DOE's Impartial Hearing Office.

4477.    R.F.(3)'s DPC alleged how DOE denied T.F. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

4478.    R.F.(3)'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

4479.    This case was assigned Impartial Hearing Office Case No. 215203.

4480.    As to FAPE, DOE did not concede.

4481.    As to relief, DOE did not concede.

4482.    Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, eight parent exhibits, and two parent witnesses.

4483.    On March 8, 2022, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

4484.    On April 26, 2022, upon presentation of R.F.(3)'s case, the IHO advised that a final decision would soon issue.

4485.  On April 26, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered T.F. a FAPE for the 2021-22 school year.

4486.  The FOFD's findings of fact and conclusions of law were in R.F.(3)'s favor.

4487.  The IHO awarded relief, including:

    a.    ST (40 hours, bilingual, Yiddish);

    b.    counseling (20 hours, individual, bilingual, Yiddish, at market rate);

    c.    increase SETSS;

    d.    a bank of SETSS.

4488.  The FOFD's awarded relief was in the R.F.(3)'s favor.

4489.  Neither side appealed from the FOFD.

4490.  On June 29, 2022, R.F.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4491.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4492.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

4493.  The attorney's hours worked at the time of the fee demand were 5.5 (Philippe Gerschel).

4494.  The paralegals' hours worked at the time of the fee demand were 0.4 (Margaret Rice) and 5.5 (Alexander Sprei).

4495.  The fee demand was in the amount of $3,990.00.

4496.  As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### *R.F.(4), individually and on behalf of D.F.i – Case No. 216730*

4497.  On September 9, 2021, R.F.(4), via Plaintiff, initiated an impartial due process hearing on behalf of her child, D.F.i, by submitting a DPC to DOE's Impartial Hearing Office.

4498.  R.F.(4)'s DPC alleged how DOE denied D.F.i FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

4499.  R.F.(4)'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    DOE fund a bank of compensatory periods of SETSS or related services.

4500.  This case was assigned Impartial Hearing Office Case No. 216730.

4501.  As to FAPE, DOE did not concede.

4502.  As to relief, DOE did not concede.

4503.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

4504.  On May 27, 2022, upon presentation of R.F.(4)'s case, the IHO advised that a decision would soon issue.

4505.  On May 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered D.F.i a FAPE for the 2021-22 school year.

4506.  The FOFD's findings of fact and conclusions of law were in R.F.(4)'s favor.

4507.  The IHO awarded relief, including:

    a.    SETSS (10 periods/week, group, bilingual);

    b.    ST (2x30, 1:1, bilingual);

    c.    OT (2x30, 1:1, English, at market rate).

4508.  The FOFD's awarded relief was in the R.F.(4)'s favor.

4509.  Neither side appealed from the FOFD.

4510.  On January 28, 2024, R.F.(4), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4511.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4512.  The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

4513.  The attorney's hours worked at the time of the fee demand were 4.5 (Philippe Gerschel).

4514.  The paralegal's hours worked at the time of the fee demand were 2.0 (Alexander Sprei).

4515.  The fee demand was in the amount of $2,650.00.

4516.  As to review of the fee demand, DOE has not made a substantive response.

### R.G., individually and on behalf of Y.G. – Case No. 212822

4517.  On September 2, 2021, R.G., via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.G., by submitting a DPC to DOE's Impartial Hearing Office.

4518.  R.G.'s DPC alleged how DOE denied Y.G. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    offer an appropriate program;

    b.    recommend the continuation of a SEIT program;

    c.    recommend an appropriate placement.

4519.  R.G.'s DPC proposed various relief, including an order that:

    a.    DOE continue to fund the prior IEP;

    b.    absent providers, DOE fund a bank of compensatory education.

4520.  This case was assigned Impartial Hearing Office Case No. 212822.

4521.   As to FAPE, DOE did not concede.

4522.   As to relief, DOE did not concede.

4523.   Over the course of five hearing dates, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and two parent witnesses.

4524.   On January 11, 2022, DOE failed to appear, leading to rescheduling the pendency hearing.

4525.   On February 9, 2022, DOE failed to appear, leading to rescheduling the pendency hearing.

4526.   On March 16, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

4527.   On April 14, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

4528.   On May 18, 2022, DOE failed to appear, whereupon R.G.'s counsel presented the case and the IHO advised that a final decision would soon issue.

4529.   On June 12, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.G. a FAPE for the 2021-22 school year.

4530.   The FOFD's findings of fact and conclusions of law were in R.G.'s favor.

4531.   The IHO awarded relief, including:

    a.    SETSS (5 hours/week, 2:1, Yiddish);

    b.    ST (2x30, 1:1, Yiddish, at prevailing rate).

4532.   The FOFD's awarded relief was in the R.G.'s favor.

4533.   Neither side appealed from the FOFD.

4534.   On August 15, 2023, R.G., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4535.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

4536.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4537.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Shira Flusberg, Miriam Leonorovitz, and Alexander Sprei.

4538.   The attorneys' hours worked at the time of the fee demand were 5.7 (Philippe Gerschel) and 0.9 (Patrick Keogh).

4539.   The paralegals' hours worked at the time of the fee demand were 0.4 (Margaret Rice), 0.4 (Shira Flusberg), 3.5 (Miriam Leonorovitz), and 2.7 (Alexander Sprei).

4540.   The fee demand was in the amount of $4,670.00.

4541.   As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### R.H.(1), individually and on behalf of E.H. – Case No. 225047

4542.   On March 9, 2022, R.H.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, E.H., by submitting a DPC to DOE's Impartial Hearing Office.

4543.   R.H.(1)'s DPC alleged how DOE denied E.H. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

4544.   R.H.(1)'s DPC proposed various relief, including an order that DOE fund:

    a.      located providers at their prevailing rate;

    b.      a bank of compensatory periods of SETSS or related services.

4545.   This case was assigned Impartial Hearing Office Case No. 225047.

4546.   As to FAPE, DOE did not concede.

4547.  As to relief, DOE did not concede.

4548.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

4549.  On June 15, 2022, DOE failed to appear for the hearing, whereupon R.H.(1)'s counsel presented the case and the IHO advising that a decision would issue.

4550.  On June 15, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered E.H. a FAPE for the 2021-22 school year.

4551.  The FOFD's findings of fact and conclusions of law were in R.H.(1)'s favor.

4552.  The IHO awarded relief, including:

    a.    SETSS (3 periods/week, direct group);

    b.    ST (1x30, 1:1);

    c.    ST (1x30, group);

    d.    OT (2x30, 1:1, at market rate).

4553.  The FOFD's awarded relief was in the R.H.(1)'s favor.

4554.  Neither side appealed from the FOFD.

4555.  On March 2, 2024, R.H.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4556.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4557.  The paralegal staff, whose rate was $200, consisted of Gracie Reilzig and Alexander Sprei.

4558.  The attorney's hours worked at the time of the fee demand were 4.1 (Philippe Gerschel).

4559.   The paralegals' hours worked at the time of the fee demand were 0.4 (Gracie Reilzig) and 1.3 (Alexander Sprei).

4560.   The fee demand was in the amount of $2,390.00.

4561.   As to review of the fee demand, DOE has not made a substantive response.

### *R.H.(2), individually and on behalf of L.H. – Case No. 221053*

4562.   On November 8, 2021, R.H.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, L.H., by submitting a DPC to DOE's Impartial Hearing Office.

4563.   R.H.(2)'s DPC alleged how DOE denied L.H. FAPE for the 2021-22 school year, including via DOE's failures to:

      a.      offer an appropriate program;

      b.      offer an appropriate placement.

4564.   R.H.(2)'s DPC proposed various relief, including an order that:

      a.      DOE continue to fund the prior IEP;

      b.      DOE fund a bank of compensatory education equivalent to the missed services.

4565.   This case was assigned Impartial Hearing Office Case No. 221053.

4566.   As to FAPE, DOE did not concede.

4567.   As to relief, DOE did not concede.

4568.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, eight parent exhibits, and two parent witnesses.

4569.   On May 24, 2022, DOE failed to appear for the hearing, whereupon R.H.(2)'s counsel presented the case and the IHO advising that a decision would issue.

4570.   On May 31, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered L.H. a FAPE for the 2021-22 school year.

4571.  The FOFD's findings of fact and conclusions of law were in R.H.(2)'s favor.

4572.  The IHO awarded relief, including:

    a.    SEIT (3 periods/week, 2:1, Yiddish);

    b.    ST (2x30, 2:1, Yiddish, at market rate).

4573.  The FOFD's awarded relief was in the R.H.(2)'s favor.

4574.  Neither side appealed from the FOFD.

4575.  On July 28, 2023, R.H.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4576.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4577.  The paralegal staff, whose rate was $200, consisted of Joshua Machlin and Alexander Sprei.

4578.  The attorney's hours worked at the time of the fee demand were 5.4 (Philippe Gerschel).

4579.  The paralegals' hours worked at the time of the fee demand were 0.7 (Joshua Machlin) and 4.3 (Alexander Sprei).

4580.  The fee demand was in the amount of $3,700.00.

4581.  As to review of the fee demand, DOE denied that it owes any fees.

### R.K.(1), individually and on behalf of S.K.i – Case No. 218187

4582.  On September 23, 2021, R.K.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.K.i, by submitting a DPC to DOE's Impartial Hearing Office.

4583.  R.K.(1)'s DPC alleged how DOE denied S.K.i FAPE for the 2021-22 school year, including via DOE's failure to implement their recommendations.

4584. R.K.(1)'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

4585. This case was assigned Impartial Hearing Office Case No. 218187.

4586. As to FAPE, DOE did not concede.

4587. As to relief, DOE did not concede.

4588. Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

4589. On March 30, 2022, upon presentation of R.K.(1)'s case, the IHO advised that a decision would soon issue.

4590. On March 30, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.K.i a FAPE for the 2021-22 school year.

4591. The FOFD's findings of fact and conclusions of law were in R.K.(1)'s favor.

4592. The IHO awarded relief, including:

    a.    SETSS (10 periods/week, direct group);

    b.    ST (2x30, 1:1); OT (2x30, 1:1);

    c.    counseling (2x30, 1:1, at market rate).

4593. The FOFD's awarded relief was in the R.K.(1)'s favor.

4594. Neither side appealed from the FOFD.

4595. On February 1, 2024, R.K.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4596. The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4597. The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

4598. The attorney's hours worked at the time of the fee demand were 4.1 (Philippe Gerschel).

4599. The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith) and 1.4 (Alexander Sprei).

4600. The fee demand was in the amount of $2,410.00.

4601. As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### R.K.(2), individually and on behalf of A.K. – Case No. 220218

4602. On October 22, 2021, R.K.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, A.K., by submitting a DPC to DOE's Impartial Hearing Office.

4603. R.K.(2)'s DPC alleged how DOE denied A.K. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

4604. R.K.(2)'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

4605. This case was assigned Impartial Hearing Office Case No. 220218.

4606.  As to FAPE, DOE did not concede.

4607.  As to relief, DOE did not concede.

4608.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, five parent exhibits, and two parent witnesses.

4609.  On April 8, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

4610.  On April 13, 2022, upon presentation of R.K.(2)'s case, the IHO advised that a final decision would soon issue.

4611.  On April 19, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered A.K. a FAPE for the 2021-22 school year.

4612.  The FOFD's findings of fact and conclusions of law were in R.K.(2)'s favor.

4613.  The IHO awarded relief, including:

    a.      SETSS (141 sessions, direct group, Yiddish, at $160/hour);

    b.      ST (2x30, individual, Yiddish);

    c.      OT (2x30, individual, English, at $250/hour);

    d.      counseling (1x30, group, Yiddish).

4614.  The FOFD's awarded relief was in the R.K.(2)'s favor.

4615.  Neither side appealed from the FOFD.

4616.  On February 7, 2024, R.K.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4617.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

4618.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4619.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Sara Goldsmith, and Alexander Sprei.

4620.   The attorneys' hours worked at the time of the fee demand were 8.1 (Philippe Gerschel) and 1.5 (Patrick Keogh).

4621.   The paralegals' hours worked at the time of the fee demand were 3.2 (Margaret Rice), 0.4 (Sara Goldsmith), and 1.8 (Alexander Sprei).

4622.   The fee demand was in the amount of $6,210.00.

4623.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### R.K.(3), individually and on behalf of D.K. – Case No. 212415

4624.   On September 1, 2021, R.K.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, D.K., by submitting a DPC to DOE's Impartial Hearing Office.

4625.   R.K.(3)'s DPC alleged how DOE denied D.K. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

4626.   R.K.(3)'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

4627.   This case was assigned Impartial Hearing Office Case No. 212415.

4628.   As to FAPE, DOE did not concede.

4629.   As to relief, DOE did not concede.

4630.   Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

4631.   On January 11, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

4632.   On February 10, 2022, upon presentation of R.K.(3)'s case, the IHO advised that a final decision would soon issue.

4633.   On February 25, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered D.K. a FAPE for the 2021-22 school year.

4634.   The FOFD's findings of fact and conclusions of law were in R.K.(3)'s favor.

4635.   The IHO awarded relief, including SETSS (5 hours/week, group, Yiddish, at market rate).

4636.   The FOFD's awarded relief was in the R.K.(3)'s favor.

4637.   Neither side appealed from the FOFD.

4638.   On February 25, 2024, R.K.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4639.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4640.   The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

4641.   The attorney's hours worked at the time of the fee demand were 5.9 (Philippe Gerschel).

4642.   The paralegals' hours worked at the time of the fee demand were 0.4 (Miriam Leonorovitz) and 0.9 (Alexander Sprei).

4643.   The fee demand was in the amount of $3,210.00.

4644.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### R.K.(4), individually and on behalf of H.K.ii – Case No. 218312

4645.   On September 27, 2021, R.K.(4), via Plaintiff, initiated an impartial due process hearing on behalf of her child, H.K.ii, by submitting a DPC to DOE's Impartial Hearing Office.

4646.   R.K.(4)'s DPC alleged how DOE denied H.K.ii FAPE for the 2020-21 school year, including via DOE's failure to implement its recommendations.

4647.   R.K.(4)'s DPC proposed various relief, including an order that DOE fund a bank of compensatory periods of SETSS or related services.

4648.   This case was assigned Impartial Hearing Office Case No. 218312.

4649.   As to FAPE, DOE did not concede.

4650.   As to relief, DOE did not concede.

4651.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and one parent witness.

4652.   On January 7, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

4653.   On February 28, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

4654.   On April 6, 2022, upon presentation of R.K.(4)'s case, the IHO adjourned the remainder of the hearing.

4655.   On April 6, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered H.K.ii a FAPE for the 2020-21 school year.

4656.   The FOFD's findings of fact and conclusions of law were in R.K.(4)'s favor.

4657.   The IHO awarded relief, including SETSS (160 hours, direct, Yiddish, at market rate).

4658.   The FOFD's awarded relief was in the R.K.(4)'s favor.

4659.   Neither side appealed from the FOFD.

4660.   On February 5, 2024, R.K.(4), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4661.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

4662.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4663.   The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

4664.   The attorneys' hours worked at the time of the fee demand were 6.9 (Philippe Gerschel) and 0.7 (Patrick Keogh).

4665.   The paralegal's hours worked at the time of the fee demand were 3.0 (Alexander Sprei).

4666.   The fee demand was in the amount of $4,330.00.

4667.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### R.L.(1), individually and on behalf of D.L. – Case No. 221606

4668.   On November 16, 2021, R.L.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, D.L., by submitting a DPC to DOE's Impartial Hearing Office.

4669.   R.L.(1)'s DPC alleged how DOE denied D.L. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

4670.   R.L.(1)'s DPC proposed various relief, including an order that DOE fund:

    a.      located providers at their prevailing rate;

    b.      a bank of compensatory periods of SETSS or related services.

4671.   This case was assigned Impartial Hearing Office Case No. 221606.

4672.   As to FAPE, DOE did not concede.

4673.  As to relief, DOE did not concede.

4674.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

4675.  On May 27, 2022, DOE failed to appear for the hearing, whereupon R.L.(1)'s counsel presented the case and the IHO advising that a decision would issue.

4676.  On May 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered D.L. a FAPE for the 2021-22 school year.

4677.  The FOFD's findings of fact and conclusions of law were in R.L.(1)'s favor.

4678.  The IHO awarded relief, including:

    a.    SETSS (3 periods/week, direct group, Yiddish);

    b.    ST (2x30, individual, Yiddish);

    c.    OT (2x30, individual, English);

    d.    PT (2x30, individual);

    e.    counseling (1x30, group, Yiddish).

4679.  The FOFD's awarded relief was in the R.L.(1)'s favor.

4680.  Neither side appealed from the FOFD.

4681.  On March 4, 2024, R.L.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4682.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4683.  The paralegal staff, whose rate was $200, consisted of Pauline Gelacio and Alexander Sprei.

4684.   The attorney's hours worked at the time of the fee demand were 4.6 (Philippe Gerschel).

4685.   The paralegals' hours worked at the time of the fee demand were 0.4 (Pauline Gelacio) and 1.9 (Alexander Sprei).

4686.   The fee demand was in the amount of $2,760.00.

4687.   As to review of the fee demand, DOE has not made a substantive response.

### R.L.(2), individually and on behalf of R.L.i – Case No. 219695

4688.   On October 18, 2021, R.L.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, R.L.i, by submitting a DPC to DOE's Impartial Hearing Office.

4689.   R.L.(2)'s DPC alleged how DOE denied R.L.i FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

4690.   R.L.(2)'s DPC proposed various relief, including an order that DOE fund:

    a.      located providers at their prevailing rate;

    b.      a bank of compensatory periods of SETSS or related services.

4691.   This case was assigned Impartial Hearing Office Case No. 219695.

4692.   As to FAPE, DOE did not concede.

4693.   As to relief, DOE did not concede.

4694.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

4695.   On January 3, 2022, In about 10 emails between the parties and IHO, from January 3, 2022 through May 11, 2022, the case was litigated without a hearing date.

4696.   On May 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered R.L.i a FAPE for the 2021-22 school year.

4697.   The FOFD's findings of fact and conclusions of law were in R.L.(2)'s favor.

4698.   The IHO awarded relief, including:

    a.     SETSS (10 periods/week, Yiddish, at market rate);

    b.     ST (2x30, 1:1, Yiddish);

    c.     ST (1x30, group, Yiddish);

    d.     OT (3x45, 1:1, English);

    e.     counseling (2x30, group, Yiddish).

4699.   The FOFD's awarded relief was in the R.L.(2)'s favor.

4700.   Neither side appealed from the FOFD.

4701.   On March 3, 2024, R.L.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4702.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4703.   The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

4704.   The attorney's hours worked at the time of the fee demand were 5.3 (Philippe Gerschel).

4705.   The paralegal's hours worked at the time of the fee demand were 1.1 (Alexander Sprei).

4706.   The fee demand was in the amount of $2,870.00.

4707.   As to review of the fee demand, DOE has not made a substantive response.

### R.M.(1), individually and on behalf of E.M.i – Case No. 220001

4708.   On October 20, 2021, R.M.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, E.M.i, by submitting a DPC to DOE's Impartial Hearing Office.

4709.   R.M.(1)'s DPC alleged how DOE denied E.M.i FAPE for the 2021-22 school year, including via DOE's failures to:

      a.      convene an IEP/IESP meeting;

      b.      recommend placement or services.

4710.  R.M.(1)'s DPC proposed various relief, including an order that:

      a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

      b.      DOE fund a bank of compensatory periods of all services.

4711.  This case was assigned Impartial Hearing Office Case No. 220001.

4712.  As to FAPE, DOE did not concede.

4713.  As to relief, DOE did not concede.

4714.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

4715.  On April 29, 2022, upon presentation of R.M.(1)'s case, the IHO advised that a decision would soon issue.

4716.  On April 29, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered E.M.i a FAPE for the 2021-22 school year.

4717.  The FOFD's findings of fact and conclusions of law were in R.M.(1)'s favor.

4718.  The IHO awarded relief, including:

      a.      SETSS (3 periods/week, direct group, Yiddish);

      b.      ST (3x30, group, Yiddish);

      c.      OT (2x30, 1:1, at market rate).

4719.  The FOFD's awarded relief was in the R.M.(1)'s favor.

4720.  Neither side appealed from the FOFD.

4721.   On February 6, 2024, R.M.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4722.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

4723.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4724.   The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

4725.   The attorneys' hours worked at the time of the fee demand were 3.7 (Philippe Gerschel) and 0.5 (Patrick Keogh).

4726.   The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith) and 1.3 (Alexander Sprei).

4727.   The fee demand was in the amount of $2,390.00.

4728.   As to review of the fee demand, DOE denied that it owes any fees.

### R.M.(2), individually and on behalf of S.M.ii – Case No. 216712

4729.   On September 13, 2021, R.M.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.M.ii, by submitting a DPC to DOE's Impartial Hearing Office.

4730.   R.M.(2)'s DPC alleged how DOE denied S.M.ii FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

4731.   R.M.(2)'s DPC proposed various relief, including an order that DOE fund:

    a.      located providers at their prevailing rate;

    b.      a bank of compensatory periods of SETSS or related services.

4732.   This case was assigned Impartial Hearing Office Case No. 216712.

4733. As to FAPE, DOE did not concede.

4734. As to relief, DOE did not concede.

4735. Over the course of the hearing, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

4736. Upon presentation of R.M.(2)'s case, the IHO advised that a final decision would soon issue.

4737. On May 30, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.M.ii a FAPE for the 2021-22 school year.

4738. The FOFD's findings of fact and conclusions of law were in R.M.(2)'s favor, with relief awarded thereupon for S.M.ii's benefit.

4739. The FOFD's awarded relief was in the R.M.(2)'s favor.

4740. Neither side appealed from the FOFD.

4741. The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

### R.N., individually and on behalf of R.N. – Case No. 216883

4742. On September 13, 2021, R.N., via Plaintiff, initiated an impartial due process hearing on behalf of her child, R.N., by submitting a DPC to DOE's Impartial Hearing Office.

4743. R.N.'s DPC alleged how DOE denied R.N. FAPE for the 2021-22 school year, including via DOE's failures to:

      a.     convene an IEP/IESP meeting;

      b.     recommend placement or services.

4744. R.N.'s DPC proposed various relief, including an order that:

a.       absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

b.       DOE fund a bank of compensatory periods of all services.

4745.  This case was assigned Impartial Hearing Office Case No. 216883.

4746.  As to FAPE, DOE did not concede.

4747.  As to relief, DOE did not concede.

4748.  Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and one parent witness.

4749.  On October 5, 2021, DOE failed to appear, whereupon the IHO heard and decided the pendency issue.

4750.  On November 15, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

4751.  On December 23, 2021, DOE failed to appear, leading to rescheduling the pendency hearing.

4752.  On February 17, 2022, DOE failed to appear, whereupon R.N.'s counsel presented the case and the IHO advised that a final decision would soon issue.

4753.  On March 7, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered R.N. a FAPE for the 2021-22 school year.

4754.  The FOFD's findings of fact and conclusions of law were in R.N.'s favor.

4755.  The IHO awarded relief, including:

a.       SETSS (4 hours/week, individual, Yiddish, at $150);

b.       OT (2x30, 1:1).

4756.  The FOFD's awarded relief was in the R.N.'s favor.

4757.   Neither side appealed from the FOFD.

4758.   On February 25, 2024, R.N., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4759.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4760.   The paralegal staff, whose rate was $200, consisted of Raizy Fried, Miriam Leonorovitz, and Alexander Sprei.

4761.   The attorney's hours worked at the time of the fee demand were 7.3 (Philippe Gerschel).

4762.   The paralegals' hours worked at the time of the fee demand were 0.5 (Margaret Rice), 0.3 (Raizy Fried), 0.5 (Miriam Leonorovitz), and 3.9 (Alexander Sprei).

4763.   The fee demand was in the amount of $4,765.00.

4764.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### *R.P.(1), individually and on behalf of L.P. – Case No. 215851*

4765.   On September 9, 2021, R.P.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, L.P., by submitting a DPC to DOE's Impartial Hearing Office.

4766.   R.P.(1)'s DPC alleged how DOE denied L.P. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.      offer an appropriate program;

    b.      recommend the continuation of a SEIT program;

    c.      recommend an appropriate placement.

4767.   R.P.(1)'s DPC proposed various relief, including an order that:

a.      DOE continue to fund the prior IEP;

b.      absent providers, DOE fund a bank of compensatory education.

4768.  This case was assigned Impartial Hearing Office Case No. 215851.

4769.  As to FAPE, DOE did not concede.

4770.  As to relief, DOE did not concede.

4771.  Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and two parent witnesses.

4772.  On February 14, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

4773.  On March 4, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

4774.  On April 7, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

4775.  On June 9, 2022, upon presentation of R.P.(1)'s case, the IHO advised that a final decision would soon issue.

4776.  On June 17, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered L.P. a FAPE for the 2021-22 school year.

4777.  The FOFD's findings of fact and conclusions of law were in R.P.(1)'s favor.

4778.  The IHO awarded relief, including:

a.      SETSS (4 hours/week, at $175/hour);

b.      ST (60 hours).

4779.  The FOFD's awarded relief was in the R.P.(1)'s favor.

4780.  Neither side appealed from the FOFD.

4781.  On September 5, 2023, R.P.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4782.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

4783.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4784.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Joshua Machlin, and Alexander Sprei.

4785.  The attorneys' hours worked at the time of the fee demand were 7.1 (Philippe Gerschel) and 0.3 (Patrick Keogh).

4786.  The paralegals' hours worked at the time of the fee demand were 0.8 (Margaret Rice), 1.1 (Joshua Machlin), and 3.5 (Alexander Sprei).

4787.  The fee demand was in the amount of $4,870.00.

4788.  As to review of the fee demand, DOE denied that it owes any fees.

### *R.P.(2), individually and on behalf of R.P-L. – Case No. 202837*

4789.  On October 16, 2020, R.P.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, R.P-L., by submitting a DPC to DOE's Impartial Hearing Office.

4790.  R.P.(2)'s DPC alleged how DOE denied R.P-L. FAPE for the 2020-21 school year, including via DOE's failures to:

a.    offer an appropriate program;

b.    recommend sufficient SETSS and related services to enable the success of the LRE placement;

c.    recommend SETSS as an "individual service";

     d.     implement its recommendations.

4791.  R.P.(2)'s DPC proposed various relief, including an order that:

     a.     authorizing the requested IEEs;

     b.     CSE implement the findings of said IEEs;

     c.     the SETSS services mandate be changed from group to individual service;

     d.     DOE fund the SETSS periods at the provider's prevailing rate;

     e.     DOE fund a bank of compensatory periods of SETSS.

4792.  This case was assigned Impartial Hearing Office Case No. 202837.

4793.  As to FAPE, DOE did not concede.

4794.  As to relief, DOE did not concede.

4795.  Over the course of five hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

4796.  On October 25, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

4797.  On December 2, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

4798.  On December 21,2021, DOE failed to appear, leading to rescheduling the merits hearing.

4799.  On February 16,2022, DOE failed to appear, leading to rescheduling the merits hearing.

4800.  On March 22, 2022, upon presentation of R.P.(2)'s case, the IHO advised that a final decision would soon issue.

4801.  On April 9, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered R.P-L. a FAPE for the 2020-21 school year.

4802.  The FOFD's findings of fact and conclusions of law were in R.P.(2)'s favor.

4803.   The IHO awarded relief, including SETSS (619 periods, individual, direct, at lowest rate paid by DOE Impartial Hearing Implementation Unit).

4804.   The FOFD's awarded relief was in the R.P.(2)'s favor.

4805.   Neither side appealed from the FOFD.

4806.   On February 4, 2024, R.P.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4807.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

4808.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4809.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

4810.   The attorneys' hours worked at the time of the fee demand were 5.5 (Philippe Gerschel) and 1.5 (Patrick Keogh).

4811.   The paralegals' hours worked at the time of the fee demand were 1.6 (Margaret Rice) and 2.8 (Alexander Sprei).

4812.   The fee demand was in the amount of $4,470.00.

4813.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### R.R.(1), individually and on behalf of L.R. – Case No. 219720

4814.   On October 18, 2021, R.R.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, L.R., by submitting a DPC to DOE's Impartial Hearing Office.

4815. R.R.(1)'s DPC alleged how DOE denied L.R. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

4816. R.R.(1)'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

4817. This case was assigned Impartial Hearing Office Case No. 219720.

4818. As to FAPE, DOE did not concede.

4819. As to relief, DOE did not concede.

4820. Over the course of five hearing dates, the evidence included no DOE exhibits, no DOE witnesses, five parent exhibits, and one parent witness.

4821. On November 3, 2021, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

4822. On December 1, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

4823. On January 27, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

4824. On February 4, 2022, upon DOE's failure to appear, R.R.(1)'s counsel presented the case, and the IHO advised that a final decision would soon issue.

4825. On June 29, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered L.R. a FAPE for the 2021-22 school year.

4826. The FOFD's findings of fact and conclusions of law were in R.R.(1)'s favor.

4827. The IHO awarded relief, including DOE fund the private SETSS.

4828. The FOFD's awarded relief was in the R.R.(1)'s favor.

4829.  Neither side appealed from the FOFD.

4830.  On March 10, 2024, R.R.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4831.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4832.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Joshua Machlin, and Alexander Sprei.

4833.  The attorney's hours worked at the time of the fee demand were 8.3 (Philippe Gerschel).

4834.  The paralegals' hours worked at the time of the fee demand were 2.1 (Margaret Rice), 0.4 (Joshua Machlin), and 4.4 (Alexander Sprei).

4835.  The fee demand was in the amount of $5,845.00.

4836.  As to review of the fee demand, DOE denied that it owes any fees.

### R.R.(2), individually and on behalf of S.R.iii – Case No. 219800

4837.  On October 19, 2021, R.R.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.R.iii, by submitting a DPC to DOE's Impartial Hearing Office.

4838.  R.R.(2)'s DPC alleged how DOE denied S.R.iii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    offer an appropriately updated program;

    b.    recommend the continuation of a SEIT program;

    c.    recommend an appropriate placement.

4839.  R.R.(2)'s DPC proposed various relief, including an order that:

    a.    DOE continue to fund the prior IEP;

b.      absent providers, DOE fund a bank of compensatory education equivalent to the missed services.

4840.   This case was assigned Impartial Hearing Office Case No. 219800.

4841.   As to FAPE, DOE did not concede.

4842.   As to relief, DOE did not concede.

4843.   Over the course of two hearing dates, the evidence included one DOE exhibit, no DOE witnesses, three parent exhibits, and no parent witnesses.

4844.   On April 28, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

4845.   On May 10, 2022, upon presentation of R.R.(2)'s case, the IHO advised that a final decision would soon issue.

4846.   On May 10, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.R.iii a FAPE for the 2021-22 school year.

4847.   The FOFD's findings of fact and conclusions of law were in R.R.(2)'s favor.

4848.   The IHO awarded relief, including:

a.      SETSS (8 hours/week, 1:1, Yiddish, at market rate);

b.      ST (2x30, 1:1, Yiddish);

c.      OT (2x30, 1:1).

4849.   The FOFD's awarded relief was in the R.R.(2)'s favor.

4850.   Neither side appealed from the FOFD.

4851.   On February 12, 2024, R.R.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4852.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

4853.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4854.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Sara Goldsmith, and Alexander Sprei.

4855.  The attorneys' hours worked at the time of the fee demand were 4.7 (Philippe Gerschel) and 0.6 (Patrick Keogh).

4856.  The paralegals' hours worked at the time of the fee demand were 0.2 (Margaret Rice), 0.4 (Sara Goldsmith), and 1.6 (Alexander Sprei).

4857.  The fee demand was in the amount of $3,060.00.

4858.  As to review of the fee demand, DOE denied that it owes any fees.

### R.R.(3) and Y.R., individually and on behalf of V.R. – Case No. 220626

4859.  On November 1, 2021, R.R.(3) and Y.R., via Plaintiff, initiated an impartial due process hearing on behalf of her child, V.R., by submitting a DPC to DOE's Impartial Hearing Office.

4860.  R.R.(3) and Y.R.'s DPC alleged how DOE denied V.R. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    offer an appropriate program;

    b.    recommend the continuation of a SEIT program;

    c.    recommend an appropriate placement.

4861.  R.R.(3) and Y.R.'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

4862.  This case was assigned Impartial Hearing Office Case No. 220626.

4863.  As to FAPE, DOE did not concede.

4864.  As to relief, DOE did not concede.

4865.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

4866.  On May 11, 2022, upon presentation of R.R.(3)'s case, the IHO advised that a decision would soon issue.

4867.  On May 11, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered V.R. a FAPE for the 2021-22 school year.

4868.  The FOFD's findings of fact and conclusions of law were in R.R.(3) and Y.R.'s favor.

4869.  The IHO awarded relief, including:

    a.    SEIT (5 hours/week, 1:1, Yiddish);

    b.    ST (2x30, 1:1, Yiddish);

    c.    OT (2x30, 1:1, at market rate).

4870.  The FOFD's awarded relief was in the R.R.(3) and Y.R.'s favor.

4871.  Neither side appealed from the FOFD.

4872.  On February 12, 2024, R.R.(3) and Y.R., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4873.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4874.  The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

4875.   The attorney's hours worked at the time of the fee demand were 4.1 (Philippe Gerschel).

4876.   The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith) and 2.4 (Alexander Sprei).

4877.   The fee demand was in the amount of $2,610.00.

4878.   As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### *R.S.(1), individually and on behalf of S.S.v – Case No. 219423*

4879.   On October 13, 2021, R.S.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.S.v, by submitting a DPC to DOE's Impartial Hearing Office.

4880.   R.S.(1)'s DPC alleged how DOE denied S.S.v FAPE for the 2021-22 school year, including via DOE's failures to:

      a.   offer an appropriate program;

      b.   recommend the continuation of a SEIT program;

      c.   recommend an appropriate placement or sufficient services.

4881.   R.S.(1)'s DPC proposed various relief, including an order that:

      a.   DOE continue to fund the prior IEP;

      b.   absent providers, DOE fund a bank of compensatory education equivalent to the missed services.

4882.   This case was assigned Impartial Hearing Office Case No. 219423.

4883.   As to FAPE, DOE did not concede.

4884.   As to relief, DOE did not concede.

4885.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, two parent exhibits, and no parent witnesses.

4886.  On April 26, 2022, upon presentation of R.S.(1)'s case, the IHO advised that a decision would soon issue.

4887.  On April 26, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.S.v a FAPE for the 2021-22 school year.

4888.  The FOFD's findings of fact and conclusions of law were in R.S.(1)'s favor.

4889.  The IHO awarded relief, including:

      a.     SEITS (10 hours/week, 2:1, Yiddish);

      b.     ST (2x30, 2:1, Yiddish);

      c.     OT (3x30, 1:1);

      d.     PT (2x30, 1:1).

4890.  The FOFD's awarded relief was in the R.S.(1)'s favor.

4891.  Neither side appealed from the FOFD.

4892.  On February 2, 2024, R.S.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4893.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4894.  The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

4895.  The attorney's hours worked at the time of the fee demand were 4.4 (Philippe Gerschel).

4896.  The paralegals' hours worked at the time of the fee demand were 0.3 (Sara Goldsmith) and 0.8 (Alexander Sprei).

4897.  The fee demand was in the amount of $2,420.00.

4898.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### *R.S.(2), individually and on behalf of Y.S.ii – Case No. 204494*

4899.  On December 2, 2020, R.S.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.S.ii, by submitting a DPC to DOE's Impartial Hearing Office.

4900.  R.S.(2)'s DPC alleged how DOE denied Y.S.ii FAPE for the 2020-21 school year, including via DOE's failures to:

a.      offer an appropriate program;

b.      recommend sufficient SETSS and related services to enable the success of the LRE placement;

c.      recommend SETSS as an "individual service";

d.      implement its recommendations.

4901.  R.S.(2)'s DPC proposed various relief, including an order that:

a.      authorizing the requested IEEs;

b.      the SETSS services mandate be changed from group to individual service;

c.      DOE fund the SETSS periods at the provider's prevailing rate;

d.      DOE fund a bank of compensatory periods of SETSS.

4902.  This case was assigned Impartial Hearing Office Case No. 204494.

4903.  As to FAPE, DOE did not concede.

4904.  As to relief, DOE did not concede.

4905.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, one parent exhibit, and no parent witnesses.

4906.   On November 24, 2021, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

4907.   On January 10, 2022, upon presentation of R.S.(2)'s case, the IHO advised that a final decision would soon issue.

4908.   On February 13, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.S.ii a FAPE for the 2020-21 school year.

4909.   The FOFD's findings of fact and conclusions of law were in R.S.(2)'s favor.

4910.   The IHO awarded relief, including SETSS (65 hours).

4911.   The FOFD's awarded relief was in the R.S.(2)'s favor.

4912.   Neither side appealed from the FOFD.

4913.   On June 13, 2022, R.S.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4914.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4915.   The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

4916.   The attorney's hours worked at the time of the fee demand were 4.5 (Philippe Gerschel).

4917.   The paralegals' hours worked at the time of the fee demand were 0.8 (Miriam Leonorovitz) and 2.2 (Alexander Sprei).

4918.   The fee demand was in the amount of $2,850.00.

4919.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### *R.S.(3), individually and on behalf of J.S.i – Case No. 206233*

4920.  On January 22, 2021, R.S.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, J.S.i, by submitting a DPC to DOE's Impartial Hearing Office.

4921.  R.S.(3)'s DPC alleged how DOE denied J.S.i FAPE for the 2019-20 and 2020-21 school years, including via DOE's failures to:

    a.    offer an appropriate program; recommend sufficient SETSS and related services to enable the success of the LRE placement;

    b.    recommend SETSS as an "individual service";

    c.    implement its recommendations.

4922.  R.S.(3)'s DPC proposed various relief, including an order that:

    a.    the SETSS services mandate be changed from group to individual service;

    b.    DOE fund the SETSS periods at the provider's prevailing rate;

    c.    DOE fund a bank of compensatory periods of SETSS.

4923.  This case was assigned Impartial Hearing Office Case No. 206233.

4924.  As to FAPE, DOE did not concede.

4925.  As to relief, DOE did not concede.

4926.  Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

4927.  On December 7, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

4928.  On December 17, 2021, DOE failed to appear, leading to rescheduling the hearing.

4929.  On January 21, 2022, upon presentation of R.S.(3)'s case, the IHO advised that a final decision would soon issue.

4930.   On February 12, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered J.S.i a FAPE for the 2019-20 and 2020-21 school years.

4931.   The FOFD's findings of fact and conclusions of law were in R.S.(3)'s favor.

4932.   The IHO awarded relief, including SETSS (140 periods, at market rate).

4933.   The FOFD's awarded relief was in the R.S.(3)'s favor.

4934.   Neither side appealed from the FOFD.

4935.   On January 21, 2024, R.S.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4936.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4937.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

4938.   The attorney's hours worked at the time of the fee demand were 6.9 (Philippe Gerschel).

4939.   The paralegals' hours worked at the time of the fee demand were 0.9 (Margaret Rice), 1.9 (Miriam Leonorovitz), and 1.0 (Alezander Sprei).

4940.   The fee demand was in the amount of $4,345.00.

4941.   As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### *R.S.(4), individually and on behalf of J.S.ii – Case No. 221937*

4942.   On November 23, 2021, R.S.(4), via Plaintiff, initiated an impartial due process hearing on behalf of her child, J.S.ii, by submitting a DPC to DOE's Impartial Hearing Office.

4943.  R.S.(4)'s DPC alleged how DOE denied J.S.ii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

4944.  R.S.(4)'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

4945.  This case was assigned Impartial Hearing Office Case No. 221937.

4946.  As to FAPE, DOE did not concede.

4947.  As to relief, DOE did not concede.

4948.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

4949.  On May 20, 2022, DOE failed to appear for the hearing, whereupon R.S.(4)'s counsel presented the case and the IHO advising that a decision would issue.

4950.  On May 20, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered J.S.ii a FAPE for the 2021-22 school year.

4951.  The FOFD's findings of fact and conclusions of law were in R.S.(4)'s favor.

4952.  The IHO awarded relief, including:

    a.    SETSS (5 periods/week, direct group, Yiddish);

    b.    ST (2x30, 1:1, Yiddish);

    c.    OT (2x30, 1:1).

4953.  The FOFD's awarded relief was in the R.S.(4)'s favor.

4954.  Neither side appealed from the FOFD.

4955.  On February 1, 2024, R.S.(4), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4956.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4957.  The paralegal staff, whose rate was $200, consisted of Shira Flusberg and Alexander Sprei.

4958.  The attorney's hours worked at the time of the fee demand were 4.3 (Philippe Gerschel).

4959.  The paralegals' hours worked at the time of the fee demand were 0.4 (Shira Flusberg) and 1.4 (Alexander Sprei).

4960.  The fee demand was in the amount of $2,510.00.

4961.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### R.S.(5), individually and on behalf of R.S.ii – Case No. 222128

4962.  On November 29, 2021, R.S.(5), via Plaintiff, initiated an impartial due process hearing on behalf of her child, R.S.ii, by submitting a DPC to DOE's Impartial Hearing Office.

4963.  R.S.(5)'s DPC alleged how DOE denied R.S.ii FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

4964.  R.S.(5)'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

4965.  This case was assigned Impartial Hearing Office Case No. 222128.

4966.  As to FAPE, DOE did not concede.

4967.   As to relief, DOE did not concede.

4968.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

4969.   On May 31, 2022, DOE failed to appear for the hearing, whereupon R.S.(5)'s counsel presented the case and the IHO advising that a decision would issue.

4970.   On May 31, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered R.S.ii a FAPE for the 2021-22 school year.

4971.   The FOFD's findings of fact and conclusions of law were in R.S.(5)'s favor.

4972.   The IHO awarded relief, including:

    a.    SETSS (5 periods/week, direct group);

    b.    ST (2x30, 1:1);

    c.    counseling (1x30, 1:1, at market rate).

4973.   The FOFD's awarded relief was in the R.S.(5)'s favor.

4974.   Neither side appealed from the FOFD.

4975.   On February 11, 2024, R.S.(5), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

4976.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

4977.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

4978.   The paralegal staff, whose rate was $200, consisted of Pauline Gelacio, Joshua Machlin, and Alexander Sprei.

4979.  The attorneys' hours worked at the time of the fee demand were 5.1 (Philippe Gerschel) and 1.2 (Patrick Keogh).

4980.  The paralegals' hours worked at the time of the fee demand were 0.4 (Pauline Gelacio), 1.7 (Joshua Machlin), and 1.3 (Alexander Sprei).

4981.  The fee demand was in the amount of $3,710.00.

4982.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### R.S.(6), individually and on behalf of N.T.S. – Case No. 199688

4983.  On September 8, 2020, R.S.(6), via Plaintiff, initiated an impartial due process hearing on behalf of her child, N.T.S., by submitting a DPC to DOE's Impartial Hearing Office.

4984.  R.S.(6)'s DPC alleged how DOE denied N.T.S. FAPE for the 2020-21 school year, including via DOE's failures to:

    a.    offer an appropriate program;

    b.    recommend sufficient SETSS and related services to enable the success of the LRE placement;

    c.    recommend SETSS as an "individual service";

    d.    implement its recommendations.

4985.  R.S.(6)'s DPC proposed various relief, including an order that:

    a.    authorizing an IEE (mental health);

    b.    SETSS services mandate be changed from group to individual service;

    c.    DOE fund the SETSS periods at the provider's prevailing rate;

    d.    DOE fund a bank of compensatory periods of SETSS.

4986.  This case was assigned Impartial Hearing Office Case No. 199688.

4987.  As to FAPE, DOE did not concede.

4988.  As to relief, DOE did not concede.

4989.  Over the course of six hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and one parent witness.

4990.  On August 31, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

4991.  On September 30, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

4992.  On November 1, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

4993.  On December 23, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

4994.  On February 1, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

4995.  On March 9, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

4996.  On March 30, 2022, upon presentation of R.S.(6)'s case, the IHO scheduled closing statements.

4997.  On April 11, 2022, the parties convened and agreed that the record was closed, with the IHO advising that a decision would soon issue.

4998.  On May 1, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered N.T.S. a FAPE for the 2020-21 school year.

4999.  The FOFD's findings of fact and conclusions of law were in R.S.(6)'s favor.

5000.  The IHO awarded relief, including:

      a.     SETSS (100 periods, at market rate);

      b.     40 hrs of counseling (40 hours, at market rate).

5001. The FOFD's awarded relief was in the R.S.(6)'s favor.

5002. Neither side appealed from the FOFD.

5003. On July 1, 2022, R.S.(6), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5004. The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5005. The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

5006. The attorney's hours worked at the time of the fee demand were 3.3 (Philippe Gerschel).

5007. The paralegals' hours worked at the time of the fee demand were 1.7 (Margaret Rice), 0.1 (Miriam Leonorovitz), and 2.4 (Alexander Sprei).

5008. The fee demand was in the amount of $2,745.00.

5009. As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### R.S.(7), individually and on behalf of S.S.iii – Case No. 198602

5010. On September 8, 2020, R.S.(7), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.S.iii, by submitting a DPC to DOE's Impartial Hearing Office.

5011. R.S.(7)'s DPC alleged how DOE denied S.S.iii FAPE for the 2020-21 school year, including via DOE's failures to:

      a.     offer an appropriate program;

     b.      timely reconvene an IESP/IEP meeting;

     c.      recommend sufficient SETSS and related services

     d.      recommend SETSS as an individual service;

     e.      implement its recommendations.

5012.  R.S.(7)'s DPC proposed various relief, including an order that:

     a.      DOE fund the requested IEEs;

     b.      SETSS services change from "group" to "individual" mandate;

     c.      DOE fund SETSS;

     d.      DOE provide a bank of SETSS.

5013.  This case was assigned Impartial Hearing Office Case No. 198602.

5014.  As to FAPE, DOE did not concede.

5015.  As to relief, DOE did not concede.

5016.  Over the course of  seven hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

5017.  On August 19, 2021, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

5018.  On September 20, 2021, the parties and IHO convened, leading to rescheduling the hearing.

5019.  On October 22, 2021, the parties and IHO convened, leading to rescheduling the hearing.

5020.  On November 30, 2021, the parties and IHO convened, leading to rescheduling the hearing.

5021.  On January 4, 2022, the parties and IHO convened, leading to rescheduling the hearing.

5022.  On February 7, 2022, the parties and IHO convened, leading to rescheduling the hearing.

5023.  On March 9, 2022, upon presentation of R.S.(7)'s case, the IHO advised that a final decision would soon issue.

5024.  On May 2, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.S.iii a FAPE for the 2020-21 school year.

5025.  The FOFD's findings of fact and conclusions of law were in R.S.(7)'s favor.

5026.  The IHO awarded relief, including counseling (36 sessions, at market rate).

5027.  The FOFD's awarded relief was in the R.S.(7)'s favor.

5028.  Neither side appealed from the FOFD.

5029.  On January 31, 2024, R.S.(7), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5030.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5031.  The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

5032.  The attorney's hours worked at the time of the fee demand were 6.2 (Philippe Gerschel).

5033.  The paralegals' hours worked at the time of the fee demand were 2.2 (Miriam Leonorovitz) and 3.2 (Alexander Sprei).

5034.  The fee demand was in the amount of $4,180.00.

5035.  As to review of the fee demand, DOE denied that it owed any attorneys' fees.

### R.L.S., individually and on behalf of S.S.ii – Case No. 217000

5036.  On September 13, 2021, R.L.S., via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.S.ii, by submitting a DPC to DOE's Impartial Hearing Office.

5037.  R.L.S.'s DPC alleged how DOE denied S.S.ii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.      convene an IEP/IESP meeting;

    b.      recommend placement or services.

5038.  R.L.S.'s DPC proposed various relief, including an order that:

    a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.      DOE fund a bank of compensatory periods of all services.

5039.  This case was assigned Impartial Hearing Office Case No. 217000.

5040.  As to FAPE, DOE did not concede.

5041.  As to relief, DOE did not concede.

5042.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

5043.  On May 27, 2022, DOE failed to appear for the hearing, whereupon R.L.S.'s counsel presented the case and the IHO advising that a decision would issue.

5044.  On May 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.S.ii a FAPE for the 2021-22 school year.

5045.  The FOFD's findings of fact and conclusions of law were in R.L.S.'s favor.

5046.  The IHO awarded relief, including:

    a.      SETSS (5 periods/week, direct group, English);

    b.      ST (2x30, group, English);

    c.      OT (3x30, group);

    d.      PT (3x30, 1:1, at market rate).

5047.  The FOFD's awarded relief was in the R.L.S.'s favor.

5048.  Neither side appealed from the FOFD.

5049.  On March 3, 2024, R.L.S., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5050.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5051.  The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

5052.  The attorney's hours worked at the time of the fee demand were 5.1 (Philippe Gerschel).

5053.  The paralegal's hours worked at the time of the fee demand were 2.0 (Alexander Sprei).

5054.  The fee demand was in the amount of $2,950.00.

5055.  As to review of the fee demand, DOE has not made a substantive response.

### R.W.(1), individually and on behalf of S.W.ii – Case No. 220332

5056.  On October 26, 2021, R.W.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.W.ii, by submitting a DPC to DOE's Impartial Hearing Office.

5057.  R.W.(1)'s DPC alleged how DOE denied S.W.ii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

5058.  R.W.(1)'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

5059.  This case was assigned Impartial Hearing Office Case No. 220332.

5060.  As to FAPE, DOE did not concede.

5061.   As to relief, DOE did not concede.

5062.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and two parent witnesses.

5063.   On May 5, 2022, upon presentation of R.W.(1)'s case, the IHO advised that a decision would soon issue.

5064.   On May 5, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.W.ii a FAPE for the 2021-22 school year.

5065.   The FOFD's findings of fact and conclusions of law were in R.W.(1)'s favor.

5066.   The IHO awarded relief, including:

  a.    SETSS (7 periods/week, group, Yiddish, at market rate);

  b.    ST (3x30, 1:1, Yiddish);

  c.    OT (40 periods, 1:1, at market rate).

5067.   The FOFD's awarded relief was in the R.W.(1)'s favor.

5068.   Neither side appealed from the FOFD.

5069.   On September 5, 2023, R.W.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5070.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5071.   The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

5072.   The attorney's hours worked at the time of the fee demand were 4.4 (Philippe Gerschel).

5073.  The paralegals' hours worked at the time of the fee demand were 4.0 (Miriam Leonorovitz) and 2.1 (Alexander Sprei).

5074.  The fee demand was in the amount of $3,420.00.

5075.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### R.W.(2), individually and on behalf of S.W.i – Case No. 212845

5076.  On September 1, 2021, R.W.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.W.i, by submitting a DPC to DOE's Impartial Hearing Office.

5077.  R.W.(2)'s DPC alleged how DOE denied S.W.i FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

5078.  R.W.(2)'s DPC proposed various relief, including an order that DOE fund:

   a.      located providers at their prevailing rate;

   b.      a bank of compensatory periods of SETSS or related services.

5079.  This case was assigned Impartial Hearing Office Case No. 212845.

5080.  As to FAPE, DOE did not concede.

5081.  As to relief, DOE did not concede.

5082.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and two parent witnesses.

5083.  On January 31, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

5084.  On February 28, 2022, DOE failed to appear, whereupon R.W.(2)'s counsel presented the case and the IHO advised that a decision would soon issue.

5085.  On February 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.W.i a FAPE for the 2021-22 school year.

5086.  The FOFD's findings of fact and conclusions of law were in R.W.(2)'s favor.

5087.  The IHO awarded relief, including:

    a.    SETSS (5 hours/week, group, at market rate);

    b.    ST (2x30, 1:1);

    c.    ST (2x30, group);

    d.    OT (2x30, 1:1);

    e.    PT (1x30, group).

5088.  The FOFD's awarded relief was in the R.W.(2)'s favor.

5089.  Neither side appealed from the FOFD.

5090.  On January 27, 2024, R.W.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5091.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5092.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Shira Flusberg, Raizy Fried, Miriam Leonorovitz, and Alexander Sprei.

5093.  The attorney's hours worked at the time of the fee demand were 5.9 (Philippe Gerschel).

5094.  The paralegals' hours worked at the time of the fee demand were 0.2 (Margaret Rice), 0.4 (Shira Flusberg), 0.1 (Raizy Fried), 2.5 (Miriam Leonorovitz), and 1.4 (Alexander Sprei).

5095.  The fee demand was in the amount of $3,900.00.

5096.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### R.W.(3), individually and on behalf of Y.W.i – Case No. 212857

5097.    On September 1, 2021, R.W.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.W.i, by submitting a DPC to DOE's Impartial Hearing Office.

5098.    R.W.(3)'s DPC alleged how DOE denied Y.W.i FAPE for the 2021-22 school year, including via DOE's failures to:

      a.    convene an IEP/IESP meeting;

      b.    recommend placement or services.

5099.    R.W.(3)'s DPC proposed various relief, including an order that:

      a.    DOE authorize and fund the requested IEEs;

      b.    CSE implement the findings of said IEEs;

      c.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

      d.    DOE fund a bank of compensatory periods of all services.

5100.    This case was assigned Impartial Hearing Office Case No. 212857.

5101.    As to FAPE, DOE did not concede.

5102.    As to relief, DOE did not concede.

5103.    Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

5104.    On February 1, 2022, DOE failed to appear for the hearing, whereupon R.W.(3)'s counsel presented the case and the IHO advising that a decision would issue.

5105.    On February 1, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.W.i a FAPE for the 2021-22 school year.

5106.    The FOFD's findings of fact and conclusions of law were in R.W.(3)'s favor.

5107.   The IHO awarded relief, including:

    a.     SEIT (3 hours/week, 2:1, Yiddish, at market rate);

    b.     ST (3x30, 2:1).

5108.   The FOFD's awarded relief was in the R.W.(3)'s favor.

5109.   Neither side appealed from the FOFD.

5110.   On March 7, 2024, R.W.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5111.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5112.   The paralegal staff, whose rate was $200, consisted of Raizy Fried and Alexander Sprei.

5113.   The attorney's hours worked at the time of the fee demand were 5.7 (Philippe Gerschel).

5114.   The paralegals' hours worked at the time of the fee demand were 0.2 (Raizy Fried) and 4.6 (Alexander Sprei).

5115.   The fee demand was in the amount of $3,810.00.

5116.   As to review of the fee demand, DOE denied that it owes any fees.

### *S.A., individually and on behalf of N.A. – Case No. 211225*

5117.   On July 20, 2021, S.A., via Plaintiff, initiated an impartial due process hearing on behalf of her child, N.A., by submitting a DPC to DOE's Impartial Hearing Office.

5118.   S.A.'s DPC alleged how DOE denied N.A. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.     offer an appropriate program;

    b.     recommend the continuation of a SEIT program;

c.      recommend an appropriate placement.

5119.  S.A.'s DPC proposed various relief, including an order that:

a.      DOE continue to fund the prior IEP;

b.      absent providers, DOE fund a bank of compensatory education equivalent to the missed services.

5120.  This case was assigned Impartial Hearing Office Case No. 211225.

5121.  As to FAPE, DOE did not concede.

5122.  As to relief, DOE did not concede.

5123.  Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, nine parent exhibits, and two parent witnesses.

5124.  On February 9, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

5125.  On April 1, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

5126.  On April 6, 2022, upon presentation of S.A.'s case, the IHO advised that a final decision would soon issue.

5127.  On June 23, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered N.A. a FAPE for the 2021-22 school year.

5128.  The FOFD's findings of fact and conclusions of law were in S.A.'s favor.

5129.  The IHO awarded relief, including:

a.      a bank of OT (60 hours);

b.      a bank of PT (40 hours);

c.      SETSS;

d.      ST (1:1, at $182).

5130.   The FOFD's awarded relief was in the S.A.'s favor.

5131.   Neither side appealed from the FOFD.

5132.   On July 13, 2023, S.A., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5133.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5134.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

5135.   The attorney's hours worked at the time of the fee demand were 8.2 (Philippe Gerschel).

5136.   The paralegals' hours worked at the time of the fee demand were 0.6 (Margaret Rice), 3.9 (Miriam Leonorovitz), and 1.9 (Alexander Sprei).

5137.   The fee demand was in the amount of $5,470.00.

5138.   As to review of the fee demand, DOE denied that it owes any fees.

### S.B.(1), individually and on behalf of Y.B.i – Case No. 207827

5139.   On April 14, 2021, S.B.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.B.i, by submitting a DPC to DOE's Impartial Hearing Office.

5140.   S.B.(1)'s DPC alleged how DOE denied Y.B.i FAPE for the 2020-21 school year, including via DOE's failure to implement its recommendations.

5141.   S.B.(1)'s DPC proposed various relief, including an order that DOE fund:

a.      located providers at their prevailing rate;

b.      a bank of compensatory periods of SETSS or related services.

5142.  This case was assigned Impartial Hearing Office Case No. 207827.

5143.  As to FAPE, DOE did not concede.

5144.  As to relief, DOE did not concede.

5145.  Over the course of seven hearing dates, the evidence included no DOE exhibits, no DOE witnesses, ten  parent exhibits, and two parent witnesses.

5146.  On May 11, 2021, the parties and IHO convened, leading to the pendency hearing being rescheduled.

5147.  On May 19, 2021, the parties and IHO convened for a pendency hearing, where the IHO directed both parties to submit authority for their positions.

5148.  On October 4, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

5149.  On November 1, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

5150.  On December 3, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

5151.  On January 21, 2022, upon unavailability of DOE's witness, the merits hearing was rescheduled.

5152.  On March 25, 2022, upon presentation of the parties' cases, the IHO advised that a decision would soon issue.

5153.  On May 22, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.B.i a FAPE for the 2020-21 school year.

5154.  The FOFD's findings of fact and conclusions of law were in S.B.(1)'s favor.

5155.  The IHO awarded relief, including SETSS (4 periods/week, group, Yiddish).

5156.  The FOFD's awarded relief was in the S.B.(1)'s favor.

5157.  Neither side appealed from the FOFD.

5158.  On February 7, 2024, S.B.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5159.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5160.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

5161.  The attorney's hours worked at the time of the fee demand were 18.2 (Philippe Gerschel).

5162.  The paralegals' hours worked at the time of the fee demand were 0.7 (Margaret Rice), 1.7 (Miriam Leonorovitz), and 4.9 (Alexander Sprei).

5163.  The fee demand was in the amount of $10,665.00.

5164.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### S.B.(2), individually and on behalf of H.B.ii – Case No. 218685

5165.  On October 4, 2021, S.B.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, H.B.ii, by submitting a DPC to DOE's Impartial Hearing Office.

5166.  S.B.(2)'s DPC alleged how DOE denied H.B.ii FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

5167.  S.B.(2)'s DPC proposed various relief, including an order that DOE fund:

      a.      located providers at their prevailing rate;

      b.      a bank of compensatory periods of SETSS or related services.

5168.  This case was assigned Impartial Hearing Office Case No. 218685.

5169.  As to FAPE, DOE did not concede.

5170.  As to relief, DOE did not concede.

5171.  Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and one parent witness.

5172.  On December 14, 2021, the parties and IHO convened, leading to scheduling the merits hearing.

5173.  On February 7, 2022, the parties and IHO convened, with discussion of an amended DPC leading to the merits hearing being rescheduled.

5174.  On April 27, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

5175.  On June 14, 2022, upon presentation of S.B.(2)'s case, the IHO advised that a final decision would soon issue.

5176.  On June 17, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered H.B.ii a FAPE for the 2021-22 school year.

5177.  The FOFD's findings of fact and conclusions of law were in S.B.(2)'s favor.

5178.  The IHO awarded relief, including SETSS (440 hours, at prevailing rates).

5179.  The FOFD's awarded relief was in the S.B.(2)'s favor.

5180.  Neither side appealed from the FOFD.

5181.  On January 10, 2024, S.B.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5182.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5183.   The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

5184.   The attorney's hours worked at the time of the fee demand were 9.3 (Philippe Gerschel).

5185.   The paralegals' hours worked at the time of the fee demand were 0.3 (Miriam Leonorovitz) and 4.2 (Alexander Sprei).

5186.   The fee demand was in the amount of $5,550.00.

5187.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### S.L.C., individually and on behalf of C.C.i – Case No. 220322

5188.   On October 26, 2021, S.L.C., via Plaintiff, initiated an impartial due process hearing on behalf of her child, C.C.i, by submitting a DPC to DOE's Impartial Hearing Office.

5189.   S.L.C.'s DPC alleged how DOE denied C.C.i FAPE for the 2021-22 school year, including via DOE's failures to:

    a.      develop an appropriate program;

    b.      recommend the continuation of S.L.C.'s SEIT program;

    c.      recommend an appropriate placement for S.L.C..

5190.   S.L.C.'s DPC proposed various relief, including an order that:

    a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.      DOE fund a bank of compensatory periods of all services.

5191.   This case was assigned Impartial Hearing Office Case No. 220322.

5192.   As to FAPE, DOE did not concede.

5193.   As to relief, DOE did not concede.

5194.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

5195.   On May 10, 2022, upon presentation of S.L.C.'s case, the IHO advised that a decision would soon issue.

5196.   On May 10, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered C.C.i a FAPE for the 2021-22 school year.

5197.   The FOFD's findings of fact and conclusions of law were in S.L.C.'s favor.

5198.   The IHO awarded relief, including:

    a.      SETSS (5 hours/week, group, at market rate);

    b.      ST (2x30, 1:1);

    c.      OT (2x30, 1:1);

    d.      PT (2x30, 1:1);

    e.      counseling (1x30, 1:1);

    f.      counseling (1x30, group).

5199.   The FOFD's awarded relief was in the S.L.C.'s favor.

5200.   Neither side appealed from the FOFD.

5201.   On May 29, 2024, S.L.C., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5202.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5203.   The paralegal staff, whose rate was $200, consisted of Joshua Machlin, Miriam Leonorovitz, and Alexander Sprei.

5204.   The attorney's hours worked at the time of the fee demand were 6.2 (Philippe Gerschel).

5205.   The paralegals' hours worked at the time of the fee demand were 0.7 (Joshua Machlin), 2.7 (Miriam Leonorovitz), and 1.9 (Alexander Sprei).

5206.   The fee demand was in the amount of $4,160.00.

5207.   As to review of the fee demand, DOE denied that it owes any fees.

### S.F.(1), individually and on behalf of R.F.ii – Case No. 217636

5208.   On September 14, 2021, S.F.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, R.F.ii, by submitting a DPC to DOE's Impartial Hearing Office.

5209.   S.F.(1)'s DPC alleged how DOE denied R.F.ii FAPE for the 2021-22 school year, including via DOE's failures to:

     a.     offer an appropriate program;

     b.     recommend the continuation of a SEIT program;

     c.     recommend an appropriate placement.

5210.   S.F.(1)'s DPC proposed various relief, including an order that:

     a.     DOE continue to fund the prior IEP;

     b.     absent providers, DOE fund a bank of compensatory education equivalent to the missed services.

5211.   This case was assigned Impartial Hearing Office Case No. 217636.

5212.   As to FAPE, DOE did not concede.

5213.   As to relief, DOE did not concede.

5214.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, eight parent exhibits, and two parent witnesses.

5215.   On March 16, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

5216.   On April 21, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

5217.   On June 10, 2022, upon presentation of S.F.(1)'s case, the IHO advised that a final decision would soon issue.

5218.   On June 27, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered R.F.ii a FAPE for the 2021-22 school year.

5219.   The FOFD's findings of fact and conclusions of law were in S.F.(1)'s favor.

5220.   The IHO awarded relief, including:

    a.    SETSS (4 hours/week, at $175/hour);

    b.    ST (40 hours, at market rate).

5221.   The FOFD's awarded relief was in the S.F.(1)'s favor.

5222.   Neither side appealed from the FOFD.

5223.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

5224.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5225.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Sara Goldsmith, Joshua Machlin, Miriam Leonorovitz, and Alexander Sprei.

5226.   The attorneys' hours worked at the time of the fee demand were 5.8 (Philippe Gerschel) and 0.4 (Patrick Keogh).

5227.   The paralegals' hours worked at the time of the fee demand were 2.9 (Margaret Rice), 0.5 (Sara Goldsmith), 1.0 (Joshua Machlin), 0.6 (Miriam Leonorovitz), and 3.6 (Alexander Sprei).

5228.   The total fees were in the amount of $4,540.00.

### S.F.(2), individually and on behalf of B.F.i – Case No. 218203

5229.   On September 23, 2021, S.F.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, B.F.i, by submitting a DPC to DOE's Impartial Hearing Office.

5230.   S.F.(2)'s DPC alleged how DOE denied B.F.i FAPE for the 2021-22 school year, including via DOE's failures to:

a.      offer an appropriate program;

b.      recommend the continuation of a SEIT program;

c.      recommend an appropriate placement.

5231.   S.F.(2)'s DPC proposed various relief, including an order that:

a.      DOE continue to fund the prior IEP;

b.      absent providers, DOE fund a bank of compensatory education equivalent to the missed services.

5232.   This case was assigned Impartial Hearing Office Case No. 218203.

5233.   As to FAPE, DOE did not concede.

5234.   As to relief, DOE did not concede.

5235.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

5236.  On March 30, 2022, upon presentation of S.F.(2)'s case, the IHO advised that a decision would soon issue.

5237.  On March 30, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered B.F.i a FAPE for the 2021-22 school year.

5238.  The FOFD's findings of fact and conclusions of law were in S.F.(2)'s favor.

5239.  The IHO awarded relief, including:

    a.    SETSS (5 hours/week, direct group, Yiddish);

    b.    ST (2x30, 1:1, Yiddish);

    c.    OT (2x30, 1:1);

    d.    PT (2x30, 1:1).

5240.  The FOFD's awarded relief was in the S.F.(2)'s favor.

5241.  Neither side appealed from the FOFD.

5242.  On February 2, 2024, S.F.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5243.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5244.  The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

5245.  The attorney's hours worked at the time of the fee demand were 4.4 (Philippe Gerschel).

5246.  The paralegal's hours worked at the time of the fee demand were 1.7 (Alexander Sprei).

5247.  The fee demand was in the amount of $2,540.00.

5248.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### *S.G., individually and on behalf of A.G.i – Case No. 207026*

5249.  On March 2, 2021, S.G., via Plaintiff, initiated an impartial due process hearing on behalf of her child, A.G.i, by submitting a DPC to DOE's Impartial Hearing Office.

5250.  S.G.'s DPC alleged how DOE denied A.G.i FAPE for the 2020-21 school year, including via DOE's failures to:

    a.    offer an appropriate program;

    b.    recommend sufficient SETSS and related services to enable the success of the LRE placement;

    c.    recommend SETSS as an "individual service";

    d.    implement its recommendations.

5251.  S.G.'s DPC proposed various relief, including an order that:

    a.    authorizing the requested IEEs;

    b.    CSE implement the findings of said IEEs;

    c.    the SETSS services mandate be changed from group to individual service;

    d.    DOE fund the SETSS periods at the provider's prevailing rate;

    e.    DOE fund a bank of compensatory periods of SETSS.

5252.  This case was assigned Impartial Hearing Office Case No. 207026.

5253.  As to FAPE, DOE did not concede.

5254.  As to relief, DOE did not concede.

5255.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, five parent exhibits, and one parent witness.

5256.   On December 27, 2021, the parties and IHO convened for a pre-hearing conference, leading to scheduling a merits hearing.

5257.   On January 31, 2022, upon DOE's failure to appear, S.G.'s counsel presented the case, and the IHO advised that a final decision would soon issue.

5258.   On February 13, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered A.G.i a FAPE for the 2020-21 school year.

5259.   The FOFD's findings of fact and conclusions of law were in S.G.'s favor.

5260.   The IHO awarded relief, including SETSS (60 hours, at market rate).

5261.   The FOFD's awarded relief was in the S.G.'s favor.

5262.   Neither side appealed from the FOFD.

5263.   On June 13, 2022, S.G., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5264.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5265.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

5266.   The attorney's hours worked at the time of the fee demand were 4.5 (Philippe Gerschel).

5267.   The paralegals' hours worked at the time of the fee demand were 1.2 (Margaret Rice) and 1.8 (Alexander Sprei).

5268.   The fee demand was in the amount of $3,030.00.

5269.   As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

*S.H., individually and on behalf of F.H. – Case No. 220291*

5270.   On October 25, 2021, S.H., via Plaintiff, initiated an impartial due process hearing on behalf of her child, F.H., by submitting a DPC to DOE's Impartial Hearing Office.

5271.   S.H.'s DPC alleged how DOE denied F.H. FAPE for the 2021-22 school year, including via DOE's failures to:

   a.      offer an appropriate program;

   b.      recommend the continuation of a SEIT program;

   c.      recommend an appropriate placement.

5272.   S.H.'s DPC proposed various relief, including an order that:

   a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

   b.      DOE fund a bank of compensatory periods of all services.

5273.   This case was assigned Impartial Hearing Office Case No. 220291.

5274.   As to FAPE, DOE did not concede.

5275.   As to relief, DOE did not concede.

5276.   Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

5277.   On March 31, 2022, the parties and IHO convened, leading to the pendency hearing being rescheduled.

5278.   On April 8, 2022, DOE failed to appear, whereupon the IHO reviewed and granted pendency.

5279.   On April 13, 2022, upon presentation of S.H.'s case, the IHO advised that a final decision would soon issue.

5280. On April 20, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered F.H. a FAPE for the 2021-22 school year.

5281. The FOFD's findings of fact and conclusions of law were in S.H.'s favor.

5282. The IHO awarded relief, including:

    a.    SEIT (3 hours/week, 3:1);

    b.    a health aide (360 minutes/week, 1:1, Yiddish, OSH-approved).

5283. The FOFD's awarded relief was in the S.H.'s favor.

5284. Neither side appealed from the FOFD.

5285. On January 29, 2024, S.H., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5286. The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

5287. The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5288. The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Sara Goldsmith, and Alexander Sprei.

5289. The attorneys' hours worked at the time of the fee demand were 7.9 ((Philippe Gerschel) and 0.5 (Patrick Keogh).

5290. The paralegals' hours worked at the time of the fee demand were 1.2 (Margaret Rice), 0.4 (Sara Goldsmith), and 4.7 (Alexander Sprei).

5291. The fee demand was in the amount of $5,590.00.

5292. As to review of the fee demand, DOE denied that it owes any fees.

### S.J.(1), individually and on behalf of R.J. – Case No. 205354

5293.   On December 30, 2020, S.J.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, R.J., by submitting a DPC to DOE's Impartial Hearing Office.

5294.   S.J.(1)'s DPC alleged how DOE denied R.J. FAPE for the 2020-21 school year, including via DOE's failures to:

      a.      convene an IEP/IESP meeting;

      b.      recommend placement or services.

5295.   S.J.(1)'s DPC proposed various relief, including an order that:

      a.      DOE authorize and fund the requested IEEs;

      b.      CSE implement the findings of said IEEs;

      c.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

      d.      DOE fund a bank of compensatory periods of all services.

5296.   This case was assigned Impartial Hearing Office Case No. 205354.

5297.   As to FAPE, DOE did not concede.

5298.   As to relief, DOE did not concede.

5299.   Over the course of five hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

5300.   On November 19, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

5301.   On January 7, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

5302.   On February 15, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

5303.  On March 14, 2022, upon presentation of S.J.(1)'s case, the IHO advised that a final decision would soon issue.

5304.  On March 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered R.J. a FAPE for the 2020-21 school year.

5305.  The FOFD's findings of fact and conclusions of law were in S.J.(1)'s favor.

5306.  The IHO awarded relief, including compensatory SETSS.

5307.  The FOFD's awarded relief was in the S.J.(1)'s favor.

5308.  Neither side appealed from the FOFD.

5309.  On June 21, 2022, S.J.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5310.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh and Margaret Rice, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5311.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5312.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Patrick Keogh, and Alexander Sprei.

5313.  The attorney's hours worked at the time of the fee demand were 4.8 (Philippe Gerschel).

5314.  The paralegals' hours worked at the time of the fee demand were 0.2 (Margaret Rice), 0.3 (Patrick Keogh), and 3.2 (Alexander Sprei).

5315.  The fee demand was in the amount of $3,230.00.

5316.  As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### S.J.(2), individually and on behalf of A.J. – Case No. 207960

5317.  On April 20, 2021, S.J.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, A.J., by submitting a DPC to DOE's Impartial Hearing Office.

5318.  S.J.(2)'s DPC alleged how DOE denied A.J. FAPE for the 2020-21 school year, including via DOE's failures to:

      a.      convene an IEP/IESP meeting;

      b.      recommend placement or services.

5319.  S.J.(2)'s DPC proposed various relief, including an order that:

      a.      DOE authorize and fund the requested IEEs;

      b.      CSE implement the findings of said IEEs;

      c.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

      d.      DOE fund a bank of compensatory periods of all services.

5320.  This case was assigned Impartial Hearing Office Case No. 207960.

5321.  As to FAPE, DOE did not concede.

5322.  As to relief, DOE did not concede.

5323.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

5324.  On December 29, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

5325.   On March 2, 2022, upon presentation of S.J.(2)'s case, the IHO advised that a final decision would soon issue.

5326.   On March 2, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered A.J. a FAPE for the 2020-21 school year.

5327.   The FOFD's findings of fact and conclusions of law were in S.J.(2)'s favor.

5328.   The IHO awarded relief, including SETSS (90 hours, at lowest rates paid).

5329.   The FOFD's awarded relief was in the S.J.(2)'s favor.

5330.   Neither side appealed from the FOFD.

5331.   On February 25, 2024, S.J.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5332.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5333.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

5334.   The attorney's hours worked at the time of the fee demand were 5.7 (Philippe Gerschel).

5335.   The paralegals' hours worked at the time of the fee demand were 0.4 (Margaret Rice), 1.2 (Miriam Leonorovitz), and 0.9 (Alexander Sprei).

5336.   The fee demand was in the amount of $3,410.00.

5337.   As to review of the fee demand, DOE denied that it owes any fees.

### S.J.(3), individually and on behalf of S.J. – Case No. 203435

5338.   On November 2, 2020, S.J.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.J., by submitting a DPC to DOE's Impartial Hearing Office.

5339.  S.J.(3)'s DPC alleged how DOE denied S.J. FAPE for the 2020-21 school year, including

via DOE's failures to:

    a.     offer an appropriate program;

    b.     recommend sufficient SETSS and related services to enable the success of the LRE

placement;

    c.     recommend SETSS as an "individual service";

    d.     implement its recommendations.

5340.  S.J.(3)'s DPC proposed various relief, including an order that:

    a.     authorizing the requested IEEs;

    b.     CSE implement the findings of said IEEs;

    c.     the SETSS services mandate be changed from group to individual service;

    d.     DOE fund the SETSS periods at the provider's prevailing rate;

    e.     DOE fund a bank of compensatory periods of SETSS.

5341.  This case was assigned Impartial Hearing Office Case No. 203435.

5342.  As to FAPE, DOE did not concede.

5343.  As to relief, DOE did not concede.

5344.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE

witnesses, no parent exhibits, and no parent witnesses.

5345.  On May 27, 2022, DOE failed to appear for the hearing, whereupon S.J.(3)'s counsel

presented the case and the IHO advising that a decision would issue.

5346.  On May 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet

its burden of showing that it offered S.J. a FAPE for the 2020-21 school year.

5347.  The FOFD's findings of fact and conclusions of law were in S.J.(3)'s favor.

5348. The IHO awarded relief, including:

    a.     add 30 minutes/week of counseling (1:1, bilingual) to program mandate;

    b.     SETSS (3 periods/week, group, direct, Yiddish);

    c.     ST (2x30, individual, Yiddish).

5349. The FOFD's awarded relief was in the S.J.(3)'s favor.

5350. Neither side appealed from the FOFD.

5351. On March 3, 2024, S.J.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5352. The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5353. The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

5354. The attorney's hours worked at the time of the fee demand were 5.3 (Philippe Gerschel).

5355. The paralegal's hours worked at the time of the fee demand were 2.6 (Alexander Sprei).

5356. The fee demand was in the amount of $3,170.00.

5357. As to review of the fee demand, DOE has not made a substantive response.

### S.L.(1), individually and on behalf of S.L.iii – Case No. 212728

5358. On September 1, 2021, S.L.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.L.iii, by submitting a DPC to DOE's Impartial Hearing Office.

5359. S.L.(1)'s DPC alleged how DOE denied S.L.iii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.     develop an appropriate program;

    b.     recommend the continuation of S.L.iii's SEIT program;

      c.      recommend an appropriate placement for S.L.iii.

5360.  S.L.(1)'s DPC proposed various relief, including an order that:

      a.      DOE fund the December 17, 2019 IEP;

      b.      absent providers, DOE fund a bank of compensatory education.

5361.  This case was assigned Impartial Hearing Office Case No. 212728.

5362.  As to FAPE, DOE did not concede.

5363.  As to relief, DOE did not concede.

5364.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

5365.  On January 31, 2022, DOE failed to appear for the hearing, whereupon S.L.(1)'s counsel presented the case and the IHO advising that a decision would issue.

5366.  On January 31, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.L.iii a FAPE for the 2021-22 school year.

5367.  The FOFD's findings of fact and conclusions of law were in S.L.(1)'s favor.

5368.  The IHO awarded relief, including:

      a.      SETSS (5 periods/week, group, Yiddish);

      b.      ST (2x30, 1:1, Yiddish).

5369.  The FOFD's awarded relief was in the S.L.(1)'s favor.

5370.  Neither side appealed from the FOFD.

5371.  On January 10, 2024, S.L.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5372.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5373.   The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

5374.   The attorney's hours worked at the time of the fee demand were 4.2 (Philippe Gerschel).

5375.   The paralegal's hours worked at the time of the fee demand were 3.6 (Alexander Sprei).

5376.   The fee demand was in the amount of $2,820.00.

5377.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### S.L.(2), individually and on behalf of H.L. – Case No. 220320

5378.   On October 26, 2021, S.L.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, H.L., by submitting a DPC to DOE's Impartial Hearing Office.

5379.   S.L.(2)'s DPC alleged how DOE denied H.L. FAPE for the 2021-22 school year, including via DOE's failures to:

      a.   offer an appropriate program; recommend sufficient SETSS and related services to enable the success of the LRE placement;

      b.   recommend SETSS as an "individual service";

      c.   implement its recommendations.

5380.   S.L.(2)'s DPC proposed various relief, including an order that:

      a.   absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

      b.   DOE fund a bank of compensatory periods of all services.

5381.   This case was assigned Impartial Hearing Office Case No. 220320.

5382.   As to FAPE, DOE did not concede.

5383.   As to relief, DOE did not concede.

5384.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

5385.   On May 2, 2022, upon presentation of S.L.(2)'s case, the IHO advised that a decision would soon issue.

5386.   On May 5, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered H.L. a FAPE for the 2021-22 school year.

5387.   The FOFD's findings of fact and conclusions of law were in S.L.(2)'s favor.

5388.   The IHO awarded relief, including:

    a.      SETSS (8 hours/week, 1:1, Yiddish, at market rate);

    b.      counseling (2x30, group, Yiddish).

5389.   The FOFD's awarded relief was in the S.L.(2)'s favor.

5390.   Neither side appealed from the FOFD.

5391.   On June 28, 2024, S.L.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5392.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5393.   The paralegal staff, whose rate was $200, consisted of Joshua Machlin, Miriam Leonorovitz, and Alexander Sprei.

5394.   The attorney's hours worked at the time of the fee demand were 4.8 (Philippe Gerschel).

5395.   The paralegals' hours worked at the time of the fee demand were 0.7 (Joshua Machlin), 2.6 (Miriam Leonorovitz), and 2.7 (Alexander Sprei).

5396.   The fee demand was in the amount of $3,600.00.

5397.   As to review of the fee demand, DOE denied that it owes any fees.

### *S.O., individually and on behalf of E.O. – Case No. 224283*

5398.   On February 3, 2022, S.O., via Plaintiff, initiated an impartial due process hearing on behalf of her child, E.O., by submitting a DPC to DOE's Impartial Hearing Office.

5399.   S.O.'s DPC alleged how DOE denied E.O. FAPE for the 2021-22 school year, including via DOE's failures to:

      a.     recommend an appropriate program;

      b.     recommend an appropriate placement.

5400.   S.O.'s DPC proposed various relief, including an order that:

      a.     DOE continue to fund the prior IEP;

      b.     DOE fund the alternative special education program and related services; DOE fund compensatory education.

5401.   This case was assigned Impartial Hearing Office Case No. 224283.

5402.   As to FAPE, DOE did not concede.

5403.   As to relief, DOE did not concede.

5404.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, eight parent exhibits, and two parent witnesses.

5405.   On March 16, 2022, upon presentation of S.O.'s case, the IHO advised that a decision would soon issue.

5406.  On March 16, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered E.O. a FAPE for the 2021-22 school year.

5407.  The FOFD's findings of fact and conclusions of law were in S.O.'s favor.

5408.  The IHO awarded relief, including:

    a.    SEIT (10 hours/week, 3:1, at market rate);

    b.    ST (40 hours);

    c.    OT (40 hours).

5409.  The FOFD's awarded relief was in the S.O.'s favor.

5410.  Neither side appealed from the FOFD.

5411.  On August 2, 2022, S.O., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5412.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5413.  The paralegal staff, whose rate was $200, consisted of Sara Goldsmith, Miriam Leonorovitz, and Alexander Sprei.

5414.  The attorney's hours worked at the time of the fee demand were 4.4 (Philippe Gerschel).

5415.  The paralegals' hours worked at the time of the fee demand were 0.1 (Sara Goldsmith), 2.6 (Miriam Leonnorovitz), and 1.5 (Alexander Sprei).

5416.  The fee demand was in the amount of $2,680.00.

5417.  As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

    ***S.O., individually and on behalf of R.O. – Case No. 198416***

5418.   On September 8, 2020, S.O., via Plaintiff, initiated an impartial due process hearing on behalf of her child, R.O., by submitting a DPC to DOE's Impartial Hearing Office.

5419.   S.O.'s DPC alleged how DOE denied R.O. FAPE for the 2020-21 school year, including via DOE's failures to:

a.      offer an appropriate program; deliver the mandated SETSS periods; recommend sufficient periods of SETSS, in an individual setting.

5420.   S.O.'s DPC proposed various relief, including an order that:

a.      DOE fund an IEE (psychoeducational); CSE recommend the SETSS in a 1:1 setting and that the amount of SETSS be increased; DOE fund the mandated SETSS at the provider's prevailing rate; DOE fund a bank of compensatory periods of SETSS.

5421.   This case was assigned Impartial Hearing Office Case No. 198416.

5422.   As to FAPE, DOE did not concede.

5423.   As to relief, DOE did not concede.

5424.   Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and one parent witness.

5425.   On August 17, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

5426.   On October 20, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

5427.   On January 19, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

5428.   On March 29, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

5429.   On May 2, 2022, DOE failed to prepare, with Mr. Gerschel presenting a case and the IHO advising that, absent word from DOE, a final decision would be drafted in two weeks.

5430.   On June 11, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered R.O. a FAPE for the 2020-21 school year.

5431.  The FOFD's findings of fact and conclusions of law were in S.O.'s favor.

5432.  The IHO awarded relief, including SETSS (170 hours, Yiddish, at market rate).

5433.  The FOFD's awarded relief was in the S.O.'s favor.

5434.  Neither side appealed from the FOFD.

5435.  On March 16, 2024, S.O., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5436.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5437.  The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

5438.  The attorney's hours worked at the time of the fee demand were 8.1 (Philippe Gerschel).

5439.  The paralegals' hours worked at the time of the fee demand were 1.7 (Miriam Leonorovitz) and 3.5 (Alexander Sprei).

5440.  The fee demand was in the amount of $5,090.00.

5441.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### S.R., individually and on behalf of N.R. – Case No. 217644

5442.  On September 14, 2021, S.R., via Plaintiff, initiated an impartial due process hearing on behalf of her child, N.R., by submitting a DPC to DOE's Impartial Hearing Office.

5443.  S.R.'s DPC alleged how DOE denied N.R. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    offer an appropriate program;

b.       deliver the mandated SETSS periods;

c.       recommend sufficient periods of SETSS.

5444.   S.R.'s DPC proposed various relief, including an order that:

a.       absent an up-to-date program, DOE continue funding the prior IEP at the provider's

prevailing rate;

b.       DOE fund a bank of compensatory periods of all services.

5445.   This case was assigned Impartial Hearing Office Case No. 217644.

5446.   As to FAPE, DOE did not concede.

5447.   As to relief, DOE did not concede.

5448.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE

witnesses, seven parent exhibits, and two parent witnesses.

5449.   On March 16, 2022, the parties and IHO convened, leading to scheduling the merits

hearing.

5450.   On May 9, 2022, the parties and IHO convened, leading to the merits hearing being

rescheduled.

5451.   On June 28, 2022, DOE failed to appear, whereupon S.R.'s counsel presented the case and

the IHO advised that a decision would soon issue.

5452.   On June 29, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet

its burden of showing that it offered N.R. a FAPE for the 2021-22 school year.

5453.   The FOFD's findings of fact and conclusions of law were in S.R.'s favor.

5454.   The IHO awarded relief, including:

a.       SETSS (5 hours/week, at $160/hour);

b.       ST (40 hours, Yiddish, at market rate);

c.    OT (2x30).

5455.  The FOFD's awarded relief was in the S.R.'s favor.

5456.  Neither side appealed from the FOFD.

5457.  On November 22, 2023, S.R., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5458.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

5459.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5460.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Sara Goldsmith, Joshua Machlin, and Alexander Sprei.

5461.  The attorneys' hours worked at the time of the fee demand were 5.0 (Philippe Gerschel) and 0.5 (Patrick Keogh).

5462.  The paralegals' hours worked at the time of the fee demand were 1.0 (Margaret Rice), 0.4 (Sara Goldsmith), 3.7 (Joshua Machlin), and 2.1 (Alexander Sprei).

5463.  The fee demand was in the amount of $4,290.00.

5464.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### S.R., individually and on behalf of S.R.ii – Case No. 217647

5465.  On September 14, 2021, S.R., via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.R.ii, by submitting a DPC to DOE's Impartial Hearing Office.

5466. S.R.'s DPC alleged how DOE denied S.R.ii FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

5467. S.R.'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

5468. This case was assigned Impartial Hearing Office Case No. 217647.

5469. As to FAPE, DOE did not concede.

5470. As to relief, DOE did not concede.

5471. Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, eight parent exhibits, and two parent witnesses.

5472. On March 28, 2022, upon presentation of S.R.'s case, the IHO advised that a decision would soon issue.

5473. On March 29, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.R.ii a FAPE for the 2021-22 school year.

5474. The FOFD's findings of fact and conclusions of law were in S.R.'s favor.

5475. The IHO awarded relief, including:

    a.    SETSS (4 hours/week, bilingual);

    b.    ST (3x30, 1:1, bilingual);

    c.    OT (2x30, 1:1, at market rate).

5476. The FOFD's awarded relief was in the S.R.'s favor.

5477. Neither side appealed from the FOFD.

5478. On August 2, 2022, S.R., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5479.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5480.  The paralegal staff, whose rate was $200, consisted of Sara Goldsmith, Miriam Leonorovitz, and Alexander Sprei.

5481.  The attorney's hours worked at the time of the fee demand were 3.6 (Philippe Gerschel).

5482.  The paralegals' hours worked at the time of the fee demand were 0.3 (Sara Goldsmith), 2.7 (Miriam Leonorovitz), and 1.6 (Alexander Sprei).

5483.  The fee demand was in the amount of $2,720.00.

5484.  As to review of the fee demand, DOE denied that it owes any fees.

### S.S., individually and on behalf of Y.S.i – Case No. 208447

5485.  On May 24, 2021, S.S., via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.S.i, by submitting a DPC to DOE's Impartial Hearing Office.

5486.  S.S.'s DPC alleged how DOE denied Y.S.i FAPE for the 2020-21 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

5487.  S.S.'s DPC proposed various relief, including an order that:

    a.    DOE authorize and fund the requested IEEs;

    b.    CSE implement the findings of said IEEs;

    c.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    d.    DOE fund a bank of compensatory periods of all services.

5488.  This case was assigned Impartial Hearing Office Case No. 208447.

5489.  As to FAPE, DOE did not concede.

5490.  As to relief, DOE did not concede.

5491.  Over the course of one hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

5492.  On February 3, 2022, upon presentation of S.S.'s case and objections from DOE, the IHO advised that a final decision would soon issue.

5493.  On February 4, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.S.i a FAPE for the 2020-21 school year.

5494.  The FOFD's findings of fact and conclusions of law were in S.S.'s favor.

5495.  The IHO awarded relief, including SETSS (3 hours/week, at market rate).

5496.  The FOFD's awarded relief was in the S.S.'s favor.

5497.  Neither side appealed from the FOFD.

5498.  On June 10, 2024, S.S., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5499.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5500.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Miriam Leonorovitz and Alexander Sprei.

5501.  The attorney's hours worked at the time of the fee demand were 4.5 (Philippe Gerschel).

5502.  The paralegals' hours worked at the time of the fee demand were 0.8 (Miriam Leonorovitz) and 1.5 (Alexander Sprei).

5503.   The fee demand was in the amount of $2,710.00.

5504.   As to review of the fee demand, DOE has not made a substantive response.

**S.T., individually and on behalf of E.T. – Case No. 223416**

5505.   On January 3, 2022, S.T., via Plaintiff, initiated an impartial due process hearing on behalf of her child, E.T., by submitting a DPC to DOE's Impartial Hearing Office.

5506.   S.T.'s DPC alleged how DOE denied E.T. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

5507.   S.T.'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

5508.   This case was assigned Impartial Hearing Office Case No. 223416.

5509.   As to FAPE, DOE did not concede.

5510.   As to relief, DOE did not concede.

5511.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

5512.   On June 21, 2022, DOE failed to appear for the hearing, whereupon S.T.'s counsel presented the case and the IHO advising that a decision would issue.

5513.   On June 21, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered E.T. a FAPE for the 2021-22 school year.

5514.   The FOFD's findings of fact and conclusions of law were in S.T.'s favor.

5515.   The IHO awarded relief, including:

    a.    SETSS (5 periods/week, 1:1, Yiddish);

    b.    ST (2x30, 1:1, Yiddish, at market rate);

    c.    OT (2x30, 1:1, at market rate);

    d.    PT (1x30, 1:1, at market rate);

    e.    counseling (1x30, 1:1, Yiddish, at market rate);

    f.    hearing education (1x30, 1:1, Yiddish);

    g.    interpreter (full-time, 1:1);

    h.    an FM unit.

5516.   The FOFD's awarded relief was in the S.T.'s favor.

5517.   Neither side appealed from the FOFD.

5518.   On January 3, 2024, S.T., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5519.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5520.   The paralegal staff, whose rate was $200, consisted of Gracie Reilzig and Alexander Sprei.

5521.   The attorney's hours worked at the time of the fee demand were 4.4 (Philippe Gerschel).

5522.   The paralegals' hours worked at the time of the fee demand were 0.4 (Gracie Reilzig) and 1.7 (Alexander Sprei).

5523.   The fee demand was in the amount of $2,620.00.

5524.   As to review of the fee demand, DOE denied that it owes any fees.

    ***S.T., individually and on behalf of S.T.ii – Case No. 224255***

5525.    On February 2, 2022, S.T., via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.T.ii, by submitting a DPC to DOE's Impartial Hearing Office.

5526.    S.T.'s DPC alleged how DOE denied S.T.ii FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

5527.    S.T.'s DPC proposed various relief, including an order that DOE fund:

      a.    located providers at their prevailing rate;

      b.    a bank of compensatory periods of SETSS or related services.

5528.    This case was assigned Impartial Hearing Office Case No. 224255.

5529.    As to FAPE, DOE did not concede.

5530.    As to relief, DOE did not concede.

5531.    Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

5532.    On June 30, 2022, upon presentation of S.T.'s case, the IHO advised that a decision would soon issue.

5533.    On June 30, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.T.ii a FAPE for the 2021-22 school year.

5534.    The FOFD's findings of fact and conclusions of law were in S.T.'s favor.

5535.    The IHO awarded relief, including:

      a.    SETSS (5 hours/week, direct group);

      b.    ST (2x30, 1:1);

      c.    OT (2x30, 1:1, at market rate).

5536.    The FOFD's awarded relief was in the S.T.'s favor.

5537.    Neither side appealed from the FOFD.

5538.   On January 31, 2024, S.T., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5539.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5540.   The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

5541.   The attorney's hours worked at the time of the fee demand were 4.3 (Philippe Gerschel).

5542.   The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith) and 1.3 (Alexander Sprei).

5543.   The fee demand was in the amount of $2,490.00.

5544.   As to review of the fee demand, DOE has not made a substantive response.

### *S.W.(1), individually and on behalf of E.W. – Case No. 205536*

5545.   On January 5, 2021, S.W.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, E.W., by submitting a DPC to DOE's Impartial Hearing Office.

5546.   S.W.(1)'s DPC alleged how DOE denied E.W. FAPE for the 2020-21 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

5547.   S.W.(1)'s DPC proposed various relief, including an order that:

    a.    DOE authorize and fund the requested IEEs;

    b.    CSE implement the findings of said IEEs;

 c. absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

 d. DOE fund a bank of compensatory periods of all services.

5548. This case was assigned Impartial Hearing Office Case No. 205536.

5549. As to FAPE, DOE did not concede.

5550. As to relief, DOE did not concede.

5551. Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

5552. On January 13, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

5553. On March 4, 2022, upon presentation of S.W.'s case, the IHO advised that a final decision would soon issue.

5554. On March 5, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered E.W. a FAPE for the 2020-21 school year.

5555. The FOFD's findings of fact and conclusions of law were in S.W.(1)'s favor.

5556. The IHO awarded relief, including SETSS (168 hours).

5557. The FOFD's awarded relief was in the S.W.(1)'s favor.

5558. Neither side appealed from the FOFD.

5559. On June 16, 2024, S.W.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5560. The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5561.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

5562.  The attorney's hours worked at the time of the fee demand were 3.5 (Philippe Gerschel).

5563.  The paralegals' hours worked at the time of the fee demand were 1.1 (Margaret Rice), and 2.0 (Alexander Sprei).

5564.  The fee demand was in the amount of $2,535.00.

5565.  As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### S.W.(2), individually and on behalf of M.W.iii – Case No. 212784

5566.  On September 2, 2021, S.W.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.W.iii, by submitting a DPC to DOE's Impartial Hearing Office.

5567.  S.W.(2)'s DPC alleged how DOE denied M.W.iii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

5568.  S.W.(2)'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

5569.  This case was assigned Impartial Hearing Office Case No. 212784.

5570.  As to FAPE, DOE did not concede.

5571.  As to relief, DOE did not concede.

5572.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and two parent witnesses.

5573.   On February 28, 2022, upon presentation of S.W.(2)'s case, the IHO advised that a decision would soon issue.

5574.   On February 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.W.iii a FAPE for the 2021-22 school year.

5575.   The FOFD's findings of fact and conclusions of law were in S.W.(2)'s favor.

5576.   The IHO awarded relief, including:

     a.     SETSS (5 hours/week, group);

     b.     ST (3x30, 1:1, Yiddish);

     c.     counseling (1x30, 1:1);

     d.     ST (3x30, 1:1, after January 18, 2022);

     e.     counseling (2x30, 1:1, after January 18, 2022);

     f.     OT (2x30, 1:1, after January 18, 2022).

5577.   The FOFD's awarded relief was in the S.W.(2)'s favor.

5578.   Neither side appealed from the FOFD.

5579.   On February 25, 2024, S.W.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5580.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5581.   The paralegal staff, whose rate was $200, consisted of Shira Flusberg, Miriam Leonorovitz, and Alexander Sprei.

5582.  The attorney's hours worked at the time of the fee demand were 6.7 (Philippe Gerschel).

5583.  The paralegals' hours worked at the time of the fee demand were 0.4 (Shira Flusberg), 3.1 (Miriam Leonorovitz), and 1.4 (Alexander Sprei).

5584.  The fee demand was in the amount of $4,330.00.

5585.  As to review of the fee demand, DOE has not made a substantive response.

### S.W.(3), individually and on behalf of A.W.ii – Case No. 212316

5586.  On September 1, 2021, S.W.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, A.W.ii, by submitting a DPC to DOE's Impartial Hearing Office.

5587.  S.W.(3)'s DPC alleged how DOE denied A.W.ii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.  offer an appropriately updated program;

    b.  recommend the continuation of a SEIT program;

    c.  recommend an appropriate placement.

5588.  S.W.(3)'s DPC proposed various relief, including an order that:

    a.  DOE continue to fund the prior IEP;

    b.  absent providers, DOE fund a bank of compensatory education equivalent to the missed services.

5589.  This case was assigned Impartial Hearing Office Case No. 212316.

5590.  As to FAPE, DOE did not concede.

5591.  As to relief, DOE did not concede.

5592.  Over the course of seven hearing dates, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and no parent witnesses.

5593.  On October 20, 2021, DOE failed to appear, leading to rescheduling the pendency hearing.

5594.  On November 1, 2021, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

5595.  On December 10, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

5596.  On January 11, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

5597.  On February 10, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

5598.  On March 15, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

5599.  On May 10, 2022, upon presentation of S.W.(3)'s case, the IHO advised that a final decision would soon issue.

5600.  On June 22, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered A.W.ii a FAPE for the 2021-22 school year.

5601.  The FOFD's findings of fact and conclusions of law were in S.W.(3)'s favor.

5602.  The IHO awarded relief, including:

      a.      DOE fund SETSS ($160/hour);

      b.      DOE fund ST ($185/hour);

      c.      a bank of OT (40 hours).

5603.  The FOFD's awarded relief was in the S.W.(3)'s favor.

5604.  Neither side appealed from the FOFD.

5605.  On March 7, 2024, S.W.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5606.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5607.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Raizy Fried, and Alexander Sprei.

5608.  The attorney's hours worked at the time of the fee demand were 9.5 (Philippe Gerschel).

5609.  The paralegals' hours worked at the time of the fee demand were 2.7 (Margaret Rice), 0.6 (Raizy Fried), and 3.7 (Alexander Sprei).

5610.  The fee demand was in the amount of $6,555.00.

5611.  As to review of the fee demand, DOE denied that it owes any fees.

### *T.B., individually and on behalf of Y.B.ii*

#### Case No. 223342

5612.  On December 30, 2021, T.B., via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.B.ii, by submitting a DPC to DOE's Impartial Hearing Office.

5613.  T.B.'s DPC alleged how DOE denied Y.B.ii FAPE for the 2021-22 school year, including via DOE's failures to:

    a.  convene an IEP/IESP meeting;

    b.  recommend placement or services.

5614.  T.B.'s DPC proposed various relief, including an order that:

    a.  absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.  DOE fund a bank of compensatory periods of all services.

5615.  This case was assigned Impartial Hearing Office Case No. 223342.

5616.  As to FAPE, DOE did not concede.

5617.  As to relief, DOE did not concede.

5618.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

5619.  On June 21, 2022, DOE failed to appear for the hearing, whereupon T.B.'s counsel presented the case and the IHO advising that a decision would issue.

5620.  On June 21, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.B.ii a FAPE for the 2021-22 school year.

5621.  The FOFD's findings of fact and conclusions of law were in T.B.'s favor.

5622.  The IHO awarded relief, including:

    a.    SETSS (240 hours);

    b.    evaluations in all areas of suspected disability;

    c.    reconvene of an IEP/IESP meeting for any modification.

5623.  The FOFD's awarded relief was in the T.B.'s favor.

5624.  Neither side appealed from the FOFD.

5625.  On March 3, 2024, T.B., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5626.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5627.  The paralegal staff, whose rate was $200, consisted of Shira Flusberg and Alexander Sprei.

5628.  The attorney's hours worked at the time of the fee demand were 4.1 (Philippe Gerschel).

5629.  The paralegals' hours worked at the time of the fee demand were 0.4 (Shira Flusberg) and 2.0 (Alexander Sprei).

5630.  The fee demand was in the amount of $2,530.00.

5631.  As to review of the fee demand, DOE denied that it owes any fees.

**Case No. 226244**

5632.  On May 5, 2022, T.B., via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.B.ii, by submitting a DPC to DOE's Impartial Hearing Office.

5633.  T.B.'s DPC alleged how DOE denied Y.B.ii FAPE for the 2019-20 and 2020-21 school years, including via DOE's failure to implement its recommendations.

5634.  T.B.'s DPC proposed various relief, including an order that DOE fund compensatory periods of SETSS and related services.

5635.  This case was assigned Impartial Hearing Office Case No. 226244.

5636.  As to FAPE, DOE did not concede.

5637.  As to relief, DOE did not concede.

5638.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and one parent witness.

5639.  On June 27, 2022, T.B.'s counsel presented a case, and the IHO advised that a final decision would soon issue.

5640.  On June 27, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.B.ii a FAPE for the 2019-20 and 2020-21 school years.

5641.  The FOFD's findings of fact and conclusions of law were in T.B.'s favor.

5642.  The IHO awarded relief, including:

    a.      SETSS (240 hours);

b.    evaluations in all areas of suspected disability;

c.    reconvene of an IEP/IESP meeting for any modification.

5643.    The FOFD's awarded relief was in the T.B.'s favor.

5644.    Neither side appealed from the FOFD.

5645.    On March 9, 2024, T.B., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5646.    The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5647.    The paralegal staff, whose rate was $200, consisted of Joshua Machlin and Alexander Sprei.

5648.    The attorney's hours worked at the time of the fee demand were 5.3 (Philippe Gerschel).

5649.    The paralegals' hours worked at the time of the fee demand were 1.0 (Joshua Machlin) and 0.2 (Alexander Sprei).

5650.    The fee demand was in the amount of $2,930.00.

5651.    As to review of the fee demand, DOE denied that it owes any fees.

### T.F.G., individually and on behalf of N.G.i – Case No. 218232

5652.    On September 23, 2021, T.F.G., via Plaintiff, initiated an impartial due process hearing on behalf of her child, N.G.i, by submitting a DPC to DOE's Impartial Hearing Office.

5653.    T.F.G.'s DPC alleged how DOE denied N.G.i FAPE for the 2021-22 school year, including via DOE's failures to:

a.    offer an appropriate program;

b.    recommend the continuation of a SEIT program;

    c.      recommend an appropriate placement.

5654.  T.F.G.'s DPC proposed various relief, including an order that:

    a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.      DOE fund a bank of compensatory periods of all services.

5655.  This case was assigned Impartial Hearing Office Case No. 218232.

5656.  As to FAPE, DOE did not concede.

5657.  As to relief, DOE did not concede.

5658.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, eight parent exhibits, and two parent witnesses.

5659.  On April 6, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

5660.  On June 8, 2022, upon presentation of T.F.G.'s case, the IHO advised that a final decision would soon issue.

5661.  On June 8, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered N.G.i a FAPE for the 2021-22 school year.

5662.  The FOFD's findings of fact and conclusions of law were in T.F.G.'s favor.

5663.  The IHO awarded relief, including:

    a.      SETSS (8 periods/week);

    b.      ST (2x45);

    c.      OT (1x45);

    d.      counseling (1x30);

    e.      a bank of ST (60 hours);

    f.      a bank of OT (90 hours);

g.      a bank of counseling (20 hours).

5664.   The FOFD's awarded relief was in the T.F.G.'s favor.

5665.   Neither side appealed from the FOFD.

5666.   On December 26, 2023, T.F.G., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5667.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5668.   The paralegal staff, whose rate was $200, consisted of Joshua Machlin and Alexander Sprei.

5669.   The attorney's hours worked at the time of the fee demand were 6.5 (Philippe Gerschel).

5670.   The paralegals' hours worked at the time of the fee demand were 1.2 (Joshua Machlin) and 4.1 (Alexander Sprei).

5671.   The fee demand was in the amount of $4,310.00.

5672.   As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### T.G.(1), individually and on behalf of M.M.ii – Case No. 205617

5673.   On January 6, 2021, T.G.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, M.M.ii, by submitting a DPC to DOE's Impartial Hearing Office.

5674.   T.G.(1)'s DPC alleged how DOE denied M.M.ii FAPE for the 2020-21 school year, including via DOE's failures to:

a.      convene an IEP/IESP meeting;

b.      recommend placement or services.

5675. T.G.(1)'s DPC proposed various relief, including an order that:

    a.    DOE authorize and fund the requested IEEs;

    b.    CSE implement the findings of said IEEs;

    c.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    d.    DOE fund a bank of compensatory periods of all services.

5676. This case was assigned Impartial Hearing Office Case No. 205617.

5677. As to FAPE, DOE did not concede.

5678. As to relief, DOE did not concede.

5679. Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, four parent exhibits, and one parent witness.

5680. On February 2, 2022, upon presentation of T.G.(1)'s case, the IHO advised that a decision would soon issue.

5681. On February 9, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered M.M.ii a FAPE for the 2020-21 school year.

5682. The FOFD's findings of fact and conclusions of law were in T.G.(1)'s favor.

5683. The IHO awarded relief, including:

    a.    SETSS (45 hours);

    b.    ST (15 hours);

    c.    counseling (55 hours).

5684. The FOFD's awarded relief was in the T.G.(1)'s favor.

5685. Neither side appealed from the FOFD.

5686.   On June 13, 2022, T.G.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5687.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5688.   The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

5689.   The attorney's hours worked at the time of the fee demand were 4.3 (Philippe Gerschel).

5690.   The paralegals' hours worked at the time of the fee demand were 0.8 (Miriam Leonorovitz) and 1.8 (Alexander Sprei).

5691.   The fee demand was in the amount of $2,790.00.

5692.   As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### T.G.(2), individually and on behalf of E.G. – Case No. 198352

5693.   On September 8, 2020, T.G.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, E.G., by submitting a DPC to DOE's Impartial Hearing Office.

5694.   T.G.(2)'s DPC alleged how DOE denied E.G. FAPE for the 2020-21 school year, including via DOE's failures to:

      a.      offer an appropriate program;

      b.      recommend sufficient SETSS and related services to enable the success of the LRE placement;

      c.      recommend SETSS as an "individual service";

      d.      implement its recommendations.

5695. T.G.(2)'s DPC proposed various relief, including an order that:

    a.    authorizing an IEE (mental health);

    b.    SETSS services mandate be changed from group to individual service;

    c.    DOE fund the SETSS periods at the provider's prevailing rate;

    d.    DOE fund a bank of compensatory periods of SETSS.

5696. This case was assigned Impartial Hearing Office Case No. 198352.

5697. As to FAPE, DOE did not concede.

5698. As to relief, DOE did not concede.

5699. Over the course of eight hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and one parent witness.

5700. On August 6, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

5701. On September 9, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

5702. On November 12, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

5703. On December 16, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

5704. On January 26, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

5705. On February 28, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

5706. On March 24, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

5707. On April 26, 2022, upon DOE's failure to appear, T.G.(2)'s counsel presented the case and the IHO advised that a final decision would soon issue.

5708.   On June 1, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered E.G. a FAPE for the 2020-21 school year.

5709.   The FOFD's findings of fact and conclusions of law were in T.G.(2)'s favor.

5710.   The IHO awarded relief, including funding of pendency services.

5711.   The FOFD's awarded relief was in the T.G.(2)'s favor.

5712.   Neither side appealed from the FOFD.

5713.   On February 11, 2024, T.G.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5714.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5715.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

5716.   The attorney's hours worked at the time of the fee demand were 5.6 (Philippe Gerschel).

5717.   The paralegals' hours worked at the time of the fee demand were 2.8 (Margaret Rice), 2.1 (Miriam Leonorovitz), and 3.7 (Alexander Sprei).

5718.   The fee demand was in the amount of $4,940.00.

5719.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### T.I., individually and on behalf of H.I. – Case No. 216853

5720.   On September 10, 2021, T.I., via Plaintiff, initiated an impartial due process hearing on behalf of her child, H.I., by submitting a DPC to DOE's Impartial Hearing Office.

5721. T.I.'s DPC alleged how DOE denied H.I. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

5722. T.I.'s DPC proposed various relief, including an order that:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

5723. This case was assigned Impartial Hearing Office Case No. 216853.

5724. As to FAPE, DOE did not concede.

5725. As to relief, DOE did not concede.

5726. Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

5727. On April 14, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

5728. On April 27, 2022, upon presentation of T.I.'s case, the IHO advised that a final decision would soon issue.

5729. On May 26, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered H.I. a FAPE for the 2021-22 school year.

5730. The FOFD's findings of fact and conclusions of law were in T.I.'s favor.

5731. The IHO awarded relief, including:

    a.    SETSS (5 periods/week);

    b.    ST (2x30);

    c.    OT (2x30).

5732. The FOFD's awarded relief was in the T.I.'s favor.

5733. Neither side appealed from the FOFD.

5734.   On February 17, 2024, T.I., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5735.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5736.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Sara Goldsmith, Miriam Leonorovitz, and Alexander Sprei.

5737.   The attorney's hours worked at the time of the fee demand were 6.6 (Philippe Gerschel).

5738.   The paralegals' hours worked at the time of the fee demand were 0.9 (Margaret Rice), 0.4 (Sara Goldsmith), 3.1 (Miriam Leonorovitz), and 2.4 (Alexander Sprei).

5739.   The fee demand was in the amount of $4,795.00.

5740.   As to review of the fee demand, DOE denied that it owes any fees.

### T.K.(1), individually and on behalf of S.K.iii – Case No. 215804

5741.   On September 9, 2021, T.K.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.K.iii, by submitting a DPC to DOE's Impartial Hearing Office.

5742.   T.K.(1)'s DPC alleged how DOE denied S.K.iii FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

5743.   T.K.(1)'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

5744.   This case was assigned Impartial Hearing Office Case No. 215804.

5745.   As to FAPE, DOE did not concede.

5746.   As to relief, DOE did not concede.

5747.   Over the course of six hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

5748.   On January 14, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

5749.   On January 18, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

5750.   On February 4, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

5751.   On March 18, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

5752.   On April 29, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

5753.   On June 10, 2022, upon DOE's failure to appear for the hearing, T.K.(1)'s counsel presented the case and the IHO advised that a final decision would soon issue.

5754.   On June 10, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.K.iii a FAPE for the 2021-22 school year.

5755.   The FOFD's findings of fact and conclusions of law were in T.K.(1)'s favor.

5756.   The IHO awarded relief, including:

      a.      SETSS (3 hours/week, direct group, Yiddish);

      b.      ST (2x30, direct, Yiddish);

      c.      OT (2x30, direct).

5757.   The FOFD's awarded relief was in the T.K.(1)'s favor.

5758.   Neither side appealed from the FOFD.

5759.   On March 14, 2024, T.K.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5760. The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

5761. The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5762. The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Shira Flusberg, and Alexander Sprei.

5763. The attorneys' hours worked at the time of the fee demand were 5.7 (Philippe Gerschel) and 1.4 (Patrick Keogh).

5764. The paralegals' hours worked at the time of the fee demand were 1.5 (Margaret Rice), 0.4 (Shira Flusberg), and 3.1 (Alexander Sprei).

5765. The fee demand was in the amount of $4,635.00.

5766. As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### T.K.(2), individually and on behalf of H.K.i – Case No. 212377

5767. On September 1, 2021, T.K.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, H.K.i, by submitting a DPC to DOE's Impartial Hearing Office.

5768. T.K.(2)'s DPC alleged how DOE denied H.K.i FAPE for the 2021-22 school year, including via DOE's failures to:

    a. offer an appropriate program;

    b. recommend the continuation of a SEIT program;

    c. recommend an appropriate placement.

5769. T.K.(2)'s DPC proposed various relief, including an order that:

    a. DOE continue to fund the prior IEP;

b.      absent providers, DOE fund a bank of compensatory education.

5770.  This case was assigned Impartial Hearing Office Case No. 212377.

5771.  As to FAPE, DOE did not concede.

5772.  As to relief, DOE did not concede.

5773.  Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, eight parent exhibits, and two parent witnesses.

5774.  On February 8, 2022, DOE failed to appear for the pendency hearing, whereupon the IHO advised that a pendency order would soon issue.

5775.  On March 18, 2022, DOE failed to appear, leading to rescheduling the hearing.

5776.  On April 13, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

5777.  On May 18, 2022, DOE failed to appear, whereupon T.K.(2)'s counsel presented the case and the IHO advised that a final decision would soon issue.

5778.  On May 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered H.K.i a FAPE for the 2021-22 school year.

5779.  The FOFD's findings of fact and conclusions of law were in T.K.(2)'s favor.

5780.  The IHO awarded relief, including:

a.      SEIT (5 hours/week, 2:1, Yiddish);

b.      ST (2x30, 2:1, Yiddish);

c.      OT (2x30, 2:1, English);

d.      PT (2x30, 2:1, English).

5781.  The FOFD's awarded relief was in the T.K.(2)'s favor.

5782.  Neither side appealed from the FOFD.

5783.  On March 3, 2024, T.K.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5784.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

5785.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5786.  The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

5787.  The attorneys' hours worked at the time of the fee demand were 6.7 (Philippe Gerschel) and 0.8 (Patrick Keogh).

5788.  The paralegals' hours worked at the time of the fee demand were 3.5 (Miriam Leonorovitz) and 2.5 (Alexander Sprei).

5789.  The fee demand was in the amount of $4,870.00.

5790.  As to review of the fee demand, DOE has not made a substantive response.

### T.N., individually and on behalf of H.N. – Case No. 216678

5791.  On September 13, 2021, T.N., via Plaintiff, initiated an impartial due process hearing on behalf of her child, H.N., by submitting a DPC to DOE's Impartial Hearing Office.

5792.  T.N.'s DPC alleged how DOE denied H.N. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

5793.  T.N.'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

5794.  This case was assigned Impartial Hearing Office Case No. 216678.

5795.  As to FAPE, DOE did not concede.

5796.  As to relief, DOE did not concede.

5797.  Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

5798.  On March 18, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

5799.  On April 29, 2022, upon presentation of T.N.'s case, the IHO advised that a final decision would soon issue.

5800.  On June 13, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered H.N. a FAPE for the 2021-22 school year.

5801.  The FOFD's findings of fact and conclusions of law were in T.N.'s favor.

5802.  The IHO awarded relief, including:

     a.    SETSS (7 hours/week);

     b.    ST (3x30, 1:1);

     c.    OT (2x30, 1:1);

     d.    PT (2x30, 1:1);

     e.    vision education (1x30, 1:1).

5803.  The FOFD's awarded relief was in the T.N.'s favor.

5804.  Neither side appealed from the FOFD.

5805.  On December 23, 2023, T.N., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5806.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

5807. The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5808. The paralegal staff, whose rate was $200, consisted of Joshua Machlin and Alexander Sprei.

5809. The attorneys' hours worked at the time of the fee demand were 6.4 (Philippe Gerschel) and 1.1 (Patrick Keogh).

5810. The paralegals' hours worked at the time of the fee demand were 3.0 (Joshua Machlin) and 2.2 (Alexander Sprei).

5811. The fee demand was in the amount of $4,680.00.

5812. As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### *T.N., individually and on behalf of Y.N. – Case No. 216701*

5813. On September 13, 2021, T.N., via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.N., by submitting a DPC to DOE's Impartial Hearing Office.

5814. T.N.'s DPC alleged how DOE denied Y.N. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

5815. T.N.'s DPC proposed various relief, including an order that DOE fund:

      a.      located providers at their prevailing rate;

      b.      a bank of compensatory periods of SETSS or related services.

5816. This case was assigned Impartial Hearing Office Case No. 216701.

5817. As to FAPE, DOE did not concede.

5818. As to relief, DOE did not concede.

5819.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

5820.  On March 15, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

5821.  On April 19, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

5822.  On June 3, 2022, upon presentation of T.N.'s case, the IHO advised that a final decision would soon issue.

5823.  On May 29, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.N. a FAPE for the 2021-22 school year.

5824.  The FOFD's findings of fact and conclusions of law were in T.N.'s favor.

5825.  The IHO awarded relief, including:

      a.     SETSS (7 periods/week, English);

      b.     ST (3x30, individual, English);

      c.     OT (2x30, individual, English);

      d.     PT (2x30, individual, English);

      e.     counseling (1x30, group, English);

      f.     vision education (1x30, individual, English).

5826.  The FOFD's awarded relief was in the T.N.'s favor.

5827.  Neither side appealed from the FOFD.

5828.  On December 26, 2023, T.N., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5829.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

5830. The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel), $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5831. The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

5832. The attorneys' hours worked at the time of the fee demand were 6.2 (Philippe Gerschel), 0.7 (Patrick Keogh).

5833. The paralegals' hours worked at the time of the fee demand were 0.3 (Margaret Rice), 2.4 (Miriam Leonorovitz), and 2.6 (Alexander Sprei).

5834. The fee demand was in the amount of $4,485.00.

5835. As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### T.P., individually and on behalf of R.P. – Case No. 216995

5836. On September 13, 2021, T.P., via Plaintiff, initiated an impartial due process hearing on behalf of her child, R.P., by submitting a DPC to DOE's Impartial Hearing Office.

5837. T.P.'s DPC alleged how DOE denied R.P. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

5838. T.P.'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

5839.  This case was assigned Impartial Hearing Office Case No. 216995.

5840.  As to FAPE, DOE did not concede.

5841.  As to relief, DOE did not concede.

5842.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

5843.  On March 23, 2022, upon presentation of T.P.'s case, the IHO advised that a decision would soon issue.

5844.  On March 23, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered R.P. a FAPE for the 2021-22 school year.

5845.  The FOFD's findings of fact and conclusions of law were in T.P.'s favor.

5846.  The IHO awarded relief, including:

    a.    SETSS (7 periods/week, direct group);

    b.    ST (2x30, 1:1)

    c.    OT (3x30, 1:1);

    d.    counseling (1x30, 1:1).

5847.  The FOFD's awarded relief was in the T.P.'s favor.

5848.  Neither side appealed from the FOFD.

5849.  On February 25, 2024, T.P., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5850.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5851.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

5852.  The attorney's hours worked at the time of the fee demand were 4.4 (Philippe Gerschel).

5853.  The paralegals' hours worked at the time of the fee demand were 0.9 Margaret Rice, 3.2 (Miriam Leonorovitz), and 1.7 (Alexander Sprei).

5854.  The fee demand was in the amount of $3,495.00.

5855.  As to review of the fee demand, DOE denied that it owes any fees.

### T.S., individually and on behalf of S.S.vi – Case No. 214286

5856.  On September 3, 2021, T.S., via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.S.vi, by submitting a DPC to DOE's Impartial Hearing Office.

5857.  T.S.'s DPC alleged how DOE denied S.S.vi FAPE for the 2021-22 school year, including via DOE's failures to offer sufficient SETSS.

5858.  T.S.'s DPC proposed various relief, including an order that:

    a.      DOE authorize and fund the requested IEEs;

    b.      CSE implement the findings of said IEEs;

    c.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    d.      DOE fund a bank of compensatory periods of all services.

5859.  This case was assigned Impartial Hearing Office Case No. 214286.

5860.  As to FAPE, DOE did not concede.

5861.  As to relief, DOE did not concede.

5862.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

5863.  On February 10, 2022, upon presentation of T.S.'s case, the IHO advised that a decision would soon issue.

5864.  On February 10, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.S.vi a FAPE for the 2021-22 school year.

5865.  The FOFD's findings of fact and conclusions of law were in T.S.'s favor.

5866.  The IHO awarded relief, including:

   a.    SETSS (8 periods/week, direct group);

   b.    ST (1x30, 1:1);

   c.    ST (2x30, group);

   d.    OT (2x30, 1:1).

5867.  The FOFD's awarded relief was in the T.S.'s favor.

5868.  Neither side appealed from the FOFD.

5869.  On January 21, 2024, T.S., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5870.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5871.  The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

5872.  The attorney's hours worked at the time of the fee demand were 4.5 (Philippe Gerschel).

5873.  The paralegal's hours worked at the time of the fee demand were 1.3 (Alexander Sprei).

5874.  The fee demand was in the amount of $2,510.00.

5875.  As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### *V.K.(1), individually and on behalf of I.K. – Case No. 204564*

5876.   On December 3, 2020, V.K.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, I.K., by submitting a DPC to DOE's Impartial Hearing Office.

5877.   V.K.(1)'s DPC alleged how DOE denied I.K. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.      offer an appropriate program;

    b.      recommend sufficient SETSS and related services to enable the success of the LRE placement;

    c.      recommend SETSS as an "individual service";

    d.      implement its recommendations.

5878.   V.K.(1)'s DPC proposed various relief, including an order that:

    a.      DOE authorize and fund the requested IEEs;

    b.      CSE implement the findings of said IEEs;

    c.      the SETSS services mandate be changed from group to individual service;

    d.      DOE fund the SETSS services at the provider's prevailing rate;

    e.      DOE fund a bank of compensatory periods of all services.

5879.   This case was assigned Impartial Hearing Office Case No. 204564.

5880.   As to FAPE, DOE did not concede.

5881.   As to relief, DOE did not concede.

5882.   Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, five parent exhibits, and one parent witness.

5883.   On November 10, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

5884.   On December 10, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

5885.   On January 18, 2022, DOE failed to appear, leading to initial case presentation and rescheduling the remainder of the merits hearing.

5886.   On March 4, 2022, upon presentation of V.K.(1)'s case, the IHO advised that a final decision would soon issue.

5887.   On March 4, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered I.K. a FAPE for the 2021-22 school year.

5888.   The FOFD's findings of fact and conclusions of law were in V.K.(1)'s favor.

5889.   The IHO awarded relief, including DOE fund SETSS (3 hours/week, group, direct, Yiddish, at market rate).

5890.   The FOFD's awarded relief was in the V.K.(1)'s favor.

5891.   Neither side appealed from the FOFD.

5892.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5893.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

5894.   The attorney's hours worked at the time of the fee demand were 7.4 (Philippe Gerschel).

5895.   The paralegals' hours worked at the time of the fee demand were 2.2 (Margaret Rice) and 2.1 (Alexander Sprei).

5896.   The total fees were in the amount of $4,890.00.

*V.K.(2), individually and on behalf of N.K.ii – Case No. 220767*

5897.  On November 2, 2021, V.K.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, N.K.ii, by submitting a DPC to DOE's Impartial Hearing Office.

5898.  V.K.(2)'s DPC alleged how DOE denied N.K.ii FAPE for the 2021-22 school year, including via DOE's failures to:

      a.      convene an IEP/IESP meeting;

      b.      recommend placement or services.

5899.  V.K.(2)'s DPC proposed various relief, including an order that:

      a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

      b.      DOE fund a bank of compensatory periods of all services.

5900.  This case was assigned Impartial Hearing Office Case No. 220767.

5901.  As to FAPE, DOE did not concede.

5902.  As to relief, DOE did not concede.

5903.  Over the course of one hearing date, the evidence included two DOE exhibits, no DOE witnesses, seven parent exhibits, and two parent witnesses.

5904.  On April 29, 2022, upon presentation of V.K.(2)'s case, the IHO advised that a decision would soon issue.

5905.  On May 9, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered N.K.ii a FAPE for the 2021-22 school year.

5906.  The FOFD's findings of fact and conclusions of law were in V.K.(2)'s favor.

5907.  The IHO awarded relief, including that DOE fund the private SETSS.

5908.  The FOFD's awarded relief was in the V.K.(2)'s favor.

5909.  Neither side appealed from the FOFD.

5910.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5911.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Sara Goldsmith, and Alexander Sprei.

5912.   The attorney's hours worked at the time of the fee demand were 7.4 (Philippe Gerschel).

5913.   The paralegals' hours worked at the time of the fee demand were 2.9 (Margaret Rice), 0.4 (Sara Goldsmith), and 1.7 (Alexander Sprei).

5914.   The total fees were in the amount of $4,580.00.

### V.K.(2), individually and on behalf of S.K.i – Case No. 220777

5915.   On November 3, 2021, V.K.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.K.i, by submitting a DPC to DOE's Impartial Hearing Office.

5916.   V.K.(2)'s DPC alleged how DOE denied S.K.i FAPE for the 2021-22 school year, including via DOE's failures to:

    a.    convene an IEP/IESP meeting;

    b.    recommend placement or services.

5917.   V.K.(2)'s DPC proposed various relief, including an order that:

    a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.    DOE fund a bank of compensatory periods of all services.

5918.   This case was assigned Impartial Hearing Office Case No. 220777.

5919.   As to FAPE, DOE did not concede.

5920.   As to relief, DOE did not concede.

5921. Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

5922. On May 13, 2022, upon presentation of V.K.(2)'s case, the IHO advised that a decision would soon issue.

5923. On May 13, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.K.i a FAPE for the 2021-22 school year.

5924. The FOFD's findings of fact and conclusions of law were in V.K.(2)'s favor.

5925. The IHO awarded relief, including:

    a.    SETSS (5 hours/week, direct group);

    b.    ST (2x30, 1:1, at market rate).

5926. The FOFD's awarded relief was in the V.K.(2)'s favor.

5927. Neither side appealed from the FOFD.

5928. On February 12, 2024, V.K.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5929. The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5930. The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

5931. The attorney's hours worked at the time of the fee demand were 4.4 (Philippe Gerschel).

5932. The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith) and 1.5 (Alexander Sprei).

5933. The fee demand was in the amount of $2,580.00.

5934.   As to review of the fee demand, DOE denied that it owes any fees.

***V.S.(1), individually and on behalf of H.S. – Case No. 219623***

5935.   On October 15, 2021, V.S.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, H.S., by submitting a DPC to DOE's Impartial Hearing Office.

5936.   V.S.(1)'s DPC alleged how DOE denied H.S. FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

5937.   V.S.(1)'s DPC proposed various relief, including an order that DOE fund:

   a.    the SETSS periods at the provider's prevailing rate;

   b.    a bank of compensatory periods of SETSS and the other related services.

5938.   This case was assigned Impartial Hearing Office Case No. 219623.

5939.   As to FAPE, DOE did not concede.

5940.   As to relief, DOE did not concede.

5941.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

5942.   On May 27, 2022, DOE failed to appear for the hearing, whereupon V.S.(1)'s counsel presented the case and the IHO advising that a decision would issue.

5943.   On May 28, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered H.S. a FAPE for the 2021-22 school year.

5944.   The FOFD's findings of fact and conclusions of law were in V.S.(1)'s favor.

5945.   The IHO awarded relief, including:

   a.    SETSS (12 periods/week, direct group, English, during 10-month SY);

   b.    SETSS (7 periods/week, during summer);

   c.    PT (2x30, 1:1).

5946.   The FOFD's awarded relief was in the V.S.(1)'s favor.

5947.   Neither side appealed from the FOFD.

5948.   On March 3, 2024, V.S.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5949.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5950.   The paralegal staff, whose rate was $200, consisted of Alexander Sprei.

5951.   The attorney's hours worked at the time of the fee demand were 4.6 (Philippe Gerschel).

5952.   The paralegal's hours worked at the time of the fee demand were 1.7 (Alexander Sprei).

5953.   The fee demand was in the amount of $2,640.00.

5954.   As to review of the fee demand, DOE has not made a substantive response.

### V.S.(2), individually and on behalf of R.S.i – Case No. 200736

5955.   On September 14, 2020, V.S.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, R.S.i, by submitting a DPC to DOE's Impartial Hearing Office.

5956.   V.S.(2)'s DPC alleged how DOE denied R.S.i FAPE for the 2020-21 school year, including via DOE's failures to:

   a.    offer an appropriate program;

   b.    recommend sufficient SETSS and related services to enable the success of the LRE placement;

   c.    implement its recommendations.

5957.   V.S.(2)'s DPC proposed various relief, including an order that:

   a.    DOE authorize and fund the requested IEEs;

b.     DOE fund the SETSS periods at the provider's prevailing rate;

c.     DOE fund a bank of compensatory periods of SETSS.

5958.  This case was assigned Impartial Hearing Office Case No. 200736.

5959.  As to FAPE, DOE did not concede.

5960.  As to relief, DOE did not concede.

5961.  Over the course of four hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and one parent witness.

5962.  On December 3, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

5963.  On January 6, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

5964.  On February 8, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

5965.  On March 10, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

5966.  On May 2, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered R.S.i a FAPE for the 2020-21 school year.

5967.  The FOFD's findings of fact and conclusions of law were in V.S.(2)'s favor.

5968.  The IHO awarded relief, including OT (72 hours, at market rate).

5969.  The FOFD's awarded relief was in the V.S.(2)'s favor.

5970.  Neither side appealed from the FOFD.

5971.  On April 6, 2024, V.S.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5972.    The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5973.    The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Miriam Leonorovitz and Alexander Sprei.

5974.    The attorney's hours worked at the time of the fee demand were 4.3 (Philippe Gerschel).

5975.    The paralegals' hours worked at the time of the fee demand were 2.2 (Miriam Leonorovitz) and 3.2 (Alexander Sprei).

5976.    The fee demand was in the amount of $3,230.00.

5977.    As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### Y.D., individually and on behalf of S.D. – Case No. 208721

5978.    On June 8, 2021, Y.D., via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.D., by submitting a DPC to DOE's Impartial Hearing Office.

5979.    Y.D.'s DPC alleged how DOE denied S.D. FAPE for the 2020-21 school year, including via DOE's failure to implement its recommendations.

5980.    Y.D.'s DPC proposed various relief, including an order that DOE fund:

    a.    located providers at their prevailing rate;

    b.    a bank of compensatory periods of SETSS or related services.

5981.    This case was assigned Impartial Hearing Office Case No. 208721.

5982.    As to FAPE, DOE did not concede.

5983.    As to relief, DOE did not concede.

5984.   Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and one parent witness.

5985.   On December 23, 2021, DOE failed to appear, leading to rescheduling the merits hearing.

5986.   On February 8, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

5987.   On April 5, 2022, upon DOE's failure to appear, Y.D.'s counsel presented the case, and the IHO advised that a final decision would soon issue.

5988.   On May 5, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.D. a FAPE for the 2020-21 school year.

5989.   The FOFD's findings of fact and conclusions of law were in Y.D.'s favor.

5990.   The IHO awarded relief, including SETSS (12 hours, at market rate).

5991.   The FOFD's awarded relief was in the Y.D.'s favor.

5992.   Neither side appealed from the FOFD.

5993.   On February 10, 2024, Y.D., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

5994.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

5995.   The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice and Alexander Sprei.

5996.   The attorney's hours worked at the time of the fee demand were 5.5 (Philippe Gerschel).

5997.   The paralegals' hours worked at the time of the fee demand were 1.3 (Margaret Rice) and 2.1 (Alexander Sprei).

5998.   The fee demand was in the amount of $3,625.00.

5999.   As to review of the fee demand, DOE denied that it owes any fees.

**Y.G., individually and on behalf of A.L.G. – Case No. 212793**

6000.   On September 2, 2021, Y.G., via Plaintiff, initiated an impartial due process hearing on behalf of her child, A.L.G., by submitting a DPC to DOE's Impartial Hearing Office.

6001.   Y.G.'s DPC alleged how DOE denied A.L.G. FAPE for the 2021-22 school year, including via DOE's failures to:

　　　a.　　convene an IEP/IESP meeting;

　　　b.　　recommend placement or services.

6002.   Y.G.'s DPC proposed various relief, including an order that:

　　　a.　　absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

　　　b.　　DOE fund a bank of compensatory periods of all services.

6003.   This case was assigned Impartial Hearing Office Case No. 212793.

6004.   As to FAPE, DOE did not concede.

6005.   As to relief, DOE did not concede.

6006.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

6007.   On February 17, 2022, upon presentation of Y.G.'s case, the IHO advised that a decision would soon issue.

6008.   On February 17, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered A.L.G. a FAPE for the 2021-22 school year.

6009.   The FOFD's findings of fact and conclusions of law were in Y.G.'s favor.

6010.   The IHO awarded relief, including SETSS (5 hours/week, group, Yiddish, at market rate).

6011.  The FOFD's awarded relief was in the Y.G.'s favor.

6012.  Neither side appealed from the FOFD.

6013.  On June 14, 2022, Y.G., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

6014.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

6015.  The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

6016.  The attorney's hours worked at the time of the fee demand were 3.3 (Philippe Gerschel).

6017.  The paralegals' hours worked at the time of the fee demand were 2.4 (Miriam Leonorovotz) and 1.6 (Alexander Sprei).

6018.  The fee demand was in the amount of $2,450.00.

6019.  As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### Y.H., individually and on behalf of S.H.ii – Case No. 211207

6020.  On July 19, 2021, Y.H., via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.H.ii, by submitting a DPC to DOE's Impartial Hearing Office.

6021.  Y.H.'s DPC alleged how DOE denied S.H.ii FAPE for the 2020-21 school year, including via DOE's failure to implement its recommendations.

6022.  Y.H.'s DPC proposed various relief, including an order that DOE fund:

        a.      located providers at their prevailing rate;

        b.      a bank of compensatory periods of SETSS or related services.

6023.  This case was assigned Impartial Hearing Office Case No. 211207.

6024.  As to FAPE, DOE did not concede.

6025.  As to relief, DOE did not concede.

6026.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, one parent exhibit, and no parent witnesses.

6027.  On January 26, 2022, the parties and IHO convened, leading to scheduling the merits hearing.

6028.  On February 16, 2022, DOE failed to appear, whereupon Y.H.'s counsel presented the case and the IHO advised that a decision would soon issue.

6029.  On February 21, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.H.ii a FAPE for the 2020-21 school year.

6030.  The FOFD's findings of fact and conclusions of law were in Y.H.'s favor.

6031.  The IHO awarded relief, including SETSS (5 sessions/week, Yiddish, at $125/session).

6032.  The FOFD's awarded relief was in the Y.H.'s favor.

6033.  Neither side appealed from the FOFD.

6034.  On January 27, 2024, Y.H., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

6035.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

6036.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

6037.  The paralegal staff, whose rate was $200, consisted of Raizy Fried and Alexander Sprei.

6038.  The attorneys' hours worked at the time of the fee demand were 6.1 (Philippe Gerschel) and 0.5 (Patrick Keogh).

6039.  The paralegals' hours worked at the time of the fee demand were 1.0 (Raizy Fried) and 1.5 (Alexander Sprei).

6040.  The fee demand was in the amount of $3,750.00.

6041.  As to review of the fee demand, DOE has not made a substantive response.

### *Y.K., individually and on behalf of N.K.iii – Case No. 224863*

6042.  On February 24, 2022, Y.K., via Plaintiff, initiated an impartial due process hearing on behalf of her child, N.K.iii, by submitting a DPC to DOE's Impartial Hearing Office.

6043.  Y.K.'s DPC alleged how DOE denied N.K.iii FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

6044.  Y.K.'s DPC proposed various relief, including an order that DOE fund:

    a.      located providers at their prevailing rate;

    b.      a bank of compensatory periods of SETSS or related services.

6045.  This case was assigned Impartial Hearing Office Case No. 224863.

6046.  As to FAPE, DOE did not concede.

6047.  As to relief, DOE did not concede.

6048.  Over the course of two hearing dates, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

6049.  On May 27, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

6050.  On June 8, 2022, DOE failed to appear, whereupon Y.K.'s counsel presented the case and the IHO advised that a decision would soon issue.

6051.   On June 16, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered N.K.iii a FAPE for the 2021-22 school year.

6052.   The FOFD's findings of fact and conclusions of law were in Y.K.'s favor.

6053.   The IHO awarded relief, including:

      a.     SETSS (3 periods/week, group, Yiddish, at market rate);

      b.     ST (1x30, individual, Yiddish);

      c.     ST (1x30, group, Yiddish);

      d.     SETSS (12 sessions);

      e.     ST (4 sessions, individual);

      f.     ST (4 sessions, group).

6054.   The FOFD's awarded relief was in the Y.K.'s favor.

6055.   Neither side appealed from the FOFD.

6056.   On March 3, 2024, Y.K., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

6057.   The lead attorney was Philippe Gerschel, with occasional assistance from Jie Luo and Patrick Keogh.

6058.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel), $400 (Jie Luo), and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

6059.   The paralegal staff, whose rate was $200, consisted of Pauline Gelacio and Alexander Sprei.

6060.   The attorneys' hours worked at the time of the fee demand were 4.0 (Philippe Gerschel), 0.4 (Jie Luo), and 1.5 (Patrick Keogh).

6061.   The paralegals' hours worked at the time of the fee demand were 0.4 (Pauline Gelacio) and 2.2 (Alexander Sprei).

6062.   The fee demand was in the amount of $3,280.00.

6063.   As to review of the fee demand, DOE has not made a substantive response.

### *Y.L.(1), individually and on behalf of S.L.v – Case No. 218305*

6064.   On September 24, 2021, Y.L.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.L.v, by submitting a DPC to DOE's Impartial Hearing Office.

6065.   Y.L.(1)'s DPC alleged how DOE denied S.L.v FAPE for the 2021-22 school year, including via DOE's failures to:

   a.      offer an appropriately updated program;

   b.      recommend the continuation of a SEIT program;

   c.      recommend an appropriate placement.

6066.   Y.L.(1)'s DPC proposed various relief, including an order that:

   a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

   b.      DOE fund a bank of compensatory periods of all services.

6067.   This case was assigned Impartial Hearing Office Case No. 218305.

6068.   As to FAPE, DOE did not concede.

6069.   As to relief, DOE did not concede.

6070.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

6071.   On April 1, 2022, upon presentation of Y.L.(1)'s case, the IHO advised that a decision would soon issue.

6072. On April 1, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.L.v a FAPE for the 2021-22 school year.

6073. The FOFD's findings of fact and conclusions of law were in Y.L.(1)'s favor.

6074. The IHO awarded relief, including:

    a.    SEIT (3 hours/week, 2:1, Yiddish);

    b.    ST (2x30, 2:1, Yiddish, at market rate).

6075. The FOFD's awarded relief was in the Y.L.(1)'s favor.

6076. Neither side appealed from the FOFD.

6077. On February 3, 2024, Y.L.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

6078. The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

6079. The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

6080. The attorney's hours worked at the time of the fee demand were 4.5 (Philippe Gerschel).

6081. The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith) and 1.3 (Alexander Sprei).

6082. The fee demand was in the amount of $2,590.00.

6083. As to review of the fee demand, DOE denied that it owes any fees.

### Y.L.(2), individually and on behalf of S.L.iv – Case No. 220216

6084. On October 22, 2021, Y.L.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.L.iv, by submitting a DPC to DOE's Impartial Hearing Office.

6085.  Y.L.(2)'s DPC alleged how DOE denied S.L.iv FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

6086.  Y.L.(2)'s DPC proposed various relief, including an order that DOE fund:

    a.     located providers at their prevailing rate;

    b.     a bank of compensatory periods of SETSS or related services.

6087.  This case was assigned Impartial Hearing Office Case No. 220216.

6088.  As to FAPE, DOE did not concede.

6089.  As to relief, DOE did not concede.

6090.  Over the course of five hearing dates, the evidence included no DOE exhibits, no DOE witnesses, no parent exhibits, and no parent witnesses.

6091.  On November 10, 2021, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

6092.  On December 14, 2021, the parties and IHO convened for a pendency hearing, where the IHO granted pendency.

6093.  On January 20, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

6094.  On March 1, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

6095.  On April 6, 2022, DOE failed to appear, whereupon Y.L.(2)'s counsel presented the case and the IHO advised that a final decision would soon issue.

6096.  On April 6, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.L.iv a FAPE for the 2021-22 school year.

6097.  The FOFD's findings of fact and conclusions of law were in Y.L.(2)'s favor.

6098.  The IHO awarded relief, including:

    a.    SETSS (4 hours/week, Yiddish);

    b.    ST (2x30, 1:1, Yiddish);

    c.    ST (1x30, group, Yiddish);

    d.    OT (2x30, 1:1, English);

    e.    PT (3x30, English).

6099.  The FOFD's awarded relief was in the Y.L.(2)'s favor.

6100.  Neither side appealed from the FOFD.

6101.  On February 4, 2024, Y.L.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

6102.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

6103.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

6104.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Miriam Leonorovitz, and Alexander Sprei.

6105.  The attorneys' hours worked at the time of the fee demand were 5.4 (Philippe Gerschel) and 1.9 (Patrick Keogh).

6106.  The paralegals' hours worked at the time of the fee demand were 1.1 (Margaret Rice), 0.5 (Miriam Leonorovitz), and 2.1 (Alexander Sprei).

6107.  The fee demand was in the amount of $4,365.00.

6108.  As to review of the fee demand, DOE has not made a substantive response.

    ***Y.M., individually and on behalf of Y.M.i – Case No. 198384***

6109.   On September 8, 2020, Y.M., via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.M.i, by submitting a DPC to DOE's Impartial Hearing Office.

6110.   Y.M.'s DPC alleged how DOE denied Y.M.i FAPE for the 2020-21 school year, including via DOE's failures to:

    a.   offer an appropriate program;

    b.   reconvene an IEP/IESP team since 2015;

    c.   recommend sufficient SETSS and related services to enable the success of the LRE placement;

    d.   recommend SETSS as an "individual service";

    e.   implement its recommendations for the 2020-21 school year.

6111.   Y.M.'s DPC proposed various relief, including an order that:

    a.   DOE authorize an IEE (neuropsychological);

    b.   the SETSS services mandate be changed from group to individual service;

    c.   DOE fund the SETSS periods;

    d.   DOE fund a bank of compensatory periods of SETSS or the other related services.

6112.   This case was assigned Impartial Hearing Office Case No. 198384.

6113.   As to FAPE, DOE did not concede.

6114.   As to relief, DOE did not concede.

6115.   Over the course of six hearing dates, the evidence included  no DOE exhibits,  no DOE witnesses,  eight parent exhibits, and  two parent witnesses.

6116.   On Octobeer 20, 2021, the parties and IHO convened, leading to the merits hearing being rescheduled.

6117.   On December 3, 2021, Y.M.'s counsel presented a case, with DOE cross-examining Y.M.'s witnesses and the case being adjourned.

6118.   On December 21, 2021, the parties and IHO convened for a hearing, whereupon DOE sought time to file a motion to dismiss on a statute of limitations argument.

6119.   On March 18, 2022 and April 12, 2022, upon Y.M.'s unavailability, the hearing on DOE's motion was adjourned.

6120.   On April 19, 2022, DOE presented on its motion to dismiss, whereupon the IHO said that an order on the motion would issue.

6121.   On May 26, 2022, upon DOE's failure to appear, the IHO and Y.M. made arrangements for closings.

6122.   On June 16, 2022, upon DOE's failure to appear, Y.M.'s counsel delivered a closing and the IHO said that a final order would issue.

6123.   On June 16, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.M.i a FAPE for the 2020-21 school year.

6124.   The FOFD's findings of fact and conclusions of law were in Y.M.'s favor.

6125.   The IHO awarded relief, including SETSS (280 hours).

6126.   The FOFD's awarded relief was in the Y.M.'s favor.

6127.   Neither side appealed from the FOFD.

6128.   On February 23, 2024, Y.M., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

6129.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

6130.   The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

6131.   The attorney's hours worked at the time of the fee demand were 13.3 (Philippe Gerschel).

6132.   The paralegals' hours worked at the time of the fee demand were 1.1 (Miriam Leonorovitz) and 4.3 (Alexander Sprei).

6133.   The fee demand was in the amount of $7,730.00.

6134.   As to review of the fee demand, a DOE reviewing attorney was assigned, without an offer yet being made.

### Y.R.(1), individually and on behalf of S.R.iv – Case No. 220221

6135.   On October 22, 2021, Y.R.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.R.iv, by submitting a DPC to DOE's Impartial Hearing Office.

6136.   Y.R.(1)'s DPC alleged how DOE denied S.R.iv FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

6137.   Y.R.(1)'s DPC proposed various relief, including an order that DOE fund:

     a.     located providers at their prevailing rate;

     b.     a bank of compensatory periods of SETSS or related services.

6138.   This case was assigned Impartial Hearing Office Case No. 220221.

6139.   As to FAPE, DOE did not concede.

6140.   As to relief, DOE did not concede.

6141.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, seven parent exhibits, and three parent witnesses.

6142.   On May 12, 2022, upon presentation of Y.R.(1)'s case, the IHO advised that a decision would soon issue.

6143.   On May 12, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.R.iv a FAPE for the 2021-22 school year.

6144.   The FOFD's findings of fact and conclusions of law were in Y.R.(1)'s favor.

6145.   The IHO awarded relief, including:

      a.    SETSS (5 periods/week, at $160/period);

      b.    OT (2x30, at $250/period);

      c.    a bank of ST (40 hours).

6146.   The FOFD's awarded relief was in the Y.R.(1)'s favor.

6147.   Neither side appealed from the FOFD.

6148.   On May 12, 2024, Y.R.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

6149.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

6150.   The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

6151.   The attorney's hours worked at the time of the fee demand were 4.3 (Philippe Gerschel).

6152.   The paralegals' hours worked at the time of the fee demand were 3.9 (Miriam Leonorovitz) and 1.3 (Alexander Sprei).

6153.   The fee demand was in the amount of $3,190.00.

6154.   As to review of the fee demand, DOE denied that it owes any fees.

### *Y.R.(2), individually and on behalf of S.R.vi – Case No. 212533*

496

6155.  On September 1, 2021, Y.R.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.R.vi, by submitting a DPC to DOE's Impartial Hearing Office.

6156.  Y.R.(2)'s DPC alleged how DOE denied S.R.vi FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

6157.  Y.R.(2)'s DPC proposed various relief, including an order that DOE fund:

    a.      located providers at their prevailing rate;

    b.      a bank of compensatory periods of SETSS or related services.

6158.  This case was assigned Impartial Hearing Office Case No. 212533.

6159.  As to FAPE, DOE did not concede.

6160.  As to relief, DOE did not concede.

6161.  Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six  parent exhibits, and two parent witnesses.

6162.  On February 14, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

6163.  On March 10, 2022, the parties and IHO convened, leading to the merits hearing being rescheduled.

6164.  On April 7, 2022, upon presentation of Y.R.(2)'s case, the IHO advised that a final decision would soon issue.

6165.  On April 8, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.R.vi a FAPE for the 2021-22 school year.

6166.  The FOFD's findings of fact and conclusions of law were in Y.R.(2)'s favor.

6167.  The IHO awarded relief, including:

    a.      SETSS (5 periods/week, at $160/period);

    b.      OT (2x30, at $250/period);

     c.     a bank of ST (40 hours).

6168.   The FOFD's awarded relief was in the Y.R.(2)'s favor.

6169.   Neither side appealed from the FOFD.

6170.   On August 2, 2022, Y.R.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

6171.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

6172.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

6173.   The paralegal staff, whose rate was $200, consisted of Sara Goldsmith, Miriam Leonorovitz, and Alexander Sprei.

6174.   The attorneys' hours worked at the time of the fee demand were 4.5 (Philippe Gerschel) and 0.2 (Patrick Keogh).

6175.   The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith), 2.6 (Miriam Leonorovitz), and 1.9 (Alexander Sprei).

6176.   The fee demand was in the amount of $3,310.00.

6177.   As to review of the fee demand, DOE has not made a substantive response.

### Y.S.(1), individually and on behalf of Y.S.iv – Case No. 212860

6178.   On September 1, 2021, Y.S.(1), via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.S.iv, by submitting a DPC to DOE's Impartial Hearing Office.

6179.   Y.S.(1)'s DPC alleged how DOE denied Y.S.iv FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

6180.   Y.S.(1)'s DPC proposed various relief, including an order that DOE fund:

a.      located providers at their prevailing rate;

b.      a bank of compensatory periods of SETSS or related services.

6181.  This case was assigned Impartial Hearing Office Case No. 212860.

6182.  As to FAPE, DOE did not concede.

6183.  As to relief, DOE did not concede.

6184.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

6185.  On February 1, 2022, DOE failed to appear for the hearing, whereupon Y.S.(1)'s counsel presented the case and the IHO advising that a decision would issue.

6186.  On February 1, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.S.iv a FAPE for the 2021-22 school year.

6187.  The FOFD's findings of fact and conclusions of law were in Y.S.(1)'s favor.

6188.  The IHO awarded relief, including:

a.      SETSS (7 periods/week, group, Yiddish, at market rate);

b.      OT (2x30, 1:1).

6189.  The FOFD's awarded relief was in the Y.S.(1)'s favor.

6190.  Neither side appealed from the FOFD.

6191.  On January 20, 2024, Y.S.(1), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

6192.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

6193.   The paralegal staff, whose rate was $200, consisted of Raizy Fried, Miriam Leonorovitz and Alexander Sprei.

6194.   The attorney's hours worked at the time of the fee demand were 5.8 (Philippe Gerschel).

6195.   The paralegals' hours worked at the time of the fee demand were 0.1 (Raizy Fried), 0.8 (Miriam Leonorovitz), and 0.9 (Alexander Sprei).

6196.   The fee demand was in the amount of $3,260.00.

6197.   As to review of the fee demand, DOE has not made a substantive response.

### Y.S.(2), individually and on behalf of Y.S.iii – Case No. 224249

6198.   On February 2, 2022, Y.S.(2), via Plaintiff, initiated an impartial due process hearing on behalf of her child, Y.S.iii, by submitting a DPC to DOE's Impartial Hearing Office.

6199.   Y.S.(2)'s DPC alleged how DOE denied Y.S.iii FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

6200.   Y.S.(2)'s DPC proposed various relief, including an order that:

   a.    located providers at their prevailing rate;

   b.    a bank of compensatory periods of SETSS or related services.

6201.   This case was assigned Impartial Hearing Office Case No. 224249.

6202.   As to FAPE, DOE did not concede.

6203.   As to relief, DOE did not concede.

6204.   Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

6205.   On June 30, 2022, DOE failed to appear for the hearing, whereupon Y.S.(2)'s counsel presented the case and the IHO advising that a decision would issue.

6206.   On June 30, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered Y.S.iii a FAPE for the 2021-22 school year.

6207.   The FOFD's findings of fact and conclusions of law were in Y.S.(2)'s favor.

6208.   The IHO awarded relief, including:

      a.     SETSS (7 hours/week, direct group, Yiddish);

      b.     ST (2x30, group, Yiddish, at market rate).

6209.   The FOFD's awarded relief was in the Y.S.(2)'s favor.

6210.   Neither side appealed from the FOFD.

6211.   On March 10, 2024, Y.S.(2), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

6212.   The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

6213.   The paralegal staff, whose rate was $200, consisted of Gracie Reilzig and Alexander Sprei.

6214.   The attorney's hours worked at the time of the fee demand were 4.1 (Philippe Gerschel).

6215.   The paralegals' hours worked at the time of the fee demand were 0.4 (Gracie Reilzig) and 1.3 (Alexander Sprei).

6216.   The fee demand was in the amount of $2,390.00.

6217.   As to review of the fee demand, DOE denied that it owes any fees.

### *Y.S.(3), individually and on behalf of C.M.S. – Case No. 220011*

6218.   On October 20, 2021, Y.S.(3), via Plaintiff, initiated an impartial due process hearing on behalf of her child, C.M.S., by submitting a DPC to DOE's Impartial Hearing Office.

6219.  Y.S.(3)'s DPC alleged how DOE denied C.M.S. FAPE for the 2021-22 school year, including via DOE's failures to:

    a.      convene an IEP/IESP meeting;

    b.      recommend placement or services.

6220.  Y.S.(3)'s DPC proposed various relief, including an order that:

    a.      absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

    b.      DOE fund a bank of compensatory periods of all services.

6221.  This case was assigned Impartial Hearing Office Case No. 220011.

6222.  As to FAPE, DOE did not concede.

6223.  As to relief, DOE did not concede.

6224.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

6225.  On April 29, 2022, upon presentation of Y.S.(3)'s case, the IHO advised that a decision would soon issue.

6226.  On April 29, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered C.M.S. a FAPE for the 2021-22 school year.

6227.  The FOFD's findings of fact and conclusions of law were in Y.S.(3)'s favor.

6228.  The IHO awarded relief, including:

    a.      SETSS (5 hours/week, direct group, Yiddish);

    b.      ST (2x30, group, Yiddish).

6229.  The FOFD's awarded relief was in the Y.S.(3)'s favor.

6230.  Neither side appealed from the FOFD.

6231.   On February 7, 2024, Y.S.(3), through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

6232.   The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

6233.   The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

6234.   The paralegal staff, whose rate was $200, consisted of Sara Goldsmith and Alexander Sprei.

6235.   The attorneys' hours worked at the time of the fee demand were 3.7 (Philippe Gerschel) and 0.4 (Patrick Keogh).

6236.   The paralegals' hours worked at the time of the fee demand were 0.4 (Sara Goldsmith) and 1.3 (Alexander Sprei).

6237.   The fee demand was in the amount of $2,350.00.

6238.   As to review of the fee demand, DOE denied that it owes any fees.

### *Z.K., individually and on behalf of B.K. – Case No. 215390*

6239.   On September 3, 2021, Z.K., via Plaintiff, initiated an impartial due process hearing on behalf of her child, B.K., by submitting a DPC to DOE's Impartial Hearing Office.

6240.   Z.K.'s DPC alleged how DOE denied B.K. FAPE for the 2021-22 school year, including via DOE's failures to:

      a.      convene an IEP/IESP meeting;

      b.      recommend placement or services.

6241.   Z.K.'s DPC proposed various relief, including an order that:

a.    absent an up-to-date program, DOE continue funding the prior IEP at the provider's prevailing rate;

b.    DOE fund a bank of compensatory periods of all services.

6242.  This case was assigned Impartial Hearing Office Case No. 215390.

6243.  As to FAPE, DOE did not concede.

6244.  As to relief, DOE did not concede.

6245.  Over the course of three hearing dates, the evidence included no DOE exhibits, no DOE witnesses, six parent exhibits, and two parent witnesses.

6246.  On February 28, 2022, DOE failed to appear, leading to rescheduling the merits hearing.

6247.  On March 28, 2022, DOE failed to appear, leading to rescheduling the hearing.

6248.  On April 26, 2022, upon presentation of Z.K.'s case, the IHO advised that a final decision would soon issue.

6249.  On May 2, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered B.K. a FAPE for the 2021-22 school year.

6250.  The FOFD's findings of fact and conclusions of law were in Z.K.'s favor.

6251.  The IHO awarded relief, including the SETSS services.

6252.  The FOFD's awarded relief was in the Z.K.'s favor.

6253.  Neither side appealed from the FOFD.

6254.  On July 6, 2022, Z.K., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

6255.  The lead attorney was Philippe Gerschel, with occasional assistance from Patrick Keogh.

6256.  The differences in the attorneys' staggered customary rates of $500 (Philippe Gerschel) and $400 (Patrick Keogh) were based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

6257.  The paralegal staff, whose rate was $200, consisted of Miriam Leonorovitz and Alexander Sprei.

6258.  The attorneys' hours worked at the time of the fee demand were 5.8 (Philippe Gerschel) and 0.1 (Patrick Keogh).

6259.  The paralegals' hours worked at the time of the fee demand were 2.5 (Miriam Leonorovitz) and 1.9 (Alexander Sprei).

6260.  The fee demand was in the amount of $3,830.00.

6261.  As to review of the fee demand, although Plaintiff believed the parties to have an agreement on fees, DOE has since taken a no-pay position, leaving fees unresolved.

### Z.S., individually and on behalf of S.S.i – Case No. 218011

6262.  On September 20, 2021, Z.S., via Plaintiff, initiated an impartial due process hearing on behalf of her child, S.S.i, by submitting a DPC to DOE's Impartial Hearing Office.

6263.  Z.S.'s DPC alleged how DOE denied S.S.i FAPE for the 2021-22 school year, including via DOE's failure to implement its recommendations.

6264.  Z.S.'s DPC proposed various relief, including an order that DOE fund:

a.  located providers at their prevailing rate; DOE fund a bank of compensatory periods of SETSS or related services.

6265.  This case was assigned Impartial Hearing Office Case No. 218011.

6266.  As to FAPE, DOE did not concede.

6267.  As to relief, DOE did not concede.

6268.  Over the course of one hearing date, the evidence included no DOE exhibits, no DOE witnesses, three parent exhibits, and no parent witnesses.

6269.  On April 6, 2022, DOE failed to appear for the hearing, whereupon Z.S.'s counsel presented the case and the IHO advising that a decision would issue.

6270.  On June 11, 2022, the IHO issued an FOFD that included a finding that DOE failed to meet its burden of showing that it offered S.S.i a FAPE for the 2021-22 school year.

6271.  The FOFD's findings of fact and conclusions of law were in Z.S.'s favor.

6272.  The IHO awarded relief, including:

   a.    SETSS (4 periods);

   b.    ST (2x30, individual);

   c.    ST (1x30, group);

   d.    OT (1x30).

6273.  The FOFD's awarded relief was in the Z.S.'s favor.

6274.  Neither side appealed from the FOFD.

6275.  On March 8, 2024, Z.S., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

6276.  The lead attorney was Philippe Gerschel, who billed at his customary rate of $500, which was based upon experience, skill, and comparable IDEA practitioners in the Southern District of New York.

6277.  The paralegal staff, whose rate was $200 (except for law clerk duties billed at $350 by Margaret Rice), consisted of Margaret Rice, Raizy Fried, and Alexander Sprei.

6278.  The attorney's hours worked at the time of the fee demand were 3.7 (Philippe Gerschel).

6279.   The paralegals' hours worked at the time of the fee demand were 1.0 (Margaret Rice), 0.1 (Raizy Fried), and 1.4 (Alexander Sprei).

6280.   The fee demand was in the amount of $2,500.00.

6281.   As to review of the fee demand, DOE denied that it owes any fees.

## **FIRST CAUSE OF ACTION**

6282.   The Law Office of Philippe J. Gerschel repeats and re-alleges all above paragraphs as if fully set forth herein.

6283.   The Law Office of Philippe J. Gerschel represented the parents, individually and on behalf of their child(ren) with disabilities, in the cases discussed above, in initiating impartial IDEA due process hearings on their behalf.

6284.   The parents represented by Law Office of Philippe J. Gerschel prevailed at their respective impartial hearing(s) by obtaining an FOFD from the respective IHOs, who ordered relief demanded by each respective parent via their counsel at the Law Office of Philippe J. Gerschel.

6285.   The parents represented by the Law Office of Philippe J. Gerschel have each assigned their claims to IDEA fees and costs under 20 U.S.C. § 1415(i)(3) to the Law Office of Philippe J. Gerschel, for collection of such fees in satisfaction of their respective debts for the above legal services.

6286.   Wholistic *Johnson* factor review supports the requested fees for each and every case herein.

6287.   As to the first *Johnson* factor, the billing was limited to the time and labor required under the circumstances of each case.

6288.   As to the second *Johnson* factor, the levels of novelty and difficulty to the questions did not require lower-adjusted rates from what was customarily charged and paid.

6289.   As to the third *Johnson* factor, each case was delegated appropriately within the Law Office of Philippe J. Gerschel, to the attorney(s) and paralegal(s) whose levels of skill were required under the circumstances.

6290.   As to the fourth *Johnson* factor, the parents' level of impact on the Law Office of Philippe J. Gerschel's availability for other employment did not require downward-adjusted rates from what was customarily charged and paid.

6291.   As to the fifth *Johnson* factor, the customary rates charged to the respective parents are aligned with those charged by and paid to similarly-experienced, parent-side IDEA practitioners in the Southern District of New York.

6292.   As to the sixth *Johnson* factor, the parents each retained the Law Office of Philippe J. Gerschel on a contingent fee-shifting basis.

6293.   As to the seventh *Johnson* factor, the billing is aligned with the time limitations imposed by the circumstances of the respective matter.

6294.   As to the eighth *Johnson* factor, the parents, via the Law Office of Philippe J. Gerschel, obtained excellent results on needed relief that they would have otherwise been unable to afford for their children.

6295.   As to the ninth *Johnson* factor, the experience, reputation, and ability of the attorney(s) and paralegal staff involved were appropriate matches for the respective cases.

6296.   As to the tenth *Johnson* factor, without retainer, IESP cases are generally considered undesirable but necessarily taken among parents' attorneys in the Southern District of New York.

6297.   As to the eleventh *Johnson* factor, the respective nature and length of the professional relationships did not require downward-adjusted rates from what was customarily charged.

6298.   As to the twelfth *Johnson* factor, prior awards with different rates do not require downward adjustment.

6299.   As a dollar at the time of the rendering services will be valued less than a dollar at the time of a Judgment or settlement, DOE is benefitted by natural passage of time of service to the final resolution of this matter.

6300.   Prejudgment interest is available under the IDEA to aid the Court in adjusting fee awards for reasonableness under the circumstances, including passage of time and economic factors. *H.C. v. NYC DOE*, 71 F.4th 120 (2d Cir. 2023).

6301.   Prejudgment interest is calculated as: Principal x Annual Rate x (Number of Days / 365). *Makinen v. City of New York*, No. 11-cv-07535, 2016 WL 1451543 *11 fn. 5 (S.D.N.Y. Apr. 12, 2016).

6302.   As of the date of this Complaint, the prevailing federal prime rate is 8.50%.

6303.   The Law Office of Philippe J. Gerschel seeks prejudgment interest.

6304.   Pursuant to 28 U.S.C. § 1961, the Law Office of Philippe J. Gerschel seeks postjudgment interest to deter any further delay of payment by DOE following any judgment rendered in this action.

WHEREFORE, Plaintiff the Law Office of Philippe J. Gerschel respectfully requests that this Court:

(1)    Award to the Law Office of Philippe J. Gerschel the costs, expenses and attorneys' fees for the administrative proceedings in the matters discussed herein, pursuant to 20 U.S.C. § 1415, together with both prejudgment and postjudgment interest thereupon;

(2)     Award to the Law Office of Philippe J. Gerschel the costs, expenses and attorneys'

fees of this action pursuant to 20 U.S.C. § 1415, together with both prejudgment

and postjudgment interest thereupon; and

(3)     Grant such other and further relief as the Court deems just and proper.

Dated: January 31, 2025                    Respectfully,
       Auburn, New York

                                           s/Benjamin M. Kopp
                                           CUDDY LAW FIRM, PLLC
                                           Benjamin M. Kopp, Esq.
                                           *Attorneys for Plaintiff*
                                           5693 South Street Road
                                           Auburn, New York 13021
                                           Tel.: (315) 207-5584
                                           bkopp@cuddylawfirm.com