UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE LAW OFFICE OF PHILIPPE J. GERSCHEL,<br><br>                                  Plaintiff,<br><br>                        -against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>                                  Defendant. | Case No. 1:25-cv-00930 (JLR)<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

On May 2, 2025, the Court directed Plaintiff to show cause either as to why it had failed to serve the Summons and Complaint within the 90 days prescribed by Federal Rule of Civil Procedure ("Rule") 4(m), or, if Plaintiff believed Defendant New York City Department of Education had been served, when and in what manner such service was made. Dkt. 6. After the Court entered its order, on May 2, 2025, Plaintiff filed proof of service affirming that Defendant had been served on May 2, 2025. Dkt. 8; *see also* Dkt. 7. While Defendant was served 91 days after the filing of the Complaint, *see* Dkts. 1, 8, the Court finds that Plaintiff has shown adequate cause for why this case should not be dismissed.

Rule 4(m) requires the Court to extend the time for service if a plaintiff shows good cause for its failure to serve within the time specified by Rule 4(m), but the Court "may also grant a discretionary extension absent such showing." *Counter Terrorist Grp. U.S. v. N.Y. Magazine*, 374 F. App'x 233, 234 (2d Cir. 2010) (summary order) (citing *Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007)). "To obtain a discretionary extension absent a showing of good cause, 'the plaintiff must ordinarily advance some colorable excuse for neglect.'" *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 323 (S.D.N.Y. 2016) (quoting *Zapata*, 502 F.3d at 198). Courts typically consider "(1) whether the applicable statute of limitations

1

would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Fantozzi v. City of New York*, 343 F.R.D. 19, 26 (S.D.N.Y. 2022) (citation omitted).

Here, Plaintiff's failure to effect service within 90 days of when the Complaint was filed was caused by counsel's error, and "[a]ttorney error does not constitute good cause under Rule 4(m)." *Counter Terrorist Grp.*, 374 F. App'x at 234; *accord Deptula v. Rosen*, 558 F. Supp. 3d 73, 85 (S.D.N.Y. 2021). However, the Court will grant a discretionary extension.

First, Courts in this Circuit apply a three-year statute of limitations to actions under the IDEA, including those seeking attorneys' fees. *See Piazza v. Fla. Union Free Sch. Dist.*, 777 F. Supp. 2d 669, 688-69 (S.D.N.Y. 2011) (collecting cases); *Shanahan v. Bd. of Educ.*, 953 F. Supp. 440, 443 (N.D.N.Y. 1997) (applying three-year limitations period to action for attorneys' fees under the IDEA). The statute of limitations here would not bar Plaintiff from refiling his case against Defendant for the vast majority of the claims asserted, since most of the alleged denied demands for fees were either denied some time in 2023 or 2024 (within the three-year limitations period) or have not yet been denied. *See generally* Dkt. 1. Though this cuts somewhat in favor of Defendant, *see Blanco v. Success Acad. Charter Schs., Inc.*, 722 F. Supp. 3d 187, 206 (S.D.N.Y. 2024), "courts weighing this consideration have focused on whether the plaintiff had been aware of the deadline and the extent of the plaintiff's efforts to meet it," *id.* (quoting *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 404, (S.D.N.Y. 2020)). Here, Plaintiff took some steps to meet the deadline by communicating with Defendant's counsel about effectuating service by e-mail before the 90-day deadline expired. Dkt. 7-3 at 2-3.

Second, Defendant also knew about this action prior to being served on May 2, 2025 and Plaintiff made efforts to achieve service prior to the expiration of the 90-day deadline: counsel for the parties discussed whether Defendant's counsel would accept service of the action and whether email service would be possible in emails dated April 4, 2025 and April 30, 2025. *See* Dkt. 7-3 at 2-3. "Actual notice of an action militates against a finding of prejudice since 'the core function' of service is to supply notice 'in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections.'" *Fantozzi v. City of New York*, 343 F.R.D. 19, 30 (S.D.N.Y. Oct. 20, 2022) (quoting *In re Teligent Servs., Inc.*, 324 B.R. 467, 474 (S.D.N.Y. 2005)).

Third, there is no suggestion that Plaintiff attempted to conceal the defect in the timeliness of service. Fourth, and finally, the Court finds that Defendant would not be prejudiced by extending the time to serve. Plaintiff served Defendant just one day after the expiration of the 90-day period and its service was delayed because it mistakenly calculated the service deadline based on when the summons was issued, rather than when the Complaint was issued. The Court has previously extended (albeit before counsel missed the Rule 4(m) deadline) the time to serve when the summons did not issue when a plaintiff filed their complaint. *See, e.g.*, *Farrell v. City of New York*, No. 23-cv-04329 (JLR), 2023 WL 3936725, at *2 n.1 (S.D.N.Y. June 9, 2023). Since the litigation is still at early stage before any motions have been filed or discovery has commenced, the Court does not find prejudice to Defendant. *See Blanco*, 722 F. Supp. 3d at 207 (no prejudice where discovery had not commenced and the litigation was still in an "early stage"); *John v. City of Bridgeport*, 309 F.R.D. 149, 156 (D. Conn. 2015) (finding any prejudice from 49-day delay in service to be negligible).

Since the factors favor the brief extension requested, the Court will excuse Plaintiff's failure to timely serve the summons and the Complaint. The Court will grant Plaintiff a discretionary extension of time to serve to May 2, 2025 when the Complaint was served. *See* Dkt. 8. The Court finds that Plaintiff has shown adequate cause why the matter should not be dismissed for failure to timely serve.

Dated: May 6, 2025
New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge